IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
MASSACHUSETTS INSTITUTE OF   )
TECHNOLOGY and                         )
REPLIGEN CORPORATION,            )
                                            )
              Plaintiffs,                  )
                                            )   Civil Action No. 04-10884-RGS
v.                                            )
                                            )
IMCLONE SYSTEMS, INC.,            )
                                            )
              Defendant.                 )
_____)

## IMCLONE SYSTEMS INC.'S ANSWER

Defendant ImClone Systems Inc. ("ImClone") hereby answers the Complaint ("Complaint") filed by Plaintiff Massachusetts Institute of Technology ("MIT") and Plaintiff Repligen Corporation ("Repligen") (collectively referred to as "Plaintiffs") as follows:

### NATURE OF THIS ACTION

1. ImClone admits that this action purports to arise under 35 U.S.C. § 271 and alleges infringement of U.S. Patent No. 4,663,281 ("the '281 patent"), admits that it manufactures and sells Erbitux™, which has recently been approved by the U.S. Food and Drug Administration ("FDA") for use in combination with irinotecan in the treatment of patients with EGFR-expressing, metastatic colorectal cancer who are refractory to irinotecan-based chemotherapy and for use as a single agent in the treatment of patients with EGFR-expressing, metastatic colorectal cancer who are intolerant to irinotecan-based chemotherapy; and denies all other allegations contained in paragraph 1 of the Complaint.

## THE PARTIES

2. ImClone admits that MIT is listed as the assignee on the face of the '281 patent, that the '281 patent is entitled "Enhanced Production of Proteinaceous Materials in Eucaryotic Cells," and that a copy of the '281 patent is attached as Exhibit A to the Complaint. With respect to the remaining allegations in this paragraph, ImClone is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies the same.

3. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

## FACTUAL ALLEGATIONS

7. To the extent ImClone understands Plaintiffs' use of the term "foreign substance," ImClone admits the allegations contained in paragraph 7 of the Complaint.

8. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

9. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

10. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

11. ImClone admits that on the face of the '281 patent, Gillies and Tonegawa are listed as inventors and MIT is listed as assignee. With respect to the remaining allegations in this

paragraph, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

12. ImClone admits that a chimeric antibody is an antibody that combines genes from different species. With respect to the remaining allegations in this paragraph, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

13. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

14. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

15. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

16. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

17. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

18. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

19. ImClone admits that to the extent NIH funded research done by MIT relevant to the '281 patent, NCI received at least the rights alleged in this paragraph. With respect to the remaining allegations in this paragraph, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

20. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

21. ImClone admits that NCI transferred the C225 cell line to ImClone in 1993. With respect to the remaining allegations in this paragraph, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

22. ImClone admits that ImClone's C225 Investigational New Drug Application ("INDA") was approved by the U.S. Food and Drug Administration ("FDA") in 1994, which allowed ImClone to begin clinical trials. ImClone admits it used the C225 cell line it received from NCI to make C225, and admits it has referred to C225 in advertisements, publications, and submissions to the Securities and Exchange Commission. With respect to the remaining allegations in this paragraph, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

23. ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

24. ImClone admits that in 1997 Repligen contacted ImClone and offered ImClone a license to the '281 patent, and ImClone declined the offer. ImClone admits that in 1997 it responded to Repligen that no license was necessary. With respect to the remaining allegations, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

25. ImClone admits the "safe harbor" provisions of § 271(e)(1) are as quoted, but denies the remaining allegations in paragraph 25 of the Complaint.

26. Denied.

27.     ImClone admits that it filed Biologics License Application ("BLA") number 125084 on October 31, 2001 seeking approval for the use and sale of C225. ImClone further admits that it named its product Erbitux™, that on December 28, 2001 the FDA issued a refusal to file letter with respect to its BLA for Erbitux™, and that on August 14, 2003 it submitted additional BLA materials to the FDA. ImClone denies the remaining allegations contained in paragraph 27 of the Complaint.

28.     Admitted.

29.     ImClone admits that approximately 150,000 people are diagnosed with cancer of the colon or rectum every year, that a significant number of those patients have tumors which express EGFR, and that these patients are potential candidates for treatment with Erbitux™, either alone or in combination with irinotecan. With respect to the remaining allegations, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

30.     Admitted.

31.     ImClone admits that it markets Erbitux™ in the United States, and that it licensed to Merck KGaA the right to market Erbitux™ in Europe. As to the allegations in the second part of this paragraph, admitted. ImClone denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     ImClone admits that Erbitux™ is a first-of-its-kind antibody approved for use in combination with irinotecan in the treatment of patients with EGFR-expressing, metastatic colorectal cancer who are refractory to irinotecan-based chemotherapy and for use as a single agent in the treatment of patients with EGFR-expressing, metastatic colorectal cancer who are intolerant to irinotecan-based chemotherapy. ImClone admits that the FDA granted ImClone

Fast Track designation for Erbitux™. ImClone admits that it received $650 million milestone payments from its marketing partners. With respect to the remaining allegations in this paragraph, ImClone is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and therefore denies the same.

