**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> IMCLONE SYSTEMS INC., <br><br> Defendant. | Civil Action No. 04 10884 RGS |

**DEFENDANT IMCLONE'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION FOR A PROTECTIVE ORDER GOVERNING:**
**(1) THE TIMING OF THE DEPOSITION OF DR. IRVING FEIT, ESQ.**
**AND (2) ITS RELATED DECISION ON WHETHER TO WAIVE PRIVILEGE**

**INTRODUCTION**

ImClone Systems Incorporated ("ImClone") hereby moves for a protective order under Fed. R. Civ. P. 26(c) governing discovery concerning the *subpoenaed* deposition of Dr. Irving Feit, Esq. by plaintiffs Massachusetts Institute of Technology ("MIT") and Repligen Corporation ("Repligen"). Specifically, ImClone requests an order from the Court establishing dates certain for: (1) ImClone to make its decision on whether to waive privilege over Dr. Feit's legal opinions on the patent-in-suit and, if it waives privilege, produce those opinions to plaintiffs, which date shall be no later than four weeks before the close of fact discovery; and (2) the deposition of Dr. Feit to be held, which date shall be no later than two weeks after that waiver decision has been made.

Dr. Feit is a former in-house and outside counsel for ImClone, who provided a number of privileged legal opinions for ImClone regarding the patent-in-suit.  As discovery proceeds, ImClone will weigh whether to waive its privilege over Dr. Feit's opinions and produce them to plaintiffs, so that it can rely on them in defense against plaintiffs' willful infringement charge.

It is possible that discovery will reveal facts leading ImClone to decide not to waive privilege, as defending against a willful infringement charge does not *require* reliance on an opinion of counsel.  It also is possible that this case will be disposed of through ImClone's planned filing of a summary judgment motion on the patent exhaustion issue, mooting the willfulness inquiry forever.  On the other hand, ImClone strategically may decide that it should waive privilege and produce those opinions.  In short, ImClone does not dispute that it must make that decision at some point, but it does dispute that it must do so *now at this early stage of discovery*, as plaintiffs seek to force on it.

Indeed, since discovery has just begun (no depositions have occurred and not all documents have been produced), ImClone simply has not made its waiver decision yet and does not have all the information it needs to do so.  Even if it ultimately waives privilege, ImClone should not have to produce Dr. Feit's opinions so early, as that would provide plaintiffs with a roadmap to use in litigating the case and deposing each of ImClone's witnesses (not just Dr. Feit).  Such a result would be extremely prejudicial to ImClone.  Plaintiffs, however, suffer absolutely no prejudice in waiting to see those opinions (if ImClone waives privilege) and deposing Dr. Feit near the end of fact discovery.

Prior to filing this motion, ImClone unsuccessfully sought to resolve this matter with plaintiffs in two ways: first, Dr. Feit would be deposed now, with ImClone reserving its right to waive privilege over his opinions in the future and then produce Dr. Feit for a second deposition on the opinions only; or, second, adopting basically the proposed schedule ImClone seeks through this motion. Plaintiffs rejected both proposals and insisted instead that ImClone must decide the waiver question now and Dr. Feit must be deposed immediately, which necessitated this motion.

## BACKGROUND FACTS

RepliGen and MIT filed this lawsuit against ImClone, alleging willful patent infringement. The Court entered an order setting a completion date for fact discovery of May 31, 2005. The parties have produced documents to each other, but document production is not yet complete and not a single deposition has been taken by either side.

On October 11, 2004, plaintiffs served a *subpoena* for the deposition of Dr. Irving Feit, Esq., former in-house counsel for ImClone and now a partner at the law firm of Hoffman & Baron. The deposition was initially noticed for November 9, 2004, but due to certain scheduling conflicts was rescheduled for November 23, 2004 by agreement of all parties and counsel concerned.

Prior to November 23, ImClone produced a privilege log to plaintiffs showing that Dr. Feit had authored a number of opinions regarding the patent-in-suit. Counsel for ImClone informed plaintiffs' counsel that ImClone had not decided yet whether to waive privilege as to those opinions and produce them, as part of its defense to the willful

infringement charge. Therefore, ImClone explained that it would continue to assert privilege over the substance of those opinions during Dr. Feit's deposition.

ImClone agreed to proceed with the deposition of Dr. Feit on November 23, however, provided that plaintiffs agreed not to question Dr. Feit about the substance of his opinions and further agreed that ImClone reserved its rights to waive privilege on the opinions in the future and, if waived, produce Dr. Feit for a second deposition on the opinions only. Plaintiffs rejected that proposal, insisting instead that ImClone must make a decision on the waiver issue before Dr. Feit's deposition on November 23, and informed ImClone it would oppose ImClone's right to rely on those opinions in this case if it later decided to waive privilege and produce them.

