LEXSEE 47 U.S.P.Q.2D 1380

**FLEX PRODUCTS, INC., Plaintiff, v. BASF CORPORATION and BASF AKTIENGELLSCHAFT, Defendants.**

**CASE NO. 97-CV-60233-AA**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

*1998 U.S. Dist. LEXIS 22028; 47 U.S.P.Q.2D (BNA) 1380*

**May 13, 1998, Decided**
**May 13, 1998, Filed**

**DISPOSITION:** [*1] Plaintiff's first motion to compel discovery DENIED and defendants' cross-motion to set time certain for production of attorney opinions GRANTED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For FLEX PRODUCTS, INCORPORATED, plaintiff: Dennis J. Levasseur, Richard D. Rohr, Bodman, Longley, Detroit, MI.

For FLEX PRODUCTS, INCORPORATED, plaintiff: Brent P. Lorimer, C. J. Veverka, Thomas R. Vuksinick, Workman, Nydegger, Salt Lake City, UT.

For BASF AG, defendant: James E. Stewart, J. Michael Huget, Pamela M. Zauel, Butzel Long, Ann Arbor, MI.

For BASF AG, defendant: Brent P. Lorimer, C. J. Veverka, Thomas R. Vuksinick, Workman, Nydegger, Salt Lake City, UT.

For FLEX PRODUCTS, INCORPORATED, counter-defendant: Dennis J. Levasseur, Richard D. Rohr, Bodman, Longley, Detroit, MI.

For FLEX PRODUCTS, INCORPORATED, counter-defendant: Brent P. Lorimer, C. J. Veverka, Thomas R. Vuksinick, Workman, Nydegger, Salt Lake City, UT.

**JUDGES:** PAUL J. KOMIVES, UNITED STATES MAGISTRATE JUDGE. JUDGE BARBARA K. HACKETT.

**OPINIONBY:** PAUL J. KOMIVES

**OPINION:** OPINION AND ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION TO SET A TIME CERTAIN TO PRODUCE ATTORNEY OPINIONS

I. OPINION

A. *Background* [*2]

Plaintiff Flex Products, Inc., brings this action against defendants BASF Corporation and BASF Aktiengesellschaft alleging that defendants have infringed a patent held by plaintiff on a color shifting paint ("the '812 patent"). Plaintiff alleges, *inter alia*, that defendants' infringement of the '812 patent was willful. *See* Compl. P 11. On October 20, 1997, plaintiff served both defendants with its first set of requests to produce documents. These requests sought, *inter alia*, all documents containing opinions or relating to opinions concerning defendants' infringement, noninfringement, and/or the validity of the '812 patent, and all documents upon which defendants intent to rely to rebut plaintiff's charge of willful infringement. Ultimately, defendants objected to these requests on the basis of attorney-client privilege, stating that it has not yet been determined whether it will rely on the opinion of counsel in defending against the willful infringement allegation, and that it is considering a motion to bifurcate the issue of willfulness.

Case 1:04-cv-10884-RGS    Document 20-4    Filed 12/06/2004    Page 2 of 3

Page 2

1998 U.S. Dist. LEXIS 22028, *; 47 U.S.P.Q.2D (BNA) 1380

On April 15, 1997, plaintiff filed this motion to compel discovery pursuant to *FED. R. CIV. P. 37(a)*. Plaintiff argues that defendants [*3] should be required to produce immediately any documents upon which they intend to rely at trial to rebut its charge of willful infringement or be precluded from using such documents at trial. On May 7, 1998, defendants filed a response and their own motion to set a time certain for production of this information. Defendants agree that they must, at some point, decide whether or not they will rely on the opinion of counsel to defend against plaintiff's charge of willful infringement; however, defendants dispute that they must do so now. Rather, defendants request that they not be required to produce this information until two weeks prior to the close of discovery. Plaintiff filed a reply brief on May 11, 1998, reiterating its position that defendants should be required to produce the requested information now. A telephonic hearing was held on May 11, 1998, at which the Court took the motions under advisement.

B. *Analysis*

Plaintiff does not dispute that, in order to rebut a charge of willful infringement, defendants may be able to rely on attorney opinions to evidence their good faith if their conduct is nonetheless proven to constitute infringement. *See generally, Minnesota* [*4] *Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1580 (Fed. Cir. 1992); Thorn EMI N. Am., Inc. v. Micron Tech., Inc., 837 F. Supp. 616, 620-21 (D. Del. 1993)*. Nor do defendants dispute that, if they raise this defense, they will have to waive the attorney-client privilege with respect to these matters or have an adverse inference drawn against them. *See, e.g., Electro Med. Sys., S.A. v. Cooper Life Sciences, Inc., 34 F.3d 1048, 1056-57 (Fed. Cir. 1994)*. The only question, therefore, is whether defendants must make a decision whether to raise this defense and waive the privilege now, or whether they may make this determination at a later date. In essence, defendants seek a protective order pursuant to Rule 26(c)(2), which allows the Court, upon a showing of good cause, to enter an order directing "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time and place." *FED. R. CIV. P. 26(c)(2)*. The Court concludes that defendants' argument with respect to the attorney-client privilege constitutes sufficient good cause under Rule 26(c)(2) to delay discovery of this information. n1

n1 Plaintiff suggests that there is no basis in the Federal Rules of Civil Procedure or any other law for delaying discovery. The Court disagrees. First, as noted above, Rule 26(c)(2) expressly provides that the Court may order the timing of discovery for good cause. Further, court generally has broad power to regulate discovery, and the Supreme Court has admonished that "judges should not hesitate to exercise control over the discovery process." *Herbert v. Lando, 441 U.S. 153, 177, 60 L. Ed. 2d 115, 99 S. Ct. 1635 (1979)*.

