Not Reported in F.Supp.2d                                                                                                    Page 1
1998 WL 1661397 (D.Conn.)
**(Cite as: 1998 WL 1661397 (D.Conn.))**

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

VALOIS OF AMERICA, INC.
v.
RISDON CORPORATION

**No. 3:95 CV 1850 AHN.**

Dec. 18, 1998.

Brian E. Moran, Robinson & Cole, Stamford, Robert C. Nabinger, Robert E. Hillman, Mark J. Hebert, Jeffrey L. Snow, Fish & Richardson, Boston, MA, for Valois of America Inc, plaintiffs.

Gene S. Winter, Ronald J. St. Onge, David H. Hwang, Todd M. Oberdick, Richard J. Basile, St. Onge, Steward, Johnston & Reens, Stamford, for Risdon/AMS (USA) Inc, defendants.

RULING ON RISDON'S MOTION TO PRECLUDE VALOIS OF AMERICA AND VALOIS S.A. FROM ASSERTING RELIANCE UPON "ADVICE OF COUNSEL" AND ON CROSS-MOTION OF VALOIS OF AMERICA AND VALOIS S.A. TO BIFURCATE

MARGOLIS, Magistrate J.

***1** On August 31, 1995, plaintiff, Valois of America, Inc. ["Valois America"] filed this action against defendant Risdon Corporation ["Risdon"]. [FN1] (Dkt.# 1). Valois America seeks a declaratory judgment that Risdon's U.S. Patent No. 4,773,553 [the " '553 Patent"] is invalid and is not infringed by Valois America's Seal Tight pump assembly (Count One). Valois America also alleges that Risdon's accusations of infringement constitute misuse of the '553 Patent (Count Two) and violate the Connecticut Unfair Trade Practices Act [ "CUTPA" ], Conn. Gen.Stat. § 42-110a *et seq.* (Count Three).

> FN1. Risdon is now known as Risdon/AMS (USA), Inc. (*See* Dkt. # 101). For convenience, it will still be referred to as Risdon.

On November 2, 1995 and September 13, 1996, Risdon filed amended answers charging that Valois America infringes Claim 23 of the '553 Patent, and denying that the '553 Patent is misused and invalid. (Dkts. 11 & 65). On November 2, 1995 and September 13, 1996, Risdon also filed counterclaims and third-party complaints against Valois and Valois America's France-based manufacturing division, Valois S.A. [ "Valois France" ]. (Dkts. 9, 11, 65-66). The counterclaim alleges that both Valois America and Valois France infringe Claim 23 of the '553 Patent. Risdon seeks monetary damages and preliminarily and permanently to enjoin Valois America and Valois France from making, using or selling the Valois Seal Tight spray pump assembly. (Dkt. # 65 at 5).

On December 26, 1995 and September 30, 1996, Valois France filed counterclaims against Risdon, alleging that the '553 Patent is invalid, unenforceable, and has not been infringed by any act of Valois France (First Counterclaim) and alleging that Risdon has violated CUTPA in its pursuit of litigation (Second Counterclaim). (Dkts. 25 & 67. *See also* Dkt. # 71). [FN2]

> FN2. Unless otherwise indicated, any reference to "Valois" will include both Valois America and Valois France.

On February 27, 1996, May 5, 1996, November 5, 1996, and again on April 22, 1997, the file was referred to this Magistrate Judge. (Dkts. 48, 56, 75 & 90). Familiarity is presumed with the numerous decisions in this file: Recommended Ruling on Plaintiff's Motion for Summary Judgment, filed September 5, 1996 (Dkt.# 63), approved by U.S. District Judge Alan H. Nevas on March 3, 1997 over Valois' objection (Dkts. 69-70, 72 & 11/5/96 endorsement thereon, 76-77, 87); [FN3] Ruling on Pending Motions, filed September 5, 1996 (Dkt.# 64); Ruling on Valois of America's Motion for Reconsideration, filed December 17, 1996 (Dkt.# 78); and Ruling on Valois S.A.'s Motion for Protective Order That Discovery Be Taken under Hague Convention, filed July 23, 1997 (Dkt.# 100) [ "July 1997 Ruling" ].

> FN3. Valois' Motion for Certification for Interlocutory Appeal was denied by Judge Nevas

Not Reported in F.Supp.2d                                                                                                  Page 2
1998 WL 1661397 (D.Conn.)
**(Cite as: 1998 WL 1661397 (D.Conn.))**

on March 3, 1997 and again on March 24, 1997. (*See* Dkts. 79-80, 83-84, 87-89).

