LEXSEE 1994 U.S. DIST. LEXIS 12104

B. BRAUN MEDICAL INC., Plaintiff, v. ABBOTT LABORATORIES and NYPRO INC., Defendants

CIVIL ACTION No. 93-3883

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1994 U.S. Dist. LEXIS 12104*

**August 24, 1994, Decided**
**August 29, 1994, Filed**

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For B. BRAUN MEDICAL INC., Plaintiff: ALBERT G. BIXLER, PHILA, PA. DANIEL SEGAL, HANGLEY, CONNOLLY, EPSTEIN, CHICO, FOXMAN & EWING, PHILADELPHIA, PA. WILLIAM G. TODD, PORTER F. FLEMING, RICHARD E. PARKE, HOPGOOD, CALIMAFDE, NEW YORK, NY.

For ABBOTT LABORATORIES, NYPRO, INC., NP MEDICAL, INC., Defendants: BENJAMIN J. NAITOVE, WOLF, BLOCK, SCHORR AND SOLIS-COHEN, PHILA, PA. LEE CARL BROMBERG, ROBERT L. KANN, KERRY L. TIMBERS, BROMBERG AND SUNSTEIN, BOSTON, MA.

For ABBOTT LABORATORIES, NYPRO, INC., Counter-Claimants: BENJAMIN J. NAITOVE, WOLF, BLOCK, SCHORR AND SOLIS-COHEN, PHILA, PA. LEE CARL BROMBERG, BROMBERG AND SUNSTEIN, BOSTON, MA.

**JUDGES:** HUYETT

**OPINIONBY:** HUYETT

**OPINION:**

MEMORANDUM AND ORDER

HUYETT J.

I. BACKGROUND

Abbott Laboratories and Nypro, Inc. ("Defendants") have filed a motion to try separately the issues of liability and damages. Defendants previously requested bifurcation of the issue of willfulness because of a dilemma of the type described by the Court of Appeals for the Federal Circuit in *Quantum Corporation v. Tandon Corporation, 940 F.2d 642 (Fed. Cir. 1991).* By Order of concurrent date, the Court granted Defendants' motion to bifurcate the [*2] issue of willfulness. For the following reasons, Defendants' motion to try separately liability and damages is also **GRANTED**.

II. DISCUSSION

Under *Fed. R. Civ. P. 42(b)*, the Court may Order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision to order separate trials is within the discretion of the Court. Although bifurcation is not to be routinely ordered, "the issues of validity, title, infringement and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court or seriously prejudice the rights of some of the parties." *Swofford v. B&W, Inc., 336 F.2d 406, 415 (5th Cir. 1964),* cert. denied, *379 U.S. 962, 13 L. Ed. 2d 557, 85 S. Ct. 653 (1965).* Exercising its discretion, and having found no real prejudice to B. Braun Medical Inc. ("Plaintiff"), the Court finds that judicial convenience will be served by trying damages and wilfulness separately from liability.

This complex patent action involves a counterclaim, many witnesses and [*3] voluminous documents. Defendants estimate that the trial may take four weeks. Even Plaintiff's more conservative estimate is 12-15

days. The parties have filed a 168-page Proposed Final Pretrial Order in which Plaintiff lists some 367, and Defendant some 200, exhibits. The complexity of the case is exacerbated by the fact that trial will be by jury. The Court finds it likely that the jury will become confused if required to consume this amount of information at one time.

More importantly, however, pursuant to an Order of concurrent date, having found a Quantum-type dilemma, the Court has bifurcated the issue of willfulness. Accordingly, a second trial is already necessary. Further, willfulness logically should be tried with damages.

### III. CONCLUSION

For the above stated reasons, and having found no prejudice to Plaintiff, Defendants' motion is **GRANTED**. An appropriate Order follows.

**Huyett J.**

**ORDER**

**HUYETT J.**

Upon consideration of Defendants' motion for separation of liability and damages issues, and the argument of the parties in support of and in opposition thereto, Defendants' motion is **GRANTED**.

Accordingly, in accordance with an Order of concurrent [*4] date, the issues of wilfulness and damages shall be tried separately from the issue of liability, and discovery on the issue of wilfulness shall be postponed until after trial on liability.

**IT IS SO ORDERED.**

**Huyett J.**