Not Reported in F.Supp. Page 1
1994 WL 791601 (C.D.Cal.)
**(Cite as: 1994 WL 791601 (C.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
C.D. California

SAGE PRODUCTS, INC., Plaintiff,
v.
DEVON INDUSTRIES, INC., Defendant.

**CV 93-2403 RG (CTX).**

Jan. 25, 1994.

William M. Lee, Jr., Jeffrey Robert Gray, Lee Mann Smith McWilliams, Sweeney & Ohlson, William T. Cahill, Phelan Pope Cahill & Devine, Chicago, IL, for plaintiff.

Robert C. Weiss, Kenneth H. Ohriner, David A. Randall, Lyon & Lyon, Los Angeles, CA, Mitchell D. Raup, Mayer Brown & Platt, Eric F. Greenberg, George Edward Bullwinkel, Bullwinkel Partners Ltd., Chicago, IL, for Devon Indus. Inc.

Memorandum and Order Granting Defendant's Motion for Partial Summary Judgment and Motion for Bifurcation.
GADBOIS, District Judge.

I. *Background*

**\*1** Plaintiff Sage Products, Inc. ("Sage") produces receptacles for safe disposal of used syringes, scalpels, and other hazardous medical waste, called "sharps disposal containers". Sage owns U.S. Patent Re 33,413 ('413), which covers the disposal container shown in Figure 1.

TABULAR OR GRAPHIC MATERIAL SET AT THIS POINT IS NOT DISPLAYABLE

As Figure 2 shows, the '413 system consists of an outer enclosure and an inner container. The outer enclosure is a simple box structure, permanently mounted on a hospital wall, with a swinging door. When the door is open, hospital staff can place the inner container inside the outer enclosure.

TABULAR OR GRAPHIC MATERIAL SET AT THIS POINT IS NOT DISPLAYABLE

When the inner container is in place and the outer enclosure door closed, hospital staff drop sharps and other medical waste through the opening in the outer enclosure. Once the inner container is full, it is removed, and then usually autoclaved (heated under pressure) to neutralize infectious waste, or simply incinerated. Figure 3, taken from a Sage brochure, shows how the system is used.

TABULAR OR GRAPHIC MATERIAL SET AT THIS POINT IS NOT DISPLAYABLE

Defendant Devon Industries, Inc. ("Devon") manufactures inner containers compatible with Sage's '413 system. Sage alleges that Devon contributorily infringes the '413 patent by selling replacement inner containers to hospitals. On January 10, 1994, Devon moved for partial summary judgment, contending that its inner containers are used for permissible repair, not infringing reconstruction, of the '413 system.

Devon also moved for bifurcation, seeking to have the issues of damages and willfulness tried separately from the issues of validity and infringement.

II. *Jurisdiction*

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

III. *Analysis*

a. *Defendant's Motion for Summary Judgment.*

Replacement of worn or spent parts of a patented combination is permissible repair of the combination, not infringing reconstruction. *Everpure, Inc. v. Cuno, Inc.,* 875 F.2d 300, 303 (Fed. Cir. 1989), cert. denied, 493 U.S. 853 (1989); *Porter v. Farmers Supply Serv., Inc.,* 790 F.2d 882, 886 (Fed. Cir. 1986). Defendant argues that once the inner containers are filled with waste, they are spent. Therefore, it contends, replacing the containers is permissible repair of the '413 system, not infringement. *See Aro Mfg. Co. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341 (1961); *Everpure,* 875 F.2d at 303 (holding that replacement of a disposable cartridge, which housed a filter, constituted repair, not reconstruction).

Sage replies that the inner container is neither spent nor

Not Reported in F.Supp.  
1994 WL 791601 (C.D.Cal.)  
**(Cite as: 1994 WL 791601 (C.D.Cal.))**

Page 2

worn when it is filled with waste, but rather merely in need of emptying. Hanifl aff. ¶ 5. Sage contends that filled inner containers are perfectly salvageable, and therefore, replacing them is impermissible *reconstruction* of the '413 combination.

This Court rejects this argument. Emptying and reusing filled inner containers defeats the purpose of the '413 combination -- safe disposal of hazardous waste. Sage itself recognizes this, and encourages their customers to dispose of the inner containers for safety's sake. Hanifl Dep. 119:11-22. In fact, Sage's own inner containers are labeled "Single Use Only", and ominously warn of the biohazard within. See Figure 4.

