1993 WL 56790 Page 1
1993 WL 56790 (D.Md.), 24 Fed.R.Serv.3d 1239, 27 U.S.P.Q.2d 1158
**(Cite as: 1993 WL 56790 (D.Md.))**

United States District Court, D. Maryland.

SCIENTIFIC-ATLANTA, INC., Plaintiff,
v.
GENERAL INSTRUMENT CORPORATION, Defendant.

**Civ. A. No. HAR 92-99.**

Feb. 2, 1993.

MEMORANDUM OPINION

HARGROVE, District Judge.

**\*1** Presently before the Court are Plaintiff Scientific-Atlanta, Inc.'s motion for a separate trial of count II of the counterclaim and Defendant General Instrument Corporation's motion under Federal Rule of Civil Procedure 42(b) to sever liability from damages and willfulness and to stay all proceedings relating to damages and willfulness. The Court has considered said motions and the opposition thereto. The issues have been fully briefed. No hearing is deemed necessary. Rule 105.6 (D.Md.).

FACTS

The plaintiff's cause of action arises under the Patent Laws of the United States, in particular under Title 35, Sections 281, 283, 284, and 285 of the United States Code, for patent infringement, for an injunction, for attorneys' fees and for damages. Jurisdiction and venue are respectively based on Title 28, Section 1338(a), 1391(c), and 1400(b) of the United States Code.

Plaintiff Scientific-Atlanta, Inc., ("S-A") is a Georgia corporation having its headquarters and principal place of business in Atlanta, Georgia. (Complaint, ¶ 2). S-A is a supplier of cable-TV scrambling and descrambling equipment used by cable-TV system operators.

Defendant General Instrument Corporation ("GI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. The defendant is licensed to do business in Maryland and conducts business through offices located in Hunt Valley, Maryland. (Complaint, ¶ 2, 3, Answer, ¶ 2, 3).

GI's VideoCipher division, based in San Diego, California, supplies satellite scrambling and descrambling equipment and services used by television programmers and cable television system operators to control and protect reception of their proprietary television programming.

S-A has acquired an exclusive license from Communications Satellite Corporation under U.S. Patent No. Re. 33,189 (the "COMSAT patent"). The patent relates to a security system for encrypting (scrambling) and descrypting (descrambling) television programming signals transmitted via satellite and is entitled "Security System for SSTV Encryption."

In May, 1992, the plaintiff commenced this action against the defendant, alleging that GI's VideoCipher scrambling systems infringes the COMSAT patent. S-A further alleges that GI is liable for inducing and contributing to the infringement of the COMSAT patent by others, and that GI's alleged infringement has been willful. S-A requests treble damages.

GI denies infringing the COMSAT patent and has asserted various affirmative defenses and counterclaims. GI asserts that the COMSAT patent is invalid. In Count II of the counterclaim, GI alleges that S-A willfully infringed GI's U.S. Patent No. 4,598,318 ("the '318 patent"), which relates to a system for scrambling and descrambling television programming signals for distribution over a cable television network. GI requests treble damages for S-A's alleged willful infringement of the '318 patent. S-A denies infringing the '318 patent and asserts that the patent is invalid.

I

**\*2** S-A seeks separate trials of the issues of law and fact relating to its patent infringement claim and those relating to Count II of GI's counterclaim for patent infringement. S-A argues that separate trials would further the convenience of the Court, would avoid prejudice to S-A as well as delay in resolution of its patent infringement action, and would serve the ends of justice.

The plaintiff notes that its claim of patent infringement and

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1993 WL 56790 Page 2
1993 WL 56790 (D.Md.), 24 Fed.R.Serv.3d 1239, 27 U.S.P.Q.2d 1158
**(Cite as: 1993 WL 56790 (D.Md.))**

GI's patent infringement counterclaim involve two separate and wholly unrelated patents. According to the plaintiff, each patent infringement action presents a mutually exclusive set of facts, complex technology, and legal issues, without overlapping oral testimony or documentary proof. However, the plaintiff concedes, as indeed it must, that GI's counterclaim of patent infringement was properly joined in this action.

In response GI has opposed the plaintiff's motion and has moved this Court to sever the trial on liability from the trial on damages and willful infringement. The defendant further argues that the Court should stay all proceedings, including discovery, relating to damages and willful infringement pending a final determination on liability.

The plaintiff's and defendant's motions are governed by Federal Rule of Civil Procedure 42(b). Molinaro v. Watkins-Johnson CEI Div., 60 F.R.D. 410, 412-13 (D.Md.1973). Fed.R.Civ.P. 42(b) provides, in pertinent part, that the "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any ... counterclaim." Determining whether these purposes will be achieved by separation is left to the sound and informed discretion of the District Court. Western Contracting Co. v. National Surety Corp., 163 F.2d 456, 458 (4th Cir.1947); Molinaro, 60 F.R.D. at 413.

The Court concludes that severing the trial of liability and damages and staying proceedings related to damages and willfulness pending a final determination of liability is most consistent with the considerations set forth in Fed.R.Civ.P. 42(b). GI's proposed bifurcation would expedite a determination of liability and may reduce the cost of discovery. In fact, discovery and trial on damages, which may prove unnecessary, could be avoided under GI's proposal. Thus, the parties' and the Court's interest in expedition and economy are served. Moreover, there is ample precedent for following such a course. See Smith v. Alyeska Pipeline Serv. Co., 538 F.Supp. 977, 982-86 (D.Del.1982), aff'd, 758 F.2d 668 (Fed.Cir.1984), cert. denied, 471 U.S. 1066 (1985); Acme Resin Corp. v. Ashland Oil Inc., 689 F.Supp. 751, 752-54 (S.D. Ohio 1987). The plaintiff argues that GI's proposed bifurcation is prejudicial to the plaintiff's interest. However, the Court finds virtually no basis for this assertion.

Accordingly, Plaintiff's motion for a separate trial of Count II of the Counterclaim is denied and Defendant's cross-motion to sever liability from damages and willfulness and to stay all proceedings, including discovery, relating to damages and willful infringement pending a final determination on liability is granted. It will be so ordered.

1993 WL 56790 (D.Md.), 24 Fed.R.Serv.3d 1239, 27 U.S.P.Q.2d 1158

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.