22 U.S.P.Q.2d 1475    Page 1
1991 WL 340569 (D.Or.), 22 U.S.P.Q.2d 1475
**(Cite as: 22 U.S.P.Q.2d 1475)**

Avia Group International Inc.
v.
Nike Inc.

District Court, D. Oregon

No. 91-326-JU

Decided November 15, 1991

United States Patents Quarterly Headnotes

**JUDICIAL PRACTICE AND PROCEDURE**
**[1] Procedure -- Bifurcation (Section 410.28)**
**REMEDIES**
**Monetary -- Damages -- Patents -- Increased damages (Section 510.0507.07)**
**Monetary -- Attorney's fees; costs -- Patents -- In general (Section 510.0905.01)**
Separate jury trials on issues of liability and damages are warranted in patent infringement action involving five patents and at least eight allegedly infringing products, since separate trial on liability will likely result in simplification of damages issue or elimination of such issue altogether, and since liability and damages issues are sufficiently distinct and separable such that separate trials will not result in overlap; however, since no right to jury trial exists as to award of increased damages pursuant to 35 USC 284, or as to award of attorney's fees pursuant to 35 USC 285, trial as to those issues must be presented to court separately.

**PATENTS**
**[2] Infringement -- Willful (Section 120.16)**
**JUDICIAL PRACTICE AND PROCEDURE**
**Discovery -- Matters discoverable -- In general (Section 410.4002.01)**
Discovery, in patent infringement action in which issues of liability and damages have been bifurcated for trial, of attorney-client privileged information and attorney work product related to issue of willfulness is stayed until issue of liability has been determined, since willfulness is not relevant to issue of liability and since accused infringer will be unfairly prejudiced if it is required to divulge contents of its private communications with counsel prior to determination of liability.

*****1475** Action brought by Avia Group International Inc. against Nike Inc., for infringement of U.S. patent nos. 4,372,058, 4,741,114, and 4,449,307, to which Nike counterclaims alleging infringement of its U.S. patent nos. 4,439,936 and 4,562,651. On Nike's motion for separate trials of the issues of liability and damages, separate trial *****1476** to the court of the issues of enhancement of damages and award of attorney's fees, and a stay of discovery on enhanced damages and attorney's fees. Motion granted.

Daniel H. Skerritt and Michael J. Sandmire, of Ater Wynne Hewitt Dodson & Skerritt, Portland, Ore; William F. Lee, Paul M. McDermott, and Karen F. Green, of Hale & Dorr, Boston, Mass., for plaintiff.

Scott F. Partridge, William W. Beckett, Rodger L. Tate, Nina L. Medlock, James A. Niegowski, and Thomas M. Horgan, of Banner, Birch, McKie & Beckett, Washington, D.C.; Don H. Marmaduke and Peter H. Koehler, Jr., of Tonkon, Torp, Galen, Marmaduke & Booth, Portland, for defendant.

Juba, U.S. magistrate judge.

*INTRODUCTION*

This is an action for patent infringement brought by plaintiff, AVIA Group International, Inc. ("Avia") against defendant, Nike, Inc. ("Nike"). Avia is a Delaware corporation having its principal place of business in Portland, Oregon. Nike is an Oregon corporation having its principal place of business in Beaverton, Oregon. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1338(a). Venue is proper in the District of Oregon under 28 U.S.C. Sections 1391(c) and 1400(b).

Avia charges Nike with infringement of Avia's U.S. Patent Nos. 4,372,058 ("the '058 Patent"); 4,741,114 ("the '114 Patent"), and 4,449,307 ("the ' 307 Patent"). Avia requests preliminary and permanent injunctive relief, damages, treble damages for willful infringement, and reasonable attorneys' fees and costs. Avia has demanded a trial by jury of all issues.

COPR. © 2004 The Bureau of National Affairs, Inc.

22 U.S.P.Q.2d 1475                                                                                                          Page 2
1991 WL 340569 (D.Or.), 22 U.S.P.Q.2d 1475
**(Cite as: 22 U.S.P.Q.2d 1475)**

Nike denies any allegations of infringement on its part and asserts affirmative defenses challenging the validity and enforceability of the three Avia Patents. Nike also asserts counterclaims charging Avia with infringement of Nike's U.S. Patent Nos. 4,439,936 ("the '936 Patent") and 4,562,651 ("the '651 Patent"). In the counterclaims, Nike requests an injunction, damages, treble damages for willful infringement, and attorneys' fees and costs. Nike has also demanded a jury trial.

