# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

        Plaintiffs,

    v.

IMCLONE SYSTEMS, INC.,

        Defendant.

Civil Action No. 04-10884-RGS

---

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rule of Civil Procedure 34, Massachusetts Institute of Technology and Repligen Corporation ("Plaintiffs") request that Defendant ImClone Systems, Inc. ("Defendant") produce for inspection and copying the following documents and other tangible things that are in its possession, custody, or control. Production shall take place at the offices of Fish & Richardson P.C. in Boston, Massachusetts or at such other location as the parties may agree. The following definitions and instructions apply.

### I.  DEFINITIONS

1. The full text of the definitions set forth in Rule 26.5(c) of the local rules of the United States District Court for the District of Massachusetts are fully incorporated herein by reference.

2. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

3. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request for production or interrogatory

## REQUEST FOR PRODUCTION NO. 39.

All documents and things concerning any material transfer agreement or license agreement from NCI, NIH, or any other agency concerning the transfer of any cell line to Defendant from NCI.

## REQUEST FOR PRODUCTION NO. 40.

All documents and things Defendant contends provide Defendant the right to make, use, sell, or offer to sell the C225 antibody or the C225 cell line including all documents concerning any license.

## REQUEST FOR PRODUCTION NO. 41.

All documents and things sent to NCI concerning the 225 antibody, the C225 antibody, or the C225 cell line.

## REQUEST FOR PRODUCTION NO. 42.

All documents and things received from NCI concerning the 225 antibody, the C225 antibody, or the C225 cell line.

## REQUEST FOR PRODUCTION NO. 43.

All documents and things sent to NIH concerning the 225 antibody, the C225 antibody, or the C225 cell line.

## REQUEST FOR PRODUCTION NO. 44.

All documents and things received from NIH concerning the 225 antibody, the C225 antibody, or the C225 cell line.

## REQUEST FOR PRODUCTION NO. 45.

All documents and things concerning any communications between Defendant and NCI concerning the 225 antibody, the C225 antibody, the C225 cell line, or Erbitux™.

## REQUEST FOR PRODUCTION NO. 46.

All documents and things concerning any communications between Defendant and NIH concerning the 225 antibody, the C225 antibody, the C225 cell line, or Erbitux™.

## REQUEST FOR PRODUCTION NO. 47.

Documents sufficient to discern the research and development costs of the C225 antibody or Erbitux™.

## REQUEST FOR PRODUCTION NO. 48.

Documents sufficient to discern the research and development costs of the C225 cell line.

## REQUEST FOR PRODUCTION NO. 49.

All documents and things concerning any intellectual property right in the C225 antibody or fragment of that antibody including patents, patent applications, patent file histories, trademarks or service marks, trademark or service mark applications, and trademark or service mark file histories, including those issued, expired, abandoned, or pending, anywhere in the world, concerning the C225 antibody.

## REQUEST FOR PRODUCTION NO. 50.

All documents and things concerning intellectual property rights in the C225 cell line including patents, patent applications, patent file histories, trademarks or service marks, trademark or service mark applications, and trademark or service mark file histories, including those issued, expired, abandoned, or pending, anywhere in the world, concerning the C225 cell line.

13

## REQUEST FOR PRODUCTION NO. 51.

All documents and things concerning any method for making the C225 antibody or Erbitux™ including laboratory or technical notebooks or other working papers, notes or notebooks of anyone conducting any research, study, or testing concerning such methods.

## REQUEST FOR PRODUCTION NO. 52.

All documents and things concerning PCT application bearing international publication number WO 96/40210 including letters or other correspondence, laboratory or technical notebooks, or other working papers, notes or notebooks of anyone conducting any research, study, or testing referenced by or supporting said application.

## REQUEST FOR PRODUCTION NO. 53.

All documents and things concerning the manufacture of each batch of the C225 antibody or Erbitux™ including all documents and things concerning the date(s) each batch was manufactured and the materials and methods used to manufacture each batch.

