UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 04-10884-RGS |

**MEMORANDUM OF REASONS IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY FROM IMCLONE**

**INTRODUCTION**

On May 4, 2004, MIT and Repligen filed this patent action against ImClone for the manufacture and sale of the C225 antibody under the trade name Erbitux™. In response, ImClone alleged, among other things, that Plaintiffs claim is barred by laches and estoppel. While Plaintiffs believe that these, along with ImClone's other defenses, are completely meritless, Plaintiffs are entitled to know the factual basis, if any, for the allegations. With that in mind, Plaintiffs served two interrogatories that asked ImClone to "state the basis" of its contentions. In complete disregard of LR 26.5(c)(8), ImClone answered Plaintiffs' interrogatories with a paragraph of generic allegations that accused "Repligen" of committing acts and making communications without providing any factual basis for its assertions. ImClone's answers also repeatedly state that "Repligen was aware or should have been aware" of various occurrences without stating the nature of the alleged knowledge, who at Repligen had this alleged knowledge, and when a particular individual obtained the alleged knowledge—all in violation of the local rule.

After numerous discovery conferences and letters from Plaintiffs, ImClone supplemented its incomplete answers. Its supplement, however, amounted to nothing more than a listing of documents that apparently have something to do with its allegations. In an effort to avoid needless motion practice, Plaintiffs sent one last letter explicitly asking for the factual basis of ImClone's allegations. ImClone ignored the letter.

Nearly nine months ago, Plaintiffs asked ImClone to "state the basis" of its contentions and now, with less than two months of discovery remaining in the case, ImClone continues to stonewall Plaintiffs. ImClone should not be allowed to withhold its factual contentions regarding these defenses only to spring them upon Plaintiffs at trial. Plaintiffs have properly requested this information and the local rules require a complete answer. Accordingly, the Court should order ImClone to provide complete and responsive answers to Plaintiffs' interrogatories.

## ARGUMENT

**A.   Plaintiffs Have Repeatedly Asked ImClone to Supplement Its Answers to Interrogatory Nos. 3 and 4, but ImClone Refuses.**

On July 22, 2004, nearly nine months ago, Plaintiffs served their first set of interrogatories on ImClone. (Woodford Decl. Ex. A.) Interrogatory Nos. 3 and 4 are directed to the laches and equitable estoppel defenses alleged in ImClone's answer. (*Id.* at 6-7.) After receiving a one-month extension from Plaintiffs, ImClone provided answers to these interrogatories that fail to comply with the local rules. (*Id.* Ex. B at 5-8.)

At Plaintiffs' request, the parties held a discovery conference[1] in December 2004 regarding ImClone's incomplete responses, after which ImClone confirmed in writing, "we agreed to supplement our objections and responses and Interrogatories numbers 2-8 next week."

---

[1] The various discovery conferences referenced in this memorandum occurred during business hours and lasted anywhere from a few minutes to an hour or more. On these calls, Michael Kane and Chad Hanson represented MIT and Repligen, and one ore more of Richard DeLucia, Paul Richter, Jr., Michael Loughnane, and Anthony Giaccio represented ImClone.

2

(*Id.* Ex. C at 1.) More than two months went by without a supplement. On February 24, the parties conducted another discovery conference (s*ee id.* Ex. D), however, ImClone was unprepared and unwilling to discuss its deficient interrogatory answers. Consequently, the parties scheduled yet another discovery conference for March 3, during which ImClone agreed to supplement its answers by March 11. (*Id.* Ex. E at 2.)

On March 16, after more than three months of requests by Plaintiffs and eight months after Plaintiffs served its First Set of Interrogatories, ImClone finally supplemented its answers. (*Id.* Ex. F at 6-7, 9-10.) The totality of ImClone's supplement, however, was a listing of documents that it contends "support our conclusions." (*Id.*) ImClone's "supplement" not only failed to cure the previous deficiencies identified by Plaintiffs, but also created additional deficiencies under the local rule. On March 28, Plaintiffs sent another letter pointing out, in painful detail, the previous deficiencies in its answer with respect to Interrogatory Nos. 3 and 4, and also identified the new deficiencies created by ImClone's supplement. (*Id.* Ex. G.) The letter requested complete answers that comply with the local rules by April 4. (*Id.* at 4.) ImClone ignored Plaintiffs' letter and left no alternative but to move to compel a complete response.

