UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

        Plaintiffs,

    v.

IMCLONE SYSTEMS, INC.,

        Defendant.

Civil Action No. 04-10884-RGS

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Plaintiffs Massachusetts Institute of Technology and Repligen Corporation ("Plaintiffs")

serve the following interrogatories on Defendant ImClone Systems, Inc. ("Defendant").  The

interrogatories are propounded according to Rule 33 of the Federal Rules of Civil Procedure.

The rules require that ImClone answer, separately and fully in writing under oath, within thirty

days after service.

### DEFINITIONS FOR ANSWERING THE INTERROGATORIES

Plaintiffs incorporate-by-reference the definitions found in Plaintiffs' first set of requests

for production of documents and things into this set of interrogatories.

### INSTRUCTIONS FOR ANSWERING THE INTERROGATORIES

1.     In answering these interrogatories, Defendant shall abide by the local rules of the

United States District Court for the District of Massachusetts, including, but not limited to, Rules

26.5 and 33.1.

2.     Unless otherwise specified, these interrogatories cover all time periods.

3.    The use of a verb in any tense shall be interpreted as the use of the verb in all other tenses.

4.    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all information, documents, or things that might otherwise be construed to be outside of its scope.

5.    The use of the singular form of any word includes the plural and vice versa.

6.    Whenever in these interrogatories there is a request to identify a document or to provide the identity of a document, please include in the answer: (1) the identity of the person(s) who drafted the document; (2) the identity of the person(s) who received (as addressee, "cc," "bcc," or otherwise) or approved the document or a copy thereof; (3) the date of the document; (4) the present location of the document; (5) the present custodian of the document; (6) the type of document (e.g., letter, memorandum, tape recording, or other form of document); (7) a description of the general subject matter of the document with the specificity required to allow it to be requested by a subpoena or a request for production of documents; and (8) the document production number if the document has been produced.

7.    Each response shall include such information as is available to you or within your custody, possession, or control.

8.    If, after exercising due diligence to secure the information requested, you cannot fully answer an individual interrogatory or any part thereof, please state the reasons for the inability to fully answer, answer the individual interrogatory to the fullest extent possible, and state what information, knowledge, or belief you have concerning the unanswered portion.

9.    For any information deliberately withheld, please provide a written statement setting forth: (1) the identity of each person from and to whom the information has been

2

communicated; (2) a brief description of the subject matter of the information; (3) the legal ground relied on in withholding the information; and (4) the relevant dates for the information.

10.    Any information or document withheld on the basis of privilege must be listed on a privilege log in accordance with the instructions in Plaintiffs' First Request for Production of Documents and Things.

11.    Unless otherwise stated in a particular interrogatory, these interrogatories are continuing in nature pursuant to Fed. R. Civ. P. 26(e), so that with respect to any interrogatory herein, or any part thereof, as to which Defendant, after answering, acquires additional knowledge or information, Plaintiffs direct Defendant to serve supplemental answers promptly after acquiring such additional knowledge or information.

<u>INTERROGATORY NO. 3</u>:

　　　　State the basis for your contention that Plaintiffs' claims are barred by the doctrine of

laches.

<u>RESPONSE:</u>

INTERROGATORY NO. 4:

State the basis for your contention that Plaintiffs' claims are barred by the doctrine of estoppel including equitable estoppel.

RESPONSE:

Dated:  July 22, 2004                    FISH & RICHARDSON, P.C.


                                         _____
                                         Gregory A. Madera (BBO #313,020)
                                         FISH & RICHARDSON, P.C.
                                         225 Franklin Street
                                         Boston, MA  02110-2804
                                         Telephone:  (617) 542-5070
                                         Facsimile:  (617) 542-8906

                                         Of Counsel:
                                         Jonathan E. Singer
                                         Michael J. Kane
                                         Chad A. Hanson
                                         FISH & RICHARDSON P.C., P.A.
                                         3300 Dain Rauscher Plaza
                                         60 South Sixth Street
                                         Minneapolis, Minnesota 55402
                                         Telephone:  (612) 335-5070

                                         Juanita Brooks
                                         FISH & RICHARDSON, P.C.
                                         12390 El Camino Real
                                         San Diego, CA 92130
                                         Telephone:  (858) 678-5070

                                         Attorneys for Plaintiffs
                                         Massachusetts Institute of Technology and
                                         Repligen Corporation


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each other party by mail/hand on July 22, 2004.


                                         _____
                                         Gregory A. Madera

60232062.doc

13