UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

           Plaintiffs,

v.

IMCLONE SYSTEMS INC.,

           Defendant.

Civil Action No. 04 10884 RGS

## IMCLONE SYSTEMS INC.'S
## OBJECTIONS AND RESPONSES TO PLAINTIFFS'
## FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant ImClone Systems Incorporated ("ImClone") hereby submits the following responses and objections to Plaintiffs' Massachusetts Institute of Technology ("MIT") and Repligen Corporation ("Repligen") First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

ImClone asserts each of the following General Objections and Comments (the "General Objections"), and expressly incorporates them into each response set forth below. By providing a specific response to any Interrogatory, ImClone does not waive or otherwise limit these General Objections. Furthermore, reference to these General Objections in any specific response shall not waive or otherwise limit the applicability of these General Objections to each and every other response.

1.  ImClone objects to Plaintiffs' definitions and instructions to the extent that they impose obligations on ImClone that exceed or are different from the obligations imposed by the Federal Rules of Civil Procedure or the local rules of the Court. ImClone will comply with the Federal Rules of Civil Procedure and the local rules of the Court.

2.  ImClone objects to each Interrogatory to the extent that it seeks information not reasonably available to, or not within the possession, custody or control of, ImClone. Such requests are beyond the scope of Fed. R. Civ. P. 26 and 33. The responses given herein may only be based upon information within ImClone's possession, custody or control.

3.  To the extent that ImClone provides information, ImClone does not necessarily concede that the information requested is relevant to this action. ImClone expressly reserves the right to object to further discovery into the subject matter of the Interrogatories and the introduction into evidence of any document or portion thereof.

4.  ImClone objects to any Interrogatory to the extent that it calls for information protected by any privilege, including without limitation the attorney-client privilege, and any other available and valid grounds for withholding information. Such information will not be provided. Any inadvertent release of privileged information shall not constitute a waiver of any applicable privilege.

5.  ImClone objects to these interrogatories to the extent that they request ImClone's legal contentions or conclusions or expert opinions as being premature. Such interrogatories are best answered after fact discovery has occurred.

6.  ImClone further objects to these interrogatories as premature. Discovery in this action is ongoing, and each of the following response is based on discovery

obtained to date. ImClone expressly reserves the right to supplement these objections, as well as its responses to the Interrogatories, to the extent necessary, in accordance with the Federal Rules of Civil Procedure.

7.   The foregoing objections are incorporated in each and every answer below, where applicable, as if they have been expressly set forth therein.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the basis for the your contention that ImClone has not infringed, induced the infringement of, or contributed to the infringement of the '281 patent, include in the answer (a) an identification of each limitation, or part thereof, of each claim that ImClone alleges is absent from the methods practiced, and/or the materials used, by ImClone to manufacture C225 or Erbitux, and (b) the claim construction and basis for the claim construction upon which ImClone relied for its contention that ImClone has not infringed the '281 patent.

### RESPONSE TO INTERROGATORY NO. 1

ImClone objects to this Interrogatory to the extent that it calls for information that is protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this interrogatory as premature in that the Court, in its August 10th Order, has required, *inter alia*, plaintiffs to identify the patent claims it asserted against ImClone; to identify where each element of the claim is found in ImClone's product; to

without waiving these objections, ImClone answers as follows: All claims in the '281 patent are invalid under 35 U.S.C. 103 for obviousness in view of deVilliers et al., Nuc. Acids Res. 9, 6251-6264 (1981) and Alt et al., Nature 296, 325-331 (1982). Each and every element of the claims of the '281 patent are provided by the references. deVilliers et al. teaches processes, vectors, and cell lines that use an enhancer element to increase production of a proteinaceous substance. Alt et al. provides an endogenous tissue specific cellular DNA element that increases production of an endogenous proteinaceous substance. Alt et al. provides the motivation to combine the references because it discloses that deletions of a regulatory element between VDJ and C$\mu$ exons of a cell line expressing immunoglobulin heavy chain are correlated with decreased heavy chain production. Alt *et al.* teaches one of skill in the art to look at cells of a specific tissue type for a DNA element that controls expression of a proteinaceous substance that is expressed that tissue type. In addition, all claims in the '281 patent directed to mammalian host cell lines in which cloning vectors are integrated into the host chromosome are invalid under 35 U.S.C. § 112, first paragraph for insufficient written description and enablement. ImClone reserves the right to supplement this response after plaintiffs have complied with the Court's August 10th Order.

INTERROGATORY NO. 3

State the basis for your contention that Plaintiffs' claims are barred by the doctrine of laches.

