# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

February 25, 2005

Michael D. Loughnane
Kenyon & Kenyon
One Broadway
New York, NY 10004

Re:  *Repligen and MIT v. ImClone Systems, Inc.*
     USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

Dear Mike:



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

We write today regarding several unresolved discovery topics. As we agreed in our teleconference yesterday, we are sending you this letter reiterating the topics of our discussion to facilitate discovery-dispute conference at 10 A.M. (Minnesota time) on March 1, 2005.

First, regarding Mr. Feit, we request a firm date for the deposition of Irving Feit. As you know, the Court ruled on your motion on January 7, 2005, and stated that we could depose Mr. Feit in the normal course. We requested a date for his deposition on January 10, 2005 and again on January 25, 2005. You have not responded. Also in your last correspondence regarding Mr. Feit, you stated that "[t]here are no responsive documents that are not covered by privilege." Please confirm that Mr. Feit has retained only three responsive documents?

With reference to Michael Kane's November 5, 2004 letter (attached), about which we have already had at least one discovery-dispute conference, we believe the following topics remain unresolved.

- Are you presently withholding any documents: (1) that are responsive to our document requests, and (2) are not listed on your privilege log?

- Has ImClone completed its document production regarding our first set of document requests? If not, what subjects are you still searching for or preparing to produce? When can we expect you to complete your document production?

    o On the topic of document production, your document production appears to lack documents responsive to at least request numbers 21, 28, 29, 40, 47, 48, and 50-68. If you have produced documents responsive to these requests, we ask that you identify examples of the documents you consider responsive.

    o We believe the following categories are absent from your document production:

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane
February 25, 2005
Page 2

- License, manufacturing, and sales agreements, including those with Genentech, Centocor, Inc., Aventis, Lonza, Merck KGaA, and Bristol-Myers Squibb (*see, e.g.*, request numbers 40 and 68);

- Damages type documents, including marketing and sales, cost of goods sold, profit margin, inventory value, etc. (*see, e.g.*, document request numbers 47, 48, and 58-68); and

- Documents sufficient to identify each batch of C225 antibody ImClone has made with the C225 cell line, and explain to what use ImClone put each batch of C225 (*see, e.g.*, request numbers 51 and 53-57).

- Before Christmas, you stated before that you would follow up on our request for the patent prosecution files relating to publication WO96/40210. Have you had sufficient time to discuss the issue with your client?

- We request a date certain by which you will supplement your privilege log. On January 31, 2005, we asked you to remedy the deficiencies we identified in your privilege log by February 14. In particular, we remain concerned about the lack of description for your various assertions of work product immunity. We realize that on February 4th you agreed to revise your privilege log. Yesterday, however, you said you still were not prepared to provide us with a revised log, but expected it would be ready sometime next week. Is that still the case?

- My secretary sent Mr. Giaccio a draft of a proposed amendment to the current protective order. Do you agree with our proposed language?

Thank you for your attention to these topics.

Very truly yours,

*Chad A. Hanson*

Chad A. Hanson

Enclosure

CZH/cjs

60272386.doc

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

November 5, 2004

**VIA FACSIMILE**

Michael D. Loughnane
Kenyon & Kenyon
One Broadway
New York, NY 10004



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   Repligen and MIT v. ImClone Systems, Inc.
      USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

Dear Mike:

As you requested, here are representative topics to be discussed at our upcoming Rule 37 conference.

Interrogatories

1. ImClone has not answered Interrogatory No. 1.

2. Does ImClone have anything to add to its answer to Interrogatory No. 2?

3. With respect to its contention that Plaintiffs' claims are barred by the doctrine of laches, confirm that ImClone does not intend to rely on any documents and relies only on the communications between Mr. Witt and ImClone in August and September 1997.

4. With respect to its contention that Plaintiffs' claims are barred by the doctrine of estoppel including equitable estoppel, confirm that ImClone does not intend to rely on any documents and relies only on the communications between Mr. Witt and ImClone in August and September 1997.

