# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

March 28, 2005



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**Via facsimile 212-425-5288**
Anthony Giaccio, Esq.
Kenyon & Kenyon
One Broadway
New York, New York 10004-1050

Re:   *Repligen and MIT v. ImClone Systems, Inc.*
      USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

Dear Anthony:

For the last three months, we have patiently waited for ImClone to supplement its answers to MIT and Repligen's interrogatories two through six. So, I want to say thank you for supplementing those answers.

Upon review of ImClone's supplemental answers, however, it appears that the only additional information provided for each answer was a list of bates numbers that allegedly correspond to "[d]ocuments which support [ImClone's] conclusions." Consequently, ImClone's supplemental answers not only fail to cure previous deficiencies, but also create additional deficiencies under Massachusetts LR 26.5(c)(8).

As we have pointed out repeatedly in the past, MIT and Repligen's interrogatories two through six ask ImClone to "state the basis" of its contentions. According to LR 26.5(c)(8), when an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

> (a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>
> (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>
> (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

FISH & RICHARDSON P.C., P.A.

Anthony Giaccio, Esq.
March 28, 2005
Page 2

> (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

ImClone's supplemental interrogatory answers for interrogatories two through six now recite a list of documents that purport to support its conclusions. Those lists do not comply with the express requirements of LR 26.5(c)(8). Absent from ImClone's answers are references to particular subsections and subparagraphs of the documents. Also absent from its answers are statements regarding acts, omissions, and other facts found in those newly identified documents that form the basis of ImClone's contentions. This type of information is explicitly required by the local rule.

ImClone's original interrogatory answers also made several general factual contentions that fail to comply with the express requirements of LR 26.5(c)(8). The lists of documents now added to ImClone's answers do not remedy those deficiencies. In an effort to make the deficiencies clear and avoid costly motion practice, we identify below certain factual contentions made by ImClone its answers to interrogatories 3 and 4 that require additional information:

- "plaintiffs were aware that ImClone was testing C225 antibody in human clinical trials"

Pursuant to the local rule, ImClone must identify every communication that forms the basis for this contention and the nature of that communication. ImClone must also identify all persons who were allegedly aware of ImClone's testing of the C225 antibody in human clinical trials, the nature of that knowledge, and also how and when the persons became aware of ImClone's testing. If ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contention.

- "plaintiffs were aware or should have been aware that ImClone was using C225"

ImClone must identify all persons who were aware, and also all persons who should have been aware that ImClone was using C225. For the persons that ImClone contends were aware that ImClone was using C225, ImClone must identify how and when the persons became aware. ImClone must provide the same information for the persons it contends should have been aware of ImClone's use of C225. ImClone must also identify every communication that forms the basis for its contention and the nature of that communication. Again, if ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contentions.

FISH & RICHARDSON P.C., P.A.

Anthony Giaccio, Esq.
March 28, 2005
Page 3

- "Repligen accused ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody"

Here again, pursuant to the local rule, ImClone must identify all persons who made an accusation of infringement. ImClone must also state when and how the accusation was made, such as whether the accusation was oral or written. ImClone must also identify every communication that forms the basis for its contention that plaintiffs accused ImClone of infringement and the nature of that communication. To the extent that ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contentions.

- "Repligen offered ImClone a license under the '281 patent based on ImClone's alleged infringement"

ImClone must identify all persons who offered ImClone a license, and both how and when the offer was made. In addition, ImClone must also identify every communication that forms the basis for its contention that Repligen offered ImClone a license and the nature of that communication. Again, to the extent that ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contention.

- "As Repligen is aware, ImClone did not accept Repligen's license offer."

Here, ImClone must identify all persons who were aware that ImClone did not accept the alleged license offer. ImClone must also identify when and how the persons allegedly became aware. Further, ImClone must identify every communication that forms the basis of its allegations and the nature of that communication. If ImClone intends to rely on any of the documents listed in its answer, it must identify the portion of each document that supports its contention.

- "plaintiff's were aware or should have been aware from the publicity surrounding ImClone's Erbitux product that ImClone was preparing to market Erbitux …"

Pursuant to the local rule, ImClone must identify all persons who were aware and all persons who should have been aware that ImClone was preparing to market Erbitux. For the persons that ImClone contends were aware that ImClone was preparing to market Erbitux, ImClone must indicate how and when the persons became aware. ImClone must provide the same information for the persons it contends should have become aware, and must also provide the nature of their knowledge. Further, ImClone must identify every communication that forms the basis of its allegations and the nature of that communication. Once again, if ImClone intends to rely on any

FISH & RICHARDSON P.C., P.A.

Anthony Giaccio, Esq.
March 28, 2005
Page 4

of the documents listed in its answer, it must also identify the portion of each document that supports its contention.

Finally, ImClone has objected to each interrogatory as seeking information protected by the "attorney client privilege and/or work product doctrine." Yet, its answers do not indicate that ImClone received any legal advice on those topics, nor are any of the documents ImClone cites in its answer listed in ImClone's privilege log. If ImClone received legal advice on those topics, reference to that legal advice must be included in the answer.

We have reminded you of the requirements of Massachusetts LR 26.5(c)(8) many times and have asked for complete answers for several months. Unless we receive complete answers that comply with the local rule from you by April 4, 2005, we intend to file a motion to compel complete answers and to exclude ImClone from referring to any subsection of any documents that ImClone fails to identify in its answers.

Very truly yours,

Chad A. Hanson

CZH/cjs

60283412.doc