UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>  Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS INC.,<br><br>  Defendant. | Civil Action No. 04 10884 RGS |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' FIRST MOTION TO COMPEL**

**INTRODUCTION**

Defendant ImClone Systems Inc. (hereinafter "ImClone") opposes Plaintiffs Massachusetts Institute of Technology and Repligen Corporation (hereinafter "Repligen") Combined First Motion to Compel dated April 1, 2005 on the grounds specified herein, including Repligen's failure to comply with the conference requirements of Local Rules 7.1(a)(2) and 37.1(b).

ImClone responded and objected to all document requests and produced all documents it agreed to produce. Further, ImClone supplemented its production of documents rendering moot Repligen's demand for additional information. ImClone is not withholding any non-privileged responsive documents, and reserves the right to supplement its production as required by the Federal Rules.

ImClone responded and objected to all interrogatories and supplemented its interrogatory responses and objections to provide references to document numbers as requested by Repligen. Repligen's new request for ImClone to further supplement its

answers is premature since ImClone is entitled to supplement its interrogatory answer at appropriate intervals under F. R. Civ. P. 26(e). The fact that Repligen does not like the substance of ImClone's interrogatory answers does not entitle Repligen to demand constant updating. ImClone has completely stated the basis of its invalidity contentions as they presently stand, and reserves its right to supplement its interrogatory answers as permitted by the Federal Rules. In particular, ImClone notes that this litigation provides for an expert discovery period and, accordingly, ImClone expects to update its invalidity contentions through the submission of an expert report and reserves its rights to do so.

As such, Plaintiffs' First Motion to Compel should be denied in its entirety.

## ARGUMENT

**1.    Failure of Repligen to Comply with Local Rules 7.1(a)(2) and 37.1**

Repligen alleges that they conferred with counsel for ImClone "via telephone during business hours on numerous occasions between December 7, 2004 and March 15, 2005." However, on March 16, 2005 ImClone provided Repligen with ImClone's Second Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories. (See Exhibit A). On March 28, 2005, counsel for Repligen sent a letter outlining concerns about ImClone's Second Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories including prior art based invalidity contentions (Interrogatory No. 2) and stated that unless ImClone supplemented its interrogatories again by **April 4, 2005** Repligen was going to move to compel. (See Exhibit B). Without conferring, Repligen filed this First Motion to Compel on April 1, 2005 without even providing ImClone with the opportunity to respond to the March 28, 2005 letter by the April 4, 2005 deadline.

Thus, Plaintiffs' First Motion to Compel should be denied in its entirety for failure of Repligen to properly and fully confer, as required by Local Rules 7.1(a)(2) and 37.1, prior to filing this motion.

ImClone provided Repligen with an opportunity to withdraw this improper motion, which Repligen refused. (See Exhibits C and D). Since Repligen refused to withdraw its premature and improper motion to compel, ImClone incurred expenses associated with opposing this motion. As such, ImClone is seeking reasonable attorneys fees to be compensated for Repligen's breach of the Local Rules of this Court.

**2.     ImClone Has Completed Its Document Production as Promised**

Concerning Repligen's demand for ImClone to produce all non-privileged documents responsive to Document Request Nos. 40, 51, 53-56, 58-63, and 65-68, the motion to compel is flawed in two manners: (1) it completely ignores the agreements reached between the parties to produce the remaining relevant documents; and (2) it includes requests to compel production of documents that were dropped by Repligen long ago.

For example, during a conference on March 15, 2005 and as specified in a March 18, 2005 letter from Kenyon & Kenyon to counsel for Repligen, ImClone agreed to produce additional documents. (See Exhibit E). It is noteworthy that Repligen's motion to compel completely ignores this March 18, 2005 letter. Thus, ImClone is puzzled by the statement made in Repligen's notice of motion that the "parties were unable to resolve or narrow the disputes presented in this motion" when in fact the parties had, indeed, resolved and narrowed the disputes before this motion was filed. Quite contrary to Repligen's representation to this Court, Repligen is now seeking *broader* information than that to which it agreed to limit itself in past discussions. By now demanding production of documents beyond what was agreed upon in the past, Repligen has evidenced further that its instant motion to compel (and the activities leading up to filing this motion) were not a good faith effort by Repligen to attempt to resolve or narrow the issues.

