## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 04-10884-RGS |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL

Defendant ImClone Systems, Inc. ("ImClone") hereby opposes Plaintiffs Massachusetts Institute of Technology and Repligen Corporation (hereinafter "Repligen") Combined Second Motion to Compel dated April 8, 2005 on the grounds specified herein.

ImClone responded and objected to all interrogatories, including Repligen's Interrogatory Nos. 3 and 4, and supplemented its interrogatory responses and objections to provide references to document numbers as requested by Repligen. The fact that Repligen does not like the substance of ImClone's interrogatory answers does not entitle Repligen to demand constant updating. ImClone has completely stated the basis of its invalidity contentions as they presently stand, and reserves its right to supplement its interrogatory answers as required by the Federal Rules. In particular, ImClone notes that this litigation provides for an expert discovery period and, accordingly, ImClone expects to update its defenses through the submission of an expert report and reserves its rights to do so.

As such, Plaintiffs' Second Motion to Compel should be denied in its entirety.

**ARGUMENT**

I.    **IMCLONE'S INTERROGATORY ANSWERS ARE COMPLETE.**

Repligen's second motion to compel, like the first motion to compel filed April 1, 2005, completely ignores a December 7, 2004 conference call wherein counsel for Repligen specified the objection to ImClone's interrogatory answers as not compliant with the Local Rules because they did not specifically identify document numbers in each response.  Although ImClone challenged Repligen's interpretation of the Local Rules, ImClone agreed to supplement its responses to include references to document numbers.  Repligen's demand for identification of individuals and communications totally within its own control is yet another example of improperly placing form far above substance, since all of the information sought by Interrogatory Nos. 3 and 4 was provided in ImClone's Second Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories to the extent the information was uncovered by ImClone. (See Exhibit 1).

To date, only one deposition of an employee of Repligen, Dr. Daniel Witt, has been taken by ImClone.  During that deposition on April 13, 2005, additional information supportive of ImClone's laches and estoppel defenses was learned.  ImClone reserves the right to supplement these and all of its interrogatory answers with such information at the appropriate interval, including information learned during Dr. Witt's deposition.[1]  It is not appropriate for Plaintiffs to file a motion to compel ImClone to supplement its interrogatory responses every time a deposition is taken in this case.  Since the discovery plan for the case contemplates a period of expert discovery, ImClone reserves the right to supplement its answers with factual information

---

[1] Because most of Dr. Witt's testimony is currently designated Restricted Confidential pursuant to the Stipulated Protective Order, ImClone refrained from providing specific information herein to avoid burdening this Court with a request for filing this opposition under seal.

at that time or at any other time that it learns additional information warranting such supplementation, just as the Federal Rules of Civil Procedure authorize.

Repligen specifically complains of six clauses in ImClone's answers: (1) "as early as 1994, *plaintiffs were aware* that ImClone was testing C225 antibody in human clinical trials" (2) "*plaintiffs were aware or should have been aware* that ImClone was using C225" (3) "*Repligen accused* ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody" (4) "*Repligen offered* ImClone a license under the '281 patent based on ImClone's alleged infringement" (5) "As *Repligen is aware*, ImClone did not accept Repligen's license offer" and (6) "*plaintiffs were aware or should have been aware* from the publicity surrounding ImClone's Erbitux product that ImClone was preparing to market Erbitux …".  (emphasis added)  Each complaint is baseless.

ImClone did identify documents, communications and acts or omissions that form the basis of its responses.  Apparently, Repligen has ignored the identified documents that provide Repligen with the basis of ImClone's contentions, including, for example, Repligen's own letters to ImClone of August 22, 1997, September 25, 1997, and license agreement attached thereto (e.g., REP000513-REP000531)[2], which were identified by ImClone in its supplemental answers to Interrogatory Nos. 3 and 4.  Furthermore, Repligen's request for ImClone to supplement its interrogatory responses relating to these clauses is most inappropriate since the supplemental information Repligen is seeking from ImClone is within Repligen's possession.

Lastly, Repligen baldly states that ImClone created "new deficiencies" when ImClone supplemented its interrogatory responses, but failed to specify any particular new deficiency.

---

[2] Because Repligen produced REP000513-REP000531 as Restricted Confidential pursuant to the Stipulated Protective Order, ImClone is refraining from appending these papers as an exhibit hereto to avoid burdening this Court with a request for filing this opposition under seal.

There is no support for such a statement. All of Repligen's complaints are directed to language from ImClone's interrogatory responses before they were supplemented.

ImClone's interrogatory answers are complete, and ImClone reserves the right to supplement its interrogatory answers as permitted by the Federal Rules.

## CONCLUSION

For all of the reasons set forth above, ImClone respectfully requests that Plaintiffs' Second Motion to Compel be denied in its entirety.

Dated: April 22, 2005

Respectfully submitted,

IMCLONE SYSTEMS, INC.

By its Attorneys,

/s/ Jeremy P. Oczek
Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Paul M. Richter, Jr.
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY  10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

**Certificate Of Service**

    I hereby certify that on April 22, 2005, a true and correct copy of the foregoing document was served on counsel for Plaintiffs by use of the Court's ECF system.

                                        /s/ Jeremy P. Oczek
                                        Jeremy P. Oczek