# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

     Plaintiffs,

  v.

IMCLONE SYSTEMS INC.,

     Defendant.

Civil Action No. 04-10884-RGS

## IMCLONE SYSTEMS INC.'S
## FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

   Pursuant to Fed. R. Civ. P. 34, Defendant ImClone Systems Incorporated ("ImClone")

hereby requests that Plaintiffs Massachusetts Institute of Technology ("MIT") and Repligen

Corporation ("Repligen") produce and permit ImClone to inspect and copy each of the

documents and things within the categories listed below. The documents and things requested

herein are to be produced at the offices of Kenyon & Kenyon, One Broadway, New York, NY

10004, or at such other place as counsel may agree upon, within thirty (30) days of service

hereof.

   The Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.5 of

the United States District Court for the District of Massachusetts are incorporated herein.

Additionally, the following definitions and instructions apply:

## DEFINITIONS

1.      "MIT" means and refers to Massachusetts Institute of Technology, its officers, directors, trustees, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary.

2.      "Repligen" means and refers to Repligen Corporation, its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest including, but not limited to, Damon Biotech, Inc. and Abbott Laboratories, any successor, and any division or subsidiary thereof.

3.      "Damon" means and refers to Damon Biotech, Inc., its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary.

4.      "Abbott" means and refers to Abbot Laboratories, its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary.

5.      "NIH" means and refers to the U.S. National Institutes of Health.

6.      "NCI" means and refers to the National Cancer Institute, a federal agency within the NIH.

7.      The term "the '281 patent" means and refers to U.S. Patent No. 4,663,281, and any and all related patents and any and all related patent applications.

8.      The terms "related patent" and "related patent application" mean and refer to any parent patent or parent patent application and any continuation, continuation-in-part, divisional, reissue, or reexamination of the identified patent and any foreign counterpart patent or foreign

counterpart patent application that discloses or claims all or part of the subject matter disclosed or claimed in the identified patent.

9.     The term "date" means and refers to the exact day, month and year, if ascertainable; if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations or matters.

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11.     The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request for production all information, documents, or things that might otherwise be construed to be outside of its scope.

12.     The use of the singular form of any word includes the plural and vice versa.

13.     Unless otherwise specified, the request for production covers all time periods.

14.     "Including" means and refers to "including, but not limited to."

## INSTRUCTIONS

A.     In answering these requests for production, Plaintiffs shall abide by the local rules of the United States District Court for the District of Massachusetts, including Rules 26.5 and 34.1.

B.     Pursuant to Rule 34(b), you shall serve a written response of Defendant's counsel within thirty days after service of these requests.

C.     Pursuant to Rule 34(b), you shall produce documents as they are kept in the usual course of business or to organize and label the documents to correspond with the categories in these requests.

D.    Pursuant to Rule 26(e), these requests are continuing and you must amend and supplement your production and your responses under the circumstances stated in Rule 26. In the event that Plaintiffs become aware of additional information responsive to these requests after the date of production specified herein above, Plaintiffs shall furnish such information to ImClone's attorney of record.

E.    Electronic and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rending the material intelligible. Where a document may be sensed or copied by a computing device, such as a computer, text processor, word processor, or any similar device, you shall produce a machine-readable copy in a form that is readable by a similar computing device. You shall produce the contents of floppy disks, hard disks, optical disks, magnetic tapes, read-only memories, computer networks, and other memory devices of all types.

F.    Each document and thing produced in response to these requests shall be produced along with any and all attachments and enclosures as have ever been attached to or enclosed with the document or thing at any time.

G.    If you cannot produce any of these documents in full, produce them to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief that you have concerning the unproduced portion.

H.    If you cannot produce all of the requested documents, describe in detail every reason for any failure or inability to produce each of those requested documents.

I.    If you cannot locate documents or things response to these requests, state in detail the particulars of the efforts that you made to locate such documents or things and the reasons for

their disappearance or unavailability. If such documents or things exist but are unavailable to you, state to the best of your knowledge where the documents or things are located, including the name, address, and telephone number of the custodian.

      J.      If any responsive document was at one time in your possession, custody, or control, but is now lost, discarded, destroyed, or is otherwise no longer in your possession, custody, or control for any other reason, them, with respect to each and every such document: (1) describe the nature of the document; (2) state the date of the document; (3) identify the Person(s) who sent and received the original or any copy of the document, specifying its author, addressee, and all Persons to whom copies were furnished, or who saw the same; (4) state in as much detail as possible the subject matter and contents of the document; (5) state when the document was in the possession, custody, or control of responding party; (6) state the last known location of the disposed document and the last known location of any alternative copies of any lost, discarded, or destroyed document; (7) state the identity and location of other documents from which information contained in the discarded or otherwise disposed of document may be obtained; (8) state the date or approximate time of the disposition, loss, destruction, or discarding; (9) state the manner and date of the disposition of the document; (10) state the reason for the disposition, loss, destruction, or discarding; (9) state the reason for the disposition, loss, destruction, or discarding; and (11) state the identity of all Persons who are likely to be responsible therefor.

      K.      If any document covered by these requests is withheld by reason of a claimed privilege, a privilege log is to be furnished at the time that documents are produced, identifying any such document for which the privilege is claimed, together with the following information with respect to any document withheld: author(s); recipient(s); sender(s); indicated or blind

copies; date; type of document (e.g., letter, memorandum); general subject matter; and the basis or bases on which the privilege is claimed.

L.      If you assert any attorney-client privilege for any document or thing, specifically identify the attorney, the client, the nature of the confidential communication, all Persons who received copies of the document, and the date of the document in addition to the information requested above.

