# EXHIBIT 3




**Anthony Giaccio**
Direct 212.908.6419
Agiaccio@kenyon.com

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

November 16, 2004

**VIA FACSIMILE**
Michael J. Kane, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

**Re: MIT and REPLIGEN Corp. v. ImClone Systems, Inc.**

Dear Mr. Kane:

The following responds to your topics listed in your letter of November 5, 2004.

ImClone repeats and incorporates by reference each and every general objection raised in response to each and every interrogatory and discovery request, where applicable, as if they have been expressly set forth with regard to the topics discussed below. ImClone reserves its right to supplement all of its interrogatory responses and responses to document requests, and objections thereto, and its production of documents and things, in accordance with the Federal Rules of Civil Procedure.

Plaintiffs' Interrogatories

Topic 1. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 1, as if expressly set forth herein. ImClone further objects to the characterization that "ImClone has not answered Interrogatory No. 1" when ImClone did respond to Interrogatory No. 1. Subject to, and without waiver of, its objections, ImClone will supplement its response to Interrogatory No. 1 by Monday, November 22, 2004.

Topic 2. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 2, as if expressly set forth herein. Subject to, and without waiver of, its objections, at present ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 2 in accordance with the Federal Rules of Civil Procedure.

Topic 3. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 3, as if expressly set forth herein. ImClone further objects to Plaintiff's request for a confirmation that "ImClone does not intend to rely on any documents" and "relies only on the communications between Mr. Witt and ImClone in August and September 1997" when ImClone never made either representation in its response. Subject to, and without waiver of, its objections, ImClone has already produced documents that it intends to rely upon to support its contention that Plaintiffs' claims are barred by the doctrine of laches and



may rely on other documents and testimony as uncovered in discovery. At present, ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 3 in accordance with the Federal Rules of Civil Procedure.

Topic 4. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 4, as if expressly set forth herein. ImClone further objects to Plaintiff's request for a confirmation that "ImClone does not intend to rely on any documents" and "relies only on the communications between Mr. Witt and ImClone in August and September 1997" when ImClone never made either representation in its response. Subject to, and without waiver of, its objections, ImClone has already produced documents that it intends to rely upon to support its contention that Plaintiffs' claims are barred by the doctrine of estoppel including equitable estoppel and may rely on other documents and testimony as uncovered in the possession of Plaintiffs or third parties in discovery (see, e.g. Complaint, paragraphs 21-24 and 27-28 and Amended Answer, paragraphs 21-24 and 27-28). At present ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 4 in accordance with the Federal Rules of Civil Procedure.

Topic 5. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 5, as if expressly set forth herein. ImClone further objects to Plaintiff's request for a confirmation that "ImClone is relies [sic] only on the NCI/Damon contract" with respect to its contention that Plaintiffs' claims are barred by the doctrine of patent exhaustion when ImClone never made such a representation in its response. Subject to, and without waiver of, its objections, ImClone has already produced documents that it intends to rely upon to support its contention that Plaintiffs' claims are barred by the doctrine of patent exhaustion and may rely on other documents and testimony as uncovered in the possession of Plaintiffs or third parties in discovery. At present ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 5 in accordance with the Federal Rules of Civil Procedure.

Topic 6. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 6, as if expressly set forth herein. ImClone further objects to Plaintiff's request for a confirmation that "ImClone relies only on the NCI/Damon contract" with respect to its contention that Plaintiffs' claims are barred by the doctrine of implied license when ImClone never made such a representation in its response. Subject to, and without waiver of, its objections, ImClone has already produced documents that it intends to rely upon to support its contention that Plaintiffs' claims are barred by the doctrine of patent exhaustion and may rely on other documents and testimony as uncovered in the possession of Plaintiffs or third parties in discovery. At present ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 6 in accordance with the Federal Rules of Civil Procedure.

Topic 7. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 7, as if expressly set forth herein. ImClone further objects to Plaintiff's request for a confirmation that "ImClone does not intend to rely on any documents" and "relies only on the communications between Mr. Witt and ImClone in August and September 1997" when ImClone never made either representation in its response. Subject to, and without waiver of, its objections, ImClone has already produced documents that it intends to

rely upon to support its contention that Plaintiffs' claims are barred by equitable doctrines and may rely on other documents and testimony as uncovered in the possession of Plaintiffs or third parties in discovery (see, e.g. Complaint, paragraphs 21-24 and 27-28 and Amended Answer, paragraphs 21-24 and 27-28). At present ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 7 in accordance with the Federal Rules of Civil Procedure.

