# EXHIBIT 4

**KENYON & KENYON**

Intellectual Property Law

Anthony Giaccio
Direct 212.908.6419
Agiaccio@kenyon.com

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

November 18, 2004

**VIA FACSIMILE**
Michael J. Kane, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

<u>**Re: MIT and REPLIGEN Corp. v. ImClone Systems, Inc.**</u>

Dear Mike:

Further to our conference call yesterday, ImClone plans to produce a small in number of documents Friday, November 19, 2004, and provide you with supplemental responses to Plaintiffs' Interrogatory Nos. 1 and 9 on Monday, November 22, 2004. We look forward to receiving additional documents from you early next week.

Thank you for informing us that pages produced indicating "Intentionally Left Blank" represent gaps in bates numbering, and do not represent any redaction or withholding of documents responsive to our requests.

<u>ImClone's Doc. Req. Nos. 1-8.</u>

Regarding Doc. Req. Nos. 1-8, you stated that a number of contracts and agreements exist between Damon, MIT, Abbott, or Repligen and federal agencies, including NCI and NIH, but that they have not been produced in response to our requests because only the NCI Contract N01-CM-87253-01 involved the delivery of a cell line involving the '281 patent. We disagree with your narrow interpretation of this request. With that said, we will narrow our request to cover any agreements or contracts between Damon, Abbott, MIT, or Repligen and any government agency wherein Damon, Abbott, MIT, or Repligen reserved any patent rights. We would like to hear from you by early next week if you will produce such documents.

Regarding Doc. Req. No. 2, you mentioned that Plaintiffs produced a non-exclusive license agreement giving Repligen the right to sublicense the '281 patent. However, we do not see this document in the production. Please provide us with the bates numbers of this agreement. If it has not been produced, please produce this agreement with the recent exclusive license agreement between MIT and Repligen involving the '281 patent, which you stated will be produced early next week.

Further, you indicated that Plaintiffs have produced everything they have regarding the NCI N01-CM-87253-01 contract, appendices, attachments, addenda, and amendments. It is therefore our understanding that Plaintiffs do not have any reason to believe that REP000360-

November 18, 2004
Page 2



REP000380 does not represent the entirety of the contract N01-CM-87253-01, except for Section K which is incorporated by reference into the agreement.

We also note your statement that the redacted portions of REP000361 and REP000362 were redacted in the documents when you located them.

Regarding Doc. Req. No. 3, you stated that you were gathering and will produce documents responsive to this request. We assume such documents will be produced early next week with the other promised documents.

Regarding Doc. Req. No. 7, we will send you further information regarding NCI Contract NO1-CM-57251.

Regarding Doc. Req. No. 8, we acknowledge your statement that you have located and will be producing responsive licenses early next week and will search for the missing agreements, including appendices, attachments, addenda, and amendments.

Doc. Req. Nos. 9-11

We acknowledge your statements that you will be producing licenses with Immunomedics and Smith Klein Beecham and that there are no other licenses to third parties of the '281 patent.

Doc. Req. No. 12

We acknowledge your statement that Damon, Abbott, Repligen, and MIT have not made any effort to enforce the '281 patent against any party other than ImClone, and therefore no such documents exist.

Doc. Req. No. 13

We acknowledge your statement that there is no other correspondence or communications with ImClone concerning or relating to the '281 patent technology.

Doc. Req. No. 14

We acknowledge your statement that you will continue to search through MIT's archives for documents concerning or relating to NIH Grant No. NIH-5-R01-AI17879-02 to MIT.

Doc. Req. No. 15

We acknowledge your statements that you will again search for and produce documents in Plaintiffs' possession responsive to Doc. Req. No. 15. In addition, we note that you do not have Dr. Gillies' lab notebooks for the period of May 10, 1989 to March 24, 1991, but are going to seek these as well as other documents from him. We look forward to receiving all such responsive documents. We also understand that your firm does not represent Dr. Gillies.

November 18, 2004
Page 3



Doc. Req. No. 16

We acknowledge your statement that you will again search for and produce documents in Plaintiffs possession responsive to Doc. Req. No. 16. In addition, we acknowledge your statement that Dr. Tonegawa has no responsive documents and that Dr. Gillies may have responsive documents, which you will produce upon receipt from Dr. Gillies.

Doc. Req. No. 17

We acknowledge your statement that Plaintiffs are not aware of any prior art searches concerning or relating to the '281 patent.

Doc. Req. No. 18

We look forward to receiving the documents that you have located concerning any SEC filings or other publicly available statements made by Plaintiffs, Damon, and Abbott concerning or relating to the '281 patent, ImClone, Erbitux, C225 antibody, or C225 cell line.

Very truly yours,

Anthony Giaccio

cc:    Mark W. Batten (Proskauer Rose)