# EXHIBIT 5

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

November 22, 2004

**Via Facsimile 212-425-5288**
Anthony Giaccio
Kenyon & Kenyon
One Broadway
New York, New York 10004-1050



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    *Repligen and MIT v. ImClone Systems, Inc.*
       USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

Dear Anthony:

Thank you for your letter of November 18, 2004 following the parties' teleconference on November 17th. This letter addresses issues raised in that letter and additional teleconference topics regarding documents that did not make it into your summary. We appeared to make progress on the document issues during the teleconference. By this letter, we hope to facilitate a timely, cooperative resolution to the outstanding document issues.

*General Document Issues:* Except for two previously discussed exceptions, we plan to produce the balance of the MIT and Repligen documents this week or by early next week. The first exception is NIH Grant No. 5-R01-AI17879-02. As we indicated last week, we are attempting to locate an archive copy of this grant. This grant is more than twenty years old. We do not know if a copy still exists. The second exception is certain additional technical notebooks. Specifically, in last week's teleconference, you asked if any additional relevant technical notebooks exist that span the time period during which Damon worked on NCI contract N01-CM-87253-01. We agreed to review additional notebooks for relevant and responsive information. If the notebooks contain such information, the non-privileged portions of those notebooks will be produced. Because the archived notebooks are offsite, it may take some time to retrieve and review the notebooks.

As we complete our document production, we take this opportunity to ask again if ImClone has completed its document production? Please let us know. If the answer is no, please indicate a date by which ImClone can complete its document production. In particular, we draw your attention to Michael Kane's letter of November 5, 2004 and ask—is ImClone withholding any responsive documents that it has not included on its privilege log? Please let us know. If the answer is yes, we ask that ImClone produce the documents immediately.

FISH & RICHARDSON P.C.,P.A.

Anthony Giaccio
November 22, 2004
Page 2

We also have questions concerning ImClone's privilege log. The ImClone privilege log does not contain any entries for redactions. Yet, it appears that significant portions of certain ImClone documents have been redacted. (*See, e.g.,* I06786-87, 6790-98.) These documents do not indicate that a redaction has occurred. Has ImClone produced any redacted documents that do not contain a "redacted" designation? Other redacted documents contain a "redacted" designation. Again, those redactions are not on ImClone's privilege log. Please produce unredacted versions of all redacted documents immediately or update ImClone's privilege log to reflect the reason for the redactions.

We also noticed that ImClone's privilege log does not include any entries related to the preparation or prosecution of the patent applications claiming priority to U.S. patent applications bearing serial numbers 08/573,289 or 08/482,982 nor have we received any documents related to this topic. These requests encompass the preparation and prosecution of International Patent Application PCT/US9609847 and European Patent Application 96 921 457. The documents related to these applications are relevant and responsive to Plaintiffs' document request number 52. The applications describe activities using Damon's proprietary vectors that Damon used to produce C225 as well as the C225 cell line. Please produce and/or log the requested documents immediately.

*Contract Document Issues:* Your letter states:

> Regarding Doc. Req. Nos. 1-8, you stated that a number of contracts and agreements exist between Damon, MIT, Abbott, or Repligen and federal agencies, including NCI and NIH, but that they have not been produced in response to our requests because only the NCI Contract N01-CM-87253-01 involved the delivery of a cell line involving the `281 patent. We disagree with your narrow interpretation of this request.  With that said, we will narrow our request to cover any agreements or contracts between Damon, Abbott, MIT, or Repligen and any government agency wherein Damon, Abbott, MIT, or Repligen reserved any patent rights.  We would like to hear from you by early next week if you will produce such documents.

From your letter, it appears that there may be some confusion regarding relevant funding agreement or contracts.  We disagree with your assessment of ImClone document request numbers 1-8 and your understanding of our position on those requests.  We do not have a narrow view of those document requests.  The document requests are overly broad and unduly burdensome because certain of ImClone's requests seek any contract— regardless of topic—between one or more of MIT, Damon, Abbott, or Repligen, and National Institutes of Health ("NIH") (including

FISH & RICHARDSON P.C.,P.A.

