# EXHIBIT 6



**KENYON & KENYON**
Intellectual Property Law

Anthony Giaccio
Direct 212.908.6419
agiaccio@kenyon.com

One Broadway
New York, NY 10004-1050
212.425.7200
Fax 212.425.5288

December 10, 2004

**By Facsimile and Mail**

Michael J. Kane, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re: **MIT and Repligen Corp. v. ImClone Systems, Inc.**

Dear Mike:

Further to our discovery conference on December 7, 2004, we are sending the Protective Order to you via our local counsel and your Boston office. Please note that we modified paragraph 10(c) to conform it to the requirements of Local Rule 7.2(e).

Regarding your request for supplemental Interrogatory responses, we agreed to supplement our objections and responses to Interrogatories numbers 2-8 next week.

Attached to this letter please find new copies of ImClone's production, documents I06183, I06544, I06583-I06584, I06742, I06786-I06787, I06790-I06806, I06809-I06810, and I08957, wherein we identified the location of any redacted information. Please discard the prior versions of these documents. The redacted portions of the documents produced by ImClone remove highly confidential information about other ImClone projects that are completely irrelevant to any claim or defense in this litigation. Further, we have replaced Repligen's documents REP305 and REP317 with the recently produced documents containing redacted irrelevant information to this case.

As for Plaintiffs' privilege log, we are extremely concerned about the description of all the documents that Plaintiffs have listed on their respective privilege logs. The statement "relevant to patent issues" does not describe the nature of the documents, communications, or things not produced or disclosed in a manner that enables us to assess the applicability of the privilege you are asserting. The case law requires a description of the document, not simply a recitation of privilege and work product. Further, there are many entries that identify names of individuals without identifying their respective company or whether that person is an attorney. Please let us know by December 15, 2004, if you will be amending your privilege log to address



these issues and the date by which we can expect to receive an amended log.

In response to your request for the production of patent prosecution files relating to WO96/40210, we are discussing the relevance of your request with our client and will get back to you.

Regarding your request for additional sales information of Erbitux, we will check with our client about the existence of invoices and pricing documents. Further, we are in the process of confirming that Erbitux which is sold outside the United States is made outside the United States and therefore irrelevant to this lawsuit.

### ImClone's First Set of Document Requests

We believe ImClone is entitled to receive any agreements or contracts between Damon, Abbott, MIT, or Repligen and any government agency, wherein Damon, Abbott, MIT, or Repligen contracted with a government agency to supply products to the government for a fee. It is relevant to ImClone's defense of patent exhaustion whether Damon Biotech, Abbott, MIT, and Repligen ever reserved any patent rights in any of their contracts to supply the government with products. If the volume of responsive documents involving MIT is voluminous, we are prepared to inspect them.

You mentioned that Plaintiffs have located and are about to produce a copy of an exclusive license agreement between MIT and Repligen giving Repligen standing to bring this action. We received a number of documents today, which we will review for production of this and the other agreements, with attachments, exhibits, appendices, amendments, addenda, etc., including signed copies of the Merger Agreement between Abbott and Repligen, the Merger Certificate between Abbott and Repligen, and the Technology License Agreement between Abbott and Repligen. During the call we further requested, and you agreed to search for and produce, (1) the consulting agreements between Damon Biotech and Dr. Gillies; (2) the consulting agreements between Damon Biotech and Dr. Tonegawa, (3) the shareholder agreement between Damon Biotech and Dr. Tonegawa, and (4) the shareholder agreement between Damon Biotech and Dr. Gillies. We also look forward to receiving the additional lab notebooks that you have and/or are waiting to receive from Abbott and Dr. Gillies.

We acknowledge your statement that you will again search for and produce documents responsive to ImClone's First Set of Document Requests, particularly concerning or relating to documents that should still be in Repligen's and MIT's possession. For example, it is surprising that (1) neither Dr. Tonegawa, who you previously said was still at MIT, nor Dr. Gillies, who we understand is represented by Nixon Peabody, have any documents concerning or relating to the conception, reduction to practice, and disclosure of the subject matter of the '281 patent; (2) MIT has no records of the conception, reduction to practice, and disclosure of the subject matter of the '281 patent, nor internal communications or correspondence with outside patent counsel relating to the prosecution of the patent in suit; and (3) MIT has no records of any agreements with Dr. Tonegawa or Dr. Gillies obligating them to assign their respective patent rights to MIT,

Michael J. Kane, Esq.
December 10, 2004
~~Page 3~~



particularly since Dr. Tonegawa is presently at MIT. We repeat our requests made during our conference call for these documents.

Since you have not produced any prior art searches concerning or relating to the '281 patent, we assume that none exist. Please let us know as soon as possible if you are withholding any such searches or if you scheduled them on a privilege log.

ImClone's Interrogatory No. 4

We find your refusal to provide any substantive response to ImClone's Interrogatory No. 4 unacceptable. We asked you to "[i]dentify all products, including but not limited to all vectors, cell lines, and antibodies, made, used, or sold by Damon, Abbott, MIT, Repligen, or any third party on behalf of Damon, Abbott, MIT, or Repligen, concerning or relating to the '281 patent technology." At this time, we feel we have met our obligation to meet and confer on this issue.

Your "objection" to the terms "products" and "the '281 patent technology" as vague and ambiguous is without merit and certainly does not provide any basis to provide no substantive answer. "Products" and "technology" are clear terms. The request even specifies products as including but not limited to "all vectors, cell lines, and antibodies." The '281 patent is the patent-in-suit and the '281 patent technology is the technology disclosed in the '281 patent. Furthermore, you have not presented any basis for refusing to substantively answer this interrogatory under Fed. R. Civ. P. 33(b)(1) to the extent that you understand the meaning of the terms "products" and "technology."

In addition, your statement that this interrogatory is "overly broad and unduly burdensome insofar as it requests 'all products' and 'all vectors, cell lines, and antibodies'" completely ignores the qualifying language "concerning or relating to the '281 patent technology." Again, you have presented no basis for your refusal to provide a substantive answer to this interrogatory or to provide a substantive answer under Fed. R. Civ. P. 33(b)(1) to the extent that your answer is not unduly burdensome.

In an effort to resolve this matter, we request that you identify all products (including but not limited to all vectors, cell lines, and antibodies) made or used by or on behalf of Damon, Abbott, MIT, or Repligen for any third party, or offered for sale or sold by or on behalf of Damon, Abbott, MIT and Repligen, concerning or relating to the '281 patent technology. Please let us know by December 15, 2004 if you are prepared to provide us with such information and, if so, the date by which we can expect your response.

ImClone's Second Set of Document Requests

On November 11, 2004, we received Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Documents and Things. In response to Doc. Req. Nos. 19, 21-56, and 58-77, Plaintiffs indicated that Plaintiffs "are searching for and will produce" or "will produce" responsive documents. Since we have not received documents responsive to these requests, we appreciate your revisiting each of them and either producing or scheduling

Michael J. Kane, Esq.
December 10, 2004
~~Page 4~~



responsive documents, or advising us that no such documents exist.

    In addition, we look forward to receiving responsive documents used to prepare Plaintiffs' Complaint as well as those identified in Plaintiffs' Rule 26 Disclosures (including research and development documents and damages documents) and Infringement Disclosure.

Very truly yours,

Anthony Giaccio

Enclosures (by mail)

cc:    Mark W. Batten (Proskauer Rose)