# EXHIBIT 8



**KENYON**
**&**
**KENYON**
e l l e c t u a l   P r o p e r t y   L a w

Anthony Giaccio
Direct 212.908.6419
agiaccio@kenyon.com

One Broadway
New York, NY  10004-1050
212.425.7200
Fax 212.425.5288

February 25, 2004

**By Facsimile**

Michael J. Kane, Esq.
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

Re:    **RepliGen and MIT v. ImClone Systems, Inc.**
       **USDC-D. Mass. (Boston) – Civil Action No. 04-108884-RGS**

Dear Michael

        We write to confirm our agreement with you to hold a discovery conference by telephone on Tuesday, March 1st, 2005, at 11:00 am our time.

        We wish to discuss with you at that time our ongoing concerns with your document production and responses to other discovery requests in this case. As you know, we have sent you numerous letters in the past detailing those concerns, but you failed to adequately respond to any of those letters. For example, you did not provide an adequate response to any of  our letters to you of December 10th, and February 3rd, 4th, 9th, and 11th outlining such concerns.

        Listed below, in advance of our discovery conference on Tuesday, are major concerns from the above letters that went unanswered by you. We hope that you will have answers for us on Tuesday, so that we can resolve these issues amicably. If not, we will seek appropriate relief from the Court through a motion to compel.

Outstanding Discovery Issues

1)  The 2004 License Agreement between RepliGen and MIT dated May 4th, 2005 (REP001405-001425) produced to us was heavily redacted. Please produce an un-redacted copy of this document immediately.

2)  There are serious problems concerning the Plaintiffs' production of lab notebooks:

    a)  To begin with, the lab note-books that have already been produced to us are barely legible since the print appears to have been reduced during copying. Please produce



legible lab notebooks to us with full-size print. See Bates Nos: REP002377, REP002259, REP002320, REP002434, REP002556, REP002614, REP002673, REP002750, REP002824, REP003365, REP003187, REP003074, REP003426, REP002939, REP003492, and all of REP005575 through REP010779.

b) To date, no lab notebooks have been produced relating to the conception and reduction to practice of the alleged invention of the '281 patent. The only lab notebooks that have been produced have come from Damon or Abbott, years after the patent issued. Please confirm that neither MIT nor the inventors have any lab notebooks.

3) Please confirm that the Plaintiffs have conducted searches of their computerized records including searches of their e-mail archives and electronic document databases for responsive documents. If this has not been done, please inform us as to when we can expect these documents.

4) Please confirm that the Plaintiffs have produced all documents currently in plaintiffs' possession related to the contract between Damon and NCI under which the M225 antibody was chimerized and the C225 cell line was created. If not, when may we expect to receive these documents?

5) Please advise us as to the status of your search for NIH Grant NIH-5-R01-AI17879-02, the original grant from NIH to MIT under which the technology underlying the '281 patent was developed. This document is referenced in a letter from MIT to NIH, dated 10/16/84, Bates No. MIT000902.

6) Please produce for inspection all contracts between MIT or Damon and NCI or NIH in which MIT or Damon made a reservation of intellectual property rights. We discussed this with you in our conference call of December 7th and you agreed to look into this request. We also requested that you do this again in our letter of December 10th. You have not responded thus far to these requests.

7) Please provide us with a proper response to Interrogatory #4. We asked for this in our letter of December 10th and you have not yet replied. When may we expect to receive your response to Interrogatory #4?

8) Please confirm whether or not RepliGen uses the '281 patent technology in the production of any of its products Protein A or Secretin. We discussed this with you in our conference call of December 7th and you agreed to look into this for us. We also requested that you do this again in our letter of December 10th. When may we expect to receive a response to this inquiry? If RepliGen does use the '281 patent technology in the production of it's products, please also send us all documents related to the "enhancement" of production as a result of using the '281 patent technology.



9) MIT has not produced any agreements or contracts that it has had or currently has with Susumu Tonegawa and Steven Gillies (see ImClone's First Set of Requests for Documents and Things). We requested that you do this in our letter of December 10th but you never did. When can we expect to receive these documents?

10) In our letter of December 10th, we also pointed out that many of the documents concerning to the prosecution of the '281 patent are still missing (see ImClone's Second Set of Requests for Document Things, Requests 40-42.) Please produce these documents immediately.

1) Please advise if RepliGen has received any further notice from the USPTO regarding their patent term extension application for the '281 patent.

12) In our letter of February 9th, we also asked that you confirm whether or not the Federal government has responded to your request for information under the Freedom of Information Act. If so, please produce these documents immediately. If not, please advise us as to when you expect a response.

13) Neither of the Plaintiffs has produced documents responsive to Requests 24 through 31 and 46 of ImClone's Second Set of Requests for Documents and Things. Specifically, we ask that you produce all documents related to the '533, '653, '578, and '682 patents, including any and all contracts or agreements related to these patents. When can we expect to receive these documents?

14) Please provide all documents reflecting the date the Plaintiffs first became aware of ImClone's possession of the C225 cell line and/or the date that the plaintiffs had reason to believe the ImClone was possibly infringing the '281 patent. See ImClone's Second Set of Document Requests, Requests 53.

15) Plaintiffs have not responded to Requests 57 of ImClone's Second Set of Document Requests. Please produce organizational charts of identifying all officers and employees of MIT, Damon, Abbott and RepliGen from 1980 to present immediately. When can we expect you to produce these documents.

16) Please produce the original of REP000532 so that we may inspect it.

7) Generally, we have major concerns regarding the document production by MIT, particularly with respect to ImClone's Second Set of Document Requests. Their document production is clearly deficient. Please confirm that MIT has made a good-faith effort to search for documents responsive of our document requests. Also, please confirm whether or not MIT continues to search for documents. We originally voiced our concern with respect to MIT's document production to Michael Kane in our December 7th conference call. Since that time MIT has produced only 32 more pages of documents. Does MIT insist that it has conducted a comprehensive and thorough search for responsive documents? If not, when do they plan to finish searching?

Michael J. Kane, Esq.
February 25, 2004
Page 4



18) In our letter of February 3rd we asked you to produce Karin Rivard's acknowledgement and CV, as per the terms of the Protective Order. We have not yet received Ms. Rivard's CV. Please produce this to us immediately. Until we have received her CV, the 10 day period allotted to us to review her documents has not yet commenced. Please confirm that Ms. Rivard has not had access to any of ImClone's confidential documents.

We look forward to the opportunity to discuss these matters at length with you on Tuesday morning, as agreed.

Very truly yours,

KENYON & KENYON

Anthony Giaccio