# EXHIBIT 12



**KENYON & KENYON**

Intellectual Property Law

Paul M. Richter, Jr.
Direct 212.908.6121
prichter@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

March 22, 2005

***Via Facsimile (612) 288-9696***
Michael J. Kane
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Street Minneapolis, MN
55402

      Re:   *RepliGen and MIT v. ImClone Systems, Inc.*
             *USDC-D. Mass. (Boston) -Civil Action No. 04-108884-RGS*

Dear Mike:

      This is in response to your letter of March 18, in which you state that you reconsidered and are refusing to produce an unredacted copy of the license agreement between MIT and Repligen. Your letter wrongly implies that the *only* reason ImClone requested production of this license agreement was to evaluate Repligen's standing as a party in this suit. That is neither true nor consistent with the broad scope of the Federal Rules, which entitle ImClone to seek discovery from your clients "regarding any matter, not privileged, that is relevant to any claim or defense of any party," including information that "is reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

      In our view, the redacted material squarely falls within this broad scope of permissible discovery defined by the Federal Rules, even if the several pages of redacted material pertain to a fee arrangement as you state for the first time in your May 18 letter. The entirety of the license agreement, including the redacted material, manifestly directly relates to every claim and defense in this lawsuit given the timing and manner in which the license was executed, namely a single day before the patent-in-suit expired and the suit was brought. Contrary to the suggestion in your letter, moreover, we have explained our above views of the relevance of the complete license to you at least twice before in the many months we have been seeking its production from you.

      We do not wish to bother the Court with this issue unnecessarily. Therefore, in a final effort at cooperation with you, we propose that you provide us with a complete, unredacted copy of the license on an "attorneys' eyes only" basis, meaning that only the lawyers at Kenyon

New York    Washington, DC    Silicon Valley    www.kenyon.com

March 22, 2005
Page 2



& Kenyon and our local counsel working on this case could review it absent a court order to the contrary. This would permit us to evaluate your flat statement that the redacted material relates to what you say are irrelevant fee arrangements only.

   If we do not hear back from you by the above date and time accepting our proposal, we will proceed with filing a motion to compel the complete, unredacted version of the license.

                  Very truly yours,

                  Paul M. Richter, Jr.