UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>IMCLONE SYSTEMS INC.,<br><br>　　　　　　　　　Defendant. | Civil Action No. 04 10884 RGS |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO DEPOSE PRISONER WAKSAL**

Plaintiffs are seeking to depose Samuel Waksal, who has not been employed by ImClone since May 2002.[1]  Dr. Waksal plead guilty to charges wholly unrelated to any issues in this litigation (despite plaintiffs' statements to the contrary), and is currently an inmate at the Otisville Federal Correctional Institution.  The discovery that plaintiffs argue they require from Dr. Waksal is cumulative and duplicative of other discovery they have already taken or is available through less burdensome means.  Thus, it is plain that plaintiffs' sole purpose in seeking to depose Dr. Waksal is to improperly shift the focus in this case away from the patent

---

[1]　Counsel for ImClone do not currently represent Dr. Waksal, and there is no indication that Dr. Waksal or his attorneys have been notified of this pending motion.  Accordingly, the papers and arguments submitted by ImClone should not in any way be interpreted to limit Dr. Waksal's rights to object to any discovery which may be sought from him by Plaintiffs.

issues that are its heart and towards completely irrelevant, but flashier, issues revolving around Dr. Waksal's legal problems.[2]

The focus of this case should remain solely on Erbitux, which was not even approved for sale until February 2004, almost two years after Dr. Waksal left ImClone, and the fact that any patent rights of plaintiffs as to Erbitux were exhausted by the unreserved sale of C225 (used to make Erbitux) years ago to the National Cancer Institute.  Plaintiffs' motion should be denied.

## ARGUMENT

Rule 30(a)(2) states that a Court order is necessary prior to the deposition of a prisoner. Fed. R. Civ. P. 30(a)(2); *see also Ashby v. McKenna*, 331 F.3d 1148, 1150-51 (10th Cir. 2003). Grounds for denial of leave to depose a prisoner can include the fact that: (1) the deposition would be unreasonably cumulative or duplicative; (2) the party seeking the deposition had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit.  *Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002).  All three of these grounds for denial are present in this case.  Accordingly, Plaintiffs' motion should be denied.

Plaintiffs identified only two areas of testimony that they assert they need from Dr. Waksal, *i.e.*, information related to ImClone's licensing practices and ImClone's reliance on opinions of counsel.  All relevant information related to those topics is available from depositions of witnesses that plaintiffs have either already taken or noticed for the future.  As such, the deposition of Dr. Waksal would be unreasonably cumulative and duplicative.  Plaintiffs

---

[2]   This is highlighted by the fact that plaintiffs seek to videotape the deposition of Dr. Waksal from prison.  Even if the Court were to grant leave for Plaintiffs to take this deposition, ImClone requests that the deposition be taken by stenographer only, without needless videotaping.

had ample opportunity already to obtain this information or they can get it from other witnesses they plan to depose.

With respect to information on ImClone's licensing practices, plaintiffs have noticed the depositions of numerous other current and former ImClone employees who have knowledge of all the relevant facts. These individuals include, Dr. John Mendelsohn (a scientist involved in developing C225), John Gilly (who was chiefly responsible for obtaining the C225 cell line from NCI), Dr. Harlan Waksal (former CEO of ImClone), Thomas Gallagher (Vice-President of Intellectual Property at ImClone), and Dale Ludwig (head of Molecular Biology at ImClone). Likewise, as for testimony regarding reliance on the opinions of counsel, plaintiffs already have deposed John Landes, the former General Counsel for ImClone, and Dr. Irving Feit, who drafted the "opinions" to which the Plaintiffs refer in their brief. Moreover, both Mr. Landes and Dr. Feit are scheduled to be deposed *for a second time*. There simply is no relevant information that plaintiffs can obtain from Dr. Waksal that is not more easily obtained from these witnesses.

In their brief, plaintiffs cannot point to anything to support its assertion that Dr. Waksal is uniquely in possession of specific, relevant information that cannot be obtained elsewhere. Instead, they point to testimony that Dr. Waksal *might* have seen the opinions of counsel that ImClone is relying upon today. Plaintiffs Br. at 3-4. That mere *possibility* hardly warrants granting leave to depose Dr. Waksal, particularly since plaintiffs will depose both the author (Dr. Feit) and the named recipient (Mr. Landes) *twice* in this case.

Plaintiffs also cannot point to any evidence showing that Dr. Waksal was actively involved in any of the licensing agreements they mention in their brief, other than signing them on behalf of the company (since he was the CEO). Plaintiffs rely heavily on the bald assumption that, as CEO, Dr. Waksal ultimately was responsible for everything that occurred at ImClone

during his tenure. Such ultimate responsibility for a company as its CEO is a far cry from possessing unique knowledge of any facts relevant to the claims of the parties in this litigation.

In a futile attempt to make Dr. Waksal's deposition appear important and not duplicative of the discovery plaintiffs have taken and are seeking from numerous other witnesses, plaintiffs make the statement that his name appears on numerous ImClone documents. Plaintiffs Br. at 4. The few documents that plaintiffs specifically point to merely list Dr. Waksal as one of several recipients of routine status reports. Further, the other recipients, as well as the author of these memos have already been noticed for deposition by plaintiffs. Dr. Waksal's testimony on these documents would at best be cumulative, and lacking in substantial benefit when compared to the burdens on Dr. Waksal, ImClone and the prison officials.

It is obvious that plaintiffs' goal all along has been to distract the Court and jury at trial with irrelevant tales of Dr. Waksal, Martha Stewart and insider trading. Plaintiffs no doubt delight in the prospect of showing the jury excerpts of Dr. Waksal testifying from prison. Indeed, since the beginning of this litigation plaintiffs have signaled their intention to muddy the waters with discussions of such irrelevant matters. *See, e.g.,* D.I. 14 at p. 1, fn. 1. None of this information related to Martha Stewart and Dr. Waksal's legal problems has anything to do with the true issues in this case, namely patent non-infringement, invalidity, licensing and exhaustion.

Beyond the fact that the discovery sought by plaintiffs from Dr. Waksal is cumulative and duplicative, or covers issues that plaintiffs have had (or will have) ample opportunity to obtain from other sources, there is also to be considered the added burden and expense that this deposition would create for both ImClone and prison officials. That burden is too great to permit plaintiffs to pursue this meaningless, irrelevant deposition.

## **CONCLUSION**

For the forgoing reasons, the Plaintiffs' motion should be denied.

Dated: June 3, 2005

Respectfully submitted,

IMCLONE SYSTEMS, INC.

By its Attorneys,

/s/ Jeremy P. Oczek
Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Paul M. Richter, Jr.
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY 10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

## **Certificate Of Service**

I hereby certify that on June 3, 2005, a true and correct copy of the foregoing document was served on counsel for Plaintiffs by use of the Court's ECF system.

/s/ Jeremy P. Oczek
Jeremy P. Oczek