# EXHIBIT D

# MANUAL OF PATENT EXAMINING PROCEDURE

Original Fifth Edition, Dated August 1983



U.S. DEPARTMENT OF COMMERCE

Patent and Trademark Office

# MANUAL OF PATENT EXAMINING PROCEDURE

Original Fifth Edition, Dated August 1983

U.S. DEPARTMENT OF COMMERCE

Patent and Trademark Office

II

The Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions or change of address of those on the subscription list.

Correspondence relating to any of the above items should be sent to the Superintendent of Documents at the following address:

>Superintendent of Documents
>Mail List Section
>Washington, D.C. 20402

Inquiries relating to subscriptions should be directed to:

>Superintendent of Documents
>United States Government Printing Office
>Washington, D.C. 20402

Orders for reproduced copies of individual replacement pages not amounting to a complete revision of the Manual should be sent to the following address:

>Commissioner of Patents and Trademarks
>Attn: Customer Services Division
>Washington, D.C. 20231

The cost per page will be 30¢ (see 37 CFR 1.13(a), 1.21(b) and 1.21(t)).

Charges may be made to deposit accounts if the requester is an account holder in good standing at the time the request is received. Checks or money orders should be made payable to the Commissioner of Patents and Trademarks. Requests must identify the specific pages required and the number of copies of each page.

Employees of the Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Scientific Library.

First Edition, November 1949
Second Edition, November 1953
Third Edition, November 1961
Fourth Edition, June 1979
Fifth Edition, August 1983

validity and/or "fraud" relating to the original patent, and the nature of litigation materials relating to these issues. Enough information should be submitted to clearly inform the Office of the nature of these issues so that the Office can intelligently evaluate the need for asking for further materials in the litigation. See § 1442.04.

## 2002  Disclosure—By Whom and How Made

37 CFR 1.56(b) provides,

Disclosures pursuant to this section may be made to the Office through an attorney or agent having responsibility for the preparation or prosecution of the application or through an inventor who is acting in his own behalf. Disclosure to such an attorney, agent, or inventor shall satisfy the duty, with respect to the information disclosed, of any other individual. Such an attorney, agent, or inventor has no duty to transmit information which is not material to the examination of the application.

### 2002.01  By Whom Made

37 CFR 1.56(b) makes clear that information may be disclosed to the Office through an attorney or agent of record or through a pro se inventor, and that other individuals may satisfy their duty of disclosure to the Office by disclosing information to such an attorney, agent, or inventor who then is responsible for disclosing the same to the Office. Information that is not material need not be passed along to the Office.

### 2002.02  Must be in Writing

It is clear that the "disclosures . . . to the Office" under 37 CFR 1.56 must be in writing as prescribed by 37 CFR 1.2 which requires that

[a]ll business with the Patent and Trademark Office should be transacted in writing. * * * The action of the . . . Office will be based exclusively on the written record in the Office.

Further, as provided in 37 CFR 1.4(b),

Since each application file should be complete in itself, a separate copy of every paper to be filed in an application should be furnished for each application to which the paper pertains, even though the contents of the papers filed in two or more applications may be identical.

### 2002.03  Information Disclosure Statement

As stated in 37 CFR 1.97(a),

As a means of complying with the duty of disclosure set forth in § 1.56, applicants are encouraged to file an information disclosure statement at the time of filing the application or within the later of three months after the filing date of the application or two months after applicant receives the filing receipt. If filed separately, the disclosure statement should, in addition to the identification of the application, include the Group Art Unit to which the application is assigned as indicated on the filing receipt. The disclosure statement may either be separate from the specification or may be incorporated therein.

While information disclosure statements are a preferred and one of the safest ways to comply with the duty of disclosure, it is not necessarily essential to file information disclosure statements under 37 CFR 1.97–1.99 to comply with the duty of disclosure in 37 CFR 1.56.

For example, not commenting on the relevance of information submitted, or not including a copy of the document cited, will not necessarily constitute a failure to comply with the duty of disclosure. However, failure to comply with the duty of disclosure could result from non-submission of a copy of a document, especially a foreign patent or literature item, which might be difficult for the examiner to readily obtain. Similarly, non-identification of an especially relevant passage buried in an otherwise less or non-relevant text could result in a holding of "violation of duty of disclosure;" see, for example, Penn Yan Boats, Inc. v. Sea Lark Boats, Inc., 359 F. Supp. 948, 175 USPQ 260 (S.D. Fla. 1972), affirmed 479 F.2d 1338, 178 USPQ 577 (5th Cir. 1973), certiorari denied 414 U.S. 874 (1974).

37 CFR 1.97(b) provides

(b) A disclosure statement filed in accordance with paragraph (a) of this section shall not be construed as a representation that a search has been made or that no other material information as defined in § 1.56(a) exists.

STATEMENTS NOT LIMITED TO DOCUMENTS

Information disclosure statements are, of course, not limited to documents such as patents and publications. As provided in § 1.98(a) information disclosure statements may be used to bring "other information" to the attention of the Office.

### 2002.03(a)  Updating of Information Disclosure Statement

Section 1.99 provides that if at anytime prior to issuance of a patent, an applicant, pursuant to his duty of disclosure under § 1.56, wishes to bring to the attention of the Office additional patents, publications or other information not previously submitted, the additional information should be submitted with reasonable promptness. For example, applicants have a duty of bringing to the attention of the Office any material prior art or other information they become aware of from related United States applications, related foreign applications, related litigation (see § 2001.06 (a), (b), & (c)), or which is otherwise brought to their attention. Applicants should keep the Office advised of the status of any related litigation.

