# EXHIBIT E

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,

    Plaintiffs,

v.

IMCLONE SYSTEMS INC.,

    Defendant.

Civil Action No. 04 10884 RGS

## IMCLONE SYSTEMS INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant ImClone Systems Incorporated ("ImClone") hereby submits the following second supplemental objections and responses to Plaintiffs' Massachusetts Institute of Technology ("MIT") and Repligen Corporation ("Repligen") First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

ImClone repeats and incorporates by reference each and every objection and comment raised in ImClone's General Objections and Comments (the "General Objections"), and expressly incorporates them into each response set forth below.

## SPECIFIC OBJECTIONS, RESPONSES, AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2:

State the basis for your contention that each of the claims of the '281 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, include in the answer for each claim (a) the identity of each specific statutory provision (*e.g.*, 35 U.S.C. §§ 101, 102, 103, or 112) that has not been complied with; (b) a claim chart comparing on a limitation-by-limitation basis each claim to any element found in any allegedly invalidating prior art, and (c) the motivation-to-combine and the reasonable expectation-of-success for any combinations of prior art under 35 U.S.C. § 103.

### RESPONSE TO INTERROGATORY NO. 2

ImClone objects to this Interrogatory as over broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. ImClone also objects to the Interrogatory to the extent that it seeks information protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this

2

Interrogatory to the extent it calls for legal conclusions and ImClone's legal contentions. ImClone further objects to this Interrogatory as premature in that discovery has just begun and the plaintiff has failed to identify any claims in the '281 patent that it asserts is infringed by ImClone as required by the Court's August 10th Order. Subject to and without waiving these objections, ImClone answers as follows: All claims in the '281 patent are invalid under 35 U.S.C. 103 for obviousness in view of deVilliers et al., Nuc. Acids Res. 9(23), 6251-6264 (1981) and Alt et al., Nature 296, 325-331 (1982). Each and every element of the claims of the '281 patent are provided by the references. deVilliers et al. teaches processes, vectors, and cell lines that use an enhancer element to increase production of a proteinaceous substance. Alt et al. provides an endogenous tissue specific cellular DNA element that increases production of an endogenous proteinaceous substance. Alt et al. provides the motivation to combine the references because it discloses that deletions of a regulatory element between VDJ and $C\mu$ exons of a cell line expressing immunoglobulin heavy chain are correlated with decreased heavy chain production. Alt *et al.* teaches one of skill in the art to look at cells of a specific tissue type for a DNA element that controls expression of a proteinaceous substance that is expressed that tissue type. In addition, all claims in the '281 patent directed to mammalian host cell lines in which cloning vectors are integrated into the host chromosome are invalid under 35 U.S.C. § 112, first paragraph for insufficient written description and enablement. ImClone reserves the right to supplement this response after plaintiffs have complied with the Court's August 10th Order.

3

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

ImClone objects to this Interrogatory as over broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. ImClone also objects to the Interrogatory to the extent that it seeks information protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this Interrogatory to the extent it calls for legal conclusions and ImClone's legal contentions. ImClone further objects to this Interrogatory as premature in that discovery has just begun and the plaintiff has failed to identify any claims in the '281 patent that it asserts is infringed by ImClone as required by the Court's August 10th Order. Subject to and without waiving these objections, ImClone answers as follows: All claims in the '281 patent are invalid under 35 U.S.C. 103 for obviousness in view of deVilliers et al., Nuc. Acids Res. 9(23), 6251-6264 (1981) and Alt et al., Nature 296, 325-331 (1982). Each and every element of the claims of the '281 patent are provided by the references. deVilliers et al. teaches processes, vectors, and cell lines that use an enhancer element to increase production of a proteinaceous substance. Alt et al. provides an endogenous tissue specific cellular DNA element that increases production of an endogenous proteinaceous substance. Alt et al. provides the motivation to combine the references because it discloses that deletions of a regulatory element between VDJ and $C\mu$ exons of a cell line expressing immunoglobulin heavy chain are correlated with decreased heavy chain production. Alt *et al.* teaches one of skill in the art to look at cells of a specific tissue type for a DNA element that controls expression of a proteinaceous substance that is expressed that tissue type. In addition, all claims in the '281 patent directed to mammalian host cell lines in which cloning vectors are integrated into the host

4

chromosome are invalid under 35 U.S.C. § 112, first paragraph for insufficient written description and enablement. ImClone reserves the right to supplement this response after plaintiffs have complied with the Court's August 10th Order. Documents which support our conclusion include the '281 patent, the '281 prosecution file history and cited prior art therein, and documents I02926-I02933 and I03732-I03739.

### INTERROGATORY NO. 3

State the basis for your contention that Plaintiffs' claims are barred by the doctrine of laches.

### RESPONSE TO INTERROGATORY NO. 3

ImClone objects to the Interrogatory to the extent that it seeks information protected by the attorney client privilege and/or work product doctrine. ImClone further objects to this Interrogatory to the extent it calls for legal conclusions and legal contentions. Subject to and without waiving these objections, ImClone answers as follows: As shown in the Complaint, since at least as early as 1994, plaintiffs were aware that ImClone was testing C225 antibody in human clinical trials. Moreover, plaintiffs were aware or should have been aware that ImClone was using C225. Also, at least as early as August 1997, Repligen accused ImClone of infringing the '281 patent based on Repligen's belief that ImClone was conducting commercial activities with respect to the C225 antibody. Also, at least as early as September 1997, Repligen offered ImClone a license under the '281 patent based on ImClone's alleged infringement. As Repligen is aware, ImClone did not accept Repligen's license offer. Thereafter, Repligen was silent and made no further claims that ImClone was infringing the '281 patent until it brought

5

I04274, I04276-I04295, I04392-I04409, I05063-I05082, I05112-I05122, I05139-I05145, I05160-I05162, I05296-I05135, and I05299-I05315.

As to Responses:

Dated: March 16, 2005        By:_____

Thomas C. Gallagher, Esq.
Vice President of Intellectual Property
IMCLONE SYSTEMS, INC.

As to Objections:

Dated: March 16, 2005        By: /s/ Anthony Giaccio

Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Paul Richter
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY 10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.