UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

After failing on numerous grounds to show good cause for its request to amend its answer and add baseless charges of inequitable conduct, ImClone now seeks to relitigate the issue under the guise of a motion for reconsideration. This Court should not be fooled. Because no legitimate basis exists for ImClone to bring the instant motion, ImClone wrongly characterizes the deposition of Edmund Pitcher as "newly discovered information," even though the deposition occurred three weeks *before* the Court entered its order denying ImClone's motion to amend and ImClone did not even bother to subpoena Mr. Pitcher until May 17, 2005, just two weeks before filing its original motion. Mr. Pitcher's deposition fails to satisfy even one of the First Circuit's requirements for new evidence under Rule 60(b)(2)—requirements that ImClone does not even acknowledge its brief, much less attempt to satisfy.

Moreover, it is clear from even a cursory review of Mr. Pitcher's testimony that he never made any "critical admissions" and that his testimony has no bearing on ImClone's groundless charges of inequitable conduct. Indeed, Mr. Pitcher testified, *ad nauseum*, that he had no recollection of the `281 prosecution, that the Oi reference and its relevance were both disclosed

in the '281 patent specification, and that he had not even heard of the inventorship issue with Drs. Morrison and Oi until the day before his deposition. Exactly how Mr. Pitcher's actual testimony relates to ImClone's strained inequitable conduct theory remains unexplained.

The true nature of ImClone's motion is apparent from the seven pages it devotes to rehashing the same meritless arguments it made the first time around in its original motion. None of those arguments can change the fact that (1) ImClone waited until after the close of discovery to bring its motion, (2) the Oi reference and its relevance was disclosed to the Patent Office, (3) Drs. Morrison and Oi dropped their inventorship claim, and (4) the allegations in ImClone's proposed amended answer fail to satisfy the requirements of Rule 9(b). ImClone still fails to satisfy the basic standards of futility, particularity, and timeliness required by the governing authority and its motion for reconsideration should be denied.

## ARGUMENT

**A.    ImClone Fails To Identify a Single Valid Basis On Which The Court May Reconsider Its Order Denying ImClone's Motion for Leave to Amend.**

Relief under Rule 60(b) is "extraordinary in nature" and "should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002). Because of the extraordinary nature of this relief, Rule 60(b) enumerates only six grounds under which relief from an order may be granted. Here, ImClone requests reconsideration of the Court's denial of its motion for leave to file a second amended answer under Rule 60(b)(2) on the basis of what ImClone contends is "newly discovered evidence."[1] (ImClone Br. at 1.) The First Circuit has identified four requirements that must be satisfied to obtain relief from an order on the basis of new evidence:

---

[1]    ImClone also contends that reconsideration of the Court's Order is warranted because it was unable to submit a reply brief "due to the Court's prompt ruling" on its motion. (ImClone Br. at 1.) Under the local rules, ImClone was never entitled to file a reply brief in support of its motion, and could only do so with leave of the Court. ImClone did not request leave to file a reply in the week that passed between the filing of Plaintiffs' opposition and the Court's ruling.

2

(1) the evidence has been discovered since the decision; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result of the prior ruling. *U.S. Steel v. M. DeMatteo Construction Co.*, 315 F.3d 43, 52 (1st Cir. 2002). Nowhere in its brief does ImClone mention the First Circuit's standard for new evidence under Rule 60(b). Nor does ImClone even attempt to explain how Mr. Pitcher's deposition testimony could qualify as newly discovered evidence under this standard. The reason is simple—Mr. Pitcher's deposition testimony cannot satisfy a single one of the four requirements.

