# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

                Plaintiffs,

      v.

IMCLONE SYSTEMS, INC.,

                Defendant.

Civil Action No. 04-10884-RGS

---

## MEMORANDUM OF REASONS IN SUPPORT OF PLAINTIFFS' FOURTH MOTION TO COMPEL DISCOVERY FROM IMCLONE

Fact discovery in this patent infringement action between Plaintiffs Massachusetts Institute of Technology and Repligen Corporation and Defendant ImClone Systems, Incorporated has now dragged on for more than a year. Throughout this process, ImClone's strategy has been one of delay and obstruction. As a result, Plaintiffs have been forced file no less than three motions to compel just to obtain complete answers to Plaintiffs' interrogatories and basic documents relating to infringement and damages.

ImClone has now taken its stonewalling even further by refusing to produce a witness to testify on a number of properly-noticed topics in Plaintiffs' 30(b)(6) deposition notice.[1] In blatant violation of Fed. R. Civ. P. 30(b)(6), ImClone initially refused to provide a witness on fourteen of the eighteen topics identified in Plaintiffs' deposition notice. (*See generally* Kane Decl. Ex. B.) To support its wholesale refusal to provide a witness on these topics, ImClone repeatedly relied upon specious objections—including claims that the information requested in

---

[1]   Plaintiffs' Rule 30(b)(6) Notice of Deposition to ImClone is attached as Exhibit A to the Declaration of Michael J. Kane.

many of the topics is "duplicative" and "cumulative" to information provided in interrogatory answers and that the topics are "overly broad." (*Id.*) After counsel for the parties conducted a meet and confer,[2] ImClone agreed to provide a witness for five additional topics, but maintained its objection on the remaining nine topics.[3]

ImClone's refusal to provide a witness on Plaintiffs' 30(b)(6) topics is preventing Plaintiffs from obtaining necessary discovery and moving this case forward. Given that discovery is now closed and expert reports are due in less than four weeks, it is clear that ImClone is trying to run out the clock on Plaintiffs. ImClone's objections have no legal basis, and Plaintiffs request that this Court order ImClone to immediately produce a witness on Topics 2, 12, and 14-17 of Plaintiffs' 30(b)(6) deposition notice.

## ARGUMENT

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf[.]

Fed. R. Civ. P. 30(b)(6). "Once served with a Rule 30(b)(6) notice, the corporation is compelled to comply, and it may be ordered to designate witnesses if it fails to do so." *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996) (citing 8A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2103 at 33 (2d ed. 1994)). *See also Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("Under Rule 30(b)(6), when a party seeking to

---

[2]    The meet and confer was conducted on July 27, 2005. Michael Kane, John Adkisson and William Woodford represented Plaintiffs and Michael Loughnane, Paul Richter, Jr., Antony Pfeffer and Anthony Giacco represented ImClone. (Kane Decl. ¶ 4.)

[3]    Plaintiffs have received testimony on six topics and have received confirmation from ImClone's counsel that it would receive a witness on three additional topics, namely Topic Nos. 1, 4, and 18, sometime before August 26, 2005.

depose a corporation announces the subject matter of the proposed deposition, the corporation *must* produce someone familiar with that subject.") (emphasis added).

Rule 30(b)(6) imposes an obligation on a corporation to designate one or more witnesses to provide testimony on all matters described with reasonable particularity in a 30(b)(6) notice. As set forth below, the 30(b)(6) topics at issue describe the subject matters for examination with the requisite particularity. Therefore, ImClone cannot rely on its blanket objections to evade the requirement of Rule 30(b)(6).

- **Topic 2**

  Topic 2:  Communications between ImClone and the National Cancer Institute and/or National Institutes of Health regarding the C225 Cell Line.

  ImClone's Objections:  ImClone objects to this topic as overly broad and inappropriate for a 30(b)(6) deposition topic.  ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories and document requests.  Additionally, ImClone objects to the use of the defined term "ImClone" in this topic as rendering the topic overly broad.  Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony.  For these reasons, ImClone will not designate a witness to testify as to this topic.

(Kane Decl. Ex. B at 3.)

ImClone claims that it obtained the C225 cell line, which is the subject of the instant action, from the National Cancer Institute ("NCI"), a division of National Institutes of Health ("NIH").  Thus, ImClone's communications with the NCI/NIH concerning the C225 cell line are plainly relevant and Plaintiffs are entitled to seek examination on matters set forth in the express language of Topic 2.

