A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF IMCLONE SYSTEMS, INC.**

**PLEASE TAKE NOTICE** that Plaintiffs Massachusetts Institute of Technology and Repligen Corporation will take a Rule 30(b)(6) deposition of Defendant ImClone Systems, Inc. The deposition will take place on July 20, 2005, starting at 9:00 a.m., at the New York offices of Kenyon & Kenyon before a notary public or other person authorized to administer oaths.

The deposition may be recorded by sound, sound-and-visual, and stenographic means. You are invited to attend and participate in the manner provided for in the Federal Rules of Civil Procedure. Because it is a 30(b)(6) deposition, ImClone shall designate in writing one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person so designated, the matters on which the person will testify. The topics for the deposition are listed in Schedule A attached hereto.

Dated: July 1, 2005

FISH & RICHARDSON P.C., P.A.

_____
William R. Woodford (*pro hac vice*)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | Michael J. Kane | FISH & RICHARDSON P.C. |
| 225 Franklin Street | John C. Adkisson | 12390 El Camino Real |
| Boston, MA 02110-2804 | Chad A. Hanson | San Diego, CA 92130 |
| Telephone: (617) 542-5070 | FISH & RICHARDSON P.C., P.A. | Telephone: (858) 678-5070 |
| Facsimile: (617) 542-8906 | 3300 Dain Rauscher Plaza | |
| | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone: (612) 335-5070 | |
| | Facsimile: (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for Defendant on July 1, 2005 by facsimile and First Class Mail.

_____

60302637.doc

2

## SCHEDULE A

A.  **Definitions**

1. "ImClone" means and refers to ImClone Systems, Incorporated, its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary.

2. "The `281 patent" means and refers to United States Patent No. 4,663,281.

3. "The C225 Cell Line" means and refers to the cell line that ImClone Systems, Inc. admits was transferred to it by NCI in 1993, as set forth in paragraph 21 of ImClone Systems, Inc.'s Answer.

4. "Erbitux" means or refers to Erbitux™, cetuximab, and the C225 antibody.

B.  **Topics For Examination**

1. ImClone's acquisition and use of the C225 Cell Line.

2. Communications between ImClone and the National Cancer Institute and/or National Institutes of Health regarding the C225 Cell Line.

3. The Clinical Trials Agreement (production numbers I05009-I05014).

4. The cell lines used by ImClone or others on behalf of ImClone to make Erbitux.

5. An identification of all companies and facilities involved in the manufacture of Erbitux.

6. The amount of Erbitux made by or for ImClone before May 6, 2004, including:

    (a) The amount of Erbitux made by ImClone or on ImClone's behalf in the United States in both kilograms and vials;

3

(b)     The amount of Erbitux made outside of the United States using the C225 Cell Line in both kilograms and vials;

(c)     An identification of the Erbitux made before May 6, 2004 that is still in ImClone's inventory; and

(d)     To the extent that any amounts of Erbitux made before May 6, 2004 are not in ImClone's inventory, an identification of what these amounts of Erbitux were used for (e.g., commercial sale, clinicals, research, etc.).

7.      ImClone's electronic databases that track information relating the inventory levels, manufacture, and sale of Erbitux.

8.      All revenues and/or royalty payments received by or payable to ImClone relating to Erbitux made before May 6, 2004.

9.      The costs associated with the manufacture and sale of Erbitux and any payments made to reimburse ImClone for those costs.

10.     ImClone's profits attributable to the manufacture and sale of Erbitux.

11.     The agreements and patent licenses entered into by ImClone relating to the manufacture, distribution, or sale of Erbitux.

12.     All negotiations of patent licenses or potential patent licenses by ImClone for the manufacture or sale of Erbitux, including negotiations that failed to result in a patent license.

13.     Facts concerning ImClone's patent exhaustion and implied license defenses, including ImClone's allegation that the National Cancer Institute's sold the C225 cell line to ImClone pursuant to a written clinical trials agreement.

14. Facts concerning ImClone's defenses under the doctrines of laches and estoppel, including the following:

    (a) ImClone's allegation that Plaintiffs knew that ImClone was in the possession of C225 as early as 1993;

    (b) ImClone's allegation that Repligen accused ImClone of infringing the '281 patent and identification of the individuals involved in these alleged accusations;

    (c) The license of the '281 patent allegedly offered to ImClone by Repligen and any discussions concerning the license offer;

    (d) ImClone alleged inference that Plaintiffs had abandoned its claims against ImClone; and

    (e) ImClone's alleged prejudice.

15. Facts concerning ImClone's defense to Plaintiffs' claim of willful infringement.

16. ImClone's dealings with the MRC Collaborative Centre.

17. The advice of counsel defense raised by ImClone in its letter to Plaintiffs' counsel dated April 29, 2005.

18. ImClone's document collection and preservation efforts with respect to this litigation.