B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

        Plaintiffs,

v.

IMCLONE SYSTEMS INC.,

        Defendant.

Civil Action No. 04 10884 RGS

## IMCLONE SYSTEMS INC.'S OBJECTIONS TO PLAINTIFFS' 30(B)(6) DEPOSITION NOTICE

Defendant ImClone Systems Incorporated ("ImClone") hereby responds and objects to Plaintiffs Massachusetts Institute of Technology ("MIT") and Repligen Corporation's ("Repligen") notice of Rule 30(b)(6) deposition of ImClone dated July 1, 2005.

### GENERAL OBJECTIONS

1.    ImClone objects to topics 1- 18 to the extent they are overly broad, unduly burdensome, and seek testimony on topics that are not relevant to a claim or defense of any Party.

2.    ImClone objects to topics 1-18 as duplicative and cumulative to the extent they seek information already produced by ImClone in this action.

3. ImClone objects to topics 1-18 to the extent they seek information that is subject to the attorney-client privilege and/or work product immunity.

4. ImClone objects to topics 1-18 to the extent they seek a legal interpretation of statutes or contracts, or seek the application of law to facts, which are all inappropriate in a Rule 30(b)(6) deposition.

5. ImClone objects to topics 1-18 to the extent they seek to impose obligations on ImClone that exceed or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts.

6. ImClone objects to Plaintiffs' definition of "ImClone." ImClone will testify as to matters known or reasonably available to the organization.

7. ImClone objects to the noticed date and time for the deposition. ImClone will work with Plaintiffs to arrange a mutually acceptable date and time for the 30(b)(6) deposition of ImClone Systems, Inc.

## OBJECTIONS TO TOPICS

**Topic 1.**  ImClone's acquisition and use of the C225 Cell Line.

**Objections:**

ImClone objects to this topic as vague and ambiguous in its use of the phrase "acquisition and use". ImClone also objects to topic 1 as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. Additionally, ImClone objects to the use of the defined term "ImClone" in this topic as rendering the topic overly broad. ImClone will designate a witness to identify where the C225 Cell Line was acquired from and how it is used.

2

**Topic 2.**　　Communications between ImClone and the National Cancer Institute and/or National Institutes of Health regarding the C225 Cell Line.

**Objections:**

ImClone objects to this topic as overly broad and inappropriate for a 30(b)(6) deposition topic. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories and document requests. Additionally, ImClone objects to the use of the defined term "ImClone" in this topic as rendering the topic overly broad. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 3.**　　The Clinical Trials Agreement (production numbers I05009-I05014).

**Objections:**

ImClone objects to this topic as overly broad and inappropriate for a 30(b)(6) deposition topic. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories and document requests. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 4.** The cell lines used by ImClone or others on behalf of ImClone to make Erbitux.

**Objections:**

ImClone objects to this topic as overly broad and inappropriate for a 30(b)(6) deposition topic. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories and document requests. Additionally, ImClone objects to the use of the defined term "ImClone" in this topic as rendering the topic overly broad. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 5.** An identification of all companies and facilities involved in the manufacture of Erbitux.

**Objections:**

ImClone objects to this topic as overly broad to the extent it calls for an identification of "all companies and facilities" without geographic restriction. Additionally, ImClone objects to this testimony as vague and ambiguous in its use of the term "involved". Subject to these objections, ImClone designates William Dlouhy to testify regarding the identity of the facilities and corporation's directly involved in the manufacture of Erbitux.

**Topic 6.**    The amount of Erbitux made by or for ImClone before May 6, 2004, including:

(a) The amount of Erbitux made by ImClone or on ImClone's behalf in the United States in both kilograms and vials;

(b) The amount of Erbitux made outside of the United States using the C225 Cell Line in both kilograms and vials;

(c) An identification of the Erbitux made before May 6, 2004 that is still in ImClone's inventory; and

(d) To the extent that any amounts of Erbitux made before May 6, 2004 are not in ImClone's inventory, an identification of what these amounts of Erbitux were used for (e.g., commercial sale, clinicals, research, etc.).

**Objections:**

ImClone objects to this topic as overly broad to the extent it calls for an identification of the amount of Erbitux made outside of the United States. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories and document requests. Additionally, ImClone objects to the use of the defined term "ImClone" in this topic as rendering the topic overly broad. Subject to these objections, ImClone designates William Dlouhy to provide testimony related to the above topics.

**Topic 7.**    ImClone's electronic databases that track information relating the inventory levels, manufacture and sale of Erbitux.

**Objections:**

ImClone objects to this topic as directed towards testimony irrelevant to any claim or defense of a party in this action. ImClone additionally objects to this topic as vague and ambiguous without setting forth what information related to ImClone's electronic databases that is sought. Additionally, ImClone objects to the use of the defined term "ImClone" in this topic as rendering the topic overly broad. ImClone objects to the use of the phrase "relating the" as vague and ambiguous. Subject to these objections,

5

ImClone designates William Dlouhy to provide general testimony regarding the electronic database that ImClone currently utilizes to track information regarding Erbitux.

