C

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
612 335-5070

August 2, 2005

Facsimile
612 288-9696

**VIA FACSIMILE**

Web Site
www.fr.com

Michael D. Loughnane, Esq.
A. Antony Pfeffer, Esq.
Kenyon & Kenyon
One Broadway
New York, NY 10004



Re:   Repligen and MIT v. ImClone Systems, Inc.
      USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Counsel:

This letter is a follow-up to our meet and confer on Wednesday, July 27 regarding the parties' Rule 30(b)(6) deposition topics and Mr. Pfeffer's August 1 email regarding the same.

Of the eighteen topics identified in Plaintiffs' Rule 30(b)(6) deposition notice, ImClone has refused to provide a witness to testify as to fourteen of those topics, namely topics 2-4 and 8-18. However, during our call on Wednesday you agreed to provide a witness for topics 4 and 8-10. Please let us know as soon as possible who ImClone will be designating as a witness to testify with respect to these topics.

In addition, during our meet and confer you raised several objections regarding the scope of our 30(b)(6) topics. For example, with respect to Topic 16, which seeks testimony on ImClone's dealings with the MRC Collaborative Research Centre, you indicated that such a request was too broad because the request as written included all dealings, including discussions with individuals at MRC about, for example, "soccer games." As another example, you indicated that Topic 9, which requests testimony on the costs associated with the manufacture and sale of Erbitux, was too broad because you claimed that is not feasible to prepare witnesses regarding every telephone or electricity bill paid by ImClone.

As you are well aware, it is implicit in a 30(b)(6) topic that the scope of Rule 26 applies, and we do not intend to spend time with your witnesses delving into non-relevant topic areas. Nevertheless, in an attempt to resolve this issue, with respect to Topic 16, we will focus our questioning on ImClone's dealings with MRC regarding its attempt to re-express C225, the contract sequencing it performed on ImClone's behalf, its attempt to humanize the 225 antibody, and its consulting regarding the '281 patent.

FISH & RICHARDSON P.C., P.A.

Michael D. Loughnane, Esq.
August 2, 2005
Page 2


In addition, you also expressed confusion over the meaning of the term "revenues" in Topic 8 of Plaintiffs' 30(b)(6) notice. To clear up this confusion, the term "revenues" would include things such as payments received from the sales of Erbitux to ImClone's corporate partners, royalties received for the sale of Erbitux by ImClone's corporate partners, and "milestone" payments received by ImClone. On that note, with respect to Topic 9, the term "costs" would include expenses incurred in the manufacture of Erbitux, such as those identified in I23456-I23479. The phrase "reimbursement of costs" refers to costs that are reimbursed by BMS and/or Merck, which appear to be identified, at least in part, in the document marked I14288-I14293. While this list is not exhaustive, it should assist you in the preparation of witnesses on these topics.

If you have any questions, please feel free to call me.

Very truly yours,

William R. Woodford

WRW/jal

60307773.doc