KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

Attorneys for Defendant
ImClone Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>IMCLONE SYSTEMS INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 04 10884 RGS |

TO:
FISH & RICHARDSON
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN
55402

Attorneys for Plaintiffs RepliGen, Corp. and MIT

COUNSEL:

　　　　　PLEASE TAKE NOTICE that defendant, ImClone Systems Incorporated ("ImClone") will take the depositions of RepliGen Corporation ("RepliGen") commencing on **June 17, 2005** on the categories listed in Schedule A attached hereto at 9:00 a.m. and continuing from day to day thereafter until completed, at the offices of Kenyon & Kenyon, One Broadway,

New York, New York, or such other time and location as may be mutually agreed to by counsel, before a Notary Public or other officer duly authorized to administer oaths.

NOTICE IS HEREBY GIVEN that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, RepliGen is required to designate one or more appropriate persons to testify on its behalf with respect to each of the matters set forth in Schedule A attached hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to the corporation. The person(s) so designated is required to bring all documents related to the subject matter set forth in Schedule A.

The depositions will be recorded stenographically, by audio tape(s), and/or by video tape(s). You are invited to attend and cross-examine.

DATED: June 3, 2005

By: _____
Mark W. Batten (BBO #566211)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel: (617) 526-9600
Fax: (617) 526-9899

*Attorneys for Defendant ImClone Systems Incorporated*

Richard L. DeLucia
George E. Badenoch
Michael D. Loughnane
Anthony Giaccio
KENYON & KENYON
One Broadway
New York, NY 10004-1050
Tel: (212) 425-7200
Fax: (212) 425-5288

*Attorneys for Defendant ImClone Systems Incorporated*

**SCHEDULE A**

A. "MIT" means and refers to Massachusetts Institute of Technology, its officers, directors, trustees, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary;

B. "Repligen" means and refers to Repligen Corporation, its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest including, but not limited to, Damon Biotech, Inc. and, any successor, and any division or subsidiary thereof;

C. "Damon" means and refers to Damon Corporation and Damon Biotech, Inc., its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary;

D. "Abbott" means and refers to Abbot Laboratories and Abbott Biotech, its officers, directors, employees, counsel, agents, representatives, or other Persons under its control, and is meant to include, without limitation, any predecessor-in-interest, successor, division or subsidiary;

E. "NIH" means and refers to the U.S. National Institutes of Health;

F. "NCI" means and refers to the National Cancer Institute, a federal agency within the NIH;

G. "'281 patent" means and refers to U.S. Patent No. 4,663,281, U.S. Patent Application No. 592,231, and any and all related patents and any and all related patent applications;

H. "NIH" means the National Institute of Health;

I. "The MAA" means Master Agreement Announcement No. NCI-CM-87253-48, issued by NCI on January 22, 1988;

J. "The First RFP" means Request for Proposal NCI-CM-87253-48;

K. "The MA Proposal" means Damon's Technical and Business Proposal submitted to the NCI in response to The First RFP;

L. "The MA" means the Master Agreement N01-CM-87253-48;

M. "The Second RFP" means Request for Proposal MAO/RFP NCI-CM-87253-48 MAO #01;

N. "The MAO Proposal" means Damon's Technical and Business Proposal submitted to the NCI in response to The Second RFP;

O. "The MAO" means Master Agreement Order N01-CM-87253-01;

3

P.  "The May 2004 License Agreement" means the exclusive license agreement concerning the '281 patent between RepliGen and MIT executed on May 4, 2004.

## Categories of Testimony

1. All communications between RepliGen and MIT, Damon, Abbott, ImClone, or the United States Government concerning the '281 patent from 1980 until present.

2. The factual basis for Plaintiffs' contention in Plaintiffs' Response to Interrogatory No. 2 that the Bayh-Dole Act (35 USC 200-212) would have precluded NIH from obtaining a license broader than the pre-existing license based upon the original NIH grant to MIT unless the NIH followed a "very specific and public process for obtaining rights to such a non-subject invention (the '281 patent)."

