UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

    Plaintiffs,

v.

IMCLONE SYSTEMS, INC.,

    Defendant.

Civil Action No. 04-10884-RGS

## PLAINTIFF REPLIGEN CORPORATION'S OBJECTIONS TO DEFENDANT'S RULE 30(b)(6) DEPOSITION NOTICE

Plaintiff Repligen Corporation hereby responds and objects to ImClone Systems, Inc.'s Rule 30(b)(6) deposition notice dated June 3, 2005 as follows:

### GENERAL OBJECTIONS

1. Repligen objects to topics 1-19 to the extent they are overly broad, unduly burdensome, and seek testimony on topics that are not relevant to a claim or defense of any party.

2. Repligen objects to topics 1-19 as duplicative and cumulative to the extent they seek information already produced by Repligen in this action.

3. Repligen objects to topics 1-19 to the extent they seek information that is subject to the attorney-client privilege and/or work product immunity.

4. Repligen objects to topics 1-19 to the extent they seek a legal interpretation of statutes or contracts, or seek the application of law to facts, which are all inappropriate in a Rule 30(b)(6) deposition.

5. Repligen objects to topics 1-19 to the extent they seek to impose obligations on Repligen that exceed or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts.

6. Repligen objects to ImClone's definition of "Repligen." Repligen will testify as to matters known or reasonably available to the organization.

## OBJECTIONS TO TOPICS

1. Repligen objects to topic 1 to the extent it calls for information that is subject to the attorney-client privilege and/or work product immunity. Repligen also objects to the extent topic 1 is overly broad, unduly burdensome, or seeks testimony that is not relevant to a claim or defense of any party.

2. Repligen objects to topic 2 to the extent it seeks a legal interpretation of the Bayh-Dole Act, which is an inappropriate inquiry in a Rule 30(b)(6) deposition. Repligen also objects to topic 2 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. Repligen further objects to the extent topic 2 calls for information subject to the attorney-client privilege and/or work product immunity. Repligen will not make a witness available to testify on this topic.

3. Repligen objects to topic 3 as it seeks testimony that is not relevant to any claim or defense in this action. Repligen also objects to the extent topic 3 seeks information subject to the attorney-client privilege and/or work product immunity. Repligen will not make a witness available to testify on this topic.

4. Repligen objects to topic 4 to the extent it seeks testimony that is not relevant to a claim or defense of any party. Repligen also objects to the extent topic 4 calls for information that is subject to the attorney-client privilege and/or work product immunity. Repligen further

2

objects to topic 4 as overly broad and unduly burdensome in that it seeks testimony regarding all of Repligen's licensing efforts with "others." Repligen also objects to topic 4 to the extent it seeks a legal interpretation of license agreements, which is inappropriate in a Rule 30(b)(6) deposition.

5.  Repligen objects to topic 5 as seeking testimony that is not relevant to a claim or defense of any party. Repligen also objects to topic 5 to the extent it seeks information that is subject to the attorney-client privilege and/or work product immunity. Repligen will not make a witness available to testify on this topic.

6.  Repligen objects to topic 6 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. Repligen also objects to topic 6 to the extent it seeks the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition. Repligen further objects to topic 6 to the extent it seeks information that is subject to the attorney-client privilege and/or work product immunity. Repligen will not make a witness available to testify on this topic.

7.  Repligen objects to topics 7 and 8 as overly broad and unduly burdensome. Repligen will testify only as to matters known or reasonably available to the organization.

8.  Repligen objects to topics 9-11 as mischaracterizing the contentions set forth in Plaintiffs' Second Supplemental Response to ImClone's Interrogatory number 2. Repligen also objects to topics 9-11 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. Repligen further objects to these topics 9-11 to the extent they seek the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition. Repligen will not make a witness available to testify on these topics.

3

9.  Repligen objects to topics 12 and 13 to the extent they seek a legal interpretation of statutes or the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition. Repligen also objects to topics 12 and 13 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. Repligen will not make a witness available to testify on these topics.

10. Repligen objects to topic 14 to the extent it seeks information that is not relevant to a claim or defense in this action. Repligen also objects to topic 14 to the extent it seeks information that is subject to the attorney-client privilege and/or work product immunity.

11. Repligen objects to topic 15 as seeking information that is not relevant to a claim or defense in this action. Plaintiffs do not contend that the C225 antibody is covered by the '281 patent. Rather, Plaintiffs contend that the cell line used by ImClone to make its C225 antibody infringes the claims of the '281 patent. Repligen also objects to topic 15 to the extent it seeks information that is subject to the attorney-client privilege and/or work product immunity. Repligen will not make a witness available to testify on this topic.

12. Repligen objects to topic 16 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. Repligen further objects to topic 16 as vague and ambiguous. Topic 16 fails to describe with reasonable particularity the matters on which examination is requested. Repligen will not make a witness available to testify on this topic.

13. Repligen objects to topic 17 as vague and ambiguous with respect to the term "products."

14. Repligen objects to topic 18 as vague, ambiguous, and incomprehensible. Topic 18 fails to describe with reasonable particularity the matters on which examination is requested.

4

Repligen also objects to topic 18, to the extent understood, as seeking information that is not relevant to a claim or defense in this action.

15.  Repligen objects to topic 19 as seeking information that is not relevant to a claim or defense in this action. Repligen also objects to topic 19 as failing to describe with reasonable particularity the matters on which examination is requested.

Subject to the General Objections and the specific objections to each topic, Repligen will designate one or more witnesses to testify as to the subject matter known or reasonably available to Repligen as specified in topics 1, 4, 7, 8, 14, and 17-19. Repligen reserves the right to object to specific questions at the deposition on these or other grounds.

Dated: June 16, 2005

FISH & RICHARDSON P.C., P.A.

/s/ William R. Woodford

William R. Woodford (pro hac vice)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

*Of Counsel:*

Gregory A. Madera
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jonathan E. Singer
Michael J. Kane
John C. Adkisson
Chad A. Hanson
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Juanita Brooks
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

*Attorneys for Plaintiffs*
*Massachusetts Institute of Technology &*
*Repligen Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for Defendant on June 16, 2005 by facsimile and First Class Mail.

60300038.doc