# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

July 27, 2005



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA FACSIMILE & U.S. MAIL**

Paul M. Richter, Jr., Esq.
Kenyon & Kenyon
One Broadway
New York, NY 10004

Re:  *Repligen and MIT v. ImClone Systems, Inc.*
     USDC-D. Mass. (Boston) - Civil Action No. 04-10884-RGS

Dear Paul:

Enclosed and served upon you please find Plaintiff Massachusetts Institute of Technology's Objections to Defendant's Amended Rule 30(b)(6) Deposition Notice in the above matter.

Sincerely,

John C. Adkisson

JCA/mla

Enclosure
60307276.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

    Plaintiffs,

v.

IMCLONE SYSTEMS, INC.,

    Defendant.

Civil Action No. 04-10884-RGS

**PLAINTIFF MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S OBJECTIONS TO DEFENDANT'S AMENDED RULE 30(b)(6) DEPOSITION NOTICE**

Plaintiff Massachusetts Institute of Technology ("MIT") hereby responds and objects to ImClone Systems, Inc.'s Amended Rule 30(b)(6) deposition notice dated July 15, 2005 as follows:

## GENERAL OBJECTIONS

1.    MIT objects to topics 1-19 to the extent they are overly broad, unduly burdensome, and seek testimony on topics that is not relevant to a claim or defense of any party.

2.    MIT objects to topics 1-19 as duplicative and cumulative to the extent they seek information already produced by MIT in this action.

3.    MIT objects to topics 1-19 to the extent they seek information that is subject to the attorney-client privilege and/or work product immunity.

4.    MIT objects to topics 1-19 to the extent they seek a legal interpretation of statutes or contracts, or seek the application of law to facts, which are all inappropriate in a Rule 30(b)(6) deposition.

5.  MIT objects to topics 1-19 to the extent they seek to impose obligations on MIT that exceed or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts.

6.  MIT objects to ImClone's definition of "MIT." MIT will testify as to matters known or reasonably available to the organization.

## OBJECTIONS TO TOPICS

1.  MIT objects to topic 1 to the extent it calls for information that is subject to the attorney-client privilege and/or work product immunity. MIT also objects to the extent topic 1 is overly broad, unduly burdensome, or seeks testimony that is not relevant to a claim or defense of any party.

2.  MIT objects to topic 3 as seeking testimony that is not relevant to any claim or defense in this action. MIT also objects to the extent topic 3 seeks information subject to the attorney-client privilege and/or work product immunity.

3.  MIT objects to topic 4 to the extent it seeks a legal interpretation of the Bayh-Dole Act, which is an inappropriate inquiry in a Rule 30(b)(6) deposition. MIT also objects to topic 4 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. MIT further objects to the extent topic 4 calls for information subject to the attorney-client privilege and/or work product immunity. MIT will not make a witness available to testify on this topic.

4.  MIT objects to topic 5 to the extent it seeks testimony that is not relevant to any claim or defense in this action. MIT also objects to the extent topic 5 seeks information subject to the attorney-client privilege and/or work product immunity. MIT further objects to topic 5 as overly broad and unduly burdensome. MIT will testify only as to matters known or reasonably

2

available to the organization. MIT also objects to the request for testimony on "[c]ommunications with others" as vague and for failing to describe with reasonable particularity the matters on which examination is requested. In addition, MIT objects to topic 5 to the extent it seeks the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition.

5. MIT objects to the request for testimony on "[p]rior art to the '281 patent" in topic 6 as vague and for failing to describe with reasonable particularity the matters on which examination is requested. MIT also objects to the extent topic 6 seeks information subject to the attorney-client privilege and/or work product immunity. MIT also objects to those portions of topic 6 relating to inventorship as not relevant to any claim or defense of the parties to this case. As such, MIT will not produce a witness to testify as to the inventorship aspects of topic 6.

6. MIT objects to topic 7 as it seeks testimony that is not relevant to any claim or defense in this action. MIT also objects to the extent topic 7 seeks information subject to the attorney-client privilege and/or work product immunity. MIT will not make a witness available to testify on this topic.

7. MIT objects to topic 8 as it seeks testimony that is not relevant to any claim or defense in this action. MIT also objects to the extent topic 8 seeks information subject to the attorney-client privilege and/or work product immunity. MIT further objects to topic 8 as overly broad and unduly burdensome. MIT will testify only as to matters known or reasonably available to the organization. MIT further objects to topic 8 to the extent it seeks the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition. MIT will not produce a witness to testify as to topic 8(g).

8. MIT objects to topic 9 in that "respective rights concerning efforts to enforce the '281 patent" is vague and ambiguous. MIT also objects to topic 9 as seeking information that is

3

not relevant to a claim or defense in this action. MIT will not make a witness available to testify on this topic.

9. MIT objects to topic 10 as seeking testimony that is not relevant to a claim or defense of any party. MIT also objects to topic 10 to the extent it seeks information that is subject to the attorney-client privilege and/or work product immunity. MIT will not make a witness available to testify on this topic.

10. MIT objects to topic 13 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. MIT further objects to topic 13 to the extent it seeks the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition. MIT will not make a witness available to testify on this topic.

11. MIT objects to topic 14 as duplicative and cumulative to the extent that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. MIT further objects to this topic to the extent it seeks the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition.

12. MIT objects to topic 15 as duplicative and cumulative to the extent that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. MIT further objects to this topic to the extent it seeks the application of law to facts, which is inappropriate in a Rule 30(b)(6) deposition. MIT will not make a witness available to testify on this topic.

13. MIT objects to topic 16 to the extent it seeks information protected by the attorney-client privilege and/or work product immunity.

14. MIT objects to topic 17 to the extent it seeks information that is not relevant to any claim or defense in this action.

15. MIT objects to topic 18 to the extent it seeks information that is subject to the attorney-client privilege and/or work product immunity. MIT will not make a witness available to testify on this topic.

16. MIT objects to topic 19 as duplicative and cumulative in that the information sought has already been provided to ImClone in Plaintiffs' answers to ImClone's interrogatories. MIT further objects to topic 19 as vague and ambiguous. Topic 19 fails to describe with reasonable particularity the matters on which examination is requested. MIT will not make a witness available to testify on this topic.

Subject to the General Objections and the specific objections to each topic, MIT will designate one or more witnesses to testify as to the subject matter known or reasonably available to MIT as specified in topics 1-3, 5-6, 8, 11, 12, 14, 16, and 17. MIT reserves the right to object to specific questions at the deposition on these or other grounds.

Dated: July 27, 2005

FISH & RICHARDSON P.C., P.A.

_____
William R. Woodford (*pro hac vice*)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

*Of Counsel:*

Gregory A. Madera
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jonathan E. Singer
Michael J. Kane
John C. Adkisson
Chad A. Hanson
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Juanita Brooks
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

*Attorneys for Plaintiffs*
*Massachusetts Institute of Technology &*
*MIT Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for Defendant on July 27, 2005 by facsimile and First Class Mail.

_____

60307268.doc

6

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

**Date** July 27, 2005

**To** Paul M. Richter, Jr., Esq.
Kenyon & Kenyon
One Broadway
New York, NY 10004
Telephone: (212) 425-7200

**Facsimile number** 00231-00253531 / (212) 425-5288

**From** John C. Adkisson

**Re** Repligen and MIT v. ImClone Systems, Inc.
Our Ref.: 00231-002LL1

**Number of pages including this page** 8

**Message** Please see attached.

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 612 335-5070 to arrange for its return. Thank you.