B

SCANNED
DATE: 9R/b/04
BY: M.P.

FILED
IN CLERK'S OFFICE

2004 DEC 20 P 3 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

A1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and
REPLIGEN CORPORATION,

Plaintiffs,

v.

IMCLONE SYSTEMS, INC.,

Defendant.

Civil Action No.: 04-10884-RGS

## STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON

### PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the parties to the above identified action, through their respective counsel, that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits and other information exchanged by the parties in this action.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure and other information which the disclosing party designates as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" furnished, directly or indirectly, by or on behalf of any party to this action.

2. In designating information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" a party shall make such a designation only as to materials which that party in good faith believes constitutes proprietary information that is used by it in, or pertaining to, its

business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain in confidence.

3. "CONFIDENTIAL" and "RESTRICTED CONFIDENTIAL" material shall be used by the parties, consultants, experts, and counsel in this action solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

4. Information designated "CONFIDENTIAL" may not be disclosed to any person other than:

(a) Outside counsel of record involved in this action, and paralegals, secretaries, and other support personnel in their law firm's employ to whom such disclosure is reasonably deemed necessary by such counsel, for the conduct of this action;

(b) Court reporters while in the performance of their official duties;

(c) Independent outside consultants and experts, retained by a party in order to assist its outside counsel of record in the conduct of this litigation (whether or not such consultant or expert is expected to testify at trial), but only to the extent (1) that the procedures of paragraph 7 of this Protective Order have been complied with, and (2) that such disclosure is deemed reasonably necessary by such counsel for the provision of such assistance, and provided that a copy of this Protective Order has been provided to that person, and that person has signed an "Acknowledgement," in substantially the same form as Exhibit A attached hereto, agreeing to abide by the restrictions contained herein. Persons who are current employees of a party, or who have a subsisting or ongoing employment or consulting relationship with a party (excluding consulting by a person that is not a current or former employee of a party and has been retained by an outside counsel for a party in connection with a dispute with a third party), are not independent outside experts or consultants under this paragraph;

(d) The Court and its supporting personnel;

(e) Persons who have prepared or assisted in the preparation of such documents or material, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of the litigation. "CONFIDENTIAL" information of a producing party may also be shown to any current employee of the producing party during the course of a deposition if necessary for the conduct of the litigation;

(f) Any mock juror engaged by a party or a party's consultant (under the provisions of paragraph 7) in preparation for trial in this action, provided however, that: (i) the disclosing party or its consultant shall, prior to any such disclosure, require each mock juror to execute an "Acknowledgement," in substantially the same form as Exhibit A attached hereto without identifying the parties, agreeing to abide by the restrictions contained herein; and (ii) no mock juror may be a current or former employee, officer, attorney, agent, or director of either party to this litigation;

(g) Not more than two (2) present or former employees of a receiving party, responsible for technical, legal or managerial matters, and that person has signed an "Acknowledgement" under the procedures of paragraph 7 of this Protective Order, in substantially the same form as Exhibit A attached hereto, agreeing to abide by the restrictions contained herein; and

(h) Anyone so authorized by the prior written consent of the party designating the information as "CONFIDENTIAL".

5. Any "CONFIDENTIAL" material which a party believes should not be disclosed to a director, officer or employee of the other party, including in-house counsel, may be

designated as "RESTRICTED CONFIDENTIAL" material. The parties contemplate that "RESTRICTED CONFIDENTIAL" material shall include, for example, certain technical information, financial data, current and future business plans and marketing information.

6. Information designated as "RESTRICTED CONFIDENTIAL" may be disclosed only to the following persons:

    (a) Outside counsel of record involved in this action, and paralegals, secretaries, and other support personnel in their law firm's employ to whom such disclosure is reasonably deemed necessary by such counsel, for the conduct of this action;

    (b) Independent outside consultants and experts for each party who are retained by outside counsel described in paragraph 6(a) to assist in the conduct of this litigation (whether or not such consultant or expert is expected to testify at trial), with such disclosure only to the extent necessary to perform such work and only to the extent that the procedures of paragraph 7 of this Protective Order have been complied with; and

    (c) The Court, under seal or with other suitable precaution calculated to maintain confidentiality.

7. The persons described in paragraph 4(c), 4(f), and 4(g) shall have access to the "CONFIDENTIAL" material and the persons described in paragraph 6(b) shall have access to the "RESTRICTED CONFIDENTIAL" material in accordance with the following procedures. The name, address, occupation and, for 4(c), 4(f), 4(g), and 6(b) individuals, curriculum vitae and/or resume, of any person proposed to be designated pursuant to this paragraph shall be personally served upon or sent by certified mail, return receipt requested, to all attorneys of record for the other party(s). Unless the attorneys of record for the party supplying the "CONFIDENTIAL" material or "RESTRICTED CONFIDENTIAL" material notifies the

proposing attorney in writing of an objection to the person designated under paragraphs 4(c), 4(f), 4(g), or 6(b) within ten (10) business days after receipt of notification, such designated person shall thereafter be deemed qualified to receive "CONFIDENTIAL" material or "RESTRICTED CONFIDENTIAL" material, provided he/she manifests his/her assent to be bound by the provisions of this order by signing a copy of the annexed "Acknowledgment". In the event of a written objection as provided above, the parties shall first try to dispose of the dispute in good faith, on an informal basis before seeking relief from the Court. Persons receiving "CONFIDENTIAL" material or "RESTRICTED CONFIDENTIAL" material are prohibited from disclosing it to any person except in conformance with this Order.

