C

From: John Adkisson
Sent: Friday, August 12, 2005 12:28 PM
To: 'Pfeffer, Antony'
Cc: Loughnane, Michael; Richter, Paul; Michael Kane; William Woodford
Subject: RE: Repligen/ImClone: Protective Order Issue

Antony:

The posturing serves no purpose. Obviously, we have neither "threatened" nor "insulted" you.

We remain willing to allow two attorneys at ImClone access to the entirety of Repligen and MIT's production and depositions in this litigation under the terms of the protective order, provided that ImClone extend the same courtesy to us. And while you have articulated a vague Repligen-specific concern below, you have provided no legitimate basis as to why you do not believe that Mr. Nemeth could not abide by the terms of the protective order. You have also provided no argument whatsoever as to why Ms. Rivard and MIT should be denied access.

With respect to your proposal that Repligen and MIT identify specific documents that we believe ImClone has misdesignated, the breath and the volume of ImClone's misdesignation of documents makes that an impossible task. We do not believe that ImClone should be able to misdesignate most of its documents in this litigation, and then place the burden on MIT and Repligen to go through those documents and identify specific documents for which ImClone "might" grant access. If you recall, it is that problem that precipitated our proposal to add in-house counsel in the first place.

In any event, I take it from your e-mail below that this is ImClone's final position on this issue. We will proceed accordingly.

JCA

-----Original Message-----
From: Pfeffer, Antony [mailto:APfeffer@kenyon.com]
Sent: Monday, August 08, 2005 3:08 PM
To: John Adkisson
Cc: Loughnane, Michael; Richter, Paul; Michael Kane; William Woodford
Subject: FW: Repligen/ImClone: Protective Order Issue

John,

With respect to your proposal to add in-house counsel to the protective order, we have been willing to work with you on this issue but not under the shadow of your threats and insults. We told you weeks ago that if it was a simple matter of specific documents that you wish to show your client, we would consider your request with our client on an expedited basis. If, however, you wish a large scale modification to the protective order, we have discussed several possibilities with you, and expressed a willingness to work with you to resolve this situation.

Unfortunately you responded to our offers with derision stating that our proposal to amicably discuss the problem was unacceptable. ImClone is the only party in this litigation that has produced highly sensitive documents in this litigation. We simply cannot agree to any proposal which would allow current Repligen employees access to all of

1

the highly sensitive internal ImClone documents and information produced in the
litigation.

We remain willing, as always, to work with you to allow Repligen's "decisionmakers" to
review specific documents after due consideration by us and our client. If you identify
specific documents we will endeavour to get you a swift response on whether or not they
may be shown to Repligen "decisionmakers".

Antony

-----Original Message-----
From: John Adkisson [mailto:Adkisson@fr.com]
Sent: Friday, August 05, 2005 5:33 PM
To: Pfeffer, Antony
Cc: Loughnane, Michael; Richter, Paul; Michael Kane; William Woodford
Subject: Repligen/ImClone: Protective Order Issue

Antony:

Please be advised that we have passed on the Stanford-MIT correspondence to Ms. Corbin
under the terms of the protective order.

Ms. Corbin also advises me that she sent you written objections to your subpoenas to Dr.
Morrison and Dr. Oi a week ago. Were you planning on sharing those with us?

Finally, with respect to our proposal to add in-house counsel to the protective order, I
don't know what more information you need. We want decisionmakers at all of our clients
to have access to documents under the protective order. You, for some unspecified reason,
won't agree. If your position is that ImClone "will not agree to any modifications to
[the protective order] at this time," we will consider our meet and confer obligations
satisfied and proceed with the Court on this issue.

Sincerely,
John

-----Original Message-----
From: Pfeffer, Antony [mailto:APfeffer@kenyon.com]
Sent: Thursday, August 04, 2005 2:35 PM
To: John Adkisson
Cc: Loughnane, Michael
Subject: RE:

John:

If you are goint to insist on tying two unrelated issues together to attempt to force us
and our client make a premature decision, then our simple answer to you is that we will
not discuss this issue with you on those terms. Accordingly, the terms of the protective
order, which the parties negotiated, stand and we will not agree to any modifications to
it at this time.

We will inform Morrison and Oi's counsel that you do not want her to see the few letters
involving her client that were sent between MIT and Stanford which are clearly
misdesignated as Restricted Confidential.

We believe that your designation of these documents as such violates not only the spirit
of the Protective Order but is in direct violation of Paragraph 2 of the Protective Order.

Antony


-----Original Message-----
From: John Adkisson [mailto:Adkisson@fr.com]
Sent: Thursday, August 04, 2005 3:18 PM
To: Pfeffer, Antony
Cc: Loughnane, Michael
Subject: RE:

Antony:

We need a firm timetable from you as to when you will get back to us on the protective order issue. We are well past the point in this litigation where we can accept vagueries such as "we will get back to you in due course" or the like on issues as important as client involvement in the litigation. Our expert reports are due in roughly a month, and we want certain selected decisionmakers at our clients to have some input in those reports. You should want your clients to be involved as well.

