UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and
REPLIGEN CORPORATION,

    Plaintiffs,

v.

IMCLONE SYSTEMS, INC.,

    Defendant.

Civil Action No. 04-10884-RGS

---

**DECLARATION OF KARIN RIVARD IN SUPPORT OF PLAINTIFFS' MOTION FOR MODIFICATION AND ENFORCEMENT OF THE PROTECTIVE ORDER**

---

I, Karin Rivard, declare and state as follows:

1. I am the Assistant Director and Counsel at the Technology Licensing Office at Massachusetts Institute of Technology ("MIT"). I am admitted to practice before, and am a member in good standing of, the bar of the Commonwealth of Massachusetts.

2. In my capacity as Assistant Director and Counsel for MIT's Technology Licensing Office, I have managerial responsibility for intellectual property litigation in cases in which MIT enforces intellectual property rights. I am responsible for developing MIT's litigation and settlement strategy, retaining and managing outside counsel, and supervising litigation activities in those cases.

3. I am also required to assess the strength of MIT's position in litigation, and to use that assessment to provide legal advice to MIT management. In performing these duties, it is important for me to understand the positions being advocated by parties adverse to MIT, to understand the products or processes that MIT has accused others of infringing, and to understand the damages information and positions advocated by MIT's litigation opponents.

Such information is necessary not only to formulate MIT's litigation strategies and tactics, but also to develop MIT's settlement position and to advise MIT management as to litigation risks and settlement opportunities.

4. I have been involved in managing the above-captioned litigation between Plaintiffs and ImClone Systems, Inc. on behalf of MIT. I have worked on all aspects of the litigation, including the analysis of infringement issues, as well as working on MIT's claim for damages. My ability to manage this litigation, and to advise MIT management as to MIT's litigation and settlement position, have been impaired by my inability to see both technical and financial information that ImClone has over-designated as "RESTRICTED CONFIDENTIAL."

5. In order to discharge my legal duties to represent MIT, I request access to "RESTRICTED CONFIDENTIAL" information under the terms of the Protective Orders entered in the above-captioned litigation. My lack of access to information that ImClone has designated as "RESTRICTED CONFIDENTIAL" has hindered my abilities to provide legal advice regarding this case. If, for example, an offer were to be made to settle this case, I would be expected to make a recommendation on whether to accept that offer to senior MIT executives. However, I would find it extremely difficult to provide any sort of recommendation without more information about ImClone's inventory and sales.

6. I have never violated a Protective Order, nor have I ever even been accused of violating a Protective Order.

7. MIT is a nonprofit academic and research institution. Therefore, it is not in the business of manufacturing, marketing, or distributing biopharmaceuticals in a commercial capacity. MIT does not compete with ImClone in any product market.

8. In my capacity as Assistant Director and Counsel for MIT's Technology Licensing Office, I have not been, and will not be, involved in biopharmaceutical research and development, product pricing, product sales, product marketing, or setting strategies to compete in the commercial marketplace. In addition, I have not been, and will not be, directly involved in preparing or prosecuting patent applications on behalf of MIT. My duties and responsibilities with respect to MIT are limited to providing legal advice relating to licensing, intellectual property, and litigation management, including developing MIT's litigation and settlement strategy, retaining and managing outside counsel, and supervising litigation activities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 25, 2005

_____
Karin Rivard