UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PLAINTIFFS' FOURTH MOTION TO COMPEL DISCOVERY FROM IMCLONE**

Pursuant to Local Rule 7.1(b)(3), Plaintiffs Massachusetts Institute of Technology and Repligen Corporation bring this motion for leave to file a short reply memorandum in support of their Fourth Motion to Compel Discovery from ImClone. Plaintiffs seek leave to file a reply brief to address numerous statements in ImClone's opposition papers that have no factual or legal basis. Those statements include:

**(1) ImClone's claim that topics covering a time period of 15 years are overly broad and thus fail to meet the particularity requirement.** Despite the fact that ImClone itself has asked MIT and Repligen to each become familiar with 25 years of communications between themselves and five separate entities, ImClone's main grievance with respect to a number of topics is that they require ImClone to collect institutional knowledge of its communications with NCI and NIH concerning the C225 cell line over a 15-year period of time. However, no federal or local discovery rule imposes any limit on the time period that a deposition topic may seek to cover, as long as the topic describes the subject matter with reasonable particularity. And the mere fact that most of its employees involved in these communications have left ImClone does

not excuse ImClone from its duty under the federal rules to prepare a corporate witness to become familiar with these communications. As noted by the court in *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. North Carolina 1996), a corporation has a life beyond that of mortals; and it is not uncommon to have a situation where a corporation indicates that it no longer employs individuals who have memory of a distant event. However, "[t]hese problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* ImClone admits that "most of ImClone's communications with these entities have related in some manner to the C225 cell line[.]" (ImClone's Opp'n Brief, at 5.) As such, ImClone has an affirmative duty to prepare its designee to become familiar with these communications from documents, past employees, or other sources.

Moreover, the communications between the NIH and ImClone go directly to ImClone's patent exhaustion defense, which is now subject to motion practice before the Court. ImClone claims there is not a dispute over the source of ImClone's C225 cell line (ImClone Opposition Br. at 6) and claim that the transfer of a vial of the line was authorized and unrestricted. However, at the same time, ImClone refuses to provide a witness that can testify as to the details of the transfer of the vial of cells. Such an approach to discovery is plainly unacceptable.

**(2) ImClone's claim that patent licensing negotiations concerning the manufacture and sale of Erbitux is irrelevant**. It is undisputed that ImClone uses the C225 cell line to manufacture Erbitux. It is also undisputed that Plaintiffs have claimed that ImClone's use of the C225 cell line infringes the '281 patent. Therefore, ImClone's characterization of license negotiations concerning the manufacture and sale of Erbitux as "unrelated" just shows how far ImClone would go to stonewall discovery. Moreover, ImClone's assertion that "the only factor

in *Georgia-Pacific* related to the issue of licenses unrelated to the patent in suit concern 'the rates paid by the licensee [ImClone] for the use of other patents comparable to the patent in suit'" plainly misstates the law. The factors discussed in *Geogia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), also include "[t]he established profitability of the product made under the patent; its commercial success; and its current popularity[,]" "[t]he extent to which the infringer has made use of the invention; and any evidence probative of the value of that use[,]" and "[t]he portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions." ImClone's negotiations of actual and potential patent licenses for the manufacture and sale of Erbitux, a product made using the patented technology, are directly relevant to these factors.

    **(3)  ImClone's proposition that its dealings with MRC Collaborative Center regarding the C225 antibody and the '281 patent are irrelevant.** ImClone claim that the MRC projects are "absolutely and entirely irrelevant" are false. ImClone contacted the MRC to re-express the C225 antibody using an expression method that did not incorporate the patented technology in the C225 cell line. ImClone's attempt to design around the `281 patent is plainly relevant to a number of issues in this case (at a minimum damages and willful infringement). It is also relevant that the MRC's efforts did not result in a commercial product. ImClone cannot refuse to provide a witness on the basis of relevancy. ImClone's claim that this information is all protected by the attorney-client privilege also lacks merit. Indeed, ImClone has produced documents that disclose the projects performed by the MRC on ImClone's behalf.

    **(4)  ImClone's proposition that it need not produce a corporate witness on topics that are purportedly "duplicative."** ImClone objects to a number of topics as duplicative of

3

discovery sought through other discovery vehicles. ImClone's sole premise for this objection is its unsubstantiated and self-serving assertion that it has fully and thoroughly responded to Plaintiffs' other discovery requests addressing similar subject matters. Even if it were true, Plaintiffs are still entitled to verify these responses through depositions of ImClone's corporate witnesses. Moreover, ImClone's proposition that a deposition of ImClone's corporate witness on facts concerning ImClone's defense to the willful infringement claim is duplicative of the deposition of ImClone's opinion counsel is untenable. While opinion counsel can testify as to what he may have done on the opinion, he cannot testify as to ImClone's actions (unless so designated by ImClone).

ImClone has made numerous legally flawed propositions in the hope to confuse the Court of the real issues. Plaintiffs respectfully request leave to file a short reply brief discussing the issues referenced above.

**Certification Pursuant to Local Rule 7.1(a)(2)**

Undersigned counsel certifies that, before filing this Motion, counsel for the parties conferred by e-mail on September 2, 2005 regarding Plaintiffs request to seek approval from the Court to file a reply brief. ImClone has advised Plaintiffs that it would not assent to this Motion.


Dated: September 2, 2005               /s/ Michael J. Kane
                                       Michael J. Kane (*pro hac vice*)
                                       3300 Dain Rauscher Plaza
                                       60 South Sixth Street
                                       Minneapolis, MN 55402
                                       Telephone: (612) 335-5070
                                       Facsimile: (612) 288-9696

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | Chad A. Hanson | FISH & RICHARDSON P.C. |
| 225 Franklin Street | William R. Woodford | 12390 El Camino Real |
| Boston, MA 02110-2804 | FISH & RICHARDSON P.C., P.A. | San Diego, CA 92130 |
| Telephone: (617) 542-5070 | 3300 Dain Rauscher Plaza | Telephone: (858) 678-5070 |
| Facsimile: (617) 542-8906 | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone: (612) 335-5070 | |
| | Facsimile: (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

50297150.doc