UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>      Plaintiffs,<br><br>      v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>      Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' MOTION TO FILE COMBINED MEMORANDUM IN OPPOSITION TO IMCLONE'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Massachusetts Institute of Technology and Repligen Corporation bring this motion to file a combined memorandum in opposition to ImClone's Motion for Summary Judgment on ImClone's Defense of Patent Exhaustion and in support of Plaintiffs' Cross-Motion for Summary Judgment on the exact same defense.

Because the parties are cross-moving for summary judgment on the same issue, Plaintiffs recognize that, under the Local Rules and this Court's August 10, 2004 Order [Docket No. 17], the parties are entitled to a 20-page opening brief, a 20-page response brief and a 10-page reply brief on both motions. (L.R. 7.1(b)(4) and August 10, 2004 Order, allowing party filing motion for summary judgment "one surreply not exceeding 10 pages.")  To streamline the briefing process, Plaintiffs proposed a briefing schedule to ImClone that would reduce the number of briefs filed by the parties on these issues from six to four.  Plaintiffs proposed that (1) Plaintiffs be allowed to combine their memorandum in response to ImClone's Motion for summary judgment and in support of Plaintiffs' motion for summary judgment into a single, 35-page brief, (2) ImClone would be allowed to file a single, 35-page memorandum in reply to its original

motion and in opposition to Plaintiffs' motion; and that (3) Plaintiffs be allowed to file a 15-page memorandum in reply to their affirmative motion for summary judgment.

Plaintiffs informed ImClone they would be cross-moving for summary judgment on September 12, and Plaintiffs presented their proposal regarding the briefing schedule to ImClone on September 13. ImClone rejected Plaintiffs' proposal that same day, vaguely claiming that Plaintiffs' proposal was "expansive and unnecessary." (Exhibit A). Plaintiffs responded to ImClone's counsel immediately and further explained that Plaintiffs proposed the combined briefing schedule *to reduce* the number of briefs, declarations, etc. before the Court and to streamline the briefing process. (Exhibit B). Plaintiffs asked ImClone's counsel to reconsider its position, but ImClone's counsel never responded. (*Id.*)

Because the instant motions involve cross-motions for summary judgment on the same defense (namely, ImClone's defense of patent exhaustion), there is simply no reason that the parties need to file six separate briefs on the issue. This is also not an issue of "who gets the last word," as Plaintiffs would have the final brief no matter which side's briefing proposal is ultimately adopted by the Court.

Plaintiffs believe that a streamlined briefing process would facilitate the Court's understanding of the instant motions, avoid repetition, and would better crystallize the arguments before the Court, as the parties would not be talking past each other on separate briefing tracks. For these reasons, Plaintiffs respectfully request the Court's permission to file a combined memorandum in opposition to Plaintiffs' Motion for Summary Judgment on ImClone's Patent Exhaustion Defense and in support of Plaintiffs' Cross-Motion for Summary Judgment on ImClone's Patent Exhaustion Defense.

Dated: September 14, 2005                                FISH & RICHARDSON P.C., P.A.


                                                         s/ William R. Woodford
                                                         William R. Woodford (*pro hac vice*)
                                                         3300 Dain Rauscher Plaza
                                                         60 South Sixth Street
                                                         Minneapolis, MN 55402
                                                         Telephone: (612) 335-5070
                                                         Facsimile: (612) 288-9696

*Of Counsel*:

| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| --- | --- | --- |
| FISH & RICHARDSON P.C. | Michael J. Kane | FISH & RICHARDSON P.C. |
| 225 Franklin Street | John C. Adkisson | 12390 El Camino Real |
| Boston, MA 02110-2804 | Chad A. Hanson | San Diego, CA 92130 |
| Telephone: (617) 542-5070 | FISH & RICHARDSON P.C., P.A. | Telephone: (858) 678-5070 |
| Facsimile: (617) 542-8906 | 3300 Dain Rauscher Plaza | |
| | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone: (612) 335-5070 | |
| | Facsimile: (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

60314621.doc

A

**From:** Pfeffer, Antony [mailto:APfeffer@kenyon.com]
**Sent:** Tuesday, September 13, 2005 4:34 PM
**To:** John Adkisson
**Cc:** Loughnane, Michael; Richter, Paul
**Subject:** RE: Repligen/ImClone

John,

In response to Plaintiff's request for an expansion of the page limits for its papers related to the pending summary judgment motion, ImClone believes that the proposed 35 page limit is excessive and unnecessary. ImClone reserves the right to file a written opposition to your request once it has seen your opposition/cross-motion .

With respect to your proposed briefing schedule we are amenable to those changes and can discuss them with you tomorrow.

Antony

9/14/2005

B

**From:** John Adkisson
**Sent:** Tuesday, September 13, 2005 4:47 PM
**To:** 'Pfeffer, Antony'
**Cc:** Loughnane, Michael; Richter, Paul
**Subject:** RE: Repligen/ImClone

Antony:

I don't understand the basis for your team's response. As we discussed this morning, we are allotted 20 pages to respond to your brief (L.R. 7.1(a)(4)), and we are allotted 20 pages to bring our own motion. (L.R.7.1(a)(4)). We have asked for your permission to file one, single 35-page brief in an effort to save the Court from having to deal with two separate briefs on the exact same issue, which would also entail duplicate notices of motion, etc.

If I do not hear differently from you by the end of today, we will file an opposed motion detailing the above, and you can file your opposition. I really do ask you and your team to reconsider, so we can focus the Court's attention on the substantive issues raised in the parties' respective motions.

Sincerely,
John Adkisson

9/14/2005