UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and
REPLIGEN CORPORATION,

Plaintiffs,

v.

IMCLONE SYSTEMS, INC.,

Defendant.

Civil Action No. 04-10884-RGS

---

## DECLARATION OF KAREN HERSEY

I, Karen Hersey, declare and state as follows:

1.      I am a Principal in Partneringworks, Inc., which is in the business of consulting to universities and industry on technology transfer.  In addition, I am a Visiting Professor of Law at the Franklin Pierce Law Center.  A true and correct copy of my curriculum vitae is attached to this declaration as Exhibit A.

2.      I joined MIT as a technology licensing attorney in 1980 and continued in that capacity until 1987.  In that position, I worked on licensing MIT's patented technology to both domestic and foreign companies.

3.      In 1987, I left MIT and took up the directorship of technology licensing at North Carolina State University in Raleigh, North Carolina.

4.      In 1990, I returned to MIT as principal legal advisor on intellectual property matters and policy for MIT and Lincoln Laboratory.

5.      After Bayh-Dole became effective, MIT viewed the statute as pre-emptive and controlling as to the Government's rights in inventions made at MIT using Government funding.

In addition, it was and still is my understanding that under the Bayh-Dole Government's license is limited to activities by or on behalf of the Government. The Bayh-Dole license does not give the U.S. Government any right to conduct commercial activities. Under Bayh-Dole, the right to administer the licensing and commercialization of inventions developed with government funding is left with the contractor, or University in the case of MIT.

6.     During my time at MIT, it was MIT's policy to give the Government the rights it was entitled to receive under Bayh-Dole, but nothing more. MIT always wanted to retain and did retain the full rights to which it was entitled, including the right to administer the licensing and commercialization of inventions made at MIT with government funding.

7.     After Bayh-Dole became effective in 1981, the government did not immediately issue regulations specifying the form of the document by which an institution such as MIT was to convey the limited license to the Government. MIT's use of the pre-existing Institutional Patent Agreement form license after Bayh-Dole became effective was simply a matter of administrative convenience.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September __14__, 2005

Karen Hersey

2