# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS INC.,<br><br>Defendant. | Civil Action No. 04 10884 RGS |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION AND ENFORCEMENT OF THE PROTECTIVE ORDER

### INTRODUCTION

Defendant ImClone Systems Inc. (hereinafter "ImClone") opposes the Motion of Plaintiffs Massachusetts Institute of Technology (hereinafter "MIT") and Repligen Corporation (hereinafter "Repligen") for Modification and Enforcement of the Protective Order dated September 2, 2005 on the grounds specified herein.

After negotiating with ImClone over the terms of the Stipulated Protective Order signed by this Court on December 23, 2004, after the close of discovery in this case, and after ImClone produced CONFIDENTIAL and RESTRICTED CONFIDENTIAL information pursuant to the terms of the Stipulated Protective Order, Repligen and MIT are now asking this Court to modify the terms of the Stipulated Protective Order for purely private reasons: to allow two employees, Ms. Rivard and Mr. Nemeth (both of whom already have access to ImClone's CONFIDENTIAL information pursuant to the

Stipulated Protective Order) to have full access to all of ImClone's RESTRICTED CONFIDENTIAL information. Plaintiffs should not be permitted to completely vitiate the two tier system the Parties originally negotiated and agreed to in this case.

The important distinction between the two levels of confidential information in the Stipulated Protective Order in this case is that RESTRICTED CONFIDENTIAL information is restricted essentially to OUTSIDE COUNSEL ONLY, whereas CONFIDENTIAL information may be shared with "not more than two (2) present or former employees of a receiving party, responsible for technical, legal or managerial matters, and that person has signed an Acknowledgement … agreeing to abide by the restrictions contained herein." (Giaccio Decl. para. 2; Exh. A, page 3, para. 4(g)).

The petitions made by Plaintiffs' in-house counsel, Ms. Rivard and Mr. Nemeth, that they cannot manage this litigation, advise management, or negotiate settlement without access to all of ImClone's documents ring hollow particularly when both Repligen and MIT are represented by the same outside trial counsel, capable of performing these functions since the start of this litigation, with access to ImClone's RESTRICTED CONFIDENTIAL information. No representation has been made by Plaintiffs that its trial counsel is not capable of managing this litigation, advising management, negotiating settlement, or advising its clients regarding the strengths and weaknesses of this ongoing case.

    Plaintiffs' instant Motion should be denied for a number of reasons:

(1)    Plaintiffs negotiated the terms of the Stipulated Protective Order and should now abide by them;

(2)    Plaintiffs waited to file this Motion until after the close of fact discovery, which is particularly prejudicial to ImClone since ImClone has produced the majority of RESTRICTED CONFIDENTIAL information in this litigation;

    (3)    Plaintiffs have outside trial counsel who already have access to ImClone's RESTRICTED CONFIDENTIAL information, and have not alleged that their outside trial counsel are incapable of adequately representing them without Ms. Rivard's and Mr. Nemeth's knowledge of ImClone's RESTRICTED CONFIDENTIAL information; and

    (4)    Plaintiffs refused ImClone's offer to allow access to Ms. Rivard and Mr. Nemeth of specifically identified documents or groups of documents, including ImClone's offer on August 25, 2005 to allow Ms. Rivard and Mr. Nemeth to review the RESTRICTED CONFIDENTIAL opinions of counsel which ImClone is relying on, in favor of burdening the Court with this all-or-nothing motion.

Further, Repligen's and MIT's request for an Order from this Court requiring ImClone to redesignate production documents, deposition transcripts, and discovery responses is moot. Despite an ongoing dialog concerning the redesignation efforts of all the Parties to this lawsuit, Plaintiffs filed this Motion on September 2, 2005. Coincidentally, Plaintiffs had just completed their task of redesignating their production documents. (See letter dated August 26, 2005; Giaccio Decl. para. 3; Exh. B). Now, ImClone has completed its redesignation of documents removing many of its RESTRICTED CONFIDENTIAL documents to CONFIDENTIAL, which makes them accessible to Ms. Rivard and Mr. Nemeth. Ms. Rivard and Mr. Nemeth can no longer credibly say that they should be entitled to ImClone's RESTRICTED CONFIDENTIAL information because the information designated by ImClone as RESTRICTED CONFIDENTIAL should have been redesignated as CONFIDENTIAL.

**ARGUMENT**

A party seeking modification of a stipulated protective order for purely private reasons must show improvidence in the grant of the original protective order, or extraordinary circumstances or compelling need. *Geller v. Branic Int'l Realty Corp.,* 212 F.3d 734, 738 (2d Cir. 2000); *Allegheny Ludlum Corp. v. Nippon Steel, Corp.,* No. 89-5940, 1990 U.S. Dist. LEXIS 867, *2-*4 (E.D. Pa. Jan. 25, 1990) (Giaccio Decl. para. 10; Exh. I). When the party seeks to modify a stipulated protective order, that party must

3

make a showing of good cause for the modification that is more substantial than the good cause needed to obtain the original protective order. *Id.; Bayer AG and Miles, Inc. v. Barr Lab, Inc.*, 162 F.R.D. 456, 462-463 (S.D.N.Y. 1995). Neither Repligen nor MIT have shown improvidence in the grant of the December 23, 2004 Stipulated Protective Order, extraordinary circumstances, or any need (let alone compelling need) for modification of the Stipulated Protective Order to permit Ms. Rivard and Mr. Nemeth to access all of ImClone's RESTRICTED CONFIDENTIAL information.

