# EXHIBIT E

**Pfeffer, Antony**

---

**From:** Pfeffer, Antony
**Sent:** Monday, August 29, 2005 5:46 PM
**To:** William Woodford; Loughnane, Michael
**Cc:** Michael Kane; John Adkisson
**Subject:** RE: Request to File Under Seal

Bill,

Sorry, I just received your e-mail. I can't give you a full response by close of business today given the short period of time available.

However, with respect to the depositions of Mr. Dlouhy and Mr. Howerton, ImClone's position is that you cannot show the entirety of these transcripts including exhibits to Mr. Nemeth or Ms. Rivard. As you are well aware, their deposition testimony dealt extensively with ImClone's highly confidential current financial and inventory data. If there is some specific information, specific portions of the deposition transcripts, or exhibits that you would like to share with your clients let us know and we will try to work with you. However, your request as it currently is drafted is impossible for ImClone to agree with.

With respect to Dr. Harlan Waksal's deposition, I need to rereview that transcript and exhibits. While we believe that transcript is appropriately marked restricted confidential, we may be willing to allow Mr. Nemeth and Ms. Rivard to view the transcript and possibly the exhibits. We will get back to with respect to that issue as soon as we have been able to perform that review.

Antony

---

**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Monday, August 29, 2005 11:30 AM
**To:** Pfeffer, Antony; Loughnane, Michael
**Cc:** Michael Kane; John Adkisson
**Subject:** RE: Request to File Under Seal

Antony,

Will ImClone allow Mr. Nemeth and Ms. Rivard access to the deposition transcripts of Mr. Dlouhy, Mr. Howerton, and Dr. Harlan Waksal in their entirety (including all exhibits)? Please let us know your position by the end of the day. Thanks.

Bill

---

**From:** Pfeffer, Antony [mailto:APfeffer@kenyon.com]
**Sent:** Monday, August 29, 2005 9:10 AM
**To:** William Woodford; Loughnane, Michael
**Cc:** Michael Kane; John Adkisson
**Subject:** RE: Request to File Under Seal

Bill,

We are in the process of reviewing our document production to determine whether any documents can

be redesignated. As we have already told you, and documents which are clearly publicly available documents can be treated by you as if there was no confidentiality designation on them. With respect to deposition transcripts, we will re-review those transcripts as well, but believe that some of these depositions are properly marked restricted confidential in their entirety. As for the time frame, we will provide you with new designations on a rolling basis. We are unable to give you an estimate of when we expect this process to be completed but believe that it should be completed in advance of the exchange of expert reports.

With regard to the concept of in-house counsel having unrestricted access to restricted confidential materials, we cannot agree to your request to permit wholesale access of restricted confidential documents to in-house personnel. Plaintiffs and ImClone negotiated and mutually agreed to the terms of the protective order. Both parties agreed at that time that there was certain materials that in-house personnel should not have access to. As we have previously stated, and as we have already done with respect to certain documents, we are willing to allow access of specifically identified restricted confidential documents to in-house counsel at Plaintiffs. Accordingly, if you identify specific restricted confidential documents that you would like to show in-house counsel, we will promptly consider your request.

Antony

---

**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Friday, August 26, 2005 2:38 PM
**To:** Pfeffer, Antony; Loughnane, Michael
**Cc:** Michael Kane; John Adkisson
**Subject:** RE: Request to File Under Seal

Antony,

As I said in my earlier email, due to the volume of documents that ImClone has misdesignated, the process of identifying individual documents or classes of documents is not feasible. There are simply too many documents and/or classes of documents that would have to be addressed. Moreover, our clients would like access to all documents that would properly fall under the "confidential" designation (or lower)--not just a small fraction of those documents.

We have reviewed all of the documents that were produced before the protective order was in place and were designated for outside attorney's eyes only. We plan on sending those documents out today, so you should have them early next week. We urge you to review the ImClone production as we have done with ours, and properly designate ImClone's documents. We also urge you to review the designations of ImClone's deposition transcripts. Marking the entirety of every deposition as restricted confidential is unacceptable. We believe that our suggested approach to resolving this issue is consistent with the burden of designation set forth in the protective order and is the most reasonable way to proceed. We don't believe that it should be Plaintiffs burden to go through ImClone's production and transcripts and identify the thousands of pages that are misdesignated when ImClone had the burden of properly designating those pages in the first instance. Accordingly, unless

9/15/05

you will agree to properly designate ImClone's production and deposition transcripts within a specific and reasonable time frame, we will proceed with our motion.

In addition, as we previously discussed, we believe that in-house counsel need to have access to restricted confidential information to be able to meaningfully participate in the evaluation of the case and to properly advise their clients. Along those lines, we thing that Mr. Gallagher, Mr. Nemeth, and Ms. Rivard should all have access to restricted confidential information.

