# EXHIBIT I

LEXSEE 1990 U.S. DIST. LEXIS 867

ALLEGHENY LUDLUM CORPORATION v. NIPPON STEEL CORPORATION, et al.

Civil Action No. 89-5940

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1990 U.S. Dist. LEXIS 867*

**January 25, 1990, Decided**

COUNSEL: [*1]

DAWN DiSTEFANO, David A. Hartquist, Esq., Jeffrey W. King, Esq., Patrick J. Coyne, Esq., COLLIER, SHANNON, RILL & SCOTT, Washington, D.C., John Woodall, Savannah, Georgia, Jon D. Walton, Esq., Patrick J. Viccaro, Esq., Allegheny Ludlum Corporation, Pittsburgh, Pennsylvania, DANIEL SEGAL, ESQ., Philadelphia, Pennsylvania.

Walter C. Hartridge, Esq., Bouhan, Williams & Levy, Savannah, Georgia.

NIPPON STEEL CORPORATION, NIPPON STEEL USA, INC., MITSUI & CO. USA, INC., MITSUI & CO (USA), INC.: By: Alan J. Davis, Esq., David M. Doret, Esq, Philadelphia, Pennsylvania, EDWARD W. GREASON, ESQ., ALAN T. BOWES, ESQ., JOHN A. FOGARTY, ESQ., JOHN J. KELLY, JR., ESQ., GREGG A. DELAPORTA, ESQ., MICHAEL D. LOUGHNANE, ESQ., New York, New York, KENYON & KENYON.

OPINIONBY:

NAYTHONS, Magistrate

OPINION:

MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, UNITED STATES MAGISTRATE

The plaintiff, Allegheny Ludlum Corporation (Allegheny Ludlum), initiated this action on June 6, 1989 under the Process Patent Amendments Act of 1988, *35 U.S.C. § 271*(g), alleging the infringement of Patent No. 3,855,018, a process patent for the manufacture of grain-oriented silicon steel.

The parties have mutually entered into a stipulation and protective [*2] order which restricts access to confidential material to certain "qualified persons." See, Protective Order, at para. 1(b)(i)-(vi). Presently before this Court is plaintiff's motion to amend the protective order.

Under the protective order, the following individuals are considered "qualified persons": (1) outside counsel of record for any party who is not an employee of any party; (2) court personnel; (3) independent translators hired by outside counsel; (4) independent interpreters hired by outside counsel; (5) any independent document reproduction service retained by outside counsel; and, (6) other persons given access to materials pursuant to an order of the court or the provisions of paragraph 15 and 16 of the protective order. Id. Plaintiff now requests this Court to modify the protective order so that Jon D. Walton, Esquire and Patrick J. Viccaro, Esquire be considered "qualified persons" under the protective order. Specifically, plaintiff desires that Mr. Walton and Mr. Viccaro be permitted access to all confidential information, including that designated as "CONFIDENTIAL — OUTSIDE TRIAL COUNSEL ONLY".

DISCUSSION

Any request to lift or modify a protective order [*3] is left to the sound discretion of the trial court. *In re Agent Orange Product Liability Litigation, 104 F.R.D. 559, 568 (E.D. N.Y. 1985); Krause v. Rhodes, 671 F.2d 212, 219 (6th Cir.)*, cert. denied sub nom. *Attorney General of Ohio v. Krause, 459 U.S. 823 (1982)*(quoting *Nixon v. Warner Communications, 435 U.S. 589, 599 (1978))*. Furthermore, where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify modification of the order. *American Tel. & Tel. Co. v. Grady, 594 F.2d 594, 597 (7th Cir. 1978)*, cert. denied sub nom. *American Tel. & Tel. Co. v. MCI Communications Corp., 440 U.S. 971 (1979)*. See *Federal Deposit Insurance Corp. v. Ernst & Ernst, 677 F.2d 230, 232 (2d Cir. 1982)* (confidentiality order can only be modified "if an extraordinary circumstance or

Case 1:04-cv-10884-RGS    Document 95-10    Filed 09/16/2005    Page 3 of 5

Page 2
1990 U.S. Dist. LEXIS 867, *3

'compelling need' warrants the requested modification."); *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd., 529 F.Supp. 866, 894 (E.D. Pa. 1981)*(J. Becker). See also *Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949* (8th Cir.), cert. denied sub nom. *Iowa Beef Processors, Inc. v. Smith, 441 U.S.* [*4] *907 (1979)*(party seeking dissolution of protective order bears burden of showing that intervening circumstances have removed potential prejudice).

