## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

        Plaintiffs,

    v.

IMCLONE SYSTEMS, INC.,

        Defendant.

Civil Action No. 04-10884-RGS

---

### PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR MODIFICATION AND ENFORCEMENT OF THE PROTECTIVE ORDER

Pursuant to Local Rule 7.1(b)(3), Plaintiffs Massachusetts Institute of Technology and Repligen Corporation seek leave to file a reply brief in support of their motion for modification and enforcement of the protective order. Plaintiffs seek a reply brief to update the Court on Defendant ImClone Systems, Inc.'s supposed "completion" of its redesignation of its discovery production and to clarify a number of factual misrepresentations in ImClone's opposition brief.

ImClone's most significant misrepresentation is its claim that Plaintiffs' request for an Order requiring ImClone to redesignate its discovery is "moot" because "ImClone has completed its redesignation of documents removing many of its Restricted Confidential documents to Confidential." This is simply not the case. ImClone's "resdesignation," which occurred only after Plaintiffs' motion and only so ImClone could argue the issue was "moot," largely consisted of removing the "Restricted Confidential" designation from obviously public documents such as patents, file histories, publications, and market research studies available by subscription. ImClone continues to grossly overdesignate its documents and deposition testimony for no other

reason than to severely restrict the ability of MIT and Repligen to be fully involved in this case.

For example, ImClone continues to overdesignate materials that are old, in some instances

publicly available, and contain *no competitive information whatsoever*:

- ImClone designated all but 31 innocuous pages of Samuel Waksal's deposition transcript as "Restricted Confidential," despite the fact that Dr. Waksal has not worked at ImClone *since 2002*. As a result, Repligen and MIT are unable to review most of the deposition of ImClone's former C.E.O. at the time ImClone's infringement began. Before Plaintiffs filed their motion, ImClone had designated the *entirety* of Dr. Waksal's testimony as "Restricted Confidential."

- ImClone designated all but 26 similarly innocuous pages of the deposition transcript of Irving Feit's (ImClone's former in-house counsel and opinion drafter) as "Restricted Confidential," despite the fact that Mr. Feit has not worked at ImClone for *more than ten years*. As a result, Repligen and MIT are unable to review the deposition that explored the factual underpinnings of ImClone's advice of counsel defense. Prior to Plaintiffs filing their motion, ImClone had simply designated the *entirety* of Mr. Feit's testimony as "Restricted Confidential."

- ImClone continues to designate the opinions of counsel it received from Mr. Feit in 1996-97 as "Restricted Confidential," even though the opinions contain only legal theories and background events that occurred *more than fifteen years ago*.

From these examples, it is clear that ImClone continues to abdicate its responsibility to

limit its designation of "Restricted Confidential" information to appropriately sensitive

competitive information such as current, non-public "technical information, financial data,

current and future business plans and marketing information." This Court should put no stock in

ImClone's suggestion that the Court interpret the "Restricted Confidential" language of "shall

include, for example," as a license for ImClone to designate anything it likes as "Restricted

Confidential." The Court should also put no stock in the notion that Plaintiffs—rather than

ImClone—must identify which materials have been overdesignated. Contrary to ImClone's

assertion, it is ImClone's burden (and not Plaintiffs') to undertake this exercise seriously in the

first instance—something that ImClone has utterly failed to do. Accordingly, Plaintiffs still must

request that the Court order ImClone to designate its materials *properly* and *in good faith*.

2

In addition, it is imperative that Mr. Nemeth and Ms. Rivard be given access to all materials produced by ImClone in this litigation. While ImClone argues that the parties' prior agreement regarding the scope of the protective order should control, at the time the protective order was being negotiated, Plaintiffs sincerely believed that ImClone would take its responsibility to properly mark documents as "Restricted Confidential" seriously. That has not been the case. ImClone should not be able to repeatedly violate its obligations under the protective order and then claim that its practice of doing so should be excused because the parties reached an agreement last November at a time when Plaintiffs were giving ImClone the benefit of the doubt. ImClone has now demonstrated that such faith was utterly misplaced.

Finally, Plaintiffs respectfully request a reply brief to address ImClone's outrageous suggestion that neither Ms. Rivard nor Mr. Nemeth "possess[] any of the special skills, technical expertise, etc., that would weight in favor of their active participation in advising their respective clients instead of trial counsel." (ImClone Br. at 8.) Simply put, Plaintiffs would not have undertaken motion practice in an effort to have this Court add Ms. Rivard and Mr. Nemeth to the protective order if Plaintiffs did not believe that both were essential to Plaintiffs' prosecution of this case. Plaintiffs do not agree in any way with ImClone's suggestion that clients in this case, or in any case, should be kept in the dark, particularly as a matter of mere gamesmanship where no rationale exists for designating documents and testimony with the highest level of protection provided by the protective order.

As such, Plaintiffs respectfully request leave to file a reply brief so that they may address the issues raised herein.

## Certification Pursuant to Local Rule 7.1(a)(2)

Undersigned counsel certifies that, before filing this Motion, counsel for the parties conferred regarding Plaintiffs request to seek approval from the Court to file a reply brief.  ImClone has advised Plaintiffs that it would not assent to this Motion.


Dated:  September 23, 2005              s/William R. Woodford
                                       William R. Woodford (*pro hac vice*)
                                       3300 Dain Rauscher Plaza
                                       60 South Sixth Street
                                       Minneapolis, MN 55402
                                       Telephone:  (612) 335-5070
                                       Facsimile:  (612) 288-9696

*Of Counsel*:

Gregory A. Madera            Jonathan E. Singer            Juanita Brooks
FISH & RICHARDSON P.C.       Michael J. Kane               FISH & RICHARDSON P.C.
225 Franklin Street          Chad A. Hanson                12390 El Camino Real
Boston, MA 02110-2804        FISH & RICHARDSON P.C., P.A.  San Diego, CA 92130
Telephone:  (617) 542-5070   3300 Dain Rauscher Plaza      Telephone:  (858) 678-5070
Facsimile:  (617) 542-8906   60 South Sixth Street
                             Minneapolis, Minnesota 55402
                             Telephone:  (612) 335-5070
                             Facsimile:  (612) 288-9696

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

60315896.doc

4