UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

    Plaintiffs,

v.

IMCLONE SYSTEMS, INC.,

    Defendant.

Civil Action No. 04-10884-RGS

**PLAINTIFFS' MOTION TO SET FEBRUARY 10, 2006 AS THE DATE FOR COMPLETION OF EXPERT DEPOSITIONS**

**INTRODUCTION AND BACKGROUND**

Plaintiffs MIT and Repligen ("Plaintiffs") ask that the Court amend its Discovery Order of August 10, 2004, so that expert depositions be completed no later than February 10, 2006. While both parties agree that the existing schedule needs to be modified to accommodate expert depositions, Plaintiffs do not agree with ImClone that the schedule for expert depositions should be left open-ended pending the Court's ruling on an expert-related motion that ImClone has not yet filed. Instead, Plaintiffs have asked ImClone to set a final deadline for the completion of expert depositions so that the parties can finish those depositions and prepare for trial. ImClone has simply refused to agree on a firm deadline for the completion of expert depositions.

The original Discovery Order in this case provided that rebuttal expert reports be exchanged on or before August 31, 2005. The Discovery Order also provided a two-month period for completion of expert depositions by October 31, 2005. Because of discovery issues, the parties agreed not to exchange rebuttal reports until December 12, 2005 and not to conduct any depositions of experts before that date.

The two month period provided in the Court's original Discovery Order is more than enough time to complete expert depositions. Plaintiffs stand ready to promptly proceed with expert depositions and have communicated the availability of all of their expert witnesses for deposition in January to ImClone. However, ImClone has told Plaintiffs that it will not depose two of Plaintiffs' experts—Dr. Struhl and Mr. Bremer—until after the Court rules on ImClone's yet-to-be-filed motions to strike those witnesses' reports.[1] ImClone has stated that it will depose Plaintiffs' damages expert, Mr. Barry, but has not told Plaintiffs when it will do so and has not committed to doing so prior to February 10. And while ImClone's damage expert, Mr. Stewart, is scheduled to be deposed on January 31, ImClone has not provided any deposition dates for its technical expert despite multiple requests from Plaintiffs dating back several weeks. This continues an established pattern of delay and obfuscation by ImClone.

The parties conferred regarding a date for completion of expert depositions on December 22, 2005, but ImClone would not agree to any firm date.[2] Instead, ImClone told Plaintiffs of their intent to file a motion to strike portions of Plaintiffs' expert reports. ImClone also proposed an open-ended schedule for the completion of expert depositions, namely that expert depositions would not be completed until two weeks after the Court rules on ImClone's contemplated motion to strike.

The Court has scheduled a hearing on the parties' dispositive motions for February 2. By February 10, discovery will have been ongoing for eighteen months and should be completed so

---

[1] Dr. Struhl and Mr. Bremer's reports were served on ImClone on December 12, 2005. Nearly three and one-half weeks later, and despite ImClone's insistence that it had issues with these reports that were "urgent," ImClone has not yet filed its motion to strike. During the required discovery conference with ImClone on December 22, Plaintiffs told ImClone that the reports of Mr. Bremer and Dr. Struhl were appropriate and in compliance with all of the Court's rules and orders.
[2] On this call, Michael Kane and William Woodford represented MIT and Repligen, and Paul Richter, Jr., Michael Loughnane, and Anthony Pfeffer represented ImClone.

that the Court can set this matter on for trial.  Plaintiffs respectfully request that the Court amend the Discovery Order and provide that all expert depositions be completed by February 10, 2006.

**ARGUMENT**

Under Fed. R. Civ. P. 16(e), the Court's Discovery Order shall control the course of the action unless modified by a subsequent order.  The Court may, in its discretion, enlarge time periods prescribed in its orders.  Fed. R. Civ. P. 6(b).  Pursuant to LR 16.1(g), the Discovery Order can be modified upon a showing of good cause.

