K

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

October 12, 2005



AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

*Via Facsimile*

A. Antony Pfeffer, Esq.
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050

Re: *Repligen and MIT v. ImClone Systems, Inc.*
    Civil Action No. 04-10884-RGS

Dear Antony:

I write to follow up on our correspondence regarding ImClone's production of documents in response to the Court's June 3 Order and specifically, ImClone's production of documents responsive to Plaintiffs' Document Request No. 68.

In response to my previous inquiries on this issue, on August 24, 2005, you told me that "we have produced all the documents we found [on Topics 62 and 68]." On September 12, 2005, Mike Loughnane again assured us that "we have produced all relevant documents responsive to the Court order that have been identified and, in particular, those documents responsive to Requests 62 & 68." In that same e-mail, Mr. Loughnane said that "for the sake of completeness, we will once again search for documents specifically related to [Sam Waksal's] testimony."

On October 4, 2005, we received a small bankers' box full of documents that were directly responsive to Document Request No. 68 that appear to have been produced from Daniel Lynch's file. Putting aside for the moment the question of why it took ImClone three months to comply with Judge Stearns' June 3 Order, ImClone's belated production of these documents again raises the question of whether ImClone has fully complied with Judge Stearns' June 3 Order even as of today's date.

For example, we still have very few documents relating to the ImClone-Genentech license from earlier this year. Moreover, the testimony from your witnesses is conflicting as to whether Michael Howerton's file was actually searched for responsive documents. In response to questioning on whether Michael Howerton's file with respect to the Genentech deal was searched, Mr. Gallagher testified "I believe so. Michael would have." Tr. at 201. But Mr. Howerton testified that, to his

FISH & RICHARDSON P.C., P.A.

A. Antony Pfeffer, Esq.
October 12, 2005
Page 2

knowledge, his electronic files were never searched as a part of this litigation and that he did not search his e-mail in connection with this case. Tr. at 44-45.

Given ImClone's belated production and conflicting testimony, we need to know immediately whether ImClone is in full compliance with Judge Stearns' June 3 Order. If ImClone is not in compliance with that Order, please tell us when ImClone expects to be, as we need all responsive documents to be produced prior to the resumption of Mr. Feit and Mr. Landes's depositions (for which we are still waiting for dates).

I look forward to your prompt response.

Very truly yours,

John C. Adkisson

JCA/jdr

60319008.doc

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0970
RECIPIENT ADDRESS     ##0368S#12124255288PPP
DESTINATION ID
ST. TIME              10/12 16:20
TIME USE              00'41
PAGES SENT            3
RESULT                OK
```

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

**Date**  October 12, 2005

**To**  A. Antony Pfeffer, Esq.
Kenyon & Kenyon
One Broadway
New York, NY 10004-1050
Telephone: (212) 425-7200

**Facsimile number**  00231-00253531 / (212) 425-5288

**From**  John C. Adkisson

**Re**  *Repligen and MIT v. ImClone Systems, Inc.*
Our Ref.: 00231-002LL1

**Number of pages including this page**  3

**Message**  Please see attached.