UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>                    Plaintiffs,<br><br>        v.<br><br>IMCLONE SYSTEMS INC.,<br><br>                    Defendant. | Civil Action No. 04 10884 RGS |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SET FEBRUARY 10, 2006 AS THE DEADLINE FOR COMPLETION OF EXPERT DEPOSITIONS

### INTRODUCTION

Defendant ImClone Systems Inc. (hereinafter "ImClone") opposes Plaintiffs' motion to set February 10, 2006 as the deadline for completion of expert depositions. Plaintiffs knowingly filed their motion hours before ImClone filed its motion to strike Plaintiffs' expert's reliance on "tests" that were withheld from discovery.[1] ImClone does not object to, and, in fact, wishes to complete all expert discovery as soon as practicable.[2] Indeed, the parties have agreed to proceed with other expert depositions in January and

---

[1] Plaintiffs' reference to ImClone's motion to strike as "yet-to-be-filed" is disingenuous. On January 12, 2006, prior to Plaintiffs' filing of this motion, ImClone sought leave from Plaintiffs to file under seal ImClone's motion to strike Plaintiffs' expert report. Instead of immediately consenting to ImClone's request (as has been the Parties' practice), Plaintiffs delayed giving consent until after it filed the instant motion.

[2] The original deadline for completion of expert discovery was October 31, 2005. By agreement of the parties, the deadline for serving expert reports was extended to Dec. 12, 2005. However, there was no agreement by the parties as to when the depositions of those experts would be completed. As discussed herein, Plaintiffs' ambush tactics in their last rebuttal expert report has undermined the scheduling of certain expert depositions.

February. However, the Court's ruling on ImClone's motion to exclude the egregious portions of Plaintiffs' expert report and to strike testimony by this expert will have a significant impact, not only on the permissible scope of the expert's report and trial testimony, but on the scope of additional fact and expert discovery that would be necessary should the Court permit this late test data to be used.[3] Unfortunately, due to Plaintiffs' ambush tactics and their refusal to mitigate the prejudicial effects of those tactics, proceeding with the technical expert depositions before the Court's ruling will only compound the confusion and prejudice caused by Plaintiffs' tactics. Briefly delaying the technical expert depositions until the Court addresses ImClone's motion concerning Plaintiffs' tactics will not prejudice Plaintiffs in any way, and will likely save the parties the time and cost of additional discovery and motion practice. More importantly, such a delay will not adversely impact the trial date as no date has been set by the Court.

## ARGUMENT

Months after refusing to provide a 30(b)(6) witness on the topic of Plaintiffs' infringement testing, and months after serving their expert report on the issue of infringement (an issue that Plaintiffs bear the burden of proof), Plaintiffs, on December 12, 2005, served an expert "rebuttal" report on the issue of patent validity which, for the first time in this litigation, makes reference to test "data" allegedly performed by an inventor, Stephen Gillies. When confronted with the prejudicial nature of this test data, Plaintiffs refused to take any steps to limit the obvious prejudicial effect of this, heretofore, concealed data. On the contrary, despite having withheld this data in discovery for various reasons, including a claim of privilege, Plaintiffs now take the

---

[3] To date, Plaintiffs have not supplied ImClone with any discovery on these tests (e.g., Plaintiffs have not provided the underlying data for these tests, nor have they provided a description of the methodologies of these tests).

2

position that their expert can rely on this test data for *any* purpose, including proving infringement. The prejudicial effect of this tactic is clear, and is fully briefed in ImClone's pending motion to exclude this test data.[4] D.I. 115. Moreover, the Court's decision on ImClone's pending motion likely will have a significant impact on what additional discovery, if any, would need to be completed. For example, if the Court grants ImClone's motion and excludes the experts' reliance on this test data, fact discovery is complete and the depositions of both technical experts can proceed swiftly and be completed within days of the Court's decision. If, however, the Court denies ImClone's motion and allows the offending test data to be relied upon by Plaintiffs' expert, fact discovery on the alleged testing will have to be reopened. This will include, at a minimum, a waiver and production of Plaintiffs' privileged documents relating to these tests, followed by depositions of all those involved in orchestrating and carrying out these tests. Following this fact discovery, ImClone's expert will likely need to supplement his expert report and possibly conduct his own tests to rebut the opinions of Plaintiffs' expert. Only upon completion of this fact and supplemental expert report will it be timely for technical expert depositions.

