**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> IMCLONE SYSTEMS INC., <br><br> Defendant. | Civil Action No.:  04-10884-RGS |

**DEFENDANT IMCLONE'S MOTION AND
MEMORANDUM OF LAW FOR A *MARKMAN* HEARING
AND FOR A BRIEF CONTINUANCE OF THE TRIAL DATE**

ImClone Systems Inc. ("ImClone") hereby respectfully moves for:

- an expedited *Markman* hearing and associated briefing period so as to narrow issues for trial, and potentially foster prompt resolution of this action; and

- a brief continuance of the September 10, 2007 trial date so as to allow ImClone's only technical expert to fulfill overseas professional commitments made before the trial date was set and to resolve a scheduled trial conflict for ImClone's Massachusetts counsel.

ImClone does not seek to unduly delay these proceedings, but rather, seeks only to have the Court construe the critical claim terms in advance of trial so as to avoid jury confusion and waste of the Court's and parties' resources.  ImClone further seeks a brief continuance in view of unanticipated scheduling conflicts.

Counsel for ImClone conferred with Plaintiffs' counsel regarding these issues pursuant to Local Rule 7.1 beginning with an electronic-mail message on Tuesday, June 26, 2007.  That correspondence reasonably proposed an expedited schedule for a *Markman* hearing and accompanying briefing and a brief continuance of the trial date to accommodate the above scheduling conflicts.  Counsel for Plaintiffs refused to consider any continuance, stating: "We

1

can discuss your proposals on Friday, though I can tell you now that we cannot agree to removing this case from the Court's trial calendar for commencement on September 10." E-mail from William Woodford, Counsel for Plaintiffs, to Robert Scheffel, Counsel for ImClone (June 26, 2007, 3:01 EDT) (attached as Exhibit B). On Friday, June 29, 2007 during a meet-and-confer conference call, counsel for ImClone raised these issues again and specifically highlighted certain claim terms that require the Court's construction before trial. Plaintiffs' counsel made it clear that they do not believe any of the claim terms require a *Markman* hearing, and that they would not agree to even a brief continuance. Thus, ImClone respectfully requests the Court grant ImClone's request for a brief continuance to permit a *Markman* hearing and to avoid Dr. Aaronson's and Massachusetts counsels' scheduling conflicts.

**A.     ImClone Requests An Expedited *Markman* Hearing To Narrow Issues And Possibly Foster Settlement.**

ImClone respectfully requests an Order from the Court establishing a schedule for a claim construction hearing and associated briefing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Plaintiffs assert that ImClone infringes several claims of U.S. Patent No. 4,663,281 (the '281 patent). Infringement is a "two-step inquiry, in which a court must first construe disputed claim terms, and then compare the properly construed claims to the accused device." *See, e.g., Nazomi Commc'ns, Inc. v. ARM Holdings, PLC*, 403 F.3d 1364, 1367-68 (Fed. Cir. 2005) . The asserted claims of the '281 patent contain a number of disputed claim terms that must be construed by the Court prior to trial. The numerous benefits to construing disputed claim terms prior to trial include:

- providing more efficient trials by narrowing the disputes,
- possibly resolving some or all of the issues of infringement, and
- fostering settlement.

*See Magarl, L.L.C. v. Crane Co.*, No. IP 02-0478-C-T/L, 1:03-CV-01255-JDT-TW, 2004 WL 2750252, at *15 (S.D. Ind. Sept. 29, 2004) (also noting that "narrowing . . . the issues could off-

set any added delay posed by the separate *Markman* hearing"). "After *Markman*, a trial judge must determine as questions of law the meaning of patent claims. The meaning of claim terms is the central issue of patent litigation. With most aspects of trial hinging on this determination . . . now 'strictly a question of law for the court' . . . a conscientious court will generally endeavor to make this ruling *before trial*." *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79 (E.D.N.Y. 1996) (Judge Rader of the United States Court of Appeals for the Federal Circuit sitting by designation) (emphasis added). *See Smith & Nephew, Inc. v. Surgical Solutions, Inc.*, 353 F. Supp. 2d 135, 140 (D. Mass. 2004) (discussing as a benefit the ability to make more focused arguments following a *Markman* ruling on claim construction).

Plaintiffs' position evidently is that issues of claim construction (a question of law) can be dealt with either at trial (presumably in front of the jury) or by the Court in connection with its handling of pretrial issues. To the extent Plaintiffs' position is the latter, that is precisely what ImClone seeks – only in a more organized manner. To the extent it is the former, that position is untenable and contrary to law. Without a proper *Markman* hearing the jury will undoubtedly be confused by multiple constructions of key claim terms and the claim construction that is specifically reserved for judicial determination will instead be resolved by a battle of the experts before the jury. A proper *Markman* hearing will enable the Court to instruct the jury as to the Court's construction of important claim terms and avoid such confusion.

