# EXHIBIT A



Portfolio Media, Inc. | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com
Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

## ImClone Fires Counsel Following Sanctions

By **Brendan Pierson**, brendan.pierson@portfoliomedia.com

*Tuesday, June 12, 2007* --- Pharmaceutical company ImClone Inc. said on Tuesday that it would no longer employ Kenyon & Kenyon LLP as its defense counsel in its patent litigation with the Massachusetts Institute of Technology and rival company Repligen Corp.

A court order on Friday found that attorneys at Kenyon & Kenyon and ImClone's staff attorney had tried to intimidate one of MIT's witnesses, Dr. Stephen Gillies. It imposed sanctions on both the company and its counsel.

"We respect the decision of the court and look forward to defending the case on its merits at trial," said ImClone spokesperson Greg Mayes. "Prior to the court's ruling, ImClone Systems had decided to proceed with new counsel handling all aspects of its intellectual property litigation matters."

Kenyon & Kenyon declined to comment.

MIT requested the sanctions in March of 2006 after ImClone's attorneys deposed Gillies, alleging that their questioning had been improper. The court agreed.

"The questioning was...undertaken as part of a deliberate stratagem to deprive MIT of Dr. Gillies' services as an expert witnesses," the judge's decision said.

MIT and Repligen originally sued over ImClone's profitable cancer drug Erbitux. MIT alleged that ImClone had used a process involving antibodies originally developed by Dr. Stephen Gillies, a postdoctoral fellow at the university in the early 1980s. This process was subsequently licensed to Repligen.

Gillies is now employed by a subsidiary of German pharmaceutical maker Merck KGaA, which distributes Erbitux outside of North America through an agreement with ImClone.

In the late summer of 2005, MIT asked Gillies to run laboratory tests on Erbitux to determine if it had been made using the patented process that Gillies had invented. After running the tests Gillies determined that it had, and MIT disclosed the results to ImClone.

ImClone then moved that the results be stricken on the grounds that they were "untimely produced." This motion was denied, but the court required



that Gillies sit for an additional deposition—his third.

It was during this deposition that ImClone's attorneys tried to intimidate Gillies, according to MIT. The judge's decision quotes the transcript of the deposition, showing that the attorney repeatedly asked Gillies about whether he had received permission to use Merck's laboratory for his testing.

It also notes that ImClone's attorney said at a hearing on the motion for sanctions that "it was clear at the beginning [of the deposition] that Dr. Gillies said that he didn't tell [Merck about the tests] until after," suggesting that the intent of the questions was to intimidate the witness.

Around the same time, ImClone's in-house attorney, Thomas Gallagher, contacted Merck. Gallagher later testified at a hearing on the motion for sanctions that he had done this only in the interest of smoothing out a separate arbitration between the two companies.

"I find this after-the-fact rationale lacking in credibility," the judge wrote. "The e-mails make no allusion to the arbitration proceeding or to the possibility of an accord between Merck and Repligen. They emphasize instead Dr. Gillies' efforts on behalf of MIT in the instant litigation and for all intents and purposes demand that Merck rein Gillies in."

Under the new sanctions, neither ImClone nor Kenyon & Kenyon will be allowed to communicate with Merck without specific permission from the court. Gallagher will be barred from access to confidential information in the case.

MIT will also be rewarded the legal fees it incurred in pursuing its motion. It will also be allowed to present evidence of Kenyon & Kenyon's misconduct "to lay a foundation for an instruction permitting the jury to draw an inference that ImClone believed that Dr. Gillies' 2005 test results supported MIT's claims to the litigation," the court said.

MIT and Repligen Corp. are represented in this matter by attorneys from Fish & Richardson LLP.

ImClone Systems Inc.'s new legal counsel could not immediately be identified.

The case is MIT et al v. Imclone Systems Inc., case number 1:04-cv-10884, in the U.S. District Court for the District of Massachusetts.