**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION, | |
| Plaintiffs, | |
| v. | Civil Action No.:  04-10884-RGS |
| IMCLONE SYSTEMS INC., | |
| Defendant. | |

# EXHIBIT A

**To**

**DEFENDANT IMCLONE'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' OPPOSITION TO IMCLONE'S MOTION AND MEMORANDUM OF LAW FOR A *MARKMAN* HEARING AND FOR A BRIEF CONTINUANCE OF THE TRIAL DATE**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

        Plaintiffs,

    v.

IMCLONE SYSTEMS INC.,

        Defendant.

Civil Action No.:  04-10884-RGS

### DEFENDANT IMCLONE'S REPLY TO PLAINTIFFS' OPPOSITION
### TO IMCLONE'S MOTION AND MEMORANDUM OF LAW
### FOR A *MARKMAN* HEARING
### AND FOR A BRIEF CONTINUANCE OF THE TRIAL DATE

Plaintiffs' refusal to assent to even a brief continuance of the trial (potentially as little as two weeks) is a transparent attempt to unfairly and unnecessarily prejudice ImClone's ability to defend this case.  First, Plaintiffs disingenuously heap all the responsibility for preparing this case for presentation to a jury on ImClone.  While the Plaintiffs complain about Defendant's silence throughout this action, even a cursory review of the docket reveals a virtually identical silence on behalf of Plaintiffs.  Second, Plaintiffs' alleged surprise that a number of claim terms need construction (despite the fact that the meanings of terms have been in dispute throughout this litigation) rings hollow.  Simply because Plaintiffs might disagree with ImClone's positions as to the meaning of important terms, is not sufficient reason to ignore the construction of the claims altogether until trial.  Third, Plaintiffs further oppose even a modest extension of the trial schedule, which could be as few as two weeks, to accommodate the previous commitments of ImClone's expert witness and trial counsel.  However, Plaintiffs' trial counsel's identified late-fall conflicts would not conflict (*see* Plaintiffs' Opp. (Doc. No. 184) at 3 n.4)  with the modest

extension sought by ImClone.  Fourth, for the reasons discussed herein, Plaintiffs' proposed

"solutions" to the unanticipated conflicts of ImClone's only technical expert and primary local

counsel are unworkable and would unduly prejudice ImClone.

In short,  the Court should grant ImClone's request for an expedited *Markman* hearing

schedule as well a brief continuance (as little as two weeks) to allow for its expert and local

counsel to participate in the complete trial.

A.    <u>The District Court Should Conduct A *Markman* Hearing In Advance Of Trial</u>

Although *Markman* hearings are routinely conducted in advance of trial (in virtually all

District Courts), Plaintiffs would prefer to handle this situation "at trial."   Indeed, Plaintiff even

goes as far as suggesting that the Court should consider construing the claims <u>after</u> the trial (Opp.

at 6).  This proposal makes little sense, particularly in the context of a complicated

biotechnology action.  Instead, following the schedule included in ImClone's initial motion (at

least in structure) would provide a short time frame for the parties to confer, brief, and argue

these potentially dispositive issues.

The fact that Plaintiffs allege surprise regarding the disputes over claim construction is

spurious.  The issue of what the term "tissue specific" means in the context of the '281 patent

was a primary portion of not just ImClone's infringement defense, but also the invalidity

defenses of anticipation, obviousness and indefiniteness.  Indeed, it was an issue that has been

front and center throughout this dispute.  For example, as Dr. Aaronson points out in his Expert

Report (*see* Expert Report of Dr. Aaronson at 43-44), Dr. Gillies testified that the term "tissue

 specific" is vague and ambiguous.[1]  This term should be construed.  Further, ImClone believes

---

[1]        Q:        Now Dr. Gillies, Q.  Okay.  Now, Dr. Gillies, when you were looking at your patent, you
mentioned a term called "tissue specificity."  Do you recall that?
          A:        Yes.
          Q:        What does that mean?

there are other terms that will require construction, such as "vector."[2]  The fact that Plaintiffs

disagree with ImClone's positions does not eliminate the need for a *Markman* hearing, but rather

requires that the Court construe the claims as a matter of law.

As previously stated, there are likely only a few claim terms that require the Court's

construction.  An expedited *Markman* hearing should "narrow[] . . . the issues . . . [and] off-set

any added delay posed by [a] separate *Markman* hearing."  *Magarl, L.L.C. v. Crane Co.*, No. IP

02-0478-C-T/L, 1:03-CV-01255-JDT-TW, 2004 WL 2750252, at *15 (S.D. Ind. Sept. 29, 2004).

Plaintiffs' assertion that ImClone's Motion is solely intended to advance a non-

infringement position puts the cart before the horse.  As explained in ImClone's Motion, a

*Markman* hearing is the generally accepted method for facilitating the process by which the

Court construes disputed claim terms.  Whether that construction ultimately results in a finding

of non-infringement is not the present issue before the Court and ImClone is not seeking

summary judgment of non-infringement.  Moreover, this issue is relevant to the issues of

invalidity, including indefiniteness, anticipation, obviousness (all of which have been advanced

in the parties' expert reports).

