UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS INC.,<br><br>Defendant. | Civil Action No.: 04-10884-RGS |

**DEFENDANT IMCLONE'S RESPONSE TO PLAINTIFFS' STATEMENT OF ATTORNEY FEES AND COSTS INCURRED IN PROSECUTING PLAINTIFFS' MOTION FOR SANCTIONS**

The Court has broad discretion in awarding Plaintiffs' attorney fees. However, the fees submitted by counsel for Plaintiffs appear on their face to be excessive.

Plaintiffs' counsel requests $365,340 in attorney fees for filing their motion for sanctions and associated briefing, and conducting two hearings lasting approximately nine hours total. Plaintiffs' use of block-billing (i.e. grouping separate work items together under a single time entry) makes it is difficult for ImClone to evaluate the request.[1] However, Plaintiffs' filing raises several issues on its face. Plaintiffs apparently staffed this motion with five full partners, two of whom are described as "senior partners." Plaintiffs' records indicate that the partners' billings

---

[1] The First Circuit applies the "lodestar" method to determine a reasonable fee award. *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 337 (1st Cir. 1997). "Under this approach, the Court calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved) to arrive at the lode[s]tar figure." *Porter v. Cabral*, No. 04-11935-DPW, 2007 WL 602605, at *11 (D. Mass. Feb. 21, 2007) (quotation omitted). While attorneys' contemporaneous billing records constitute the starting point for determining a fee award, "the court's discretion is by no means shackled by those records." *Id.* (quoting *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295-96 (1st Cir. 2001). Rather, "it is the court's prerogative (indeed, its duty) to winnow out excessive hours, time spent tilting at windmills, and the like." *Gay Officers Action League*, 247 F.3d at 296. "By the same token, the court may take guidance from, but is not bound by, an attorney's standard billing rate." *Id.* Consequently, in considering a fee application, the court may "eliminate excessive or unproductive hours, and assign more realistic rates to time spent." *Porter*, 2007 WL 602605, at *11 (quoting *Coutin*, 124 F.3d at 337).

constituted approximately $280,000 of the overall fee request, compared to only $85,000 requested for associates' time. This is an unusual inversion of the typical billing for most proceedings.[2]

Moreover, Plaintiffs' request vastly exceeds the fees awards in this district for entire extended proceedings. *E.g.*, *InCase, Inc. v. Timex Corp.*, 421 F.Supp.2d 226, 244-45 (D. Mass. 2006) (awarding $115,545 after six-day jury trial on trade secret misappropriation); *Porter v. Cabral*, No. 04-11935-DPW, 2007 WL 602605, at *11 (D. Mass. Feb. 21, 2007) ($253,264.50 in fees after seven-day jury trial); *Brine, Inc. v. STX, LLC.*, No. 99-40167 (D. Mass. June 23, 2005) (Order awarding $142,500 in fees for extended contempt of court proceedings in patent case) (copy attached as Exhibit A).

ImClone respectfully submits that *Plasse v. Tyco Elec. Corp.,* 2006 U.S. Dist. LEXIS 89829 (D. Mass. 2006), is instructive (copy attached as Exhibit B). In *Plasse*, the sanctioned party had "destroyed or concealed evidence, engaging in an egregious pattern of misconduct" and "directly flouted this court's authority by destroying or modifying documents *after* the court" had issued an earlier Order regarding the evidence. *Id*. at *2-3. Judge Ponsor reduced the defendant's fee request from nearly $80,000 to $35,000. *Id.* at *3. ImClone appreciates the seriousness of the present matter but does not believe it warrants an award of fees that is an order of magnitude above those fees awarded in *Plasse*.

ImClone therefore respectfully requests this Court reduce the amount awarded to Plaintiffs to an amount the Court believes just.

---

[2] Plaintiffs' expenses also raise questions. For example, for the May 2006 hearing, the three partners' airfares ranged from $1290 to $1443 while the single associate's airfare was $423. This would indicate that the partners traveled business class. Similarly, the four attorneys' hotel rooms range from $617 to $739 for a single night. These expenses are consistent with Plaintiffs' unusual partner-centric staffing and seem excessive – particularly for a law firm that has a large office in Boston. Plaintiffs' submissions also provide no indication that plaintiffs' law firm actually billed these amounts, hours and/or rates to the client. Plaintiffs' submissions indicate the hallmarks of a contingency case in which no party is supervising the billings thus resulting in large block-billings.

          Respectfully Submitted,
          IMCLONE SYSTEMS, INC.
          By Its Attorneys,

Dated: July 16, 2007

          /s/ Anthony J. Fitzpatrick
          Michael R. Gottfried (BBO # 542156)
          Anthony J. Fitzpatrick (BBO # 564324)
          Christopher S. Kroon (BBO # 660286)
          DUANE MORRIS LLP
          470 Atlantic Avenue, Suite 500
          Boston, MA 02210
          Phone: 857.488.4200
          Fax: 857.488.4201

          James H. Wallace, Jr. *(pro hac vice)*
          Robert J. Scheffel *(pro hac vice)*
          Kevin P. Anderson *(pro hac vice)*
          WILEY REIN LLP
          1776 K Street, NW
          Washington DC  20006
          Phone: 202.719.7240
          Fax: 202.719.7049

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of electronic filing and paper copies will be sent to those indicated as non-registered participants.

          /s/ Anthony J. Fitzpatrick
          Anthony J. Fitzpatrick