# EXHIBIT B

Case 1:04-cv-10884-RGS   Document 192-3   Filed 07/16/2007   Page 1 of 3

LEXSEE 2006 U.S. DIST. LEXIS 89829

JAMES M. PLASSE, Plaintiff v. TYCO ELECTRONICS CORP., Defendant

CIVIL ACTION NO. 04-30056-MAP

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

2006 U.S. Dist. LEXIS 89829

November 8, 2006, Decided
November 8, 2006, Filed

**PRIOR HISTORY:** *Plasse v. Tyco Elecs. Corp., 448 F. Supp. 2d 302, 2006 U.S. Dist. LEXIS 65463 (D. Mass., 2006)*

**COUNSEL:** [*1] For James M. Plasse, Plaintiff: Maurice M. Cahillane, Jr., LEAD ATTORNEY, Egan, Flanagan & Cohen, PC, Springfield, MA.

For Tyco Electronics Corporation, Defendant: Jeffrey D. Clements, LEAD ATTORNEY, Clements & Clements LLP, Boston, MA; Lynelle J. Slivinski, LEAD ATTORNEY, Mark Diana, LEAD ATTORNEY, Ogletree, Deakins, Nash, Smoak &, Stewart, P.C., Morristown, NJ.

**JUDGES:** Michael A. Ponsor, United States District Judge.

**OPINION BY:** Michael A. Ponsor

**OPINION**

*MEMORANDUM AND ORDER REGARDING DEFENDANT'S BILL OF COSTS*

(Dkt. No. 53)

November 8, 2006

PONSOR, D.J.

On September 7, 2006, this court issued an order allowing Defendant's Renewed Motion to Dismiss and for Sanctions (Dkt. No. 36), based upon the court's finding that Plaintiff had "destroyed or concealed evidence, engaging in an egregious pattern of misconduct that ha[d] hampered the proceedings in this case." Dkt. No. 51 at 24. As part of this ruling, the court gave Defendant permission to submit its application for costs and attorney's fees.

On September 28, 2006, Defendant submitted its application, seeking $ 79,524.07 in attorney's fees and costs in the amount of $ 20,472.32.

It is well established that a court "possesses [*2] inherent equitable powers to award attorneys' fees against the party that has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Mullane v. Chambers, 333 F.3d 322, 337-38 (1st Cir. 2003)*, quoting *Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)*. The First Circuit has emphasized that inherent power should be exercised "sparingly and reserved for egregious circumstances . . . ." *Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995)* (quoting *Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993)*).

In this case, the detailed explanation justifying an award of attorney's fees has been set out at length in the court's memorandum allowing Defendant's Renewed Motion to Dismiss and for Sanctions. *See* Dkt. No. 51. As the memorandum demonstrates, clear and convincing evidence confirms that Plaintiff here not only altered and destroyed evidence to prevent relevant discovery by Defendant, but continued to modify and destroy evidence even after the court itself had made it clear that the evidence constituted an appropriate area of inquiry for Defendant. As the court stated in its memorandum, [*3] "[t]hrough his conduct, Plaintiff has consistently

demonstrated an unwillingness to proceed fairly and openly in this litigation, and has directly flouted this court's authority by destroying or modifying documents *after* the court specifically invited Defendant to obtain an inspection of Plaintiff's computer and disks." Dkt. No. 51 at 23.

Given Plaintiff's egregious conduct, an award of fees and costs is only fair. Given the record of this case, however, a fee award of nearly $ 80,000 would be excessive. The record of the case, as Plaintiff points out, evidences some degree of duplication and overkill. Based on this, the court will award attorney's fees in the amount of $ 35,000.00. The court will award Defendant its full costs, since retention of experts was particularly necessary to uncover Plaintiff's skulduggery.

In summary, for the reasons stated, the court hereby awards Defendant attorney's fees in the amount of $ 35,000.00 and costs in the amount of $ 20,472.32.

It is So Ordered.

/s/ Michael A. Ponsor

United States District Judge