33. Admitted.

34. Denied.

35. Denied.

## COUNT I

### (Infringement of U.S. Patent No. 4,663,281)

36. With respect to the allegations contained in paragraph 36 of the Complaint, ImClone repeats and realleges paragraphs 1-35 above as if fully set forth herein.

37. Denied.

38. Denied.

## AFFIRMATIVE DEFENSES

ImClone hereby raises the following affirmative defenses against the claims made by Plaintiffs in their Complaint.

### First Affirmative Defense

### (Noninfringement)

39. ImClone has not infringed, induced the infringement of, or contributed to the infringement of the '281 patent.

**Second Affirmative Defense**

**(Invalidity)**

40.     Each of the claims of the '281 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq*.

**Third Affirmative Defense**

**(Laches)**

41.     Plaintiffs' claims of infringement are barred by the doctrine of laches.

**Fourth Affirmative Defense**

**(Estoppel)**

42.     Plaintiffs' claims of infringement are barred by the doctrine of equitable estoppel.

**Fifth Affirmative Defense**

**(Patent Exhaustion)**

43.     Plaintiff's claims are barred by the doctrine of patent exhaustion, because any and all patent rights under the '281 patent to the C225 cell line and C225 antibody supplied by Damon Biotech (predecessor of Repligen) to NCI under contract with the federal government were exhausted upon the delivery of those materials to NCI.

**Sixth Affirmative Defense**

**(Implied License)**

44.     The sale of the C225 cell line and C225 antibody by Damon Biotech (predecessor of Repligen) to NCI gives NCI an implied license to use and sell the materials delivered free of any claim of patent infringement under the '281 patent.

## COUNTERCLAIMS

45. ImClone, through its attorneys, for its counterclaims against MIT and Repligen, alleges as follows, with knowledge as to its own acts and on information and belief as to the acts of others:

## THE PARTIES

46. ImClone is a Delaware corporation with its principal place of business at 180 Varick Street, New York, New York.

47. Upon information and belief, MIT is a Massachusetts corporation with its principal place of business at 77 Massachusetts Avenue, Cambridge, MA.

48. Upon information and belief, Repligen is a Delaware corporation with its principal place of business at 41 Seyon Street, Building #1, Suite 100, Waltham, MA.

## JURISDICTION AND VENUE

49. This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

50. By virtue of the Complaint and Answer in this action, an actual and justiciable controversy has arisen and now exists between the parties concerning the '281 patent.

51. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

52. This Court has personal jurisdiction over MIT and Repligen who have waived any objection to personal jurisdiction by voluntarily appearing in this Court and filing the Complaint.

53. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Count I: Declaratory Judgment of Noninfringement

54. ImClone has not and does not infringe any valid claim of the '281 patent.

### Count II: Declaratory Judgment of Invalidity

55. The claims of the '281 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq*.

### Count III: Declaratory Judgment of Unenforceability

56. ImClone repeats and realleges paragraphs 41-44 above as if fully set forth herein.

57. The claims of the '281 patent are unenforceable due to the doctrines of patent exhaustion, implied license, laches, estoppel, unclean hands and/or other equitable doctrines.

### **PRAYER FOR RELIEF**

WHEREFORE, ImClone prays for the following relief:

A. that Plaintiffs' claims be dismissed in their entirety with prejudice;

B. a judgment that ImClone has not infringed the '281 patent;

C. a judgment that the claims of the '281 patent are invalid;

D. a judgment that the '281 patent is unenforceable;

E. a judgment deeming this to be an "exceptional case" within the meaning of 35 U.S.C. § 285;

F. a judgment deeming this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a);

G. a judgment that ImClone recover its attorneys' fees from Plaintiffs; and

H. that costs and disbursements, interest, and other such further relief and damages as law and equity may require, be granted to ImClone.

IMCLONE SYSTEMS, INC.
By its Attorneys,

/s/ Steven M. Bauer

---

Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Tel: (617) 956-9600
Fax: (617) 956-9899

Dated:  July 1, 2004

Of Counsel:
Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY  10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.