ImClone next offered to defer the deposition of Dr. Feit to a date closer to the end of fact discovery, and suggested a date certain be set prior to Dr. Feit's deposition by which ImClone must decide whether to waive privilege over Dr. Feit's opinions and produce them (if privilege were waived). Plaintiffs likewise rejected this proposal and reiterated the same demands described above. All parties then agreed that their dispute should be submitted to this Court for resolution, by way of the instant motion for a protective order.[1]

---

[1] While Dr. Feit is a *subpoenaed* third party in this litigation since he no longer works for ImClone, he will voluntarily appear for his deposition at ImClone's NY counsel's offices. This fact, coupled with the parties joint agreement, properly places the instant motion before this Court, as opposed to the Eastern District of New York (where Dr. Feit resides, although he was improperly served with a subpoena from the Southern District of New York) in terms of scheduling a date for his deposition.

**ARGUMENT**

It has become an unfortunate pattern in patent infringement litigation for patentees to routinely contend that asserted infringements are willful, as a tool to seek enhanced damages and attorneys fees (which should not pertain here) and as a strategic weapon in the discovery process. The strategic aspect of asserting willful infringement arises because a defendant may defend against such a charge by waiving privilege and producing its opinions of counsel, as evidence of its good faith in having proceeded with the alleged infringing activity. If the patentee can force an early waiver and production of attorney opinions, it obtains the enormous advantage of learning the thoughts and strategies of its opponent's counsel on the patent-in-suit, which it can then employ throughout the litigation.

Here, plaintiffs transparently are trying to exploit their willfulness allegation for such a strategic advantage, by forcing ImClone to prematurely choose whether to waive privilege and (if it waives) give plaintiffs a virtual roadmap for conducting the litigation. Having deliberately chosen to take Dr. Feit's deposition as the *very first one in the case*, there is absolutely no basis for plaintiffs to argue that ImClone must decide prior to that deposition whether to waive privilege over his opinions of counsel or be precluded from relying on them (and Dr. Feit's testimony) at trial.

The parties have not yet deposed *anyone* in this case, much less the critical fact witnesses such as the inventors named on the patent-in-suit. As this Court astutely has recognized, compelling early discovery of privileged attorney-client communications, such as opinions of counsel, "could potentially serve to tip Defendant's hand by providing Plaintiffs with a more detailed plan of the arguments Defendants intend to use

at trial than that revealed in the ordinary course of discovery." *In re '639 Patent Litigation*, 1999 WL 528806 at *3 (D. Mass. 1999) (Exhibit 1 hereto). Premature and one-sided disclosure of ImClone's opinions is tantamount to providing its litigation strategy to plaintiffs, which they can then use unfairly to prepare their witnesses and prepare to take ImClone's. Moreover, such a premature disclosure could give plaintiffs an upper hand in any settlement discussions that occur in this matter.

ImClone at this early stage has just begun to explore the basis for plaintiffs' infringement and willfulness charges and, indeed, may ultimately chose not to waive privilege if plaintiffs fail to articulate a colorable claim. Alternatively, ImClone may never even have to decide the waiver question if it prevails on summary judgment on the patent exhaustion question. Thus, if ImClone is forced to make such a choice now, it will be prejudiced either because its opinions will be in plaintiffs' hands unnecessarily or too early or, even more disturbing, it will not have the opportunity to rely on those opinions if it maintains privilege now and (as discovery proceeds) it later decides that it should waive privilege but has lost its opportunity to do so.

The Court of Appeals for the Federal Circuit has succinctly described and criticized precisely the unfair dilemma plaintiffs are attempting to force on ImClone by their demands regarding Dr. Feit's deposition and the waiver decision:

> Proper resolution of the dilemma of an accused infringer who must chose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to chose between waiving the privilege . . . and maintaining the privilege.

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991).