[*5]

As the Supreme Court has noted, the attorney-client privilege is the oldest common law privilege, and is worthy of protection by the courts. *See Upjohn Co. v. United States, 449 U.S. 383, 389-90, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)*. Thus, it is not uncommon in willful infringement cases for a court to stay discovery of attorney opinions relevant to the willfulness defense. *See, e.g., Bausch & Lomb Inc. v. Alcon Labs., 173 F.R.D. 367, 378-79 (W.D.N.Y. 1995); May v. Coating Technologies, Inc. v. Illinois Tool Works, 157 F.R.D. 55, 57 (D. Minn. 1994); Avia Group Int'l, Inc. v. Nike, Inc., 1991 U.S. Dist. LEXIS 20493,* No. 91-326- JU, 22 U.S.P.Q.2D (BNA) 1475, 1991 WL 340569, at *3-*4 (D. Or. Nov. 21, 1991). Indeed, one court has gone so far as to suggest that attorney opinions in such cases may be "withheld until trial." *Curtis Mfg. Co. v. Plasti-Clip Corp., 933 F. Supp. 107, 118 (D.N.H. 1995), rev'd on other grounds, 135 F.3d 778 (Fed. Cir. 1998)* (unpublished).

As the Federal Circuit has noted:

> Proper resolution of the dilemma of an accused infringer who must chose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness [*6] finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to chose between waiving the privilege in order to protect itself from a willfulness . . . and maintaining the privilege.

*Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed. Cir. 1991)*. Although this language is dictum, it emphasizes the care with which the Court must seek to balance the competing interests of defendants in maintaining their privilege and of plaintiff in receiving information necessary for it to respond properly to the defense.

These interests are best accommodated by adopting defendants' position, with the proviso that, should two

1998 U.S. Dist. LEXIS 22028, *; 47 U.S.P.Q.2D (BNA) 1380

weeks be insufficient time for plaintiff to conduct full discovery related to any attorney opinions produced, plaintiff will be permitted to conduct discovery of this issue after the discovery cut-off date. Following this approach allows defendants to make a careful, considered decision whether to invoke or waive the attorney-client privilege. Just as [*7] the Court must give careful consideration to the privilege issue, *see, e.g., Quantum Corp.*, 940 F.2d at 644, it should permit the party faced with the choice of invoking or waiving the privilege the same opportunity for careful consideration. On the other hand, as the discovery cut-off is well before trial, n2 production of this information two weeks before the close of discovery coupled with plaintiff's ability to conduct related discovery beyond the cut-off date, gives plaintiff ample opportunity to discover all pertinent information in advance of trial. n3

n2 Under the current scheduling order, discovery cut-off is now set for July 1, 1998, dispositive motion cut-off is set for August 3, 1998, and trial is set for November 16, 1998.

n3 Contrary to plaintiff's assertion, this conclusion does not conflict with this Court's recent decision in *Hilgraeve Corp. v. McAfee Assocs., Inc.*, No. 97-CV-74695 (E.D. Mich. Feb. 19, 1998). In *Hilgraeve*, the only issue was whether the defendant was entitled to resist discovery of relevant information while its motion to bifurcate was pending. Importantly, there was no claim that the information sought by the plaintiff invaded the attorney-client privilege. *See Hilgraeve* at 7-8. Thus, *Hilgraeve* is applicable, if at all, only to the extent of showing that the information sought by plaintiff is relevant, a fact not disputed by defendants.

*Hilgraeve* does not speak to the central issue presented by these motions, namely how to best protect plaintiff's interests in this litigation with "a basic, time-honored privilege which surely warrants . . . careful consideration." *Quantum Corp.*, 940 F.2d at 644.

[*8]

II. ORDER

In view of the foregoing, it is ORDERED that plaintiff's first motion to compel discovery is hereby DENIED and defendants' cross-motion to set a time certain for production of attorney opinions is hereby GRANTED. It is further ORDERED that defendants shall produce any attorney opinions, and related information, upon which they will rely to defend against plaintiff's willful infringement claim no later than two weeks prior to the close of discovery. Plaintiff will be permitted to conduct discovery related to these attorney opinions beyond the discovery cut-off date. The scheduling order is in no other way affected by this Order.

The attention of the parties is drawn to *FED. R. CIV. P. 72(a)*, which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under *28 U.S.C. § 636*(b)(1).

IT IS SO ORDERED.

PAUL J. KOMIVES

UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 1998