Discovery was to be completed by February 3, 1997. (*See* Dkt. # 74 & 12/17/96 endorsement thereon). Following the July 1997 Ruling, discovery, including depositions, was taken in France and is expected to be completed shortly. (*See* Dkt. # 103, Exh. E). Valois' anticipated motion for summary judgment regarding the validity of Risdon's patent shall not be filed until the close of discovery. (Dkt.# 97).

Two motions presently are pending before the Court. First, on September 18, 1998, Risdon filed its Motion to Preclude Valois of America and Valois S.A. From Asserting Reliance Upon "Advice of Counsel" In Defense To the Charge of Willful Patent Infringement. (Dkt.# 103). [FN4] On October 16, 1998, Valois filed a Cross-Motion to Bifurcate, brief in support of this motion and in opposition to Risdon's motion, and affidavit of counsel. (Dkts. 105-07). [FN5] On November 18, 1998, Risdon filed its brief in opposition to Valois' cross-motion and affidavit of counsel. (Dkt. 109-10). [FN6] On December 11, 1998, Valois filed, under seal, its reply brief and additional affidavit of counsel. (Dkt. 112-113). [FN7]

> FN4. Five exhibits were attached: copies of cited cases appearing in U.S.P.Q.2d (Exh. A); Valois of America's objections to Risdon's discovery requests (Exh. B); copy of Valois of America and Valois S.A.'s privilege log (Exh. C); copy of correspondence between counsel (Exh. D); and copy of Risdon's Notices of Deposition, for depositions to be taken in Paris in November 1998 (Exh. E).

> FN5. Eight exhibits were attached to the affidavit (Dkt.# 107): copies of additional correspondence between counsel and/or the parties (Exhs.A, C-E); copy of Risdon's Response to Valois America's First Set of Interrogatories (Exh. B); copy of Patent No. 5,562,219 (Exh. F); copy of Patent No. 2,723,773 (Exh. G); and copy of Patent No. 4,773,553 (Exh. H).

> FN6. Attached to the affidavit (Dkt.# 110) as Exh. A was a copy of the curriculum vitae of its expert, Dr. Steven J. Shapiro; attached as Exh. B were excerpts from a proceeding in the Delaware federal court.

> FN7. Four documents were attached: copy of a letter, in French, from Risdon's parent company to Valois (Exh. A); copies of Risdon's Third Set of Requests for Admission and Valois' response (Exhs.B-C); and copy of a License Agreement (Exh. D).

I. DISCUSSION

*2 In Risdon's Interrogatory No. 6 and Request No. 7, Risdon sought information regarding Valois' opinion letters relating to the validity, enforceability, and/or infringement of the '533 Patent; Valois objected to these requests as seeking privileged information, but without waiving its objection, identified three opinion letters, written on May 27, 1994, August 31, 1994 and May 26, 1995. (Dkt.# 103, Exh. B). In its motion, Risdon seeks to preclude Valois from asserting its reliance upon "advice of counsel" in defense of the charge of willful patent infringement. (Dkt. # 103 at 1). In its cross-motion to bifurcate, Valois argues that production of its attorneys' opinion letters at this point in the litigation would be premature, and would force Valois to waive the attorney-client privilege, which is unfair. (Dkt. # 105 at 1). Instead, Valois requests bifurcation of both discovery and trial--that trial be held first on the issues of liability, including Risdon's infringement claim and Valois' patent defenses; as Valois argues, only if a jury finds liability would it be necessary to have discovery, and later trial, on the issues of willful infringement and damages. (Dkt. # 105 at 2). Valois further requests that the Court conduct an *in camera* review of the privileged attorney opinions letters. (*Id.*). In response, Risdon argues that bifurcation and stay of discovery is not supported, and will needlessly create more complexity, inconvenience and cost. (Dkt. # 109 at 2).