TABULAR OR GRAPHIC MATERIAL SET AT THIS POINT IS NOT DISPLAYABLE

**\*2** By its own estimate, Sage's safety campaign has been successful: "90 something percent" of the inner containers are destroyed and replaced after their first use. Hanifl Dep. 119:12-15. That some users may imprudently empty and reuse the inner containers does not, without more, create a genuine issue of material fact. The Federal Circuit has not said that a component is spent only when it is *impossible* to continue to use it. Rather, the Federal Circuit suggests that a component is spent when continued use is "neither practical nor feasible". *Everpure, 875 F.2d at 303.* Given the extremely hazardous nature of this medical waste, not to mention Sage's safety-conscious efforts to encourage disposal of filled inner containers, a reasonable jury *must* conclude that filled inner containers are spent within the meaning of *Everpure.* [FN1] Therefore, this Court finds that replacing inner containers is permissible repair of the '413 combination. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)* ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'."); *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986)* ("[T]here must be evidence on which the jury could *reasonably* find for [the opposing party]."). Since the hospitals are not directly infringing the '413 patent, defendants are not liable for either contributory nor induced infringement; thus, this Court GRANTS defendant's motion for partial summary judgment. *Aro, 365 U.S. at 341*;

*Everpure, 875 F.2d at 302*; *Met-Coil Sys. Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed. Cir. 1986).* [FN2]

b. *Devon's Motion for Bifurcation.*

1. *Liability and Willfulness.*

To defend against Sage's charge of willful infringement, Devon intends to rely on several attorney opinion letters. *See* Devon's Exh. A, B, C. Devon is trapped in a catch-22, however. These letters detail Devon's tactical defenses and legal strategies. Thus, if this case is not bifurcated, Devon will be forced to either waive the attorney-client privilege early in the litigation, or retain the privilege and expose itself to a charge of willfulness. To avoid this dilemma, Devon asks this Court to separate the willfulness issue from the issues of validity and infringement under *F.R.Civ.P. 42 (b)*, which allows bifurcation "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The Federal Circuit encourages bifurcation in these cases, noting that the issue is of "great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege." *Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed. Cir. 1991). See also Fromson v. Western Litho Plate and Supply Co., 853 F.2d 1568, 1572 (Fed. Cir. 1988)* (dicta) (suggesting that bifurcation "may be useful in meeting the attorney-client privilege problem").

**\*3** A brief *in camera* review of Devon's opinion letters demonstrates that Devon does indeed face the dilemma discussed in *Quantum.* Although bifurcation may result in some duplication of effort, it will allow Devon to retain the privilege without sacrificing its willfulness defense. Therefore, this Court GRANTS Devon's motion, and orders a separate trial on the issue of willfulness.

2. *Liability and Damages.*

Devon also moves to bifurcate trial of infringement and damages. Devon argues that bifurcation of liability and damages will save effort if Devon prevails on liability, and will avoid confusing the issues. Sage responds that bifurcation will result in duplication and delay. They note that proof of damages and liability overlap. For instance,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**Not Reported in F.Supp.** Page 3
1994 WL 791601 (C.D.Cal.)
**(Cite as: 1994 WL 791601 (C.D.Cal.))**

Sage will use Devon's sales figures to prove commercial success, which in turn proves nonobviousness. These sales figures, of course, are relevant to prove Sage's damages as well.

However, since willfulness and damages can be combined into a single proceeding, bifurcating damages and liability carries little marginal cost. The overlap cited by Sage is minimal, and bifurcation will limit jury confusion and avoid needless work if Devon prevails at the liability stage. Consequently, this Court GRANTS Devon's motion to bifurcate damages and liability. Damages and willfulness will be tried together.

### IV. *Conclusion*

There is no genuine issue as to the nature of inner container replacement -- it is repair, not reconstruction. Therefore, this Court GRANTS defendant's motion for partial summary judgment; defendant has not contributorily infringed or induced infringement of U.S. Patent No. Re. 33,413. Devon has also demonstrated that a separate trial of the willfulness and damage issues is appropriate; therefore, this Court GRANTS Devon's motion for bifurcation; the issue of liability for patent infringement is bifurcated from the issues of damages and willful infringement. Liability will be tried first. Discovery of Devon's opinion of counsel is stayed until further order.

IT IS SO ORDERED.

> FN1. At least one recent case supports this conclusion. In *Surgical Laser Technologies, Inc. v. Surgical Laser Products, Inc., 25 USPQ.2d 1806 (D. Pa. 1992)*, plaintiff sued for infringement of its patent covering a two-piece disposable laser delivery system, used in laser surgery. Plaintiff encouraged customers to discard one of the components after surgery, thereby reducing the chance of infection. *Id.* at 1807. While it was not *impossible* to reuse both components of the system, the court held that replacing the delivery system was repair, not reconstruction. *Id.* at 1808-09.
>
> FN2. Granting defendant's motion promotes public safety. If this Court held that replacing inner containers is reconstruction, Sage would have a monopoly (albeit a legal one) over the inner container market. However, since replacing filled inner containers is permissible repair, the market for inner containers will be competitive. With competitive prices, more consumers will replace filled inner containers rather than risk emptying and reusing them.

1994 WL 791601 (C.D.Cal.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.