Defendant Nike has brought this motion for separate trials of the issues of liability and damages, separate trial to the court of the issues of enhancement of damages under 35 U.S.C. Section 284 and awarding of attorneys' fees under 35 U.S.C. Section 285, and a stay of discovery on enhanced damages and attorneys' fees.

*STANDARDS*

F. R. Civ. P. 42(b) provides in relevant part:

The court, in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of any separate issue . . . or issues, always preserving inviolate the rights of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a Statute of the United States.

Bifurcation of trial liability and damages issues is to be decided on a case-by-case basis at the informed discretion of the trial judge. *Lis v. Robert Packer Hospital*, 579 F.2d 819, 824 (3rd Cir. 1978), *cert. denied*, 439 U.S. 955 (1978). The trial court has broad discretion to deny or grant separate trials under F. R. Civ. P. 42(b). *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985). Notwithstanding this broad discretion, a court should not routinely order separate trials. *Keyes Fibre Co. v. Packaging Corp. of America*, 763 F.Supp. 374, 375-376 [ 19 USPQ2d 1472 ] (N.D. Ill. 1991).

*DISCUSSION*

A. *The Issues of Liability Should Be Tried Separately From and Prior to the Issues of Damages*.

A leading patent infringement case notes that although a normal law suit seldom requires bifurcation, "the issues of validity, title, infringement, and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court or seriously prejudice the rights of some of the parties." *Swofford v. B & W, Inc.*, 34 F.R.D. 15 [ 139 USPQ 92 ] (S.D. Tex. 1963), *aff'd*, 336 F.2d 406, 415 [ 142 USPQ 291 ] (5th Cir. 1964).

1. *Separate Trials Will Promote Judicial Economy and Efficiency*.

Currently five patents are at issue in this case, and there are at least eight allegedly infringing products. Defendant's Memorandum, Page 5. Through highly technical proof, the jury will be required to interpret the patents and the allegedly infringing products. Evidence regarding damages may also be complex and involved with the potential **\*1477** for calculations of reasonable royalties and lost profits.

A separate trial on liability will likely result in a simplification of damage issues or the elimination of such an inquiry altogether. Should the jury find any of the patents invalid, unenforceable, or not infringed, no damages inquiry need be presented for those patents nor for any non-infringing product. Furthermore, a jury finding on liability may encourage settlement of the damages issue and thereby eliminate the need for a second trial.

2. *The Issues of Liability and Damages are Substantially Distinct To Permit Separate Trials*.

An important limitation under F. R. Civ. P. 42(b) is that the issues to be tried must be sufficiently distinct and separable such that separate trials will not result in overlap. *Swofford*, 336 F.2d at 415. Here the liability issues will require proof of the specifics of the invention, the validity of the patent, and the structure and operation of the allegedly infringing product. The damages issue is substantially different and will require proof of sales, costing factors, profit levels and offsetting costs.

Plaintiff contends that the issue of willfulness will overlap under both liability and damages and therefore result in violation of the Seventh Amendment. The Ninth Circuit has unequivocally asserted, "In determining the question of

infringement, the desire or intent to infringe a patent is *irrelevant*. However intent is crucial to the imposition of increased damages." *Wilden Pump & Engineering Co. v. Pressed & Welded Products Co., 655 F.2d 984, 989 [ 213 USPQ 282 ] (9th Cir. 1981)* (emphasis added) (citations omitted). Because intent is irrelevant to a determination of patent infringement, there is no overlap concerning willfulness between the issue of liability and damages.

Although an overlap regarding evidence of the "commercial success" of the products is likely to occur, this court is not convinced that such an overlap is great enough to justify denial of bifurcation. One court granting separate trials for liability and damages in a patent infringement dispute explains, "The question of commercial success is not ordinarily determined by a detailed analysis of exhaustive and intricate financial data, such as is required for proof of damages, but rather by whether the claimed invention is, broadly speaking, an accepted product and a big seller."*Paine, Webber, Jackson & Curtis v. Merrill Lynch, 587 F.Supp. 1112, 1116 [ 223 USPQ 888 ] (D. Del. 1984)*.

Plaintiff also contends that defendant's request for bifurcation is premature because discovery has just commenced. It is not uncommon, however, for courts to bifurcate issues of liability and damages before substantial discovery has occurred and there is time to stay discovery of damages. *See, e.g., Giro Sport Design, Inc. v. Pro-Tec, Inc., 10 U.S.P.Q.2d 1863 (N.D. Cal. 1989); Eaton Corp. v. Auburn Gear, Inc., 8 U.S.P.Q.2d 1373 (N.D. Ind. 1988)*.