## REQUEST FOR PRODUCTION NO. 54.

All documents and things concerning the distribution of each batch of the C225 antibody or Erbitux™ including all documents and things concerning the date(s) each batch was distributed to any other Person, the identity of each Person to whom a batch was distributed, the location of each batch at all times since the batch was manufactured, and the payment or other consideration received by Defendant for distribution of each batch.

## REQUEST FOR PRODUCTION NO. 55.

All documents and things concerning any standard operating procedure for manufacturing the C225 antibody or Erbitux™.

## REQUEST FOR PRODUCTION NO. 56.

All documents and things concerning DNA vectors or other DNA constructs for producing the C225 antibody.

## REQUEST FOR PRODUCTION NO. 57.

All documents and things concerning each cell line used to produce the C225 antibody or Erbitux™.

## REQUEST FOR PRODUCTION NO. 58.

All sales figures, sales projections, sales forecasts, and marketing studies for Erbitux™ including all sales figures, sales projections, and marketing studies, both foreign and domestic.

## REQUEST FOR PRODUCTION NO. 59.

All documents concerning the profitability of Erbitux™ on a year-by-year basis including budgets, projections, and documents sufficient to discern Defendant's methods for allocation of selling, general and administrative, and overhead expenses for Erbitux™.

## REQUEST FOR PRODUCTION NO. 60.

All documents concerning any selling price of Erbitux™.

## REQUEST FOR PRODUCTION NO. 61.

All documents concerning the commercial value of the inventory of C225 or Erbitux™.

## REQUEST FOR PRODUCTION NO. 62.

All documents concerning any assessment or study of any market for Erbitux™ or the C225 antibody including Defendant's past, current, or anticipated market share.

## REQUEST FOR PRODUCTION NO. 63.

All documents and things concerning milestone payments received or to be received by Defendant from Defendant's marketing partners in connection with Erbitux™ or the C225 antibody.

## REQUEST FOR PRODUCTION NO. 64.

Documents sufficient to discern the organizational structure of Defendant including its research and sales force and its relationships with its marketing partners.

## REQUEST FOR PRODUCTION NO. 65.

Documents sufficient to discern the complete line of products and services offered by Defendant concerning the C225 antibody, or Erbitux™.

## REQUEST FOR PRODUCTION NO. 66.

All documents and things provided to Defendant's shareholders including Defendant's annual reports and Defendant's annual shareholder letters.

## REQUEST FOR PRODUCTION NO. 67.

All documents and things concerning any utility or advantages of the C225 antibody, the C225 cell line, or Erbitux™ over other products for treating EGFR-Expressing Cancer.

## REQUEST FOR PRODUCTION NO. 68.

All documents and things concerning any license, negotiation for license, or other agreement concerning the right to sell Erbitux™ including all documents and things concerning any royalty rates for Erbitux™.


Dated: July 22, 2004                    FISH & RICHARDSON, P.C.


                                        _Gregory A. Madera_
                                        Gregory A. Madera (BBO #313,020)
                                        FISH & RICHARDSON P.C.
                                        225 Franklin Street
                                        Boston, MA 02110-2804
                                        Telephone: (617) 542-5070
                                        Facsimile: (617) 542-8906

                                        Of Counsel:
                                        Jonathan E. Singer
                                        Michael J. Kane
                                        Chad A. Hanson
                                        FISH & RICHARDSON P.C., P.A.
                                        3300 Dain Rauscher Plaza
                                        60 South Sixth Street
                                        Minneapolis, MN 55402
                                        Telephone: (612) 335-5070

16

Juanita Brooks
FISH & RICHARDSON, P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070

Attorneys for Plaintiffs
Massachusetts Institute of Technology and
Repligen Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of
record for each other party by hand on July 22, 2004.

Gregory A. Madera

60230585.doc

17

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

            Plaintiffs,

      v.

IMCLONE SYSTEMS INC.,

          Defendant.