### B. Interrogatory Nos. 3 and 4 Ask ImClone to "State the Basis" of Its Contentions, which Triggers Specific Requirements Under LR 26.5(c)(8).

Under LR 26.5(c)(8), when an interrogatory asks a party to "state the basis" of its contention the answering party shall:

> (a)   identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
> (b)   identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

3

> (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and
> (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Plainitffs Interrogatory Nos. 3 and 4 are simple and straightforward. Pursuant to the local rule, these interrogatories ask ImClone to "state the basis" of its contentions, as set forth in its Answer, that Plaintiffs' claims are barred by laches and estoppel:

> INTERROGATORY NO. 3:
> State the basis for your contention that Plaintiffs' claims are barred by the doctrine of laches.
>
> INTERROGATORY NO. 4:
> State the basis for your contention that Plaintiffs' claims are barred by the doctrine of estoppel including equitable estoppel.

(*Id.* Ex. A at 6-7.)

Accordingly, as set forth in LR 26.5(c)(8), ImClone must identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) that forms the basis of ImClone's alleged facts. ImClone must also identify each and every communication that it relies on to support its factual allegations. In addition, for all of the acts alleged, ImClone must state the nature of these acts, state the time and place they occurred, and identify the persons involved. ImClone has failed to satisfy these requirements of local rule in all respects.

    **C.**    **ImClone's Answers to Interrogatory Nos. 3 and 4 Do Not Comply With the Local Rule and the Court Should Order ImClone to Provide Complete Answers.**

In response to Plaintiffs' interrogatories and repeated requests to comply with LR 26.5(c)(8), ImClone provided the following response, in relevant part, to Interrogatory No. 3:

> As shown in the Complaint, since at least as early as 1994, plaintiffs were aware that ImClone was testing C225 antibody in human clinical trials. Moreover,

4

> plaintiffs were aware or should have been aware that ImClone was using C225. Also, at least as early as August 1997, Repligen accused ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody. Also, at least as early as September 1997, Repligen offered ImClone a license under the '281 patent based on ImClone's alleged infringement. As Repligen is aware, ImClone did not accept Repligen's license offer. Thereafter, Repligen was silent and made no further claims that ImClone was infringing the '281 patent until it brought this suit. Thereafter, plaintiffs were aware or should have been aware from the publicity surrounding ImClone's Erbitux product that ImClone was preparing to market Erbitux pending fast-track FDA approval in December 2001 and again in early 2004. Despite plaintiffs' awareness of ImClone's activities with respect to the Erbitux product, plaintiffs delayed bringing this action for more than six years after Repligen first accused ImClone of infringement. In fact, plaintiffs did not initiate this action until the penultimate day of the life of the '281 patent, after ImClone had been selling Erbitux for several months, and after ImClone had manufactured sufficient quantities of Erbitux to satisfy the immediate demand for the product. Plaintiffs' delay in bringing this action was unreasonable and inexcusable and has materially prejudiced ImClone. Documents which support our conclusions include documents I02579-I02580, I02586-I02589, I02592-I02593, I02610-I02612, I02627-I02628, I02635, I02828-I02831, I04239, I04255-I04256, I05137, REP0511, REP0512-REP0515, REP0516-REP0531, and REP0532-REP0533.

(*Id.* Ex. F at 6-7.) ImClone's answer to Interrogatory No. 4 is nearly identical to the above answer, the only difference being the last sentence of the text before the citation of documents and the addition of ten documents to the list. (*See id.* at 9-10.) Consequently, ImClone's response to Interrogatory No. 4 will not be reproduced in this memorandum.