## RESPONSE TO INTERROGATORY NO. 3

ImClone objects to the Interrogatory to the extent that it seeks information protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this Interrogatory to the extent it calls for legal conclusions and legal contentions. Subject to and without waiving these objections, ImClone answers as follows: As shown in the Complaint, since at least as early as 1994, plaintiffs were aware that ImClone was testing C225 antibody in human clinical trials. Moreover, plaintiffs were aware or should have been aware that ImClone was using C225. Also, at least as early as August 1997, Repligen accused ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody. Also, at least as early as September 1997, Repligen offered ImClone a license under the '281 patent based on ImClone's alleged infringement. As Repligen is aware, ImClone did not accept Repligen's license offer. Thereafter, Repligen was silent and made no further claims that ImClone was infringing the '281 patent until it brought this suit. Thereafter, plaintiffs were aware or should have been aware from the publicity surrounding ImClone's Erbitux product that ImClone was preparing to market Erbitux pending fast-track FDA approval in December 2001 and again in early 2004. Despite plaintiffs' awareness of ImClone's activities with respect to the Erbitux product, plaintiffs delayed bringing this action for more than six years after Repligen first accused ImClone of infringement. In fact, plaintiffs did not initiate this action until the penultimate day of the life of the '281 patent, after ImClone had been selling Erbitux for several months, and after ImClone had manufactured sufficient quantities of Erbitux to satisfy the immediate

demand for the product. Plaintiffs' delay in bringing this action was unreasonable and inexcusable and has materially prejudiced ImClone.

INTERROGATORY NO. 4:

State the basis for your contention that Plaintiffs' claims are barred by the doctrine of estoppel including equitable estoppel.

RESPONSE TO INTERROGATORY NO. 4:

ImClone objects to the Interrogatory to the extent that it seeks information protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this Interrogatory to the extent it calls for legal conclusions and legal contentions. Subject to and without waiving these objections, ImClone answers as follows: As shown in the Complaint, since at least as early as 1994, plaintiffs were aware that ImClone was testing C225 antibody in human clinical trials. Moreover, plaintiffs were aware or should have been aware that ImClone was using C225. Also, at least as early as August 1997, Repligen accused ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody. Also, at least as early as September 1997, Repligen offered ImClone a license under the '281 patent based on ImClone's alleged infringement. As Repligen is aware, ImClone did not accept Repligen's license offer. Thereafter, Repligen was silent and made no further claims that ImClone was infringing the '281 patent until it brought this suit. Thereafter, plaintiffs were aware or should have been aware from the publicity surrounding ImClone's Erbitux product that ImClone was preparing to market Erbitux pending fast-track FDA approval in December 2001 and again in early 2004. Despite

plaintiffs' awareness of ImClone's activities with respect to the Erbitux product, plaintiffs delayed bringing this action for more than six years after Repligen first accused ImClone of infringement. In fact, plaintiffs did not initiate this action until the penultimate day of the life of the '281 patent, after ImClone had been selling Erbitux for several months, and after ImClone had manufactured sufficient quantities of Erbitux to satisfy the immediate demand for the product. Plaintiffs' years of silence and delay in bringing this action led ImClone to infer that plaintiffs had abandoned its claim against ImClone. ImClone relied on plaintiffs' silence in proceeding to market and sell Erbitux, and ImClone will be materially prejudiced if plaintiffs are allowed to proceed with this infringement claim.

## INTERROGATORY NO. 5:

State the basis for your contention that Plaintiffs' claims are barred by the doctrine of patent exhaustion including in your answer the basis for your contention that all patent rights under the '281 patent to the C225 cell line and C225 antibody supplied by Damon Biotech (predecessor of Repligen) to NCI under contract with the federal government were exhausted upon the delivery of those materials to NCI.

## RESPONSE TO INTERROGATORY NO. 5:

ImClone objects to the Interrogatory to the extent that it seeks information protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this Interrogatory to the extent it calls for legal conclusions and legal contentions. ImClone further objects to this Interrogatory as premature in that many of the underlying documents that ImClone intends to rely on in support of its patent exhaustion defense are in the possession of plaintiffs and have not yet been produced.

RESPONSE TO INTERROGATORY NO. 9:

ImClone objects to this Interrogatory to the extent that it calls for information that is protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this Interrogatory as premature in that the Court, in its August 10th Order, has required, *inter alia*, plaintiffs to identify the patent claims it asserted against ImClone; to identify where each element of the claim is found in ImClone's product; to provide a description of the information on which plaintiffs relied on in each infringement contention, and to rank the infringement claims in their order of importance. ImClone will supplement this response after plaintiffs have complied with the Court's August 10th Order. In addition, Imclone will schedule privileged documents responsive to this request from which most of the requested information will be provided.

As to Responses:

Dated:                                By:_____
                                      Thomas C. Gallagher, Esq.
                                      Vice President of Intellectual Property
                                      IMCLONE SYSTEMS, INC.


As to Objections:

Dated: September 23, 2004             [signature]
                                      Mark W. Batten (BBO #566211)
                                      Jeremy P. Oczek (BBO #647509)
                                      PROSKAUER ROSE LLP
                                      One International Place
                                      Boston, MA 02110-2600
                                      Tel: (617) 526-9600
                                      Fax: (617) 526-9899

13

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY  10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.

14