5. With respect to its contention that Plaintiffs' claims are barred by the doctrine of patent exhaustion, confirm that ImClone is relies only on the NCI/Damon contract.

6. With respect to its contention that Plaintiffs' claims are barred by the doctrine of implied license, confirm that ImClone relies only on the NCI/Damon contract.

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane
November 5, 2004
Page 2

7. With respect to its contention that Plaintiffs' claims are barred by equitable doctrines, confirm that ImClone relies only on the NCI/Damon contract and the communications between Mr. Witt and ImClone in August and September 1997.

8. With respect to Interrogatory No. 8, whether ImClone is willing to stipulate that all of the C225/Erbitux produced by or for ImClone was produced using the cell line obtained from NCI.

9. ImClone has not answered Interrogatory No. 9.

Requests For Documents and Things

1. Confirm that ImClone is not withholding documents for those requests where the response was "ImClone will produce non-privileged documents responsive to this request."

2. Confirm that all responsive documents have been produced.

3. Confirm that all documents supporting and relied upon by ImClone in responding to Plaintiffs' interrogatories have been produced.

4. Confirm that a privilege log will be produced no later than November 12.

5. Confirm that ImClone has not produced any opinions of counsel and is not relying on any opinions of counsel for any defense in this litigation.

6. Confirm that ImClone will be producing the 1990 report of Dr. Gillies to NCI regarding C225 and the cell line for producing C225.

7. Confirm that ImClone will be producing all documents, notes, memoranda, or other items concerning the communications between ImClone and Repligen in 1997.

8. Confirm that ImClone has produced all communications between Defendant and any other person concerning the C225 cell line. (Req. No. 30)

9. Confirm that ImClone has produced all documents and things concerning ImClone's belief that a license from Repligen was unnecessary. (Req. No. 34)

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane
November 5, 2004
Page 3

10. Confirm that ImClone has produced any material transfer agreement or license agreement from NCI, NIH, or any other agency concerning the transfer of any cell line to ImClone from NCI. (Req. No. 39)

11. Confirm that ImClone has produced all documents that ImClone contends provide it with the right to make, use, sell, or offer to sell the C225 antibody or the C225 cell line. (Req. No. 40)

12. Confirm that ImClone has produced all documents sent to NCI, received from NCI, or concerning communications with NCI concerning the 225 antibody, the C225 antibody, or the C225 cell line. (Req. Nos. 41, 42, and 45)

13. Confirm that ImClone has produced all documents sent to NIH, r received from NIH, or concerning communications with NIH concerning the 225 antibody, the C225 antibody, or the C225 cell line. (Req. Nos. 43, 44, and 46)

14. Confirm that ImClone has produced all documents and things concerning intellectual property rights in the C225 cell line. (Req. No. 50)

15. Confirm that ImClone has produced all documents and things concerning PCT application number WO 96/40210. (Req. No. 52)

16. Confirm that ImClone has produced all documents concerning sales, projected sales, marketing studies, selling price, profitability, inventory, and the commercial value of inventory of Erbitux. (Req. Nos. 58, 59, 60, 61, and 62)

17. Confirm that ImClone has produced all documents and things concerning milestone payments. (Req. No. 63)

18. Confirm that ImClone has produced documents sufficient to discern the complete line of products and services offered by ImClone concerning C225 or Erbitux. (Req. No. 65)

19. Confirm thatImClone has produced all documents and things concerning any license, negotiation for license, or other agreement concerning the right to sell Erbitux. (Req. No. 68)

In addition, we have discussed the possibility of a stipulation concerning ImClone's production of C225 with the cell line obtained from NCI that might simplify the issues in the suit and reduce ImClone's discovery obligations. As part of the Rule 37 conference, please be prepared to communicate ImClone's position on such a stipulation.

FISH & RICHARDSON P.C., P.A.

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane
November 5, 2004
Page 4


Please let me know when you are available for the Rule 37 conference. Please note that the conference must be held no later than November 9.

Very truly yours,

Michael J. Kane

MJK/jel

60256615.doc