As a further example, on page 2 of Repligen's motion Repligen complains that ImClone has not produced "documents showing the royalties it has paid to others for those commercial sales." This information was never previously requested and is not specifically covered by any of Repligen's document requests. (See Document Request Nos. 40, 51, 53-56, 58-63, and 65-68).

Moreover, ImClone responded and objected to each of Repligen's Document Requests 40, 51, 53-56, and 58-63 as appears in Appendix I attached herewith, and ImClone continues to stand by those responses and objections.

  **a.**  **Document Request No. 40**

ImClone produced all relevant, non-objectionable documents responsive to this request and reserves the right to supplement its document production as required by the Federal Rules.

  **b.**  **Document Request Nos. 51 and 53-56**

Repligen's motion to compel is precisely the kind of improper use of discovery that this Court was concerned about when it ordered Repligen to disclose which claims of U.S. Patent No. 4,666,281 ("the '281 patent") were allegedly infringed. *After* Plaintiffs' First Set of Document Requests (July 22, 2004) and *after* ImClone's Objections and Responses (September 23, 2004), Repligen dropped all allegations of infringement by ImClone of all of the method of manufacture claims (*i.e.*, claims 1-9) of the '281 patent when it filed Plaintiffs' Claim Infringement Disclosure (October 1, 2004). As such, Repligen's document requests directed to the method of manufacture and batch records seek production of extremely voluminous and highly proprietary manufacturing documents that are not relevant to any of the patent claims being asserted. As such, ImClone should not be required to produce such documents. (See Document Request Nos. 51 and 53-56).

      **c.**      **Document Request Nos. 58-61 and 63**

Regarding Request Nos. 58-61 and 63, Repligen's motion completely ignores a prior agreement between the parties that ImClone agreed to produce a summary document of C225 made for sale in the U.S. and sold in the U.S. during the life of the '281 patent. ImClone has investigated sales outside the U.S. and determined that no C225 made in the U.S. during the term of the '281 patent were sold outside the U.S. However, in the motion Repligen has again changed its mind and now requests the much more burdensome collection of underlying sales information. Consequently, instead of the summary presentation that ImClone had agreed to produce to simplify Repligen's burden of reviewing raw sales information, ImClone will make available for copying the underlying sales information.

In yet another example of Repligen's over-reaching tactics, on page 1 to page 2 of Repligen's motion Repligen states:

> For example, ImClone has not produced documents showing when the inventory or Erbitux was made, where it was made, or how much was made. ImClone has not produced documents showing when the inventory of Erbitux was sold, to whom it was sold, or the revenue ImClone received in connection with the sale of the inventory.

However, Document Request No. 61 calls for production of "[a]ll documents concerning the commercial value of the inventory of C225 or Erbitux" which is a far narrower request.

With this motion Repligen further attempts to seek inappropriate discovery by seeking information beyond the May 5, 2004 expiration date of the '281 patent. Discovery concerning ImClone's activities that occurred after the expiration of the '281 patent, *i.e.,* May 5, 2004, is irrelevant and beyond the scope of reasonable discovery.

### d. Document Request No. 62

ImClone produced all relevant, non-objectionable documents responsive to this request and reserves the right to supplement its document production as permitted by the Federal Rules.

### 3. ImClone's Interrogatory Answers Are Complete

Repligen's motion to compel completely ignores a December 7, 2004 conference call wherein counsel for Repligen specified the objection to ImClone's interrogatory answers as not compliant with the Local Rules because they did not specifically identify document numbers in each response. Although ImClone challenged Repligen's interpretation of the Local Rules, ImClone agreed to supplement its responses to include references to document numbers. Repligen's demand for a claim chart in response to interrogatory number 2 is merely an exercise in improperly placing form far above substance, since all of the information sought by this interrogatory was provided in ImClone's Second Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories in text format and in the identified and produced documents specified in ImClone's response.

ImClone's interrogatory answers are complete, and ImClone reserves the right to supplement its interrogatory answers as permitted by the Federal Rules.