M.      If you assert an attorney work product claim for any document or thing, then, in addition to the information requested above, identify the Person or attorney who prepared the work product, each Person who received a copy, when the work was prepared, the date of the document, and the litigation for which the work product was prepared.

N.      These requests are specifically intended to include any and all documents and things in the possession, custody, or control of Plaintiffs or in the possession, custody, or control of any of Plaintiffs; attorneys, accountants, bankers, employees, agents, subsidiaries, affiliates, and representatives (including the personal files of all the aforementioned), wherever such documents are located, both within and outside the United States

O.      If any draft, copy, version, or reproduction of any document responsive to any of the following requests contains revisions, and written notes, marks or notations in any form, or has been revised to include any postscript, notation, change, amendment or addendum not appearing on said document itself as originally written, typed or otherwise prepared, each such draft, copy or reproduction shall be produced separately including but not limited to any notes pages contained with or within any presentation document such as Microsoft® PowerPoint® presentation document.

P.      These requests are submitted for the purpose of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these requests or as an admission of the relevance or materiality at trial of any of the maters covered by these requests.

Q.      If no documents are responsive to a particular request, you are to state that no responsive documents exist.

R.      Objection to production of a document is not grounds for refusing to produce other documents called for by the request, the production of which is not objected.  If Plaintiffs object to the production of one or more documents, Plaintiffs shall identify in detail the document(s) whose production is objected to, state the legal grounds for the objection, and produce all other documents for which no objection is made.

## REQUESTS

1.      All contracts and agreements between Damon, MIT, or Repligen and NCI.

2.      All contracts and agreements between Damon, MIT, or Repligen and NCI concerning or relating to the '281 patent technology.

3.      All contracts and agreements between Damon, MIT, or Repligen and NIH.

4.      All contracts and agreements between Damon, MIT, or Repligen and NIH concerning or relating to the '281 patent technology.

5.      All contracts and agreements between Damon, MIT, or Repligen and any federal agency concerning or relating to the '281 patent technology.

6.      All contracts and agreements between Abbott and NCI, NIH, or any other federal agency concerning or relating to the '281 patent technology.

7.    All documents and things concerning or relating to any and all contracts of REQUEST

NOS. 1-6 above, including

(a)    all documents and things concerning or relating to NCI Contract N01-CM-67873,

including but not limited to (1) NCI's Request for Proposal solicitation, (2)

Damon's Proposal, and (3) NCI's Award/Contract, and any and all appendices,

attachments, addenda, and amendments to such documents and things;

(b)    all documents and things concerning or relating to NCI Contract N01-CM-87253-

01, including but not limited to (1) NCI's Request for Proposal solicitation, (2)

Damon's Proposal, and (3) NCI's Award/Contract, and any and all appendices,

attachments, addenda, and amendments to such documents and things; and

(c)    all documents and things concerning or relating to NCI Contract N01-CM-57251

N, including but not limited to (1) NCI's Request for Proposal solicitation, (2)

Repligen's Proposal, and (3) NCI's Award/Contract, and any and all appendices,

attachments, addenda, and amendments to such documents and things.

8.    Any and all licenses between Damon, Abbott, Repligen, and MIT concerning or relating

to the '281 patent technology.

9.    Any and all licenses between Damon, Abbott, Repligen, MIT, and third parties

concerning or relating to the '281 patent technology.

10.    All documents and things concerning or relating to Damon's, Abbott's, MIT's, or

Repligen's efforts to license the '281 patent technology.

11.    All documents and things concerning or relating to Immunomedics and the '281 patent

technology.

12.    All documents and things concerning or relating to Damon's, Abbott's, MIT's, or

       Repligen's efforts to enforce the '281 patent.

13.    All documents and things concerning or relating to correspondence and communications

       between Damon, Abbott, MIT, Repligen, and ImClone concerning or relating to the '281

       patent technology, Erbitux®, or C225.

14.    All documents and things concerning or relating to NIH Grant No. NIH-5-R01-AI17879-

       02 to MIT.

15.    All documents and things concerning or relating to the performance of NCI's Contract

       N01-CM-87253-01 by Damon for NCI, including

       (a)    research and development of murine-human chimeric antibody 225 and the cell

              line for producing the murine-human chimeric antibody 225;

       (b)    delivery of the murine-human chimeric antibody 225 and the cell line for

              producing the murine-human chimeric antibody 225  to NCI; and

       (c)    receipt of payment from NCI for performance of Contract N01-CM-87253-01.

16.    All documents and things concerning or relating to the '281 patent, including

       (a)    any and all documents concerning or relating to the conception, reduction to

              practice, and disclosure of the subject matter claimed in the '281 patent;

       (b)    the complete prosecution file history of the '281 patent, including Plaintiff's

              efforts to seek a patent term extension of the '281 patent;

       (c)    all agreements between the named inventors of the '281 patent and Plaintiffs;

       (d)    all agreements among Plaintiffs; and

       (e)    all prior art references and publications concerning or relating to the '281 patent

              technology.

17.   Any and all results of all prior art searches concerning or relating to the '281 patent.

18.   All SEC filings and other publicly available statements by Plaintiffs, Damon, and Abbott

concerning or relating to the '281 patent, ImClone, Erbitux®, or C225.

IMCLONE SYSTEMS, INC.
By its Attorneys,

Dated: August 25, 2004

Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

Richard L. DeLucia (pro hac vice)
George E. Badenoch (pro hac vice)
Michael D. Loughnane (pro hac vice)
Anthony Giaccio (pro hac vice)
KENYON & KENYON
One Broadway
New York, NY  10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.

## Certificate of Service

I hereby certify that on August 25, 2004, a true and correct copy of the foregoing
document was served upon opposing counsel by hand.

Jeremy P. Oczek