Topic 8. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 8, as if expressly set forth herein. At present, ImClone has no supplement but as discovery proceeds ImClone will supplement its response to Interrogatory No. 8 in accordance with the Federal Rules of Civil Procedure.

Topic 9. ImClone repeats and incorporates by reference each and every objection raised in response to Interrogatory No. 9, as if expressly set forth herein. ImClone further objects to the characterization that "ImClone has not answered Interrogatory No. 9" when ImClone did respond to Interrogatory No. 9. Subject to, and without waiver of, its objections, ImClone will supplement its response to Interrogatory No. 9 by Monday, November 22, 2004.

Plaintiffs' Requests for Documents and Things

Topics 1, 2, and 3. With respect to each and every topic identified in your November 5, 2004 letter, ImClone repeats and incorporates by reference each and every objection raised in response to each and every discovery request, where applicable, as if they have been expressly set forth herein. Subject to, and without waiver of, its objections, ImClone confirms that it is making its best efforts to locate and produce non-privileged documents responsive to Plaintiffs' requests, to the extent such documents exist, and is not withholding production of any such documents. Further, ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure. As we have recently located a small number of responsive documents, we will producing them by Friday, November 19, 2004 as specified below.

Topic 4. ImClone plans to provide you with a privilege log tomorrow.

Topic 5. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 11, as if expressly set forth herein. ImClone further objects to Plaintiffs' request for a confirmation that ImClone "is not relying on any opinions of counsel for any defense in this litigation" when ImClone never made such a representation in its response. Subject to, and without waiver of, its objections, ImClone plans to produce a privilege log tomorrow.

Topic 6. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production Nos. 24 and 26, as if expressly set forth herein. Subject to, and without waiver of, its objections, we have located this report and will produce this document by Friday, November 19, 2004.

Topic 7. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 34, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced documents responsive to this



request. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 8. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 30, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced documents concerning communications between ImClone and any person concerning how ImClone obtained the C225 cell line and ImClone's use of the C225 cell line. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 9. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 34, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to this request. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 10. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 39, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to this request concerning the C225 cell line. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 11. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 40, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to this request concerning the C225 cell line. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 12. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production Nos. 41, 42, and 45, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to these requests concerning the C225 cell line. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 13. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production Nos. 43, 44, and 46, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to these requests concerning the C225 cell line. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 14. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 50, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents



responsive to this request. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 15. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 52, as if expressly set forth herein. We do not understand the relevance of this request to this case. Please explain the relevance of this request and we will consider your request further.

Topic 16. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production Nos. 58, 59, 60, 61, and 62, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to these requests prior to the expiration date of the patent in suit. ImClone plans to produce a small number of additional documents by Friday, November 19, 2004. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 17. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 63, as if expressly set forth herein. We do not understand the relevance of this request to this case. Please explain the relevance of this request and we will consider your request further.

Topic 18. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 65, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to this request prior to the expiration date of the patent in suit. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

Topic 19. ImClone repeats and incorporates by reference each and every objection raised in response to Request for Production No. 68, as if expressly set forth herein. Subject to, and without waiver of, its objections, ImClone has already produced non-privileged documents responsive to this request pertaining to rights to sell Erbitux in the U.S. ImClone reserves its right to supplement its production of documents and things in accordance with the Federal Rules of Civil Procedure.

ImClone's Interrogatories

Plaintiffs unilaterally ignored the deadline to respond to ImClone's First Set of Interrogatories, served by hand on August 26, 2004, containing five (5) interrogatories. We agreed to give you an extension of time of twenty-four (24) days, from September 27, 2004 to October 21, 2004, which equaled the number of days that you gave us to respond to your discovery requests. Instead, as of today, Plaintiffs have still not provided ImClone with Plaintiffs' Responses to ImClone's First Set of Interrogatories , which was twenty-six (26) days after the agreed on deadline and fifty-two (52) days after the date the responses were due. As such, Plaintiffs' have waived all objections to ImClone's First Set of Interrogatories pursuant to Local Rule 33.1 (c)(1).