Anthony Giaccio
November 22, 2004
Page 3


NIH's National Cancer Institute ("NCI")).[1] Those requests are simply too broad, and
on that basis we objected to them. The reasoning is plain. NIH funds a significant
amount of biological and medical research in the United States each year. MIT
researchers receive funding from NIH and NCI, and nearly all of these research
agreements have nothing to do with the `281 patent or C225. Likewise Damon,
Abbott, or Repligen have had contracts with NIH/NCI on topics unrelated to the `281
patent and C225. Thus, nearly all of the subject matter covered by ImClone's general
"contracts and agreements" requests have absolutely no bearing on the `281 patent or
the NCI Contract that funded the C225 work.

Even so, we agreed to produce a category of documents. Perhaps you misunderstood
what we agreed to produce in this case. The touchstone of relevancy for this case is
the `281 patent and the C225 cell line made by Damon under NCI Contract N01-CM-
87253-01. As we stated before, we are searching for and will produce non-privileged,
relevant, and responsive contracts and agreements, if any exist, that relate to the `281
patent, C225, the C225 cell line, and/or this action. We stand by that assessment. If
there is an additional contract topic that you believe is relevant to a claim of defense
of any party in this case, please share it with us so that we can consider your request.

Finally, we are confused by your reference to contracts where one of the parties
"reserved any patent rights." What does that statement mean? How is it meant to be
different from what your requests already cover?

*License, Agreement Issues:* We disagree with your statements regarding ImClone's
document request No. 2 and your assertions regarding Plaintiffs' production of
license agreements generally. Plaintiffs have produced relevant license agreements
between MIT and any of Damon, Abbott Biotech, or Repligen. We have also
produced Smith Klein Beecham license agreements. We are producing today
additional agreements including the Immunomedics license agreement. We are not
withholding non-privileged, responsive, and relevant license agreements.

*Miscellaneous Issues re your November 18th Letter:* Your letter states:

> Further, you indicated that Plaintiffs have produced everything they
> have regarding the NCI N01-CM-87253-01 contract, appendices,
> attachments, addenda, and amendments. It is therefore our
> understanding that Plaintiffs do not have any reason to believe that
> REP000360-REP000380 does not represent the entirety of the contract

---

[1] This is especially true for request numbers 1 and 3. We are not looking for documents responsive to
request numbers 1 or 3 beyond having already looked for non-privileged, responsive contracts and
agreements, if any exist, that relate to the `281 patent, C225, the C225 cell line, and/or this action.

FISH & RICHARDSON P.C., P.A.

Anthony Giaccio
November 22, 2004
Page 4


N01-CM-87253-01, except for Section K which is incorporated by reference into the agreement.

This section of your letter is confusing and perhaps misleading. To be clear, Plaintiffs have produced all non-privileged, relevant, and responsive documents presently possessed by them regarding NCI contract No. N01-CM-87253-01. It does not follow, and we did not state, that the documents "represent the entirety of the contract." The contract is over fifteen years old, and the Damon Biotech assets have been sold twice since entering into that contract. Some documents may no longer exist. If additional non-privileged, relevant, and responsive documents surface, they will be produced.

As to Dr. Gillies technical notebooks and other documents, we have one technical notebook that falls within the date range of May 10, 1989-March 24, 1991. That notebook does not contain any relevant information. We are working on obtaining additional documents from Dr. Gillies. If we get non-privileged, relevant, and responsive documents, we will produce them.

As for ImClone's document request number 16, Plaintiffs have completed the search for and production of documents responsive to this request.

Finally, in our teleconference and in your November 18th letter, you promised to provide us with updated interrogatory responses (including interrogatory numbers 1 and 9) by Monday, November 22, 2004. We have not received those updated responses. Please provide complete interrogatory responses, including a claim chart for response number 1, immediately. And in providing answers to Plaintiffs' interrogatories, we take this opportunity to remind you of Massachusetts Local Rule 26.5(c)(8) that applies to interrogatories that ask ImClone to "state the basis" for its particular claims, assertions, allegations, or contentions.


Very truly yours,

Chad A. Hanson

CZH/cjs

60260106.doc