### 2002.04  Foreign Patents and Publications

Applicants should be aware that where the information being called to the Office's attention is a foreign patent or a publication, the relevance of such information may not be readily apparent or a copy readily available. It may be highly desirable if not necessary in some cases, in order to ensure compliance with the duty of disclosure and consideration of the information by the Office, to provide any translation available or explain the relevance of the art or provide a copy of the document.

## 2003  Disclosure—When Made

37 CFR 1.56 provides

All such individuals have a duty to disclose to the Office information they are aware of. . . .

As set forth in 37 CFR 1.97

applicants are encouraged to file an information disclosure statement at the time of filing the application or within the later of three

vidual understands the content of any documents to which the oath or declaration relates.

Note § 602.06 for a more detailed discussion.

5. It is desirable for an attorney or agent to carefully evaluate and explain to the applicant and others involved the scope of the claims, particularly the broadest claims. Ask specific questions about possible prior art which might be material in reference to the broadest claim or claims. There is some tendency to mistakenly evaluate prior art in the light of the gist of what is regarded as the invention or narrower interpretations of the claims, rather than measuring the art against the broadest claim with all of its reasonable interpretations. It is desirable to pick out the broadest claim or claims and measure the materiality of prior art against a reasonably broad interpretation of these claims.

6. It may be useful to evaluate the materiality of prior art or other information from the viewpoint whether it is the closest prior art or other information. This will tend to put the prior art or other information in better perspective. However, § 1.56 may still require the submission of prior art or other information which is not as close as that of the record.

7. <u>Care should be taken to see that prior art or other information cited in a specification or in an information disclosure statement is properly described and that the information is not incorrectly or incompletely characterized.</u> It is particularly important for an attorney or agent to review, before filing, an application which was prepared by someone else, e.g., a foreign application. It is also important that an attorney or agent make sure that foreign clients, including foreign applicants, attorneys, and agents understand the requirements of the duty of disclosure, and that the U.S. attorney or agent review any information disclosure statements or citations to ensure that compliance with § 1.56 is present. See Gemveto Jewelry Company, Inc. v. Lambert Bros., Inc., 216 USPQ 976 (S.D. New York 1982) wherein a patent was held invalid or unenforceable because patentee's foreign counsel did not disclose to patentee's United States counsel or to the Office prior art cited by the Dutch Patent Office in connection with the patentee's corresponding Dutch application. The Court stated, at 216 USPQ 985,

> Foreign patent attorneys representing applicants for U.S. patents through local correspondent firms surely must be held to the same standards of conduct which apply to their American counterparts; a double standard of accountability would allow foreign attorneys and their clients to escape responsibility for fraud or inequitable conduct merely by withholding from the local correspondent information unfavorable to patentability and claiming ignorance of United States disclosure requirements.

8. Care should be taken to see that inaccurate statements or inaccurate experiments are not introduced into the specification, either inadvertently or intentionally. For example, stating that an experiment "was run" or "was conducted" when in fact the experiment was not run or conducted is a misrepresentation of the facts. No results should be represented as actual results unless they have actually been achieved. Paper examples should not be described using the past tense. See §§ 608.01(p) item D and 707.07(l). Also, misrepresentations can occur when experiments which were run or conducted are inaccurately reported in the specification, e.g. an experiment is changed by leaving out one or more ingredients. See *Steierman v. Connelly*, 192 USPQ 433 (PTO Bd. of Pat. Int. 1975); 192 USPQ 446 (PTO Bd. of Pat. Int. 1976).

9. Do not rely upon the examiner of a particular application to be aware of other applications belonging to the same applicant or assignee. It is desirable to call such applications to the attention of the examiner even if there is only a question that they might be "material to the examination" of the application the examiner is considering. It is desirable to be particularly careful that prior art or other information in one application is cited to the examiner in other applications to which it would be material. Do not assume that an examiner will necessarily remember, when examining a particular application, other applications which the examiner is examining, or has examined. See Armour & Co. v. Swift & Co., 175 USPQ 70, 79 (7th Cir. 1972).

10. When in doubt, it is desirable and safest to submit information. Even though the attorney, agent, or applicant doesn't consider it necessarily material, someone else may see it differently and embarassing questions can be avoided. The court in U.S. Industries v. Norton Co., 210 USPQ 94, 107 (N.D. N.Y. 1980) stated "In short, the question of relevancy in close cases, should be left to the examiner and not the applicant."

11. It may be desirable to submit information about prior uses and sales even if it appears that they may have been experimental, not involve the specifically claimed invention, or not encompass a completed invention.

12. Submit information promptly. An applicant, attorney or agent who is aware of prior art or other information and its significance should submit same early in prosecution, e.g., before the first action by the examiner, and not wait until after allowance.

13. It is desirable to avoid the submission of long lists of documents if it can be avoided. Eliminate clearly irrelevant and marginally pertinent cumulative information. If a long list is submitted, highlight those documents which are known to be of most significance. Note Penn Yan Boats, Inc. v. Sea Lark Boats, Inc. 359 F. Supp. 948, 175 USPQ 260 (S.D. Fla. 1972), affirmed, 479 F.2d. 1338, 178 USPQ 577 (5th Cir. 1973), certiorari denied 414 U.S. 874 (1974).

14. Watch out for continuation-in-part applications where intervening material information or documents may exist; particularly watch out for foreign patents and publications related to the parent application and dated more than one year before the filing date of the CIP. These and other intervening documents may be material information: In re Ruscetta and Jenny, 118 USPQ 101, 104 (C.C.P.A. 1958); In re von Lagenhoven, 458 F.2d. 132, 173 USPQ 426 (C.C.P.A. 1972);