Here, the first requirement cannot be met because Mr. Pitcher's deposition occurred three weeks *before* the Court's Order, not after the decision as required. Oddly, ImClone repeatedly criticizes Plaintiffs for not mentioning Mr. Pitcher's irrelevant testimony in their opposition to ImClone's motion for leave to amend. (ImClone Br. at 1, 2.) However, at the same time, ImClone provides no explanation why *it* did not bring this testimony to the Court's attention. Indeed, if ImClone truly believed that Mr. Pitcher's deposition testimony had any relevance to its motion, it would have moved the Court to file an additional brief in the three weeks before the Court denied its motion or taken the deposition at some point in the eight months that passed before bringing its motion. Instead, ImClone did nothing and now asks for reconsideration on the basis of its own lethargy.

Similarly, ImClone cannot satisfy the First Circuit's second requirement of diligence. To satisfy its burden here, ImClone "must, at the very least, offer a convincing explanation as to why [it] could not have proffered the crucial evidence at an earlier stage of the proceeding." *U.S. Steel*, 315 F.3d at 52 (citing *Karak*, 288 F.3d at 20). No such explanation exists. Mr. Pitcher's name appears throughout the prosecution history of the `281 patent—which was in ImClone's

3

possession no later than July 1, 2004 (when ImClone answered the complaint). Had ImClone exercised due diligence, it would have taken Mr. Pitcher's deposition months before it did.

The third and fourth requirements of the "new evidence" standard look to the substance of Mr. Pitcher's testimony. As can be expected from the passage of twenty years, Mr. Pitcher had no specific recollection of prosecuting the `281 patent and repeatedly said so during his deposition. (*E.g.* Woodford Decl. Ex. A at 88:9-12.) And, contrary to ImClone's claim in its brief, Mr. Pitcher testified that the Oi reference and its relevance to the `281 patent was cited in the patent's specification. (*Compare* ImClone Br. at 2 *with* Woodford Decl. Ex. A at 85:19-86:15, 88:13-89:17.) Mr. Pitcher also testified that he was not involved in any of the communications between Stanford and MIT with respect to the inventorship inquiry and had never even heard of it until the day before his deposition.[2] (Woodford Decl. Ex. A at 51:7-52:1.) Thus, Mr. Pitcher's testimony plainly has no impact on ImClone's baseless inequitable conduct allegations and, to the extent Mr. Pitcher's testimony is relevant to anything, it is cumulative of the information in the `281 patent and its prosecution history. Accordingly, Mr. Pitcher's deposition fails to satisfy the third and fourth requirements for newly discovered evidence under Rule 60(b)(2).

Because ImClone has failed to identify a valid basis for the reconsideration of the Court's Order and Mr. Pitcher's testimony is irrelevant to the issue of inequitable conduct, ImClone's request for reconsideration should be denied.

---

[2] ImClone's claim that Mr. Pitcher "took an entirely different view" of the final correspondence between Stanford and MIT is a complete fabrication. Mr. Pitcher had no "view" of the final correspondence at all. He was read a portion of the letter by ImClone's counsel and testified that he had no idea what was meant by the statement, whether the statement referred to the Oi reference, what the author believed, or why the author believed it. (Woodford Decl. Ex. A at 196:22-199:2.)

4

**B.    ImClone's Motion Is Simply An Improper Reply Brief Disguised As a Request for Reconsideration.**

From ImClone's failure to even mention the requirements for newly discovered evidence and from the fact that only one of the five sections of its brief even addresses Mr. Pitcher's testimony, it is clear that ImClone is using the instant motion as a vehicle to relitigate its motion for leave to amend.  Rule 60(b) does not license a party to relitigate an issue and the Court should not permit a second round of argument on ImClone's motion for leave to amend its answer.  *Geo. P. Reintjes Co., Inc. v. Riley Stoker Corp.*, 71 F.3d 44, 49 (1st Cir. 1995).