ImClone's boilerplate objections in no way excuse ImClone's non-compliance with Rule 30(b)(6).  Before imposing an affirmative duty on the corporation to designate one or more witnesses, Rule 30(b)(6) only requires that the examining party describe the subject matters to be

3

examined with "reasonable particularity."  FED. R. CIV. P. 30(b)(6); *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (noting that the examining party "need only designate, with reasonable particularity, the topics for examination").  Contrary to ImClone's assertion that Topic 2 is "overly broad in not sufficiently defining the testimony sought," this topic describes the subject matter of the examination with more than the requisite "reasonable particularity."  Topic 2 is directed to communications between ImClone and a specific third party concerning a specific cell line.

To prepare and provide an appropriate witness to testify on its behalf on Topic 2, all ImClone must do is to identify person(s) familiar (or a person who can be prepared to become familiar) with such communications.  *See Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 66 (D.P.R. 1981).  Although it may require some investigation on ImClone's part to designate appropriate officers or agents to testify on these topics on its behalf, such investigation is part of the duty imposed on ImClone by Rule 30(b)(6).  *See Reilly*, 181 F.3d at 268 ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf.")*; Mitsui*, 93 F.R.D. at 67 (noting that a party served with a 30(b)(6) notice "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought" by deposing party).

Indeed, both MIT and Repligen satisfied their obligation when they each provided a witness to testify on ImClone's first 30(b)(6) topic to each party—which is far more broad than Topic 2.  ImClone's first 30(b)(6) topic to MIT, for example, sought testimony on "all communications between MIT, and Damon, Abbott, Repligen, ImClone, or the United States Government concerning the `281 patent from 1980 until present."  (Kane Decl. Ex. D at 4.)  The

first topic on Repligen's 30(b)(6) was nearly identical.  (Kane Decl. Ex. E at 4.)  After asking

MIT and Repligen to each become familiar with 25 years of communications between

themselves and five separate entities, ImClone is hardly in a position to complain that Topic 2 is

"overbroad."

       ImClone also objects to Topic 2 as "duplicative and cumulative in that the information

sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories

and document requests."  However, nothing in the Federal or Local Rules restricts discovery of a

relevant subject matter to one specific discovery device.  To the contrary, Rule 30(b)(5)

specifically provides for inclusion in a deposition notice to a party deponent a request for

production of documents and tangible things at the taking of the deposition.  FED. R. CIV. P.

30(b)(5).

       Plaintiffs are entitled to question ImClone on the facts alleged in its interrogatory

responses, the circumstances surrounding the creation of certain documents, and ImClone's

knowledge with respect to the produced documents.  Such an effort is not duplicative of other

discovery requests, especially in view of ImClone's evasiveness in responding to discovery

requests.

- **Topic 12**

Topic 12:  All negotiations of patent licenses or potential patent licenses by
ImClone for the manufacture or sale of Erbitux, including negotiations that failed
to result in a patent license.

Objections:  ImClone objects to this topic as directed towards testimony irrelevant
to any claim or defense of a party in this action.  ImClone objects to this request
to the extent it calls for information protected by the attorney-client and/or
attorney work product privileges.  ImClone further objects to this topic to the
extent it calls for legal interpretation of patent licenses or draft licenses, which is
inappropriate inquiries for a Rule 30(b)(6) deposition.  Finally, ImClone objects
to this topic as overly broad in not sufficiently defining the testimony sought in a
manner that would allow ImClone to designate a witness to provide the

corporation's testimony. For these reasons, ImClone will not designate a witness
to testify as to this topic.

(Kane Decl. Ex. B at 7-8.)

Topic 12 is directed to negotiations of actual or potential patent licenses by ImClone for

the manufacture or sale of the infringing product. It satisfies the requisite particularity of Rule

30(b)(6)—to prepare and provide an appropriate witness to testify on its behalf, ImClone only

needs to identify persons familiar, or can be prepared to become familiar with, such negotiations.

Therefore, Rule 30(b)(6) imposes an affirmative duty on ImClone to designate one or more

witnesses to testify as to the subject matter described in Topic 12. FED. R. CIV. P. 30(b)(6); *see

also Reilly*, 181 F.3d at 268; *Taylor*, 166 F.R.D. at 360; *Mitsui*, 93 F.R.D. at 67.

ImClone asserts that Topic 12 is "overly broad" and "calls for legal interpretation of

patent licenses or draft licenses." (Kane Decl. Ex. B at 7.) However, this is not a legitimate

basis for refusing to designate a witness as required by Rule 30(b)(6). Plaintiffs do not intend to

ask for any legal interpretation of the licenses. Nor do Plaintiffs intend to ask for any legal

contentions with respect to these licenses. Instead, Plaintiffs will, and are entitled to, question

ImClone with regard to the negotiation and circumstances surrounding the execution of such

agreements or potential agreements. *See Taylor*, 166 F.R.D. at 361 (noting that a designee under

Rule 30(b)(6) "must not only testify about facts within the corporation's knowledge, but also its

subjective beliefs and opinions").