**Topic 8.**   All revenues and/or royalty payments received by or payable to ImClone relating to Erbitux made before May 6, 2004.

**Objections:**

ImClone objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 9.**   The costs associated with the manufacture and sale of Erbitux and any payments made to reimburse ImClone for those costs.

**Objections:**

ImClone objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. ImClone further objects to this topic as vague and ambiguous in its use of the phrase "costs associated with". For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 10.**   ImClone's profits attributable to the manufacture and sale of Erbitux,

**Objections:**

ImClone objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. ImClone further objects to this topic as vague and ambiguous in its use

of the phrase "profits attributable". For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 11.** The agreements and patent licenses entered into by ImClone relating to the manufacture, distribution, or sale of Erbitux.

**Objections:**

ImClone objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. ImClone further objects to this topic to the extent it calls for legal interpretation of patent licenses or draft licenses, which is inappropriate inquiries for a Rule 30(b)(6) deposition. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 12.** All negotiations of patent licenses or potential patent licenses by ImClone for the manufacture or sale of Erbitux, including negotiations that failed to result in a patent license.

**Objections:**

ImClone objects to this topic as directed towards testimony irrelevant to any claim or defense of a party in this action. ImClone objects to this request to the extent it calls for information protected by the attorney-client and/or attorney work product privileges. ImClone further objects to this topic to the extent it calls for legal interpretation of patent licenses or draft licenses, which is inappropriate inquiries for a Rule 30(b)(6) deposition. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide

the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 13.**    Facts concerning ImClone's patent exhaustion and implied license defenses, including ImClone's allegation that the National Cancer Institute's sold the C225 cell line to ImClone pursuant to a written clinical trials agreement.

**Objections**

ImClone objects to this topic to the extent it seeks a legal interpretation of any agreements, which is an inappropriate inquiry in a Rule 30(b)(6) deposition. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 14.** Facts concerning ImClone's defenses under the doctrines of laches and estoppel, including the following:
    (a) ImClone's allegation that Plaintiffs knew that ImClone was in the possession of C225 as early as 1993;
    (b) ImClone's allegation that Repligen accused ImClone of infringing the '281 patent and identification of the individuals involved in these alleged accusations;
    (c) The license of the '281 patent allegedly offered to ImClone by Repligen and any discussions concerning the license offer;
    (d) ImClone alleged inference that Plaintiffs had abandoned its claims against ImClone; and
    (e) ImClone's alleged prejudice.

8

**Objections:**

ImClone objects to this topic to the extent it seeks a legal interpretation of any agreements, which is an inappropriate inquiry in a Rule 30(b)(6) deposition. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 15.**   Facts concerning ImClone's defense to Plaintiffs' claim of willful infringement.

**Objections:**
ImClone objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 16.**   ImClone's dealings with the MRC Collaborative Centre.

**Objections:**

ImClone objects to this request to the extent it calls for information protected by the attorney-client and/or attorney work product privileges. ImClone objects to this topic as directed towards testimony irrelevant to any claim or defense of a party in this action.

ImClone objects to the use of the phrase "dealings" as vague and ambiguous. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 17.**　　The advice of counsel defense raised by ImClone in its letter to Plaintiffs' counsel dated April 29, 2005.

**Objections:**

To the extent that ImClone understands this topic, ImClone objects to this topic as duplicative of Topic 15. ImClone also objects to this topic as duplicative and cumulative in that the information sought has already been provided to Plaintiffs in ImClone's answers to Plaintiffs' interrogatories. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

**Topic 18.**　　ImClone's document collection and preservation efforts with respect to this litigation.

ImClone objects to this topic as directed towards testimony irrelevant to any claim or defense of a party in this action. Imclone objects to the use of the phrase "preservation efforts" and "with respect to this litigation" as vague and ambiguous. ImClone objects to this topic to the extent that it calls for testimony protected by the attorney-client or work product privileges. Finally, ImClone objects to this topic as overly broad in not sufficiently defining the testimony sought in a manner that would allow ImClone to

10

designate a witness to provide the corporation's testimony. For these reasons, ImClone will not designate a witness to testify as to this topic.

Dated: July 20, 2005

Michael R. Gottfried, BBO 542156
Anthony J. Fitzpatrick, BBO 564324
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 022 10
Tel: (617) 289-9200
Fax: (617) 289-9201

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY 10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

Attorneys for Defendant
ImClone Systems, Inc.

## CERTIFICATE OF SERVICE

      I, Phillip K. Lum, do hereby certify that a true and correct copy of the ImClone Systems Inc.'s Objections to Plaintiffs' 30(b)(6) Deposition Notice was served by Fax and Federal Express on the following:

Michael J. Kane, Esq.
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

Date: July 20, 2005    _____
                       Phillip K. Lum