3. The Patent Term Extension Application for the '281 patent, including but not limited to:

   a. RepliGen's alleged "agency relationship" with MIT for the purposes of pursuing the Patent Term Extension Application;

   b. RepliGen's communications and dealings with MIT, Abbott, Susumu Tonegawa, and Steven Gillies concerning the Patent Term Extension Application; and

   c. ImClone's alleged "agency relationship" with RepliGen.

4. Licensing terms and negotiations concerning the '281 patent, including but not limited to:

   a. All of the license agreements between MIT and RepliGen;

   b. Any sublicense(s) between Abbott and RepliGen;

   c. The scope of RepliGen's rights in the '281 patent from 1990 until present;

   d. RepliGen's communications with Abbott concerning the '281 patent; and

   e. Efforts by RepliGen to license others, including communications and negotiations between RepliGen and potential licensees.

5. Recovery for infringement of the '281 patent, including but not limited to:

   a. Allocation of any damage recovery under the May 2004 License Agreement; and

   b. Funding of the litigation under the May 2004 License Agreement;

6. RepliGen's contentions concerning NCI or NIH's rights (1) under the '281 patent and (2) under Master Agreement Order N01-CM-87253-01.

7. All contracts between MIT, Damon, or Abbott Biotech, and NCI, NIH, or any other federal agency concerning or relating to the '281 patent technology, including any and all solicitations, proposals, awards, appendices, addenda, attachments, and amendments thereof.

8. The identification, terms, dates, negotiations for, and performance of all agreements, both written and oral, between Damon and NIH and/or NCI related to or concerning Master Agreement Order N01-CM-87253-01, and all persons involved in the negotiations of such agreements.

9. The basis for Plaintiffs' contention in Plaintiffs' Response to Interrogatory No. 2 that the Plaintiffs are aware of or have knowledge of the contents of the Master Agreement and the identification of the persons having such knowledge.

10. The basis for Plaintiffs' contention in Plaintiffs' Response to Interrogatory No. 2 that the Master Agreement did not indicate "any intent to grant the government a license broader than the pre-existing license based upon the NIH grant".

11. The basis for Plaintiffs' contention in Plaintiffs' Response to Interrogatory No. 2 that NCI "accepted Damon's offer", including any alleged restrictions on the NCI's use or sale of products or processes produced by Damon under the MA or MAO.

12. The basis for Plaintiffs' contention that they possess intellectual property rights in the material(s) that were produced by Damon for NCI under Master Agreement Order N01-CM-87253-01.

13. The basis for Plaintiff's contention that the Master Agreement or Master Agreement Order N01-CM-87253-01 contained any reservation, express or implied, of Damon's intellectual property rights in materials produced under the contract(s).

14. The 1992 acquisition by RepliGen of assets of Abbott Biotech, including the Technology License Agreement under which RepliGen alleges it received a sublicense to the '218 patent.

15. Each analysis, evaluation, or test of any kind directed to determining whether ImClone's C225 product is within the scope of any claim of the '281 patent and any document that refers or relates to it.

16. Plaintiff's responses to all interrogatories.

17. Products made, used, sold, or licensed by RepliGen concerning or relating to the '281 patent technology, including all vectors, cell lines, and antibodies.

18. The effect on RepliGen's share value of the filing of this lawsuit.

19. The basis for statements by RepliGen in SEC filings concerning ImClone, Erbitux, the '281 patent, and this lawsuit.

## CERTIFICATE OF SERVICE

I, Phillip K. Lum, do hereby certify that a true and correct copy of the Notice Of Deposition of RepliGen Corp. was served by Fax and Federal Express on the following:

<u>Plaintiff Massachusetts Institute of Technology and Repligen Corporation</u>

Michael J. Kane, Esq.
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

Date: June 3, 2005                                    /Phillip K. Lum