8. The recipient of any "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9. The recipient of any "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

10. Parties shall designate "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material as follows:

(a) In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by announcing at the time of production and by placing the following legend on any such document copied or to be copied prior to production: "CONFIDENTIAL" or

"RESTRICTED CONFIDENTIAL" material. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" at the time of its production, that party shall have thirty (30) business day after such production to so stamp or otherwise designate the document or other information.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material the deponent has had access. Such review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "RESTRICTED CONFIDENTIAL"; if no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material.

(c) Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript, or portion thereof, is filed and contains "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material, the transcript or the document to

which it is attached for filing, e.g., Motion, Memorandum of Law, shall file such transcript or document under seal, in accordance with Local Rule 7.2.

11. A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party ten (10) days prior written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court following the specified ten (10) day period. The burden of proving that information has been properly designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material is on the party making such designation.

12. The Clerk of the Court is requested to maintain under seal only those pages of documents and transcripts of deposition testimony filed with this Court in this litigation by any party which are designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material, including all pages of deposition transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The person filing such material shall advise the Clerk that a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

13. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the producing party,

(b) to apply to information which appears in issued patents or printed publications or becomes publicly known, or (c) to apply to information which any party or its counsel has, since disclosure by the producing party, shall hereafter lawfully obtain from a third party having the right to disclose such information.

14. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material, to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action; or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material.

15. Material produced without the designation of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material may be so designated subsequent to production if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of same that the producing party failed to make such designation at the time of production. If discovery material is redesignated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material, the receiving party shall collect any copies that have been provided to individuals other than those identified in paragraphs 4 and 6 of this Order.

16. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall collect all copies of

-8-

the documents and return them to the producing party. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents. The receiving attorney shall within thirty (30) days of such re-designation, file a motion to compel production of the documents; otherwise, any such motion to compel shall be deemed waived.

17. Within sixty (60) days of the termination of this action, all "CONFIDENTIAL" and "RESTRICTED CONFIDENTIAL" material and all copies thereof shall either be returned to the party which produced same or destroyed, at the election of the producing party. If copies of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" material are destroyed, the destroying party shall certify in writing that said documents have been destroyed within the sixty (60) day time period.

18. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive, hereof.

STIPULATED AND AGREED TO BY:

                                        FISH & RICHARDSON, P.C.

Dated: December 20, 2004     By:    */s/ Gregory A. Madera*

                                        Gregory A. Madera (BBO #313,020)
                                        FISH & RICHARDSON, P.C.
                                        225 Franklin Street
                                        Boston, MA 02110-2804
                                        Telephone: (617) 542-5070
                                        Facsimile: (617) 542-8906

                                        <u>Of Counsel</u>:
                                        Jonathan E. Singer
                                        Michael J. Kane
                                        Chad A. Hanson
                                        FISH & RICHARDSON P.C., P.A.
                                        3300 Dain Rauscher Plaza
                                        60 South Sixth Street
                                        Minneapolis, Minnesota 55402
                                        Telephone: 612) 335-5070

                                        Juanita Brooks
                                        FISH & RICHARDSON, P.C.
                                        12390 El Camino Real
                                        San Diego, CA 92130
                                        Telephone: (858) 678-5070

                                        ATTORNEYS FOR PLAINTIFFS
                                        MASSACHUSETTS INSTITUTE OF
                                        TECHNOLOGY AND
                                        REPLIGEN CORPORATION

|  |  | PROSKAUER ROSE, LLP |
|---|---|---|
| Dated: December 10, 2004 | By: | /s/ Jeremy P. Oczek |
|  |  | Mark W. Batten (BBO #566211) |
|  |  | Jeremy P. Oczek (BBO #647509) |
|  |  | One International Place |
|  |  | Boston, MA 02110-2600 |
|  |  | Telephone: (617) 526-9600 |
|  |  | Facsimile: (617) 526-9899 |

Of Counsel:
Richard L. DeLucia (pro hac vice)
Michael D. Loughnane (pro hac vice)
George E. Badenoch (pro hac vice)
Anthony Giaccio (pro hac vice)
KENYON & KENYON
One Broadway
New York, NY 10004-1050
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

ATTORNEYS FOR DEFENDANT
IMCLONE SYSTEMS, INC.

SO ORDERED:

Dated: 12-23-04, 2004

/s/ Richard G. Stearns
United States District Judge

EXHIBIT "A"

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

I hereby acknowledge that I may receive information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" related to the case MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION v. IMCLONE SYSTEMS INC., Civil Action 04 10884 RGS pending in the United States District Court for the District of Massachusetts; and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order entered in that proceeding ("Order").

I further state that I have been given a copy of and have read the Order, that I am familiar with its terms, that, on behalf of myself and the organization identified below with which I am employed and/or affiliated, if any, I agree to comply with and to be bound by each of the terms thereof, and agree to hold in confidence any information designated as such and disclosed to me pursuant to the terms of the Order.

To assure my compliance with the Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the limited purpose of any proceeding relating to performance under, compliance with or violation of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Executed on this _____ day of _____, 200__.

-12-