Please provide me with a timetable as to when you expect that we can resolve this issue. Thanks.

John

-----Original Message-----
From: Pfeffer, Antony [mailto:APfeffer@kenyon.com]
Sent: Thursday, August 04, 2005 2:05 PM
To: John Adkisson
Cc: Loughnane, Michael
Subject: RE:

John,

With respect to the issue on the few MIT documents that we are talking about (i.e. the correspondence between MIT and Stanford), we have previously informed you that we contest that this information is even properly designated as Restricted Confidential. You have previously stated that some documents with this classification were so classified due to the lack of a protective order at the time of their production. Can you please let us know immediately whether or not this correspondence even falls under that designation.

With respect to Ms. Corbin seeing these documents which relate directly to their client under the protections of the protective order, we need an answer immediately. If your answer is no, we will have to approach the court, and inform Ms. Corbin that MIT does not want her to see these documents.

As for the issue of a general agreement regarding modifications to the protective order, as you are well aware that decision involves tens of thousands of pages of documents. We are consulting with our client regarding your latest proposal. We need to work with our client to make sure that its sensitive information is adequately protected. We are committed to working with you to resolve this issue but see no reason to tie a decision as to a few letters being seen by Ms. Corbin to the much larger decision regarding the transfer of tens of thousands of pages of documents into the files of Repligen.

Antony

-----Original Message-----
From: John Adkisson [mailto:Adkisson@fr.com]
Sent: Thursday, August 04, 2005 11:51 AM
To: Pfeffer, Antony
Cc: Loughnane, Michael
Subject: RE:

Antony:

My proposal was that this issue be wrapped into our discussions regarding getting Mr. Gallagher and another ImClone attorney, Mr. Nemeth and Ms. Rivard access under the protective order. If we can agree to that, I think we can we're more than happy to discuss lifting the confidentiality restrictions for the MIT correspondence you reference below. During our meet and confer, you said you'd talk with Mr. Gallagher and get back to us on our proposal. Where do we stand and what is the timetable for getting this done? Let me know. Thanks.

JCA

-----Original Message-----
From: Pfeffer, Antony [mailto:APfeffer@kenyon.com]

3

Sent: Thursday, August 04, 2005 9:07 AM
To: John Adkisson
Cc: Loughnane, Michael
Subject: RE:

John

Can you confirm my understanding of our conversation from the other day that we can show the correspondence between MIT and Stanford to Ms. Corbin subject to her agreeing to be bound by the protective order.

We are considering your other proposals regarding the general issue of access to restricted confidential information for inhouse counsel and look forward to discussing it with you further. We are confident that we can arrive at a mutually acceptable solution on that front.

Antony

-----Original Message-----
From: John Adkisson [mailto:Adkisson@fr.com]
Sent: Wednesday, August 03, 2005 1:47 PM
To: Pfeffer, Antony
Subject: RE:

Thanks, Antony.

JCA

-----Original Message-----
From: Pfeffer, Antony [mailto:APfeffer@kenyon.com]
Sent: Wednesday, August 03, 2005 10:04 AM
To: John Adkisson
Subject: RE:

John, per our conversation yesterday regarding who represents Morrison and Oi, it is my understanding that the person to contact is Teresa M. Corbin at Howrey LLP's San Francisco Office.


-----Original Message-----
From: John Adkisson [mailto:Adkisson@fr.com]
Sent: Monday, August 01, 2005 7:31 PM
To: Pfeffer, Antony
Cc: Chad Hanson; Michael Kane; William Woodford; Loughnane, Michael
Subject: RE:

Antony:

We agreed that we would clarify certain of our topics that you claimed that you did not understand, and we will send you a letter tomorrow that does just that. Once you receive our letter, we would be happy to schedule a time to talk with you about scheduling the witnesses' depositions for those topics.

I have a couple of outstanding questions for you:

First, during that same meet and confer, ImClone represented that we could expect to see a supplemental privilege log by the end of the day today. When can we expect to see it?

Second, further to my e-mail on Friday, can you please pass along the name of the attorney representing Dr. Morrison and Dr. Oi? Thanks.

John

-----Original Message-----
From: Pfeffer, Antony [mailto:APfeffer@kenyon.com]
Sent: Monday, August 01, 2005 4:46 PM

4

To: John Adkisson
Cc: Chad Hanson; Michael Kane; William Woodford; Loughnane, Michael
Subject:

John,

During the meet and confer last Wednesday, you stated that you would be providing us with narrowed 30(b)(6) topics for ImClone. We have not received any amended 30(b)(6) topics as of today. Are we going to be receiving these so that we may plan accordingly?

A. Antony Pfeffer
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 908-6375
(212) 425-5288 (fax)

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential, information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.