**1. The Stipulated Protective Order Was Negotiated in Good Faith**

The Stipulated Protective Order was negotiated by the Parties in good faith and should not be undone at this stage in the litigation. Unlike the mischaracterization made in paragraph 2 of the Declaration of Michael J. Kane that

> "Plaintiffs agreed to ImClone's proposal that the RESTRICTED CONFIDENTIAL designation *only* be reserved for proprietary technical information, financial data, business plans and marketing information" (emphasis added) (Giaccio Decl. para. 4; Exh. C, page 1, para. 2),

in fact, the agreed upon language in the Stipulated Protective Order reads that

> "The parties contemplate that 'RESTRICTED CONFIDENTIAL' material *shall include, for example,* certain technical information, financial data, current and future business plans and marketing information." (emphasis added). (Giaccio Decl. para 2; Exh. A, page 4, para. 5).

Plaintiffs now complain that Ms. Rivard and Mr. Nemeth will be excluded from the litigation process unless they are given complete access to all ImClone RESTRICTED CONFIDENTIAL documents, ImClone's expert reports on damages, and ImClone's expert reports containing sensitive technical or commercial information. However, Ms. Rivard and Mr. Nemeth have been employed by MIT and Repligen, respectively, long before the filing of this lawsuit. They have each been identified along with Ms. Nelsen and Mr. Witt (from MIT and Repligen, respectively) pursuant to the

4

Stipulated Protective Order, paragraph 4(g), which allows them access to ImClone's CONFIDENTIAL information as in-house counsel. Repligen and MIT were well aware, at the time the Stipulated Protective Order was negotiated, signed and entered by this Court, that ImClone had certain technical information, financial data, current and future business plans and marketing information that would be classified as RESTRICTED CONFIDENTIAL and would be restricted to outside counsel only and independent outside consultants and experts retained by outside counsel. The December 23, 2004 Stipulated Protective Order was not improvident, but was carefully crafted with foresight and predictive of issues involved in this litigation.

Plaintiffs' further argument that Ms. Rivard and Mr. Nemeth need access to all of ImClone's RESTRICTED CONFIDENTIAL information because Plaintiffs believe that some of ImClone's RESTRICTED CONFIDENTIAL information should be redesignated as CONFIDENTIAL or completely dedesignated is without merit and, in any event, moot in view of ImClone's redesignations. ImClone has been and continues to be very cooperative and responsive to Plaintiffs' requests for redesignation of specified documents. (*E.g.*, Giaccio Decl. paras. 5 and 6; Exhs. D and E). The Stipulated Protective Order provides a mechanism to resolve such issues. (Giaccio Decl. para 2; Exh. A, page 7, para. 11). Instead, Plaintiffs have issued demands, ultimatums, and filed this overreaching Motion. The circumstances presented by Plaintiffs are not extraordinary.

In addition, counsel for ImClone offered to discuss the redesignation and dedesignation of documents with counsel for Plaintiffs, and counsel for Plaintiffs refused to confer. Also, for example, on August 25, 2005 counsel for ImClone (in response to a specific request for a group of identified documents) offered to permit Ms. Rivard and Mr. Nemeth to review the opinions of counsel that ImClone is relying on, which offer was refused. Plaintiffs refusal to agree to ImClone's proposal is illuminating of the fact

5

that there is no compelling need for Ms. Rivard or Mr. Nemeth to have access to ImClone's RESTRICTIVE CONFIDENTIAL information. If such a compelling need existed, Plaintiffs would have agreed back in August to ImClone's proposal and would have continued to seek permission for Ms. Rivard and Mr. Nemeth to access other groups of specifically identified documents.

ImClone has consistently shown a willingness to work with Plaintiffs within the parameters of the Stipulated Protective Order on this issue, if Plaintiffs identify specific documents or transcripts that they want to show to Ms. Rivard or Mr. Nemeth. However, ImClone cannot agree to a complete dismantling of the Stipulated Protective Order to allow Ms. Rivard and Mr. Nemeth to have access to all ImClone's RESTRICTED CONFIDENTIAL information, *i.e.,* outside counsel only information.