Finally, please let me know if you plan to oppose the filing of ImClone's documents under seal. We plan to file this motion by Monday at the latest, so please let us know if you have changed your mind with respect to our proposals by the end of the day.

Regards, Bill

---

**From:** Pfeffer, Antony [mailto:APfeffer@kenyon.com]
**Sent:** Thursday, August 25, 2005 6:35 PM
**To:** William Woodford; Loughnane, Michael
**Cc:** Michael Kane; John Adkisson
**Subject:** RE: Request to File Under Seal

Bill,

It is apparent from your list of documents below that Plaintiffs' complaints fall into two broad categories, which we believe can be addressed without motion practice.

First, we agree that any documents that are clearly publically available and have been designated confidential (or restricted confidential) by either party should be dedesignated. To the extent this has occurred on our end (and I trust on your end) it was due to an oversight in the process of trying to produce documents in this litigation in as timely a manner as possible. We agree, and trustfully you do as well, to treat all such publically available documents marked as confidential by either side as if they had not been designated Confidential or Restricted Confidential.

Second, with respect to the issue of allowing Mr. Nemeth and Ms. Rivard to review the opinions of counsel which ImClone is relying upon, we would be willing to consent to their seeing these documents, provided that they sign an appropriate undertaking agreeing to treat this matter in a confidential manner. We are unsure what portions of the Feit transcript you are referring to but if it is of a similar nature we would most probably be willing to likewise consent to their access.

This is the type of discussion which we have been seeking from you since this issue first arose. ImClone is committed to working with you in a reasonable manner to address this issue.

If there are any documents or classes of documents that you believe were over-designated please let us know and we will consider re-designating them or making them available to Mr. Nemeth and/or Ms. Rivard under the protective order.

Regards,

Antony Pfeffer

9/15/05

**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Thursday, August 25, 2005 6:25 PM
**To:** Pfeffer, Antony; Loughnane, Michael
**Cc:** Michael Kane; John Adkisson
**Subject:** RE: Request to File Under Seal

Antony,

Consistent with our previous discussions, our motion seeks to amend the protective order to allow Mr. Nemeth and Ms. Rivard to review documents designated as "restricted confidential." We also seek an order requiring ImClone to properly designate all of its documents and deposition transcripts. The "restricted confidential" documents that we are placing under seal include excerpts from the Feit deposition transcript, I25867-69, I42388-93, I14386-403, I14404-13, I14432-34, I14448-49, and I14455-60.

As we have said many times before, due to the volume of ImClone's improper designations, a discussion of specific documents for dedesignation is not workable. Under your proposed process, it would literally take weeks to "discuss" all of the misdesignated documents. So, unless you agree to redesignate all of the documents in ImClone's production in a manner that comports to the terms and spirit of the protective order, we are left with no alternative but to seek relief from the court.

Please let me know if you plan to oppose the filing of ImClone's "restricted confidential" documents under seal.

Regards, Bill

---

**From:** Pfeffer, Antony [mailto:APfeffer@kenyon.com]
**Sent:** Thursday, August 25, 2005 4:12 PM
**To:** William Woodford; Loughnane, Michael
**Cc:** Michael Kane
**Subject:** RE: Request to File Under Seal

Bill,

What specific documents are you placing under seal? What is the relief that is sought in your motion?

We are unsure what motion you are planning to file. It appears from your e-mail that you have identified specific documents that you may have questions regarding their designation. We have been stating for months that we are not only willing, but think that it would be useful, for the parties to discuss specific documents that they believe should be dedesignated. Instead of burdening the court with the issue of dedesignating any specific documents, we would encourage such discussion. As of this date there has been no meet and confer on the issue of dedesignation of any specific documents, so it would appear that your motion may be premature. Secondly, it is also clear that the terms of the protective order regarding dedesignation likewise has not been met.

9/15/05

We repeat again our constant invitation for the parties to discuss specific, and even classes, of documents that should be dedesignated, or perhaps even reclassified to allow additional in-house employees access to these documents. As opposed to drafting motions and wasting both the Court's and the parties' time, our proposed process would have resulted in this issue being concluded moths ago.

We continue our hope that this issue can be resolved without taking up the Court's valuable time and resources

A. Antony Pfeffer
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 908-6375
(212) 425-5288 (fax)

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential, information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Thursday, August 25, 2005 12:16 PM
**To:** Loughnane, Michael; Pfeffer, Antony
**Cc:** Michael Kane
**Subject:** Request to File Under Seal

Counsel:

We are going to be filing a motion on the protective order issue and will be filing documents and portions of transcripts that have been designated "RESTRICTED CONFIDENTIAL" by ImClone. Will you consent to the filing of this motion and declaration under seal? Please advise as soon as possible.

William R. Woodford
~ Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Email: woodford@fr.com
Tel: 612-766-2004
Fax: 612-288-9696

9/15/05