After careful consideration of the facts in this case and the equitable considerations necessary to preserve the intent of the protective order this United States Magistrate finds that the plaintiff's motion to amend the protective order should be denied. See Mixing Equipment Co. v. Innova-Tech, Inc., No. 85-0535, slip op. at 4 (E.D. Pa. August 19, 1986)(J. Kelly). n1

> n1 In Mixing Equipment Co., supra, a patent infringement case where the parties mutually entered into a stipulation and protective order, this U.S. Magistrate ruled that in-house counsel for plaintiff's parent corporation could not have access to confidential materials covered by the protective order. The Honorable James McGirr Kelly affirmed that ruling on August 19, 1986. In his Memorandum and Order, Judge Kelly stated:
>
>> Mr. Mednick is General Signal's counsel to ten subsidiaries of General Signal Corporation including [the plaintiff]. In view of this, any designation of Mr. Mednick as in-house counsel under the protective order creates both a risk of an appearance of impropriety and a potential danger for unauthorized disclosure of confidential information in Mr. Mednick's capacity as patent attorney for the parent and the other nine General Signal subsidiaries.
>
> Id. at 4.

[*5]
Mr. Viccaro, an attorney admitted to the Pennsylvania Bar, is currently Director of patents at Allegheny Ludlum. Mr. Walton, also a member of the Pennsylvania Bar, serves as General Counsel for the plaintiff. At the signing of the protective order, Mr. Walton and Mr. Viccaro were employed by Allegheny Ludlum. Thus, the surrounding circumstances and qualifications of the two men were known to trial counsel at the time they negotiated the protective order entered in this case. However, based on the explicit language of the protective order, Mr. Viccaro and Mr. Walton are clearly not within its domain.

Allegheny Ludlum argues that the protective order, unamended, denies Mr. Walton and Mr. Viccaro meaningful access to information which they require as in-house counsel in order to advise corporate management regarding the conduct of this litigation. However, as the Honorable Edward R. Becker, stated in *Zenith Radio Corp., supra:*

> The parties voluntarily entered into [a confidentiality order governing pretrial discovery] in order to facilitate discovery. They agreed upon a method by which to challenge confidentiality designations. They also agreed that the information produced would [*6] be used only by "qualified" individuals . . . Plaintiffs cannot now attempt to undo what they have willingly wrought; having made their bed, they must sleep in it.

*Id. at 894.* See *GAF Corp. v. Eastman Kodak Co., 415 F.Supp. 129, 132 (S.D. N.Y. 1976);* In Re Coordinated Pretrial Proceedings in *Western Liquid Asphalt Cases, 18 F.R.Serv. 2d 1251 (N.D. Cal. 1974).*

Defendant Nippon Steel Corporation (NSC) gave further justification for maintaining the unamended protective order in a December 19, 1989 letter to plaintiff's counsel:

> . . . NSC's information has been designated "CONFIDENTIAL-OUTSIDE TRIAL COUNSEL ONLY" because it relates to current commercial usage by NSC. [Allegheny Ludlum] is a competitor, and could well make use of that information especially since it appears that [Allegheny Ludlum] is continuing to experiment with a process for making high permeability grain-oriented silicon steel.

Letter from Alan T. Bowes to Patrick J. Coyne (Dec. 19, 1989)(Plaintiff's Brief, Exhibit G, at 1).

Since Mr. Walton is an officer of Allegheny Ludlum and Mr. Viccaro is a patent attorney of the plaintiff corporation, allowing them access to confidential materials presents the [*7] risk of inadvertent disclosure to non-qualified persons. As it appears that both men work with technical matters regarding patent litigation of Allegheny Ludlum there is a very real risk of inadvertent use. Such disclosure would be directly contrary to the express language and underlying purpose of the protective order mutually agreed to by the parties in this case. See Mixing Equipment Co., supra, at 3. See also *Zenith Radio Corp., supra, at 894; Eastman Kodak Co., supra, at 132.*

In view of the positions that Mr. Viccaro and Mr. Walton hold with Allegheny Ludlum, any designation of them as "qualified persons" under the protective order creates both a risk of an appearance of impropriety and a potential danger for unauthorized disclosure of confidential information in their capacity as patent attorney

and officer for the plaintiff. See Mixing Equipment Co., supra, at 4. See also *Akzo N.V. v. United States Int'l Trade Comm'n*, 808 F.2d 1471 (Fed. Cir. 1986), cert. denied, U.S. , 107 S.Ct. 2490, 96 L.Ed.2d 382 (1987).

Plaintiff relies on *Silberline Mfg. Co. v. International Nickel Co., Inc.*, 569 F.2d 1217 (3d Cir. 1977), *Johnson Foils, Inc. v.* [*8] *Huyck Corp*, 61 F.R.D. 405 (N.D. N.Y. 1973), and *Pfeifer v. K-Mart Corp.*, 106 F.R.D. 235 (S.D. Fla. 1985) in support of its position that this Court should amend the existing protective order to allow in-house counsel access to confidential information. A careful review of these cases reveals that they are all distinguishable from the present case.