Good cause exists to extend the date for completion of expert depositions to February 10, 2006.  MIT and Repligen have acted diligently in an attempt to complete discovery in this matter including the filing of four motions to compel discovery.  (*See* Exs. A-C to Kane Declaration.)  Moreover, in many cases, it has taken ImClone months to provide Plaintiffs with available dates for ImClone witnesses to be deposed.  No rational explanations have been offered for these many months delays.

For example, a year ago, on January 7, 2005, the Court ordered that Dr. Irving Feit, the attorney who drafted written opinions for ImClone, be made available for deposition if ImClone chose to rely on his opinions as a defense to willfulness.  (Docket. No. 25).  ImClone elected to rely on Mr. Feit's opinions on April 29, 2005.  MIT and Repligen began asking for deposition dates for Mr. Feit and Mr. Landes, ImClone's former general counsel, relating to the advice of counsel defense three days after ImClone made that decision, on May 2, 2005.  After repeated requests over a seven-month period, ImClone finally agreed to produce Mr. Feit and Mr. Landes on January 11 and 12, *2006* respectively, more than a year after this Court ordered those depositions.  Moreover, ImClone's agreement to make Dr. Feit and Mr. Landes came only after Plaintiffs threatened a motion and sanctions.  (*See* Exs. D-P to Kane Declaration.)

ImClone's inability to provide a date for its expert on issues relating to noninfringement and invalidity, Dr. Aaronson, deposition seems to be following a similar and unfortunate pattern. As soon as Dr. Aaronson submitted his rebuttal report on invalidity on December 12, Plaintiffs asked ImClone when Dr. Aaronson would be made available for deposition. (Ex. Q.) ImClone did not respond. As part of the meet and confer on December 22, Plaintiffs again asked ImClone when and if Dr. Aaronson would be made available for deposition. Again, ImClone did not respond. In fact, ImClone has still not provided a date for Dr. Aaronson's deposition, despite Plaintiffs' repeated requests to get that deposition on the calendar. (Ex. S to Kane Declaration).

Plaintiffs' position is simple: Expert depositions need to be scheduled now with a date certain for their completion so that the parties can get ready for trial. In fact, no good cause exists to delay expert depositions beyond February 10 and Plaintiffs will be prejudiced by further delay.

Plaintiffs fully expect ImClone to claim that the Court needs to rule on ImClone's yet-to-be-filed motions before ImClone is forced to take the deposition of Plaintiffs' experts. But ImClone's strategy here is not one of efficiency – it is one of delay. When ImClone claimed that it needed to meet and confer "immediately" regarding ImClone's anticipated motion to strike (Ex. R), Plaintiffs got on the phone with ImClone's counsel within 48 hours of ImClone's request so that any of ImClone's alleged issues could be raised with the Court as soon as possible. That conference took place on December 22. Yet to this day, despite ImClone knowing Plaintiffs' position on those expert reports since the December 22 meet and confer, ImClone has continued to delay filing its motion to strike in an effort to further delay the discovery schedule in this case.

Putting aside for the moment the issue of whether ImClone's motion to strike has merit (based on ImClone's explanation of its motion at the meet and confer, it does not), ImClone cannot refuse to agree to a discovery schedule because of a yet-to-be-filed motion on one hand while inexplicably delaying the filing of the motion on the other.  ImClone's tactics are designed to delay the ultimate resolution of this case, and ImClone's tactics should not be condoned by this Court.

As such, Plaintiffs respectfully request that the Court set February 10, 2006 as the cutoff for expert depositions in this case.

| | |
|---|---|
| Dated:  January 5, 2006 | /s/ Michael J. Kane<br>Michael J. Kane (*pro hac vice*)<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>Telephone:  (612) 335-5070<br>Facsimile:  (612) 288-9696 |

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Telephone: (617) 542-5070<br>Facsimile: (617) 542-8906 | Jonathan E. Singer<br>John C. Adkisson<br>William R. Woodford<br>FISH & RICHARDSON P.C., P.A.<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 335-5070<br>Facsimile: (612) 288-9696 | Juanita Brooks<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070 |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

60333296.doc

5