Since ImClone has agreed to proceed with the non-technical expert depositions, what Plaintiffs seek by their motion is for expert discovery to proceed in the absence of any ruling from the Court on this critical issue in the hope of gaining some tactical advantage. This is imprudent in the current factual landscape. Plaintiffs' brief is based wholly on the unrelated issue of delays in the scheduling of supplemental depositions of third-party witnesses.[5] Nowhere in Plaintiffs' brief is any explanation provided for their

---

[4] In addition, ImClone filed a second motion to strike the "rebuttal" expert report of Mr. Bremer in its entirety. D.I. 117. Mr. Bremer is an attorney who opines on contract law and provides his legal interpretation of the contracts at issue. Mr. Bremer's testimony is improper as it is purely legal in nature and invades the province of this Court.

[5] Plaintiffs' complain that ImClone has delayed the supplemental depositions of third party witnesses Mr. Landes and Dr. Feit. This is not true. ImClone has no control over these third parties or their schedules. Moreover, these witnesses were scheduled for depositions on Jan. 11 and 12, 2006, but

3

actions which are at the root of the problems that the parties now confront. The issue in technical expert deposition scheduling is completely of Plaintiffs' making. Had Plaintiffs produced the test data during fact discovery, and designated a 30(b)(6) witness on this topic, and had not insisted on claims of privilege with respect to this data, then expert discovery could have proceeded with no interruption. Instead, Plaintiffs chose to employ a trial-by-ambush tactic by withholding this data until ImClone had insufficient time to react. Now, to make their ambush complete, they seek the Court's assistance to cause expert depositions to be completed prematurely before the Court has an opportunity to rule on ImClone's motion to exclude this data. Plaintiffs should not benefit from its ambush tactics.

---

Plaintiffs canceled those depositions on the morning of Jan. 11, 2006. Plaintiffs' also complain that ImClone has not provided a date for the deposition of ImClone's technical expert. During the meet and confer in December, ImClone offered to provide dates for Dr. Aaronson, but informed Plaintiffs' that he would only be produced for deposition once (even if he subsequently was forced to file a supplemental report if the Court denied ImClone's pending motion to strike). Plaintiffs refused, making clear that their hope was to get multiple bites at the apple and depose Dr. Aaronson repeatedly.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion. The issue of a deadline for completion of expert depositions is best postponed until after the issues raised in ImClone's pending motion are considered, and the full scope of the remaining expert discovery (and any necessary additional fact discovery) has been resolved.

                                                Respectfully submitted,

                                                IMCLONE SYSTEMS, INC.
                                                By its Attorneys,

Dated: January 19, 2006                /s/ Michael R. Gottfried
                                                Michael R. Gottfried (BBO#542156)
                                                Anthony J. Fitzpatrick (BBO#564324)
                                                Christopher S. Kroon (BBO#660286)
                                                DUANE MORRIS LLP
                                                470 Atlantic Avenue, Suite 500
                                                Boston, MA  02110
                                                Tel: (617) 289-9200
                                                Fax: (617) 289-9201

                                                Richard L. DeLucia
                                                George E. Badenoch
                                                Michael D. Loughnane
                                                Paul M. Richter, Jr.
                                                Anthony Giaccio
                                                KENYON & KENYON
                                                One Broadway
                                                New York, NY  10004-1050
                                                Tel: (212) 425-7200
                                                Fax: (212) 425-5288

                                                Attorneys for Defendant
                                                ImClone Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2006.

/s/ Michael R. Gottfried
Michael R. Gottfried