While the parties have met and conferred on the necessity of a *Markman* hearing, ImClone's proposed expedited schedule requires the parties to specifically discuss claim terms in need of construction by July 13, 2007 (see expedited schedule below).[1] ImClone believes that, at most, only a few terms require the Court's construction. Of particular importance is the term "tissue specific," which is present in all of the asserted claims of the '281 patent and whose construction could be case dispositive. The meaning of this term to a person of ordinary skill in

---

[1] ImClone initially proposed that the parties discuss claim terms in need of construction by July 6, 2007, but in view of the time taken for the Rule 7.1 process and the impending July 4th holiday, ImClone has modified this one date in its proposed schedule from July 6, 2007 to July 13, 2007.

3

the art in the context of the '281 patent specification is disputed between the parties and will be part of the foundation upon which important evidence presented at trial will be based. In fact, as discussed in Dr. Aaronson's Rebuttal Expert Report and deposition, it is potentially dispositive of the case because if ImClone's enhancer is not tissue specific within the meaning of the '281 patent, there can be no infringement.

For these reasons, ImClone respectfully moves this Court for an Order establishing an expedited schedule for a *Markman* hearing and briefing. ImClone is conscious of the Court's busy schedule and does not wish to unduly delay the proceedings. To minimize the impact on the Court's schedule, ImClone proposes an expedited *Markman* briefing and hearing schedule that fits the Court's calendar. A suggested example of such a schedule is shown below and is also included in the Proposed Order, Exhibit A, attached hereto.

| Event | Proposed Date |
|---|---|
| Meet and confer to exchange claim terms in dispute | July 13, 2007 |
| Opening claim construction briefs | July 27, 2007 |
| Responsive claim construction briefs | August 17, 2007 |
| Chart identifying each disputed claim term, each party's position and where support for each position is found | August 24, 2007 |
| Hearing on claim construction | September 10, 2007 |
| Trial | TBD |

**B.    ImClone Requests A Brief Continuance To Allow Its Only Technical Expert To Fulfill Prior Overseas Professional Commitments and Its Massachusetts' Counsel To Be Present At Trial.**

Additionally, ImClone respectfully requests the Court to continue the September 10, 2007 trial date for a brief period of time so that ImClone's only technical expert, Stuart A. Aaronson, M.D., can be present for the trial. Prior to the Court's scheduling of the current trial

4

date, Dr. Aaronson committed to attending and presenting his work at a Commemorative Symposium at the University of Naples, Italy and an Oncology seminar at the Chemical Diversity Research Institute in Khimki, Russia. Dr. Aaronson will be leaving the country September 5, 2007, tentatively scheduled to return to New York on September 14, 2007. Neither ImClone, nor Dr. Aaronson, could reasonably have anticipated that Dr. Aaronson's commitments to present at these conferences would conflict with the trial date in this case.

Dr. Aaronson is ImClone's primary witness on the issues of infringement and invalidity. Moreover, Dr. Aaronson's presence is vital during the presentation of the testimony, not only from Plaintiffs' expert witnesses, but from fact witnesses as well. Without Dr. Aaronson's presence at trial, ImClone would be substantially prejudiced in its ability to effectively present its affirmative case on invalidity and its defense of non-infringement.

Additionally, ImClone's Massachusetts counsel have previously scheduled trials that impact their ability to be present at the trial in this case as currently scheduled. Specifically, Anthony J. Fitzpatrick is scheduled to be in a two week trial beginning on September 10, 2007 in *Miller, et al. v. Treado, et al.*, Case No. 05-10367-RWZ (trial schedule announced on March 22, 2007 by Judge Zobel), and Michael R. Gottfried is scheduled to be in a three to four week trial beginning on September 4, 2007 in *Amgen, Inc. v. F. Hoffmann-LaRoche, Ltd., et al.*, Case No. 05-12237-WGY (trial schedule announced on October 23, 2006 by Judge Young). In light of ImClone's recent substitution of lead trial counsel, continuity of ImClone's Massachusetts counsel is particularly important.

In short, ImClone's only technical expert and its Massachusetts counsel both have scheduling conflicts with the current trial dates that they could not reasonably foresee. As the presence of both of these entities are highly important for ImClone's case, ImClone requests a brief continuance of the current trial schedule.

...

**C.      Conclusion**

For the foregoing reasons, ImClone respectfully requests the Court enter the attached Proposed Order setting an expedited *Markman* hearing schedule, and briefly postponing the scheduled trial date for a time that fits the Court's schedule.