In short, ImClone merely seeks what numerous Courts have recognized as a judicially

efficient mechanism for fulfilling the Court's task of construing the disputed claim terms.  While

Plaintiffs' cite the *Cytologix* case in support of its suggestion that the Court handle claim

---

MR. KANE:  I object to the form of the question.  Vague and ambiguous.
A.      It's vague and ambiguous.
Q.      Do you believe that the phrase "tissue specificity" is vague and ambiguous?
A.      A little bit.
Q.      In what sense is it vague and ambiguous?
A.      Well, how define "tissue," I guess.
Gillies Dep. at 88:3-16.
[2]      Notably, in a well-publicized biotechnology case, *MedImmune v. Genentech*, No. CV 03-2567 MRP, the United States District Court for the Central District of California recently held a *Markman* hearing addressing what appears to be a similar dispute over the meaning of the term "vector."

construction in the context of trial, a review of this case clealry supports <u>Imclone's</u> postion,

namely that such a practice is likely to result in jury confusion.  *Cytologix Corp. v. Ventana*

*Medical Systems, Inc.,* 424 F.3d 1168, 1172 (Fed. Cir. 2005).[3]

**B.    ImClone's Request For A Brief Continuance Of The Trial Date**

ImClone seeks only a brief continuance of the trial date so that ImClone's only technical

expert and its primary Massachusetts counsel can be present at trial.  Notably, should the Court

grant a two-week continuance, this would not prejudice any of the conflicts identified by

Plaintiffs' trial counsel (Opp. at 3 n.4).

Moreover, Plaintiffs' opposition boils down to two unworkable "solutions."  First,

Plaintiffs suggest that ImClone videotape the first week of trial and have Dr. Aaronson review

the video footage and transcripts of the testimony offered that week.  This is acceptable to

Plaintiffs because Dr. Aaronson will "almost certainly" not testify until the second week of trial.

Opp. at 2.  Even assuming that Dr. Aaronson will not testify until the second week of trial (an

assumption that is not based on any previous discussion between the parties as to the

approximate length of trial), the solution proposed is unworkable.  Plaintiffs leave Dr. Aaronson

two days (September 15th and 16th) to review what will likely be at least 20 hours of trial

testimony and prepare for his own testimony.  Such a schedule would clearly prejudice

ImClone's ability to present its case on invalidity and defend against Plaintiffs' affirmative case

---

[3]        *Cytologix* highlights the negative consequences of not permitting the Court to construe the disputed claim
terms and the inevitably resulting jury confusion.  424 F.3d 1168 (Fed. Cir. 2005).  In that case, although the court
wanted to have a *Markman* hearing, the parties agreed that it wasn't necessary and that the court would wait until
after trial to construe the claims.  *Id.* at 1172.  The Federal Circuit, while stating that the district court has
"considerable latitude in determining when to resolve issues of claim construction" found it improper that the court
(1) allowed the parties to present expert witnesses who testified before the jury regarding claim construction and (2)
permitted counsel to argue conflicting claim constructions to the jury.  The Federal Circuit specifically noted, "it
appears that the conflicting expert views as to claim construction *created confusion and may have led to a verdict of
infringement with respect to the asserted claims of the . . . patent [at issue] that was not supported by substantial
evidence . . . .*"  *Id.* (emphasis added).

on infringement.  Moreover, Plaintiffs are well aware that the testimony at trial does not always

follow the testimony given at a deposition or statements made in an expert report.  Thus, forcing

Dr. Aaronson to rely on those documents is no where near an acceptable solution to his missing a

week of trial testimony.

Second, Plaintiffs' suggestion that Mr. Kroon, one of ImClone's Massachusetts counsel,

could act as local counsel during the trial is similarly unworkable.  Mr. Kroon, an excellent

young lawyer, is a third-year associate at Duane Morris LLP, and is also very involved in the

*Miller, et al. v. Treado, et al.*, case scheduled to begin trial on September 10, 2007.  (*See* Case

No. 05-10367-RWZ (trial schedule announced on March 22, 2007)).  Messrs. Fitzpatrick and

Gottfried's conflicts with the September 10, 2007 trial were well described in ImClone's Motion.

Aside from Messrs. Fitzpatrick and Gottfried, Duane Morris LLP does not have any other full-

time patent litigation partners in its Boston office.  It is certainly inappropriate to suggest that

ImClone's Massachusetts counsel simply "rearrange [their] schedule[s]" so that they can attend

the trial when they have previously committed to representing other parties at trials scheduled

before the Court issued its June 11, 2007 Order setting the case for trial on September 10, 2007.[4]

**C.    Conclusion**

For the foregoing reasons, ImClone respectfully submits that Plaintiffs' Opposition fails

to show that Defedant is merely seeking delay; rather, ImClone seeks to accommodate the

conflicting schedules of its only technical expert and its Massachusetts counsel and provide for a

more efficient and effective jury trial by avoiding the confusion that would inevitably result

---

[4]    In response to Plaintiffs' criticism that ImClone's Motion was not supported by declarations, counsel for ImClone, as officers of the court, did not believe it was necessary to submit declarations from each of ImClone's Massachusetts counsel.  If there is any doubt as to the veracity of those statements or the Court requires declarations from Massachusetts counsel or Dr. Aaronson attesting to the truth of these conflicts, ImClone is more than willing to provide them.

without a *Markman* hearing.

Respectfully submitted,

IMCLONE SYSTEMS, INC.

By its Attorneys,

/s/ Anthony J. Fitzpatrick
Michael R. Gottfried (BBO # 542156)
Anthony J. Fitzpatrick (BBO # 564324)
Christopher S. Kroon (BBO # 660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, Massachusetts 02210
(857) 488-4200

James H. Wallace, Jr. *(admitted pro hac vice)*
Robert J. Scheffel *(admitted pro hac vice)*
Kevin P. Anderson *(admitted pro hac vice)*
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7000

Richard L. DeLucia *(admitted pro hac vice)*
KENYON & KENYON
One Broadway
New York, NY  10004-1050
(212) 425-7200

July 12, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony J. Fitzpatrick, Esquire, hereby certify that this document filed through the ECF system will be sent electronically in accordance with the District of Massachusetts electronic filing procedures to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 12, 2007.

<u>/s/Anthony J. Fitzpatrick</u>
Anthony J. Fitzpatrick