In line with the above wisdom, many other district courts have resolved this dilemma and prevented the prejudice that otherwise would result to the accused infringer by ordering precisely the relief sought here by ImClone, namely a later date for the waiver decision and possible production of the opinions of counsel. *See, e.g, F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 392 (M.D.N.C. 1999) (noting that staging the willfulness discovery at the end of the discovery period "may ease the possibility of prejudice wherein a plaintiff obtains insight into the alleged infringer's legal strategy."); *Flex Prods. Inc. v. BASF Corp.*, 47 U.S.P.Q.2d 1380, 1382 (E.D. Mich. 1998) (staying discovery on willfulness until the last two weeks of the discovery period to prevent prejudice) (Exhibit 2 hereto).[2]

Because the risk of prejudice to the accused infringer is so great, many courts have completely removed the issue from the equation by bifurcating the question of willfulness from the underlying liability inquiry on infringement, such that there is no willfulness inquiry (and no need to waive privilege over an opinion of counsel in a defense against same) if infringement is not first proved.[3]  As this Court has noted, such a procedure gives the defendant "an opportunity to refute infringement on substantive legal grounds, *i.e.* non-infringement, invalidity, unenforceability as well as any other available

---

[2] *See also Valois of America, Inc. v. Risdon Corp.*, 1998 WL 1661397 at *4 (D. Conn. Dec. 18, 1998) (delaying discovery on willfulness until the end of the discovery period) (Exhibit 3 hereto); *Bausch & Lomb Inc. v. Alcon Labs.*, 173 F.R.D. 367, 378-379 (W.D.N.Y. 1995) (ordering production of opinions of counsel four weeks before close of discovery); *May Coating Techs., Inc. v. Illinois Tool Works*, 157 F.R.D. 55, 57 (D. Minn. 1994); *and Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992).

[3] *See, e.g.*, *B. Braun Medical Inc. v. Abbott Labs*., No. 93-3883, 1994 U.S. Dist. LEXIS 12104 (E.D. Pa. Aug. 24,1994) (Exhibit 4 hereto);  *Sage Prods. Inc. v. Devon Indus. Inc*., 1994 WL 791601, *2 (C.D. Cal. 1994) (Exhibit 5 hereto*); In re Recombinant DNA Tech. and Contract Lit*., 30 U.S.P.Q.2d 1881, 1900-1901 (S.D. Ind. 1994) (Exhibit 6 hereto); *United States Gypsum Co. v. National Gypsum Co*., No. 89 C 7533, 1994 WL 74989, *2 (N.D. Ill. Mar. 10, 1994) (Exhibit 7 hereto); *Scientific-Atlanta, Inc. v. General Instrument Corp*., 1993 WL 56790, *2 (D. Md. 1993) (Exhibit 8 hereto); *Avia Group Int'l v. Nike Inc*., 22 U.S.P.Q.2d 1475, 1477-1478 (D. Ore. 1991) (Exhibit 9 hereto); *Lockwood v. American Airlines* No. 91-1640-E (CM), 1992 U.S. Dist. LEXIS 22077, at *6 (S.D. Ca. Oct. 27, 1992) (Exhibit 10 hereto).

defenses without waiving any privileges." *Gillette Co. v. S.C. Johnson & Son Inc.*, 15 U.S.P.Q. 2d 1795, 1799 (D. Mass. 1990) (Exhibit 11 hereto).

ImClone is not at this time seeking such a bifurcation, but the same principles of fairness apply and warrant allowing ImClone to at least wait until near the end of the fact discovery process to make its waiver decision.  By that date, quite unlike today, production of documents will have been completed, major fact witnesses will have been deposed, and any significant settlement negotiations will have had an opportunity to occur.  Thus, ImClone will have sufficient information to make an informed decision as to whether it should waive privilege.  If, at that time, it chooses to waive privilege and produce Dr. Feit's opinions, plaintiffs would have at least a two-week period to take his deposition on those opinions and other matters.  There simply is no prejudice to plaintiffs in proceeding with ImClone's eminently reasonable proposal for governing discovery relating to Dr. Feit and the waiver decision.  Plaintiffs should not have rejected that proposal and, respectfully, this Court should order its implementation.

## **CONCLUSION**

For all of the foregoing reasons, ImClone respectfully requests an order from the Court setting dates certain for: (1) ImClone to make its decision on whether to waive privilege over Dr. Feit's legal opinions on the patent-in-suit and, if it waives privilege, produce those opinions to plaintiffs, which date shall be no later than four weeks before the close of fact discovery; and (2) the deposition of Dr. Feit to be held, which date shall be no later than two weeks after that waiver decision has been made.

Respectfully submitted,

IMCLONE SYSTEMS, INC.
By its Attorneys,

Dated:  December 6, 2004

/s/ Jeremy P. Oczek
Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY  10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.

## Certificate Of Service

I hereby certify that on December 6, 2004, true and correct copies of the foregoing memorandum of law and corresponding exhibits were served on counsel of record by use of the Court's ECF system.

/s/ Jeremy P. Oczek
Jeremy P. Oczek