This scenario often arises in patent infringement litigation. As one district judge has observed:

> Generally, when a party learns of the existence of a patent, that party must obtain the advice of competent

legal counsel before undertaking any actions that may constitute infringement. The failure to seek legal advice is a factor that supports a finding of willful infringement. Conversely, a party's reliance on the advice of counsel is a factor that militates against a finding of willfulness.
Edward Lowe Indus., Inc. v. Oil-Dri Corp. Of America, No. 94 C 7568, 1995 WL 609231, at *3 (N.D.Ill. Oct. 13, 1995)(multiple citations omitted). The district judge summarized the inherent tension faced by a defendant in a patent infringement action:

> Thus, an accused infringer faces a dilemma when there are allegations of willful infringement. If an accused infringer intends to assert a reliance on counsel defense at trial, the patentee is entitled to full disclosure in order to prepare its case. Full disclosure requires disclosure of the opinions upon which the potential infringer has chosen to rely, all other attorney communications on the same subject matter and all documents relied upon or considered by counsel at the time and in conjunction with rendering that opinion. On the other hand, if the accused infringer asserts the attorney-client privilege, then it cannot introduce opinions or testimony of counsel at trial to show that it is not guilty of willful infringement.

***3** *Id.* (multiple citations omitted).

In 1991, the Federal Circuit, in dicta, made the following suggestion to trial judges:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of a willfulness finding if infringement is found, is of great important not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court *in camera,* reveal that the defendant is indeed confronted with this dilemma. While our court has recognized that refusal of a separate trial will not require reversal in every case involving attorney client communications bearing on willfulness, we have suggested the advisability of separate trials in appropriate cases.

*Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 643-44 (Fed.Cir.1991) (citation omitted). [FN8]

> FN8. There have been numerous law review articles published on this issue. *See, e.g.,* Jared Goff, *The Unpredictable Scope of the Waiver Resulting from the Advice-of-Counsel Defense to Willful Patent Infringement,* 1998 BYU .L. REV. 213 (1998); William S. Blair, *intellectual Property--The Pitfalls of Attorney-Client Privilege Waiver in Patent Law,* 39 S. TEX. L. REV. 769 (1998); John Dragseth, *Coerced Waiver of the Attorney-Client Privilege for Opinions of Counsel in Patent Litigation,* 80 MINN. L. REV. 167 (1995); Steven D. Glazer & Daniel A. DeVito, *Concise Survey of Current Law on Willful Patent Infringement,* 6 No. 10 J. PROP. RTS. 2 (1994).

As a result of the *Quantum* and similar decisions, the following scenario has developed:

> The current convention in patent litigation strategy is as follows: the patent owner opens with a claim for willful infringement; the alleged infringer answers by denying willful infringement and asserts good faith reliance on advice of counsel as an affirmative defense; then the owner serves contention interrogatories and document requests seeking the factual basis for that good faith reliance defense and the production of documents relating to counsel's opinion; the alleged infringer responds by seeking to defer responses and a decision by disclosure of the opinion; the owner counters by moving to compel; and the alleged infringer moves to stay discovery and for separate trials.

*Johns Hopkins Univ. v. Cellpro,* 160 F.R.D. 30, 34 (D.Del.1995). This maneuvering has occurred here as well.

District courts have relied upon a variety of factors in deciding whether bifurcation, of discovery and/or trial, is warranted, including whether a stay of discovery is uneconomical and a waste of judicial resources, whether a

Not Reported in F.Supp.2d        Page 4
1998 WL 1661397 (D.Conn.)
**(Cite as: 1998 WL 1661397 (D.Conn.))**

needless delay will be created, the complexity of the case, potential juror confusion, the stage of the litigation at which the request is made, whether any delay in filing such motion was a tactical strategy, the overlap of evidence and witnesses between liability and willfulness, the prejudice to patent owner by delaying the ultimate conclusion of the case, the risk of prejudice as to the liability issues which may result from disclosure, and the prejudice of having counsel who wrote the opinions disqualified as trial counsel. *Compare Robotic Vision Systems, Inc. v. View Engineering, Inc.,* No. CV 96-2288 LGB(AJWX), 1997 WL 809679 (C.D.Cal. Nov. 6, 1997)(denying bifurcation); *Home Elevators, Inc. v. Millar Elevator Service Co.,* 933 F.Supp. 1090, 1092 (N.D.Ga.1996)(same); *Edward Lowe Indus., Inc.,* 1995 WL 609231, at *5-6 (same); *Johns Hopkins University,* 160 F.R.D. at 35-37 (same); *Remcor Products Co. v. Servend Int'l, Inc.,* No. 93 C 1823, 1994 WL 594723 (N.D.Ill. Oct. 28, 1994)(same); *Dentsply Int'l, Inc. v. Kaydex,* No. 93 C 20099, 1994 WL 376276 (N.D.Ill. July 11, 1994)(same); *Spectra-Physics Lasers, Inc. v. Uniphase Corp.,* 144 F.R.D. 99 (N.D.Cal.1992)(same) *with Novopharm Ltd. v.. Torpharm, Inc.,* 181 F.R.D. 308 (E.D.N.C.1998)(ordering bifurcation of liability and willfulness/damages); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.,* 180 F.R.D. 254 (D.N.J.1997)(same); *United States Gypsum Co. v. National Gypsum Co.,* No. 89 C 7533, 1994 WL 74989 (N.D.Ill. Mar. 10, 1994)(same); *Pittway Corp. v. Maple Chase Co.,* No. 91 C 3582, 1992 WL 392584 (N.D.Ill.Dec. 16, 1992)(same).