3. *Plaintiff Will Not Be Prejudiced by Separate Trials*.

Separate trials only violate the Seventh Amendment when they involve *both* overlapping issues *and* different juries. *Paine, Webber*, 587 F. Supp. at 1116 (emphasis in original). Because this court has found no substantial overlap between the issues of liability and damages, there is no Seventh Amendment violation.

B. *There Is No Right to a Jury Trial On The Issue of Enhancement of Damages and Awarding Attorneys' Fees.*

[1] 35 U.S.C. Section 284 provides that the court may increase damages up to three times the amount found or assessed in patent infringement cases. 35 U.S.C. Section 285 allows the court to award reasonable attorneys' fees to the prevailing party in an exceptional case. After both a detailed analysis of the language of 35 U.S.C. Section 284 and prior patent case law, the leading case on this issue held that there is no constitutional right to a jury trial on issues under either Section 284 or Section 285. *Swofford, 336 F.2d at 411-414*. *See, also White v. Mar-Bel, Inc., 509 F.2d 287, 292 [ 185 USPQ 129 ] (5th Cir. 1975)* (jury's finding that compensatory damages should be trebled is advisory only). Therefore the issues of enhancement of damages and awarding of attorneys' fees must be presented to the court in a separate trial.

C. *Discovery of Attorney-Client Privileged Information and Attorney Work-Product Related to Enhanced Damages and Attorneys' Fees Shall Be Stayed Until After a Determination of Liability.*

The Federal Circuit has asserted that when a party charged with patent infringement fails to produce exculpatory opinion of counsel, the court may infer that the party failed to obtain such an opinion or that the opinion advised against the party's continued use of its product. *Fromson v. Western Litho Plate & Supply Co., 853 F.2d 1568, 1672-73 [ 7 USPQ2d 1606 ] (Fed. Cir. 1988)*. A party may be forced to waive the attorney-client privilege and the work product immunity in **\*1478** order to defend against a charge of willful infringement.

[2] Because willfulness is not relevant to the issue of liability, Nike's request to stay all attorney-client privileged information and attorney work-product related to willfulness until after a determination of liability is reasonable. Nike will be unfairly prejudiced if it is required to divulge the contents of its private communication with counsel prior to a determination on liability because such communications typically discuss legal theories and strategy. The rationale for staying privileged information or attorney work product does not extend to a stay of all discovery relating to enhanced damages or awarding attorneys' fees. Therefore, discovery of attorney-client privileged information and attorney work product relating to enhanced damages and attorneys' fees is stayed until after a determination of liability.

COPR. © 2004 The Bureau of National Affairs, Inc.

22 U.S.P.Q.2d 1475   Page 4
1991 WL 340569 (D.Or.), 22 U.S.P.Q.2d 1475
**(Cite as: 22 U.S.P.Q.2d 1475)**

*CONCLUSION*

Defendant's motion for separate trials of the issues of liability, damages, enhanced damages and attorneys' fees and for a stay of discovery related to willfulness (docket #13) is GRANTED. Separate jury trials for the issues of liability and damages will be held. After these trials a separate court trial on the issue of enhanced damages and attorneys' fees will be held. Discovery related to willfulness is stayed until after a determination of liability, but this stay is limited to attorney-client privileged information and attorney work product.

November 15, 1991
Panner, J.

Pursuant to 28 U.S.C. Section 636(b)(1)(A) and Fed. R. Civ. P. 72(a), Magistrate Judge George E. Juba ruled on September 17, 1991. Plaintiff has requested review of that ruling. "Pretrial orders of a magistrate judge under Section 36(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; and they are not subject to *de novo* determination as are a magistrate judge's proposed findings and recommendations under Section 636(b)(1)(B)."*Merritt v. International Bhd. of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. 1981) (per curiam). *Accord, United States v. Saunders,* 641 F.2d 659, 663-64 n.1 (9th Cir. 1980), *cert. denied*, 452 U.S. 918 (1981).

Plaintiff has not demonstrated that the order is either clearly erroneous or contrary to law.

Magistrate Judge Juba's order dated September 17, 1991, is AFFIRMED.

IT IS SO ORDERED.

D.Or.

22 U.S.P.Q.2d 1475

END OF DOCUMENT

COPR. © 2004 The Bureau of National Affairs, Inc.