Civil Action No. 04 10884 RGS

## IMCLONE SYSTEMS INC.'S OBJECTIONS
## AND RESPONSES TO PLAINTIFFS'
## FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant ImClone Systems Incorporated ("ImClone") hereby objects and responds to Plaintiffs' Massachusetts Institute of Technology ("MIT") and Repligen Corporation ("Repligen") First Set Of Requests For Documents And Things ("Requests").

## GENERAL OBJECTIONS

ImClone asserts each of the following General Objections (the "General Objections"), and expressly incorporates them into each of the following specific responses, as well as any future responses or supplements it may submit. By providing specific responses to any Request, ImClone does not waive or otherwise limit these General Objections. Furthermore, reference to these General Objections in any specific response shall not waive or otherwise limit the applicability of these General Objections to each and every other response.

1.     ImClone objects to these Requests to the extent that they seek information which is neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.     ImClone objects to these Requests to the extent that they seek information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery.  Such information will not be produced.  Any inadvertent release of privileged documents shall not constitute a waiver of any applicable privilege.

3.     ImClone objects to these Requests to the extent that they require ImClone to disclose information protected from disclosure by agreements between ImClone and their affiliates or other parties, or by Court Order.  ImClone will comply with those agreements and provide to Plaintiffs sufficient information by which to seek disclosure through the appropriate channels.

4.     ImClone objects to the Requests for production which seek for "all" documents of some item or class of items.  The grounds for this objection are that each such request is overly broad, unduly burdensome and oppressive to the extent that it would impose upon the defendant a duty to perform an unreasonably broad search for items having little or no relevance to the claims or defenses of any party or the subject matter involved in this action under the circumstances and whose benefits are outweighed by the burden imposed upon the defendant.

5.     ImClone objects to these Requests as overly broad and unduly burdensome to the extent that any request can be construed as seeking documents and things that are duplicative of another request.

6.     ImClone objects to these Requests as overly broad, unduly burdensome and oppressive to the extent they fail to specify any relevant time period, and thus are neither limited to events relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2

7.    ImClone objects to these Requests as being overly broad, unduly burdensome and oppressive, to the extent that they impose upon ImClone a duty to produce information that is not in the possession, custody or control of ImClone. ImClone also objects to these Requests for production to the extent that they would require ImClone to obtain information from any former employee, consultant, agent, representative, officer, director or attorney of ImClone and its affiliates. ImClone will provide production of only documents within its possession, custody or control.

8.    ImClone objects to these Requests to the extent they can be construed as implying that any response, objection or agreement to produce documents or things is an admission that responsive documents or things in fact exist. ImClone makes no such representation and will produce responsive documents and things to the extent they exist.

9.    ImClone objects to Plaintiffs' definitions and instructions to the extent that they impose obligations on ImClone that exceed or are different from the obligations imposed by the Federal Rules of Civil Procedure or the local rules of the Court. ImClone will comply with the Federal Rules of Civil Procedure and the local rules of the Court.

10.    ImClone reserves the right to mask or delete materials from any document or thing that it produces to the extent that such materials are not responsive to any of Plaintiffs' requests, not relevant to the subject matter of this action, or not reasonably calculated to lead to the discovery of admissible evidence. ImClone also reserves the right to mask or delete materials that are protected from disclosure by the attorney-client privilege, attorney work-product doctrine and/or otherwise immune from discovery.

11.    The foregoing objections are incorporated in each and every response below, where applicable, as if they have been expressly set forth therein.

12.    ImClone objects to Plaintiffs' definition of "225 antibody" as meaning or referring to "any fragments of that antibody."

13.    ImClone objects to Plaintiffs' definition of "C225 cell line" as meaning or referring to "the cell line(s) received by Defendant from NCI and any progeny, descendants, or derivatives of that cell line(s)."

3

14.    ImClone objects to Plaintiffs' definition of "Erbitux" as meaning or referring to "C225, and any second or further generation products, such as IMC-11F8."

15.    ImClone objects to Plaintiffs' definition of "Identify" to the extent Plaintiffs have given it a broader definition than defined in Local Rule 26.5 (c.)(3).