ImClone's answers to Interrogatory Nos. 3 and 4 fail to comply with subsection (a), (b), and (c) of LR 26.5(c)(8). ImClone's answers repeatedly allege that "Repligen"—as opposed to the actual persons involved—made several communications, committed several acts, and "was aware or should have been aware" of various activities on the part of ImClone. In addition, the answer to Interrogatory No. 3 cites over forty pages of documents, and Interrogatory No. 4 cites even more, but both answers fail to identify "the section, article, or subparagraph" that forms the basis for the alleged facts recited in the interrogatory as required. The following excerpts

5

identify portions of ImClone's answer that fail to comply with the local rule, and the information necessary for a complete response:

- "as early as 1994, plaintiffs were aware that ImClone was testing C225 antibody in human clinical trials"

Subsections (b) and (c) of the local rule require that ImClone identify every communication that forms the basis for this contention and the nature of that communication. ImClone must also identify all persons who were allegedly aware of ImClone's testing of the C225 antibody in human clinical trials, the nature of that knowledge, and also how and when the persons became aware of ImClone's testing. If ImClone intends to rely on any of the documents listed in its answer, it must identify the portions of the documents that supports its contention.

- "plaintiffs were aware or should have been aware that ImClone was using C225"

Here, the local rule requires ImClone to identify all persons who were aware, and also all persons who should have been aware that ImClone was using C225. For the persons that ImClone contends were aware that ImClone was using C225, ImClone must identify how and when the persons became aware. ImClone must provide the same information for the persons it contends should have been aware of ImClone's use of C225. ImClone must also identify every communication that forms the basis for its contention and the nature of that communication. Again, if ImClone intends to rely on any of the documents listed in its answer, it must identify the portions of the documents that support its contentions.

- "Repligen accused ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody"

ImClone must identify all persons who made an accusation of infringement. ImClone must also state when and how the accusation was made, such as whether the accusation was oral or written. ImClone must also identify every communication that forms the basis for its

6

contention that plaintiffs accused ImClone of infringement and the nature of that communication. If ImClone intends to rely on any of the documents listed in its answer, it must identify the relevant portions of the documents that support its contention.

- "Repligen offered ImClone a license under the '281 patent based on ImClone's alleged infringement"

For this allegation, ImClone must identify all persons who offered ImClone a license, and both how and when the offer was made. In addition, ImClone must also identify every communication that forms the basis for its contention that Repligen offered ImClone a license and the nature of that communication. Again, to the extent that ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contention.

- "As Repligen is aware, ImClone did not accept Repligen's license offer"

Here, ImClone must identify all persons who were aware that ImClone did not accept the alleged license offer. ImClone must also identify when and how the persons allegedly became aware. Further, ImClone must identify every communication that forms the basis of its allegations and the nature of that communication. If ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contention.

- "plaintiffs were aware or should have been aware from the publicity surrounding ImClone's Erbitux product that ImClone was preparing to market Erbitux …"

Again, ImClone must identify all persons who were aware and all persons who should have been aware that ImClone was preparing to market Erbitux. For the persons that ImClone contends were aware that ImClone was preparing to market Erbitux, ImClone must indicate how and when the persons became aware. ImClone must provide the same information for the persons it contends should have become aware, and must also provide the nature of their

7

knowledge. Further, ImClone must identify every communication that forms the basis of its allegations and the nature of that communication. As before, if ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contention.

As demonstrated above, nearly every allegation in ImClone's answer fails to comply with subsections (a), (b), and (c) of the local rule. Accordingly, the Court should order ImClone to supplement its answers.

## CONCLUSION

ImClone's answers to Interrogatory Nos. 3 and 4 violate subsections (a), (b), and (c) of LR 26.5 (c)(8). For the foregoing reasons, MIT and Repligen respectfully request that the Court order ImClone to fully and completely state the basis of it contentions pursuant to LR 26.5(c)(8) as set forth herein.

| | |
|---|---|
| Dated:  April 8, 2005 | /s/ Gregory A. Madera |

Gregory A. Madera (BBO #313,020)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

Of Counsel:

Jonathan E. Singer
Michael J. Kane
Chad A. Hanson
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 335-5070

Attorneys for Plaintiffs
Massachusetts Institute of Technology and
Repligen Corporation

60287388.doc