### CONCLUSION

For all of the reasons set forth above, ImClone respectfully requests that Plaintiffs' First Motion to Compel be denied in its entirety. Since Repligen failed to comply with the conference requirements of Local Rules 7.1(a)(2) and 37.1 and since Repligen was given the opportunity to withdraw this motion and refused, ImClone respectfully seeks to recover reasonable attorneys fees associated with this opposition.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | IMCLONE SYSTEMS, INC.<br>By its Attorneys, |
| Dated:  April 15, 2005 | /s/ Jeremy P. Oczek<br>Mark W. Batten (BBO #566211)<br>Jeremy P. Oczek (BBO #647509)<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA  02110-2600<br>Tel: (617) 526-9600<br>Fax: (617) 526-9899 |

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY  10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.

### Certificate Of Service

I hereby certify that on April 15, 2005, a true and correct copy of the foregoing document was served on counsel of record by use of the Court's ECF system.

/s/ Jeremy P. Oczek
Jeremy P. Oczek

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>              Plaintiffs,<br><br>     v.<br><br>IMCLONE SYSTEMS INC.,<br><br>              Defendant. | Civil Action No. 04 10884 RGS |

**[PROPOSED] ORDER**

Having considered the briefing from both sides regarding Plaintiffs' First Motion to Compel and Defendant's Opposition thereto, it is hereby ordered that Plaintiffs' Motion is DENIED.

SO ORDERED:                              _____
DATED:                                                        U.S.D.J.

# APPENDIX I

**REQUEST FOR PRODUCTION NO. 40.**

All documents and things Defendant contends provide Defendant the right to make, use, sell, or offer to sell the C225 antibody or the C225 cell line including all documents concerning any license.

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 51.**

All documents and things concerning any method for making the C225 antibody or Erbitux™ including laboratory or technical notebooks or other working papers, notes or notebooks of anyone conducting any research, study, or testing concerning such methods.

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 53.**

All documents and things concerning the manufacture of each batch of the C225 antibody or Erbitux™ including all documents and things concerning the date(s) each batch was manufactured and the materials and methods used to manufacture each batch.

**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to

this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged representative documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 54.**
All documents and things concerning the distribution of each batch of the C225 antibody or Erbitux™ including all documents and things concerning the date(s) each batch was distributed to any other Person, the identity of each Person to whom a batch was distributed, the location of each batch at all times since the batch was manufactured, and the payment or other consideration received by Defendant for distribution of each batch.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged representative documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 55.**
All documents and things concerning any standard operating procedure for manufacturing the C225 antibody or Erbitux™.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents relating to ImClone's standard operating procedure of its FDA approved product within ImClone's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 56.**
All documents and things concerning DNA vectors or other DNA constructs for producing the C225 antibody.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.
Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 58.**
All sales figures, sales projections, sales forecasts, and marketing studies for Erbitux™ including all sales figures, sales projections, and marketing studies, both foreign and domestic.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.
Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

**REQUEST FOR PRODUCTION NO. 59.**
All documents concerning the profitability of Erbitux™ on a year-by-year basis including budgets, projections, and documents sufficient to discern Defendant's methods for allocation of selling, general and administrative, and overhead expenses for Erbitux™.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to

this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

**REQUEST FOR PRODUCTION NO. 60.**
All documents concerning any selling price of Erbitux™.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

**REQUEST FOR PRODUCTION NO. 61.**
All documents concerning the commercial value of the inventory of C225 or Erbitux™.
**RESPONSE:**
ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

**REQUEST FOR PRODUCTION NO. 62.**

All documents concerning any assessment or study of any market for Erbitux™ or the C225 antibody including Defendant's past, current, or anticipated market share.
**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it is duplicative of other requests, fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court. possession, custody or control of ImClone.

Subject to, and without waiver of, its General and Specific Objections, ImClone will produce non-privileged documents responsive to this request prior to the expiration date of the patent in suit.

**REQUEST FOR PRODUCTION NO. 63.**

All documents and things concerning milestone payments received or to be received by Defendant from Defendant's marketing partners in connection with Erbitux™ or the C225 antibody.
**RESPONSE:**

ImClone objects to this request on the grounds that it is vague, overly broad and unduly burdensome to the extent that it fails to specify the relevant time period prior to expiration of Plaintiffs' patent, seeks information neither relevant to the claims or defenses of any party or the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. ImClone further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or the attorney work-product immunity doctrine or is otherwise immune or protected from discovery. ImClone further objects to this request to the extent it seeks information beyond the scope of discovery permitted according to the Federal Rules of Civil Procedure or the local rules of this Court.