ImClone's Requests for Documents and Things

Plaintiffs unilaterally ignored the deadline to respond to ImClone's First Set of Requests for Documents, served by hand on August 25, 2004, containing eighteen (18) requests for documents. We agreed to give you an extension of time of twenty-four (24) days (from September 24, 2004 to October 18, 2004), which equaled the number of days that you gave us to respond to your discovery requests. Instead, Plaintiffs provided ImClone with Plaintiffs' Responses to ImClone's First Set of Requests for Documents on November 8, 2004, which was twenty-one (21) days after the agreed on deadline and forty-five (45) days after the date the responses were due. As such, Plaintiffs' have waived all objections to ImClone's First Set of Requests for Production of Documents and Things pursuant to Local Rule 34.1(c)(1).

The production received from Plaintiffs, 1332 pages from MIT and 2257 pages from Repligen, is seriously deficient and long overdue. We acknowledge receipt of a second collection of documents that you produced yesterday, November 15, 2004, i.e., 37 pages from MIT and 1103 pages from Repligen.

1. At twelve (12) locations in the productions, Plaintiffs have inserted sheets indicating "Intentionally Left Blank." Please confirm whether you are withholding documents responsive to our requests.

2. You have had ImClone's First Request for Documents and Things since August 25, 2004 and ImClone's Second Request for Documents and Things since October 8, 2004 and produced a limited number of documents, i.e., 3589 pages of documents on October 15, 2004. Yet on November 8, 2004, you repeatedly stated: "Plaintiffs respond that they are searching for and will produce" responsive documents. Other than the 1140 pages of documents that we received yesterday, when do you expect to produce the remainder of the responsive documents?

At our discovery conference, we would like your responses our concerns about the deficiencies in Plaintiffs' production in response to ImClone's First Request for Production of Documents and Things.

**Doc. Req. No. 1.** How many contracts and agreements exist between Damon, MIT, Repligen and NCI? When will responsive documents be produced?

**Doc. Req. No. 2.** How many contracts and agreements exist between Damon, MIT, Repligen and NCI concerning or relating to the '281 patent technology? When will responsive documents be produced? You have produced only one contract between Damon and NCI, specifically REP000360-REP000380, which you allege concerns or relates to the '281 patent technology. Except for Section K, does REP000360-REP000380 represent the entirety of the contract N01-CM-87253-01, including any appendices, attachments, addenda, and amendments? What is your justification for redacting portions of REP000361 and REP000362?

**Doc. Req. No. 3.** How many contracts and agreements exist between Damon, MIT, Repligen and NIH? When will responsive documents be produced?



**Doc. Req. No. 4.** How many contracts and agreements exist between Damon, MIT, Repligen and NIH concerning or relating to the '281 patent technology? When will responsive documents be produced?

**Doc. Req. No. 5.** How many contracts and agreements exist between Damon, MIT, Repligen and any federal agency concerning or relating to the '281 patent technology? When will responsive documents be produced?

**Doc. Req. No. 6.** How many contracts and agreements exist between Abbott and NCI, NIH, and any other federal agency concerning or relating to the '281 patent technology? When will responsive documents be produced?

**Doc. Req. No. 7.** According to public records, Damon had at least three contracts with NCI, NCI Contract NO1-CM-67873, NCI Contract NO1-CM-87253-01, and NCI Contract NO1-CM-57251. These contracts may be relevant to ImClone's defense of patent exhaustion. The information contained in these contracts relates to Damon's failure to reserve any alleged patent rights when contracting with federal agencies.

**Doc. Req. No. 8.** Plaintiffs have produced some, but clearly not all of the licenses between Damon, Abbott, Repligen, and MIT concerning or relating to the '281 patent technology. In fact, Plaintiffs have not even produced sufficient documentation to demonstrate that Repligen has any rights to license or sublicense the '281 patent to any third party. Have Plaintiffs produced all appendices, attachments, addenda, and amendments to the Damon-MIT agreement? Where is the Damon-Abbott or Abbott-MIT agreement? Between Abbott and Repligen, a Technology License Agreement has been produced (REP000200-REP000209), which does not purport to transfer any rights to the '281 patent. Please produce Exhibits B and C to the Technology License Agreement, which are mentioned on REP000201 and REP000202 but which have not been produced. Please produce the Asset Purchase Agreement, which is mentioned on REP000200 but which has not been produced.

**Doc. Req. No. 9.** Plaintiffs have not produced any licenses between Damon, Abbott, Repligen, MIT and third parties. Please confirm that Damon, Abbott, Repligen, nor MIT have licensed the '281 patent to third parties, or produce such licenses.