ImClone devotes the vast majority of its brief to regurgitating the same arguments that were previously rejected by the Court.  ImClone also injects a number of unsubstantiated assertions into its argument that find no support in the record and should not be credited by the Court.  *See Karak*, 288 F.3d at 20 n.3 (stating that the Court "need not credit bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade.")  To avoid repeating arguments made to the Court in the briefing on ImClone's motion for leave to amend, Plaintiffs address only a few of ImClone's arguments below:

- **ImClone Fails to Address Its Lack of Diligence**: As it did the first time around, ImClone wrongly blames Plaintiffs for its lack of diligence and its decision to file its motion for leave to amend until the day after the close of discovery.  ImClone still has failed to provide any valid reason for its undue delay.

- **ImClone Fails to Explain How Its Proposed Answer Satisfies Rule 9(b)**: ImClone claims it has alleged "several" independent bases of inequitable conduct, but does not even attempt to explain how the seven-line sentence in its proposed amended answer satisfies the requirements of Rule 9(b).  Instead, ImClone contends, without support, that inventorship is material as a matter of law.  (ImClone Br. at 9.)  Contrary to ImClone's assertions, materiality

5

with respect to inventorship still requires a showing that there is a "substantial likelihood that a reasonable examiner would consider it important to deciding whether to allow the application to issue." *Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1321 (Fed. Cir. 2000). Moreover, the nature of the materiality inquiry has nothing to do with the pleading requirements of Rule 9(b).

- **The Oi Reference Was Properly Disclosed to the Patent Office**: Title 35 of the United States Code and the MPEP both permit the disclosure of prior art references in the patent specification. *See* 35 U.S.C. § 301; MPEP § 2002.03 ("it is not necessary or essential to file information disclosure statements … to comply with the duty of disclosure under 37 CFR 1.56."); MPEP § 2004 ("Care should be taken to see that prior art or other information cited in a specification or in an information disclosure statement is properly described … ."). ImClone never addresses these sections of the MPEP in its brief. ImClone relies solely on MPEP § 609, which governs the submission of "Information Disclosure Statements" and does not even speak to the issue before the Court.

- **Drs. Morrison and Oi Made No Contribution to the '281 Invention**: Drs. Morrison and Oi provided the J558L cell line to Drs. Tonegawa and Gillies as starting materials. As stated in the MIT/Stanford correspondence, that was the extent of their involvement. The J558L cell line was disclosed in the `281 patent and is discussed at length. (June 22, 2005 Kane Decl. Ex. A at 8:10-52.) Ultimately, any inventorship issue that may have existed was resolved and, thus, was not material to the prosecution of the `281 patent.

Reconsideration of an order under Rule 60 requires, at a bare minimum, (1) that exceptional circumstances exist favoring extraordinary relief, (2) that if the judgment is set aside, the party has the "right stuff" to mount a potentially meritorious claim or defense; and (3) that no

6

unfair prejudice will accrue to the opposing parties should the motion be granted. *Karak*, 288 F.3d at 19. Here, ImClone has not identified any exceptional circumstances that warrant the extraordinary relief it seeks. In addition, despite all of the misrepresentations it makes in the course of arguing its motion for a second time, ImClone still cannot satisfy the basic standards of futility, particularity, and timeliness required to show "good cause."

## CONCLUSION

Because ImClone fails to identify a single valid reason for the Court to reconsider its Order denying ImClone's motion to amend, and because ImClone still fails to meet the standards of futility, particularity, and timeliness required to show "good cause," ImClone's motion for reconsideration should be denied.

Dated: July 28, 2005

/s/ William R. Woodford
William R. Woodford (*pro hac vice*)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | Michael J. Kane | FISH & RICHARDSON P.C. |
| 225 Franklin Street | John C. Adkisson | 12390 El Camino Real |
| Boston, MA 02110-2804 | Chad A. Hanson | San Diego, CA 92130 |
| Telephone: (617) 542-5070 | FISH & RICHARDSON P.C., P.A. | Telephone: (858) 678-5070 |
| Facsimile: (617) 542-8906 | 3300 Dain Rauscher Plaza | |
| | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone: (612) 335-5070 | |
| | Facsimile: (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

60306603.doc