Moreover, ImClone's objection to Topic 12 on relevancy grounds is legally flawed. Rule

26(b)(1) of the Federal Rules of Civil Procedure provides that discovery may be obtained

"regarding any matter, not privileged, which is relevant to the subject matter involved in the

pending action." FED. R. CIV. P. 26(b)(1). Under the Federal Rules, "relevancy must be broadly

construed at the discovery stage such that information is discoverable if there is any possibility it

might be relevant to the subject matter of the action." *United States v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 414 (D. Mass. 1995). In this case, testimony concerning negotiations of actual or potential patent licenses for the manufacture or sale of an infringing product is, at the very least, directly relevant to a reasonable royalty claim. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (listing factors relevant to the determination of a reasonable royalty, including "[t]he rates paid by the licensee for the use of other patents comparable to the patent in suit").

- **Topic 14**

Topic 14:  Facts concerning ImClone's defenses under the doctrines of laches and estoppel, including the following:

(a)     ImClone's allegation that Plaintiffs knew that ImClone was in the possession of C225 as early as 1993;
(b)     ImClone's allegation that Repligen accused ImClone of infringing the '281 patent and identification of the individuals involved in these alleged accusations;
(c)     The license of the '281 patent allegedly offered to ImClone by Repligen and any discussions concerning the license offer;
(d)     ImClone's alleged inference that Plaintiffs had abandoned its claims against ImClone; and
(e)     ImClone's alleged prejudice.

ImClone's Objections:  ImClone objects to this topic to the extent it seeks a legal interpretation of any agreements, which is an inappropriate inquiry in a Rule 30(b)(6) deposition. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

(Kane Decl. Ex. B at 8-9.)

Topic 14 is directed to facts underlying ImClone's laches and estoppel defenses, including the enumerated allegations made by ImClone in its answers to Plaintiffs'

interrogatories, and plainly meets the particularity requirement of Rule 30(b)(6).[4]  Because these

topics relate to ImClone's own allegations, ImClone should have no difficulty in identifying

persons familiar, or can be prepared to become familiar, with the underlying facts (provided, of

course, that ImClone's defenses and allegations are based on actual facts).  ImClone must

therefore designate one or more witnesses to testify as to the subject matter described in these

topics.  FED. R. CIV. P. 30(b)(6); *see also Reilly*, 181 F.3d at 268; *Taylor*, 166 F.R.D. at 360;

*Mitsui*, 93 F.R.D. at 67.

- **Topics 15 & 17**

Topic 15:  Facts concerning ImClone's defense to Plaintiffs' claim of willful
infringement.

ImClone's Objections:  ImClone objects to this topic as duplicative and
cumulative in that the information sought has already been provided to Plaintiffs
in ImClone's answers to Plaintiffs' interrogatories.  ImClone objects to this topic
as overly broad in not sufficiently defining the testimony sought in a manner that
would allow ImClone to designate a witness to provide the corporation's
testimony.  For these reasons, ImClone will not designate a witness to testify as to
this topic.

(Kane Decl. Ex. B at 9.)

Topic 17:  The advice of counsel defense raised by ImClone in its letter to
Plaintiffs' counsel dated April 29, 2005.

ImClone's Objections:  To the extent that ImClone understands this topic,
ImClone objects to this topic as duplicative of Topic 15.  ImClone also objects to
this topic as duplicative and cumulative in that the information sought has already
been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories.
Finally, ImClone objects to this topic as overly broad in not sufficiently defining
the testimony sought in a manner that would allow ImClone to designate a

---

[4]     As the Court may recall, on June 3, 2005, the Court granted Plaintiffs' motion to compel
complete answers to Plaintiffs' Interrogatories Nos. 3 and 4, which required ImClone to state the
basis of its laches and equitable estoppel defenses.  While ImClone supplemented its
interrogatory answers on June 29, it still failed to provide answers that satisfy the requirements
of the Local Rules.  Accordingly, Topic 15 is the only vehicle through which Plaintiffs can
obtain information necessary to understand the nature of ImClone's laches and estoppel
defenses.

witness to provide the corporation's testimony.  For these reasons, ImClone will
not designate a witness to testify as to this topic.

(*Id.* at 10.)