**2. The Timing of This Motion Is Prejudicial to ImClone**

It is unfair and extremely prejudicial to ImClone to permit Plaintiffs' in-house counsel to have access to ImClone's RESTRICTED CONFIDENTIAL information after the discovery period closed. In this case, Repligen and MIT did not advocate for their respective in-house attorneys, Ms. Rivard and Mr. Nemeth, to have access to any RESTRICTED CONFIDENTIAL information, *i.e.,* outside counsel only information, while negotiating the terms of the Stipulated Protective Order.  Pursuant to the Protective Order, both Ms. Rivard and Mr. Nemeth signed Acknowledgements to gain access to ImClone's CONFIDENTIAL information.  Then, after the close of discovery, Plaintiffs file this Motion to permit their in-house counsel to access to outside counsel only information, designated as RESTRICTED CONFIDENTIAL, which was already produced by ImClone and in possession of Plaintiffs' outside counsel.

6

Plaintiffs' claim that Plaintiffs will be unfairly impaired in their ability to litigate this case is wholly unsubstantiated.

If Plaintiffs were to prevail on this Motion, ImClone will be extremely prejudiced by the high risk of an inadvertent disclosure of extremely sensitive and proprietary information. On the other hand, if Plaintiffs' Motion is denied, Plaintiffs are not at all impaired in the prosecution of their case since Plaintiffs have outside trial counsel with full access to the RESTRICTED CONFIDENTIAL information.

## 3. Stipulated Protective Order Provided for Disclosure of Restricted Confidential Information to Outside Counsel, Not In House Counsel

Plaintiffs argument that Ms. Rivard and Mr. Nemeth are not competitive decisionmakers is a red herring. The issue presented in this case is not whether in house counsel may have access to CONFIDENTIAL information, but whether in house counsel that already have access to CONFIDENTIAL information may have access to RESTRICTED CONFIDENTIAL information after the Parties agreed that RESTRICTED CONFIDENTIAL information would be restricted to outside counsel only and without any extraordinary or compelling need to modify the Stipulated Protective Order.

The decisions cited by Plaintiffs stand for the proposition that in-house counsel are not *per se* prohibited from gaining access to CONFIDENTIAL information, but they involve very difference factual circumstances. Unlike the present case, in the decisions cited by Plaintiffs, the in-house counsel did not have access to CONFIDENTIAL INFORMATION and did not have outside counsel with access to the sought after RESTRICTED CONFIDENTIAL information. The disadvantages to a client represented only by in-house counsel would be palpable. The disadvantages to Plaintiffs in these circumstances is elusive.

7

Further, it is admitted in Plaintiffs' Brief and in the supporting declarations, that neither Ms. Rivard nor Mr. Nemeth possesses any of the special skills, technical expertise, etc., that would weigh in favor of their active participation in advising their respective clients instead of trial counsel. Assuming Plaintiffs' representations that neither Ms. Rivard nor Mr. Nemeth are competitive decisionmakers, it follows that neither is essential to the corporate decision to prosecute or settle this case and neither is essential to have access to any ImClone RESTRICTED CONFIDENTIAL information.

**4. Plaintiffs Have No Basis for Seeking All-or-Nothing**

Plaintiffs' Motion was pre-mature and does not convey to the Court that ImClone has worked with them to address some of their new concerns about the designation of RESTRICTED CONFIDENTIAL information. In fact, the later e-mail of August 15, 2005 on the subject was omitted from the correspondence provided to the Court. (Giaccio Decl. para. 5; Exh. D). After much discussion, as reflected in the correspondence, ImClone proposed to work with Plaintiffs and to allow access to specific documents or even categories of documents to their in-house counsel. ImClone cannot agree, however, to Plaintiffs' demands that Ms. Rivard and Mr. Nemeth have full access to all RESTRICTED CONFIDENTIAL information.

**4. Plaintiffs Motion for Enforcement is Moot**

Repligen's and MIT's request for an Order from this Court requiring ImClone to redesignate production documents, deposition transcripts, and discovery responses is mooted by ImClone's redesignation of production documents (September 9, 2005), deposition transcripts (September 15, 2005), and discovery responses (September 16, 2005). (Giaccio Decl. paras 7, 8, and 9; Exhs. F, G, and H).

As such, Plaintiffs' Motion should be denied in its entirety.

## CONCLUSION

For all of the reasons set forth above, ImClone respectfully requests that Plaintiffs' Motion for Modification and Enforcement of the Protective order be denied in its entirety.

                Respectfully submitted,

                IMCLONE SYSTEMS, INC.
                By its Attorneys,

Dated: September 16, 2005        /s/ Anthony J. Fitzpatrick
                Michael R. Gottfried (BBO#542156)
                Anthony J. Fitzpatrick (BBO#564324)
                Christopher S. Kroon (BBO#660286)
                DUANE MORRIS LLP
                470 Atlantic Avenue, Suite 500
                Boston, MA  02110
                Tel: (617) 289-9200
                Fax: (617) 289-9201

                Richard L. DeLucia
                George E. Badenoch
                Michael D. Loughnane
                Paul M. Richter, Jr.
                Anthony Giaccio
                KENYON & KENYON
                One Broadway
                New York, NY  10004-1050
                Tel: (212) 425-7200
                Fax: (212) 425-5288

                Attorneys for Defendant
                ImClone Systems, Inc.