In *Silberline Mfg. Co., supra*, the issue before the Court was whether the denial of a discovery protective order was appealable. See *Id. at 1218*. Furthermore, in each of the three cases relied on by the plaintiff the parties to the action never reached any agreement upon a protective order. See *Id. at 1218; Johnson Foils, Inc., supra, at 409; Pfeifer, supra*.

In the present case, the parties have already negotiated and agreed upon a protective order, which was ultimately issued by Judge Kelly. Thus, there is a higher burden on the movant to justify modification of the order. See *Grady, supra, at 597; Zenith Radio Corp., supra, at 894*. See also *Ernst & Ernst, supra, at 232; Bagley, supra*.

Moreover, in *Johnson Foils, Inc., supra*, the Court stated: "The exercise of the court's discretion must be [*9] guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests. Both sides should have meaningful access to this type of information . . ." *Id. at 409*. In the present matter, the protective order provides for access to confidential information by "outside counsel of record for any party hereto who is not an employee of any party." See, Protective Order, at para. 1(b)(i). Thus, the parties have already negotiated and Judge Kelly has already issued a protective order which provides for meaningful access to the relevant information by both sides.

Plaintiff also argues that in-house counsel are bound by the same Code of Professional Responsibility as outside counsel and that this will answer the problem of inadvertent use or disclosure. In support of this position, plaintiff relies on *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F.Supp. 20 (D. Del. 1988).

Safe Flight Instrument is distinguishable from the present case in several ways. First, that was also a case where the parties to the action never [*10] reached an agreement upon a protective order. In the present case, there is a higher burden on the movant to justify modification of the existing protective order which was already negotiated and agreed upon by the parties. See, supra.

Additionally, the defendant in Safe Flight Instrument had represented to the Court that its in-house counsel neither conducted scientific research nor prosecuted patents. Therefore, the attorneys in that case "simply [did] not face [the] prospect of having to distil one's own thoughts from a competitor's thoughts" during the course of future work. *Id. at 22*. The Court in Safe Flight Instrument acquiesced to the disclosure of defendant's confidential information to defendant's in-house counsel only upon the premise that defendant would undoubtedly arrange the in-house counsel's work and project assignments in such a way as to avoid the possibility of conscious or unconscious abuse of confidential information. *Safe Flight Instrument, supra, at 23* (citing *E.I. du Pont de Nemours & Company v. Phillips Petroleum Company*, 219 U.S.P.Q. 37, 39 (D. Del. 1982)(Latchum, C.J)). In the present case, no such representation has been made as Mr. Walton [*11] is an officer of Allegheny Ludlum and Mr. Viccaro is Director of Patents.

Despite the fact that Allegheny Ludlem's in-house counsel are bound by the Code of Professional Responsibility, the inadvertent use or disclosure of confidential information is still a major concern in the present matter. "Obviously, where confidential material is disclosed to an employee of a competitor, the risk of the competitor's obtaining an unfair business advantage may be substantially increased." *Akzo, supra, at 1483*. Any rights of the injured party which would arise upon either the advertent or the inadvertent use of confidential information in violation of a protective order could not redress the irreparable harm already incurred. See *Id.; A. Hirsh, Inc. v. United States*, 657 F.Supp. 1297, 1300 (CIT 1987).

Therefore, based on the above discussion, this United States Magistrate finds that plaintiff's motion to amend the protective order should be denied. See *Zenith Radio Corp., supra;* Mixing Equipment Co., supra. See also *Akzo, supra, at 1483; Union Carbide Corporation v. Filtrol Corporation*, 278 F.Supp. 553 (C.D. Cal. 1967). Since the defendants do not object to having Messrs. Walton [*12] and Viccaro qualified pursuant to Paragraph 16 of the protective order, see, defendants' brief, at 11, this court's order will provide for such qualification.

An appropriate order follows.

ORDER

AND NOW, this 25 day of January, 1990, upon consideration of the plaintiff Allegheny Ludlum Corporation's motion to amend the protective order of

October 25, 1989 to qualify Jon D. Walton, Esq. and Patrick J. Viccaro, Esq., it is hereby ORDERED:

1. that plaintiff's motion to modify the protective order of October 25, 1989 to qualify Jon D. Walton, Esq. and Patrick J. Viccaro, Esq. as persons entitled to receive defendants' confidential information, including that designated as "CONFIDENTIAL — OUTSIDE TRIAL COUNSEL ONLY", pursuant to the October 25, 1989 protective order is Denied.

2. Jon D. Walton, Esq. and Patrick J. Viccaro, Esq. shall be permitted access only to confidential information designated "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER", but not to confidential information designated as "CONFIDENTIAL — OUTSIDE TRIAL COUNSEL ONLY", pursuant to paragraph 16 of the October 25, 1989 protective order.