Dated: July 2, 2007                              /s/ Anthony J. Fitzpatrick
                                                                                       Michael R. Gottfried (BBO # 542156)
Anthony J. Fitzpatrick (BBO # 564324)
Christopher S. Kroon (BBO # 660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Phone: 857.488.4200
Fax: 857.488.4201

James H. Wallace, Jr.
Robert J. Scheffel
Kevin P. Anderson
WILEY REIN LLP
1776 K Street, NW
Washington DC  20006
Phone: 202.719.7240
Fax: 202.719.7049

*Attorneys for Defendant ImClone Systems, Inc.*

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the Defendant has conferred with counsel for the Plaintiffs, Massachusetts Institute of Technology and Repligen Corporation, in an attempt to resolve the issues presented by this motion and the Plaintiffs have indicated that they do not assent to the filing of this motion.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on the above date.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

**EXHIBIT A**

Case 1:04-cv-10884-RGS    Document 181    Filed 07/02/2007    Page 8 of 12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>IMCLONE SYSTEMS INC.,<br><br>    Defendant. | Civil Action No.: 04-10884-RGS |

**[PROPOSED] *MARKMAN* SCHEDULING AND**
**BRIEF CONTINUANCE OF TRIAL ORDER**

IT IS HEREBY ORDERED that the following schedule will modify the Court's

Procedural Order (Docket Entry No. 174) for this case:

| Event | Proposed Date |
|---|---|
| Meet and confer to exchange claim terms in dispute | July 6, 2007 |
| Opening claim construction briefs | July 27, 2007 |
| Responsive claim construction briefs | August 17, 2007 |
| Chart identifying each disputed claim term, each party's position and where support for each position is found | August 24, 2007 |
| Hearing on claim construction | September 10, 2007 |
| Trial | TBD |

Dated: _____, 2007

_____
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

**EXHIBIT B**

## Scheffel, Robert

| | |
|---|---|
| **From:** | William Woodford [woodford@fr.com] |
| **Sent:** | Tuesday, June 26, 2007 3:01 PM |
| **To:** | Scheffel, Robert |
| **Cc:** | Gregory Madera; Michael Kane; Wallace, James; Pacella, Mark |
| **Subject:** | RE: Repligen v. ImClone |

Rob,

We are available to discuss the pretrial matters on Friday at 3:00 EDT.

As to your other proposals, the local rules envision and require a meet and confer process that is conducted in a reasonable time frame that permits for meaningful participation by the parties. We have informed you of that before in connection with your pro hac applications. We can discuss your proposals on Friday, though I can tell you now that we cannot agree to removing this case from the Court's trial calendar for commencement on September 10.

Regards,

Bill


William R. Woodford
~ Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Email: woodford@fr.com
Tel: 612-766-2004
Fax: 612-288-9696

---

**From:** Scheffel, Robert [mailto:RScheffel@wileyrein.com]
**Sent:** Tuesday, June 26, 2007 9:02 AM
**To:** William Woodford
**Cc:** Gregory Madera; Michael Kane; Wallace, James; Pacella, Mark
**Subject:** Repligen v. ImClone

Bill,

I have not heard back from you as to a date to talk about the Judge's pretrial schedule. We propose to have this conversation on **Friday**, at **3:00 pm EDT**. Please let me know if that works for your team.

In the meantime, we have two additional issues that we need to raise.

First, we intend to request that the Court conduct a *Markman* hearing in advance of the trial. Our review of the expert reports and the parties' positions make it clear there are many terms in need of construction and that construction may serve to narrow issues for trial, and potentially foster settlement.

Second, we intend to request a modest continuance of the trial date in view of conflicts for ImClone's technical witness and trial conflicts for ImClone's Massachusetts counsel. Prior to the Court's scheduling the September 10 trial date, Dr. Aaronson committed to speak in Italy and Russia. Dr. Aaronson had no way of knowing the Court would rule when it did, and

7/2/2007

simultaneously set such an aggressive trial schedule.  Similarly, Massachusetts counsel had the previous trial dates scheduled in advance of the Court's scheduling of the trial date.

We intend to propose the following schedule to the Court.

| Event | Deadline |
|---|---|
| Simultaneous exchange of claim terms in dispute | July 6, 2007 |
| Opening claim construction briefs | July 27, 2007 |
| Responsive claim construction briefs | August 17, 2007 |
| Chart identifying each disputed claim term, each party's position and where support for each position is found | August 24, 2007 |
| Hearing on claim construction | September 10, 2007 |
| Trial | TBD |

Please let us know your position as soon as possible.  We request a response no later than **3:00 pm EDT today**, as it is our desire to get this issue in front of Judge Stearns as quickly as possible to minimize any effects on the current schedule.


**PLEASE NOTE: New Firm Name**
Effective February 1, 2007, Wiley Rein & Fielding LLP became Wiley Rein LLP.  The firm's website address became www.wileyrein.com and all firm email addresses reflect the new Internet domain name.  Please take a moment to update your records with our new information.

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com.




********************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

********************************************************************************************