**\*4** In addition, it is clear, from *Quantum* and its progeny, that before bifurcation, the Court must conduct an *in camera* review of the privileged attorney-client communications. *Robotic Vision Systems,* 1997 WL 809679, at * 3; *Princeton Biochemicals,* 180 F.R.D. at 260; *Edward Lowe Indus. Inc.,* 1995 WL 609231, at *5; *Dentsply Int'l,* 1994 WL 376276, at *2; *B. Braun Med. Inc. v. Abbott Labs.,* Civ. A. No. 93-3883, 1994 WL 422287, at *2 (E.D.Pa. July 6, 1994); *Neorx Corp. v. Immunomedics, Inc.,* Civ. No. 92-2853(HLS), 1993 WL 592531, at *2 (D.N.J. May 26, 1993); *Spectra-Physics Lasers,* 144 F.R.D. at 101-02; *Pittway,* 1992 WL 392584, at *6; *Baxter Int'l Inc. v. Cobe Labs., Inc.,* No. 89 C 9460, 1992 WL 151893 (N.D. Ill. June 15, 1992). As one district judge summarized the consequences of the *in camera* review:

> If the [Court] decides that early discovery of defendant's documents would unfairly prejudice defendant on the liability issue, the [Court] could order the issue of willfulness to be served. Defendant would then have the opportunity after a liability determination was reached to decide whether to assert the reliance-upon-the-advice-of-counsel defense. Conversely, if the [Court] determines that a defendant would not be unfairly prejudiced by early discovery of its attorney-client communications, the court would be justified in refusing to sever the issue of willfulness and ordering a unified trial. At this point, defendant would be required to make an election regarding his defenses. If defendant chose to assert the advice-of-counsel defense, plaintiff would be entitled to timely discovery of the attorney-client communications. Otherwise, the attorney-client privilege would be preserved.

*Neorx,* 1993 WL 592531, at *2 (footnotes omitted). The same conclusion was reached in *Pittway:*

> If after in camera review of any attorney-client communications bearing on willfulness, the Court concludes that a unitary trial on the issues of liability and willfulness poses a substantial risk of prejudice to [defendant], then the Court may order separate trials on the issues of liability and willfulness. Alternatively, the Court may deem it best to require [defendant], after an opportunity to take reasonable discovery on the other aspects of the case, to decide whether it will assert a good faith reliance defense. Then the Court will decide whether to separate liability and willfulness.

1992 WL 392584, at *6.

With all deference to both sides, it appears that the issue is premature, in that Valois has not definitely decided whether it intends to offer a good faith reliance defense. As the Court suggested in *Pittway:* "[T]he Court may deem it best to require [defendant], after an opportunity to take reasonable discovery on the other aspects of the case, to decide whether it will assert a good faith reliance defense. Then the Court will decide whether to separate liability and willfulness." 1992 WL 392584, at *6. As previously indicated, discovery is expected to be completed soon. In the interests of justice, *on or before February 8, 1999,* Valois shall indicate in

Not Reported in F.Supp.2d                                                                                                                                  Page 5
1998 WL 1661397 (D.Conn.)
**(Cite as: 1998 WL 1661397 (D.Conn.))**

writing, to Risdon and to the Court, whether it intends to assert a good faith reliance defense. If Valois answers in the negative, both pending motions will become moot. If, however, Valois answers in the affirmative, then *on or before February 16, 1999,* Valois shall submit its privileged documents for an *in camera* review, after which the Magistrate Judge will rule on the pending motions.

## II. CONCLUSION

**\*5** For the reasons stated above, Risdon's Motion to Preclude Valois from Asserting Reliance upon "Advice of Counsel" (Dkt.# 103) and Valois' Cross-motion to Bifurcate (Dkt.# 105) are *held in abeyance, pending further submissions by Valois.*

*See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same); F.R. Civ. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2d Cir.1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

1998 WL 1661397 (D.Conn.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.