16.    ImClone objects to Plaintiffs' instructions in paragraphs F to O to the extent Plaintiffs attempt to require ImClone to produce documents and things not as they are kept in the usual course of business.

17.    ImClone objects to Plaintiffs' instructions in paragraphs G-M to the extent Plaintiffs are requesting information from ImClone beyond identification (with respect to persons and documents) of documents and things as defined in Local Rule 26.5 and the Fed. R. Civ. P. 34. Instructions calling for ImClone to "specify", "describe" or "state" are not proper requests for documents and things under Fed. R. Civ. P. 34.

## RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 1.

All documents and things concerning Defendant's obtaining the C225 antibody and the C225 cell line.

### RESPONSE:

ImClone objects to this request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks documents not within the possession, custody or control of ImClone.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request that show how ImClone obtained the C225 antibody and C225 cell line.

4

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 39.

All documents and things concerning any material transfer agreement or license agreement from NCI, NIH, or any other agency concerning the transfer of any cell line to Defendant from NCI.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request concerning the C225 cell line.

## REQUEST FOR PRODUCTION NO. 40.

All documents and things Defendant contends provide Defendant the right to make, use, sell, or offer to sell the C225 antibody or the C225 cell line including all documents concerning any license.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is

subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41.**

All documents and things sent to NCI concerning the 225 antibody, the C225 antibody, or the C225 cell line.

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request concerning the C225 cell line.

**REQUEST FOR PRODUCTION NO. 42.**

All documents and things received from NCI concerning the 225 antibody, the C225 antibody, or the C225 cell line.

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in

26

## REQUEST FOR PRODUCTION NO. 46.

All documents and things concerning any communications between Defendant and NIH concerning the 225 antibody, the C225 antibody, the C225 cell line, or Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request concerning the C225 cell line.

## REQUEST FOR PRODUCTION NO. 47.

Documents sufficient to discern the research and development costs of the C225 antibody or Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request

29

to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 48.

Documents sufficient to discern the research and development costs of the C225 cell line.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 49.

All documents and things concerning any intellectual property right in the C225 antibody or fragment of that antibody including patents, patent applications, patent file histories, trademarks or service marks, trademark or service mark applications, and trademark or service mark file histories, including those issued, expired, abandoned, or pending, anywhere in the world, concerning the C225 antibody.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably

30

## REQUEST FOR PRODUCTION NO. 51.

All documents and things concerning any method for making the C225 antibody or Erbitux™ including laboratory or technical notebooks or other working papers, notes or notebooks of anyone conducting any research, study, or testing concerning such methods.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 52.

All documents and things concerning PCT application bearing international publication number WO 96/40210 including letters or other correspondence, laboratory or technical notebooks, or other working papers, notes or notebooks of anyone conducting any research, study, or testing referenced by or supporting said application.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or

32

protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

### REQUEST FOR PRODUCTION NO. 53.

All documents and things concerning the manufacture of each batch of the C225 antibody or Erbitux™ including all documents and things concerning the date(s) each batch was manufactured and the materials and methods used to manufacture each batch.

### RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged representative documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 54.

All documents and things concerning the distribution of each batch of the C225 antibody or Erbitux™ including all documents and things concerning the date(s) each batch was distributed to any other Person, the identity of each Person to whom a batch was distributed, the location of each batch at all times since the batch was manufactured, and the payment or other consideration received by Defendant for distribution of each batch.

### RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or

defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged representative documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 55.

All documents and things concerning any standard operating procedure for manufacturing the C225 antibody or Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents relating to ImClone's standard operating procedure of its FDA approved product within ImClone's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 56.

All documents and things concerning DNA vectors or other DNA constructs for producing the C225 antibody.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 57.

All documents and things concerning each cell line used to produce the C225 antibody or Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged representative documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 58.