**Doc. Req. No. 10.** Although Plaintiffs' document production includes numerous letters evidencing an effort to license the '281 patent to third parties, you have not produced any documents indicating any response to such efforts. Please produce all documents received from third parties in response to the efforts to license the '281 patent technology, or confirm that no third party ever responded to such efforts.

**Doc. Req. No. 11.** Some of the documents appear to indicate that a license with Immunomedics and Smith Klein Beecham may have been contemplated, but no documents have been produced confirming that the '281 patent was ever licensed to any third party, including Immunomedics or Smith Klein Beecham. Please produce any license of the '281 patent with Immunomedics, or Smith Klein Beecham, or confirm that these third parties never took a license of the '281 patent.



**Doc. Req. No. 12.** Plaintiffs have not produced any documents that would even suggest that Damon, Abbott, Repligen, or MIT ever made any effort to enforce the '281 patent against any entity other than ImClone. Please confirm that Damon, Abbott, Repligen, and MIT never made any effort to enforce the '281 patent other than in this litigation, or produce such documentation.

**Doc. Req. No. 13.** Plaintiffs have only produced two letters from Repligen to ImClone, and what appears to be handwritten notes of a telephone conversation with ImClone employees, concerning or relating to the '281 patent technology, Erbitux, or C225 antibody or cell line. Please confirm that Damon, Abbott, Repligen, and MIT made no other correspondence or communications with ImClone concerning or relating to the '281 patent technology, or produce such documentation.

**Doc. Req. No. 14.** Plaintiffs rely in their Complaint (paragraph 19) that "NIH funded the research that led to the '281 patent", yet Plaintiffs have not produced any documents concerning or relating to NIH Grant No. NIH-5-R01-AI17879-02 to MIT, which is identified in the '281 patent at col. 1, line 8. When will responsive documents be produced?

**Doc. Req. No. 15.** Please confirm that the NCI Contract NO1-CM-87253-01 between Damon and NCI is the Master Agreement Order mentioned in the Complaint at paragraph 16. If so, Plaintiffs claim that Dr. Gillies created the C225 antibody and C225 cell line that he delivered on Damon's behalf to NCI pursuant to the contract and in consideration for payment of $151,400. Yesterday, Plaintiffs produced some lab notebooks, which we have not yet had the opportunity to substantively review. However, it is clear from the identification of the lab notebooks that missing from the production, among other things, are lab notebooks between May 10, 1989 and March 24, 1991 of Dr. Gillies during the period of performance of this contract, and lab notebooks of others working under Dr. Gillies' supervision, relating to the research and development effort "to genetically engineer the antibody, known as 'C225', and create a cell line that overexpressed C225" as alleged in the Complaint at paragraph 17. When will responsive documents be produced? We further note that your response to Doc. Req. No. 15 does not indicate that you are either searching for or will produce non-privileged, responsive information that relates to the receipt of payment from NCI for performance of Contract NO1-CM-87253-01. Please confirm that you will search for and produce such documents, and when such responsive documents will be produced?

**Doc. Req. No. 16.** Plaintiffs have not produced any documents concerning or relating to the conception, reduction to practice, and disclosure of the subject matter claimed in the '281 patent, nor any agreements between the named inventors of the '281 patent and Plaintiffs, nor all agreements among Plaintiffs. The earliest lab notebook of Dr. Gillies produced yesterday began three months after the filing date of the '281 patent. No lab notebooks were produced from Dr. Tonegawa. When will responsive documents be produced? We further note that your response to Doc. Req. No. 16 does not indicate that you are either searching for or will produce non-privileged, responsive information that relates to all agreements among Plaintiffs. Please confirm that you will search for and produce such documents, and when such responsive documents will be produced?



**Doc. Req. No. 17.** Plaintiffs have not produced any prior art searches concerning or relating to the '281 patent. When will responsive documents be produced?

**Doc. Req. No. 18.** Plaintiffs have not produced any SEC filings or other publicly available statements made by Plaintiffs, Damon, and Abbott concerning or relating to the '281 patent, ImClone, Erbitux, C225 antibody, or C225 cell line.

Our concerns about the deficiencies in Plaintiffs production of documents in response to ImClone's Second Request for Production of Documents and Things will follow in a separate letter.

Very truly yours,

Anthony Giaccio

cc: Mark W. Batten (Proskauer Rose)