ImClone has denied willful infringement of the `281 patent and has asserted the

affirmative defense of advice of counsel.  Topics 15 and 17 are directed to the facts underlying

these defenses.  These topics thus "describe with reasonable particularity the matters on which

examination is requested."  FED. R. CIV. P. 30(b)(6).  To prepare and provide an appropriate

witness to testify on its behalf, ImClone only needs to identify persons familiar, or can be

prepared to become familiar, with the facts underlying its own defense.

ImClone objects to both topics as "duplicative and cumulative" and "overly broad."[5]  As

discussed above, these objections are not proper grounds for refusing to designate a corporate

witness pursuant to Rule 30(b)(6).  Therefore, ImClone must be compelled to provide and

prepare one or more witnesses to testify as to the subject matters described in Topics 15 and 17.

- **Topic 16**

Topic 16:  ImClone's dealings with the MRC Collaborative Centre.

ImClone's Objections:  ImClone objects to this request to the extent it calls for
information protected by the attorney-client and/or attorney work product
privileges.  ImClone objects to this topic as directed towards testimony irrelevant
to any claim or defense of a party in this action, ImClone objects to the use of the
phrase "dealings" as vague and ambiguous.  Finally, ImClone objects to this topic
as overly broad in not sufficiently defining the testimony sought in a manner that
would allow ImClone to designate a witness to provide the corporation's
testimony.  For these reasons, ImClone will not designate a witness to testify as to
this topic.

(Kane Decl. Ex. B at 9-10.)

---

[5]    ImClone also objects to topic 17 as duplicative of topic 15.  These topics, however, are not
duplicative unless ImClone will stipulate that its defense to willful infringement is limited to the
advice of counsel defense it raised in its April 29, 2005 letter to Plaintiffs' counsel.  Plaintiffs
asked ImClone to stipulate to this during the parties' July 27 meet and confer, but ImClone
refused. (Kane Decl. ¶ 6.)

Topic 16 is directed to ImClone's interactions with MRC Collaborative Center. To remove any doubt as to the scope of Plaintiffs' Topic 16, Plaintiffs' counsel sent a letter to ImClone's counsel clarifying the information sought in Topic 16. (Kane Decl. Ex. C.) As the letter explains, Plaintiffs "will focus [their] questioning on ImClone's dealings with MRC regarding its attempt to re-express C225, the contract [for] sequencing it performed on ImClone's behalf, its attempt to humanize the 225 antibody, and its consulting regarding the `281 patent." (*Id.* at 1.) The description set forth in Topic 16 and the subsequent explanation plainly satisfies the particularity requirement imposed by Rule 30(b)(6). *See Alexander*, 186 F.R.D. at 140 (finding that plaintiffs had met their initial burden by including sufficient particularity on the subject matter of the deposition in their notices and subsequent explanatory letter). Therefore, ImClone must comply with Rule 30(b)(6) and designate an appropriate witness for examination on Topic 16.

In addition to reiterating its blanket "overly broad" objection, ImClone also objects to the use of the phrase "dealings" as vague and ambiguous—which is in essence a rephrase of the "overly broad" objection. During the July 27, 2005 meet and confer, counsel for ImClone claimed that the "dealings" in Topic 16 would include discussions with individuals at MRC about, for example, "soccer games." (*See* Kane Decl. Ex. C at 1.) As discussed above, and explained in counsel for Plaintiffs' letter to counsel for ImClone, this objection is inappropriate because the scope of Rule 26, which limits discovery to *relevant* subject matters, implicitly applies to all 30(b)(6) topics. FED. R. CIV. P. 26(b)(1); *see also Alexander*, 186 F.R.D. at 140. In any event, ImClone's objection is rendered moot by Plaintiff's subsequent explanatory letter, in which counsel for Plaintiffs detailed the specific types of "dealings" that would be the focus of Plaintiffs' questioning. (Kane Decl. Ex. C at 1.)

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order compelling ImClone to designate one or more witnesses to be examined on subject matters described in Topics 2, 12, and 14-17 in Plaintiffs' Amended 30(b)(6) deposition notice and further clarified in the August 2, 2005 letter from Plaintiffs' counsel to ImClone's counsel.

Dated:  August 10, 2005

s/Michael J. Kane
Michael J. Kane (*pro hac vice*)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | John C. Adkisson | FISH & RICHARDSON P.C. |
| 225 Franklin Street | Chad A. Hanson | 12390 El Camino Real |
| Boston, MA 02110-2804 | William R. Woodford | San Diego, CA 92130 |
| Telephone:  (617) 542-5070 | FISH & RICHARDSON P.C., P.A. | Telephone:  (858) 678-5070 |
| Facsimile:  (617) 542-8906 | 3300 Dain Rauscher Plaza | |
| | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone:  (612) 335-5070 | |
| | Facsimile:  (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

50291954.doc