All sales figures, sales projections, sales forecasts, and marketing studies for Erbitux™ including all sales figures, sales projections, and marketing studies, both foreign and domestic.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

## REQUEST FOR PRODUCTION NO. 59.

All documents concerning the profitability of Erbitux™ on a year-by-year basis including budgets, projections, and documents sufficient to discern Defendant's methods for allocation of selling, general and administrative, and overhead expenses for Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to

36

this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

## REQUEST FOR PRODUCTION NO. 60.

All documents concerning any selling price of Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

## REQUEST FOR PRODUCTION NO. 61.

All documents concerning the commercial value of the inventory of C225 or Erbitux™.

37

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

**REQUEST FOR PRODUCTION NO. 62.**

All documents concerning any assessment or study of any market for Erbitux™ or the C225 antibody including Defendant's past, current, or anticipated market share.

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court. possession, custody or control of ImClone.

38

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

## REQUEST FOR PRODUCTION NO. 63.

All documents and things concerning milestone payments received or to be received by Defendant from Defendant's marketing partners in connection with Erbitux™ or the C225 antibody.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

## REQUEST FOR PRODUCTION NO. 64.

Documents sufficient to discern the organizational structure of Defendant including its research and sales force and its relationships with its marketing partners.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks

information beyond the scope of discovery permitted according to the Federal Rules of
Civil Procedure or the local rules of this Court.

Subject to and without waiver of, its General and Specific Objections, ImClone
will produce non-privileged relating to the organizational structure of ImClone.

## REQUEST FOR PRODUCTION NO. 65.

Documents sufficient to discern the complete line of products and services offered
by Defendant concerning the C225 antibody, or Erbitux™.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and
unduly burdensome to the extent that it fails to specify the relevant time period prior to
expiration of Plaintiffs' patent, seeks information neither relevant to the claims or
defenses of any party or the subject matter involved in this action, nor reasonably
calculated to lead to the discovery of admissible evidence.  ImClone further objects to
this request to the extent that it seeks information that is subject to the attorney-client
privilege or the attorney work-product immunity doctrine or is otherwise immune or
protected from discovery.  ImClone further objects to this request to the extent it seeks
information beyond the scope of discovery permitted according to the Federal Rules of
Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone
will produce non-privileged documents responsive to this request prior to the expiration
date of the patent in suit.

## REQUEST FOR PRODUCTION NO. 66.

All documents and things provided to Defendant's shareholders including
Defendant's annual reports and Defendant's annual shareholder letters.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and
unduly burdensome to the extent that it seeks information neither relevant to the claims or
defenses of any party or the subject matter involved in this action, nor reasonably
calculated to lead to the discovery of admissible evidence.  ImClone further objects to

this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 67.

All documents and things concerning any utility or advantages of the C225 antibody, the C225 cell line, or Erbitux™ over other products for treating EGFR-Expressing Cancer.

## RESPONSE:

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 68.

All documents and things concerning any license, negotiation for license, or other agreement concerning the right to sell Erbitux™ including all documents and things concerning any royalty rates for Erbitux™.

## RESPONSE:

41

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court. ImClone further objects to this request to the extent it seeks documents not within the possession, custody or control of ImClone.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request pertaining to rights to sell Erbitux in the U.S.

Respectfully submitted,

IMCLONE SYSTEMS, INC.
By its Attorneys,

Dated: September 23, 2004

Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY 10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.

42

# EXHIBIT C

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Facsimile
612 288-9696

Web Site
www.fr.com

November 5, 2004

**VIA FACSIMILE**

Michael D. Loughnane
Kenyon & Kenyon
One Broadway
New York, NY 10004



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    Repligen and MIT v. ImClone Systems, Inc.
       USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

Dear Mike:

As you requested, here are representative topics to be discussed at our upcoming Rule 37 conference.

<u>Interrogatories</u>

1.    ImClone has not answered Interrogatory No. 1.

2.    Does ImClone have anything to add to its answer to Interrogatory No. 2?

3.    With respect to its contention that Plaintiffs' claims are barred by the doctrine of laches, confirm that ImClone does not intend to rely on any documents and relies only on the communications between Mr. Witt and ImClone in August and September 1997.

4.    With respect to its contention that Plaintiffs' claims are barred by the doctrine of estoppel including equitable estoppel, confirm that ImClone does not intend to rely on any documents and relies only on the communications between Mr. Witt and ImClone in August and September 1997.

5.    With respect to its contention that Plaintiffs' claims are barred by the doctrine of patent exhaustion, confirm that ImClone is relies only on the NCI/Damon contract.

6.    With respect to its contention that Plaintiffs' claims are barred by the doctrine of implied license, confirm that ImClone relies only on the NCI/Damon contract.

FISH & RICHARDSON P.C.,P.A.

Michael D. Loughnane
November 5, 2004
Page 2

7.   With respect to its contention that Plaintiffs' claims are barred by equitable
     doctrines, confirm that ImClone relies only on the NCI/Damon contract and
     the communications between Mr. Witt and ImClone in August and September
     1997.

8.   With respect to Interrogatory No. 8, whether ImClone is willing to stipulate
     that all of the C225/Erbitux produced by or for ImClone was produced using
     the cell line obtained from NCI.

9.   ImClone has not answered Interrogatory No. 9.

<u>Requests For Documents and Things</u>

1.   Confirm that ImClone is not withholding documents for those requests where
     the response was "ImClone will produce non-privileged documents
     responsive to this request."

2.   Confirm that all responsive documents have been produced.

3.   Confirm that all documents supporting and relied upon by ImClone in
     responding to Plaintiffs' interrogatories have been produced.

4.   Confirm that a privilege log will be produced no later than November 12.

5.   Confirm that ImClone has not produced any opinions of counsel and is not
     relying on any opinions of counsel for any defense in this litigation.

6.   Confirm that ImClone will be producing the 1990 report of Dr. Gillies to NCI
     regarding C225 and the cell line for producing C225.

7.   Confirm that ImClone will be producing all documents, notes, memoranda, or
     other items concerning the communications between ImClone and Repligen in
     1997.

8.   Confirm that ImClone has produced all communications between Defendant
     and any other person concerning the C225 cell line.  (Req. No. 30)

9.   Confirm that ImClone has produced all documents and things concerning
     ImClone's belief that a license from Repligen was unnecessary.  (Req. No.
     34)

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane
November 5, 2004
Page 3

10.    Confirm that ImClone has produced any material transfer agreement or
       license agreement from NCI, NIH, or any other agency concerning the
       transfer of any cell line to ImClone from NCI.  (Req. No. 39)

11.    Confirm that ImClone has produced all documents that ImClone contends
       provide it with the right to make, use, sell, or offer to sell the C225 antibody
       or the C225 cell line.  (Req. No. 40)

12.    Confirm that ImClone has produced all documents sent to NCI, received from
       NCI, or concerning communications with NCI concerning the 225 antibody,
       the C225 antibody, or the C225 cell line.  (Req. Nos. 41, 42, and 45)

13.    Confirm that ImClone has produced all documents sent to NIH, r received
       from NIH, or concerning communications with NIH concerning the 225
       antibody, the C225 antibody, or the C225 cell line.  (Req. Nos. 43, 44, and 46)

14.    Confirm that ImClone has produced all documents and things concerning
       intellectual property rights in the C225 cell line.  (Req. No. 50)

15.    Confirm that ImClone has produced all documents and things concerning
       PCT application number WO 96/40210.  (Req. No. 52)

16.    Confirm that ImClone has produced all documents concerning sales, projected
       sales, marketing studies, selling price, profitability, inventory, and the
       commercial value of inventory of Erbitux.  (Req. Nos. 58, 59, 60, 61, and 62)

17.    Confirm that ImClone has produced all documents and things concerning
       milestone payments.  (Req. No. 63)

18.    Confirm that ImClone has produced documents sufficient to discern the
       complete line of products and services offered by ImClone concerning C225
       or Erbitux.  (Req. No. 65)

19.    Confirm that ImClone has produced all documents and things concerning any
       license, negotiation for license, or other agreement concerning the right to sell
       Erbitux.  (Req. No. 68)

In addition, we have discussed the possibility of a stipulation concerning ImClone's
production of C225 with the cell line obtained from NCI that might simplify the
issues in the suit and reduce ImClone's discovery obligations.  As part of the Rule 37
conference, please be prepared to communicate ImClone's position on such a
stipulation.

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane
November 5, 2004
Page 4


Please let me know when you are available for the Rule 37 conference. Please note that the conference must be held no later than November 9.


Very truly yours,

Michael J. Kane

MJK/jel

60256615.doc

# EXHIBIT D



Anthony Giaccio
Direct 212.908.6419
agiaccio@kenyon.com

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

December 10, 2004

**By Facsimile and Mail**

Michael J. Kane, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:   **MIT and Repligen Corp. v. ImClone Systems, Inc.**

Dear Mike:

Further to our discovery conference on December 7, 2004, we are sending the Protective Order to you via our local counsel and your Boston office. Please note that we modified paragraph 10(c) to conform it to the requirements of Local Rule 7.2(e).

Regarding your request for supplemental Interrogatory responses, we agreed to supplement our objections and responses to Interrogatories numbers 2-8 next week.

Attached to this letter please find new copies of ImClone's production, documents I06183, I06544, I06583-I06584, I06742, I06786-I06787, I06790-I06806, I06809-I06810, and I08957, wherein we identified the location of any redacted information. Please discard the prior versions of these documents. The redacted portions of the documents produced by ImClone remove highly confidential information about other ImClone projects that are completely irrelevant to any claim or defense in this litigation. Further, we have replaced Repligen's documents REP305 and REP317 with the recently produced documents containing redacted irrelevant information to this case.

As for Plaintiffs' privilege log, we are extremely concerned about the description of all the documents that Plaintiffs have listed on their respective privilege logs. The statement "relevant to patent issues" does not describe the nature of the documents, communications, or things not produced or disclosed in a manner that enables us to assess the applicability of the privilege you are asserting. The case law requires a description of the document, not simply a recitation of privilege and work product. Further, there are many entries that identify names of individuals without identifying their respective company or whether that person is an attorney. Please let us know by December 15, 2004, if you will be amending your privilege log to address

New York   Washington, DC   Silicon Valley   www.kenyon.com

Michael J. Kane, Esq.
December 10, 2004
Page 2



these issues and the date by which we can expect to receive an amended log.

In response to your request for the production of patent prosecution files relating to WO96/40210, we are discussing the relevance of your request with our client and will get back to you.

Regarding your request for additional sales information of Erbitux, we will check with our client about the existence of invoices and pricing documents. Further, we are in the process of confirming that Erbitux which is sold outside the United States is made outside the United States and therefore irrelevant to this lawsuit.

<u>ImClone's First Set of Document Requests</u>

We believe ImClone is entitled to receive any agreements or contracts between Damon, Abbott, MIT, or Repligen and any government agency, wherein Damon, Abbott, MIT, or Repligen contracted with a government agency to supply products to the government for a fee. It is relevant to ImClone's defense of patent exhaustion whether Damon Biotech, Abbott, MIT, and Repligen ever reserved any patent rights in any of their contracts to supply the government with products. If the volume of responsive documents involving MIT is voluminous, we are prepared to inspect them.

You mentioned that Plaintiffs have located and are about to produce a copy of an exclusive license agreement between MIT and Repligen giving Repligen standing to bring this action. We received a number of documents today, which we will review for production of this and the other agreements, with attachments, exhibits, appendices, amendments, addenda, etc., including signed copies of the Merger Agreement between Abbott and Repligen, the Merger Certificate between Abbott and Repligen, and the Technology License Agreement between Abbott and Repligen. During the call we further requested, and you agreed to search for and produce, (1) the consulting agreements between Damon Biotech and Dr. Gillies; (2) the consulting agreements between Damon Biotech and Dr. Tonegawa, (3) the shareholder agreement between Damon Biotech and Dr. Tonegawa, and (4) the shareholder agreement between Damon Biotech and Dr. Gillies. We also look forward to receiving the additional lab notebooks that you have and/or are waiting to receive from Abbott and Dr. Gillies.

We acknowledge your statement that you will again search for and produce documents responsive to ImClone's First Set of Document Requests, particularly concerning or relating to documents that should still be in Repligen's and MIT's possession. For example, it is surprising that (1) neither Dr. Tonegawa, who you previously said was still at MIT, nor Dr. Gillies, who we understand is represented by Nixon Peabody, have any documents concerning or relating to the conception, reduction to practice, and disclosure of the subject matter of the '281 patent; (2) MIT has no records of the conception, reduction to practice, and disclosure of the subject matter of the '281 patent, nor internal communications or correspondence with outside patent counsel relating to the prosecution of the patent in suit; and (3) MIT has no records of any agreements with Dr. Tonegawa or Dr. Gillies obligating them to assign their respective patent rights to MIT,

Michael J. Kane, Esq.
December 10, 2004
Page 3



particularly since Dr. Tonegawa is presently at MIT. We repeat our requests made during our
conference call for these documents.

Since you have not produced any prior art searches concerning or relating to the '281
patent, we assume that none exist. Please let us know as soon as possible if you are withholding
any such searches or if you scheduled them on a privilege log.

### ImClone's Interrogatory No. 4

We find your refusal to provide any substantive response to ImClone's Interrogatory No.
4 unacceptable. We asked you to "[i]dentify all products, including but not limited to all vectors,
cell lines, and antibodies, made, used, or sold by Damon, Abbott, MIT, Repligen, or any third
party on behalf of Damon, Abbott, MIT, or Repligen, concerning or relating to the '281 patent
technology." At this time, we feel we have met our obligation to meet and confer on this issue.

Your "objection" to the terms "products" and "the '281 patent technology" as vague and
ambiguous is without merit and certainly does not provide any basis to provide no substantive
answer. "Products" and "technology" are clear terms. The request even specifies products as
including but not limited to "all vectors, cell lines, and antibodies." The '281 patent is the patent-
in-suit and the '281 patent technology is the technology disclosed in the '281 patent.
Furthermore, you have not presented any basis for refusing to substantively answer this
interrogatory under Fed. R. Civ. P. 33(b)(1) to the extent that you understand the meaning of the
terms "products" and "technology."

In addition, your statement that this interrogatory is "overly broad and unduly
burdensome insofar as it requests 'all products' and 'all vectors, cell lines, and antibodies'"
completely ignores the qualifying language "concerning or relating to the '281 patent
technology." Again, you have presented no basis for your refusal to provide a substantive
answer to this interrogatory or to provide a substantive answer under Fed. R. Civ. P. 33(b)(1) to
the extent that your answer is not unduly burdensome.

In an effort to resolve this matter, we request that you identify all products (including but
not limited to all vectors, cell lines, and antibodies) made or used by or on behalf of Damon,
Abbott, MIT, or Repligen for any third party, or offered for sale or sold by or on behalf of
Damon, Abbott, MIT and Repligen, concerning or relating to the '281 patent technology. Please
let us know by December 15, 2004 if you are prepared to provide us with such information and,
if so, the date by which we can expect your response.

### ImClone's Second Set of Document Requests

On November 11, 2004, we received Plaintiffs' Responses and Objections to Defendant's
Second Set of Requests for Documents and Things. In response to Doc. Req. Nos. 19, 21-56,
and 58-77, Plaintiffs indicated that Plaintiffs "are searching for and will produce" or "will
produce" responsive documents. Since we have not received documents responsive to these
requests, we appreciate your revisiting each of them and either producing or scheduling

Michael J. Kane, Esq.
December 10, 2004
Page 4



responsive documents, or advising us that no such documents exist.

In addition, we look forward to receiving responsive documents used to prepare Plaintiffs' Complaint as well as those identified in Plaintiffs' Rule 26 Disclosures (including research and development documents and damages documents) and Infringement Disclosure.

Very truly yours,

Anthony Giaccio

Enclosures (by mail)

cc:    Mark W. Batten (Proskauer Rose)