# EXHIBIT B

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

WILLIAM R. GOLDEN JR.
DIRECT LINE: (212) 808-7992
EMAIL: wgolden@kelleydrye.com

July 10, 2007

**VIA E-MAIL AND EXPRESS MAIL**

Daniel J. O'Connor, Esq.
Senior Vice President and
General Counsel
ImClone Systems Incorporated
33 ImClone Drive
Branchburg, NJ 08876

Re: <u>MIT and Repligen v. ImClone Systems Incorporated</u>

Dear Mr. O'Connor:

We represent Merck KGaA and its affiliates ("Merck") and have been instructed to respond to your letter dated June 26, 2007, to Dr. Tilman Schmidt-Lorenz regarding the civil action referenced above.

As you may know, Dr. Gillies advised Merck that he is listed as an inventor of a patent at issue in the above action, which resulted from work done while Dr. Gillies was at MIT. Dr. Gillies indicated he had a contractual obligation to cooperate with MIT and was entitled to share in any recovery received in the patent infringement suit. In the circumstances, Merck agreed with Dr. Gillies that it would be best for him to retain an attorney of his own choosing to advise him on all issues arising out of his involvement in the MIT suit, including possible conflicts with regard to work done by Dr. Gillies on proprietary research projects after leaving MIT. Thereafter, Dr. Gillies retained Jason Kravitz from Nixon Peabody to represent him.

Merck recognizes and respects Dr. Gillies' duty to cooperate with MIT and encourages him to do so. Dr. Gillies, however, has the right to the advice of his own attorney in this regard, and Merck has consistently respected his attorney-client relationship with Mr. Kravitz. Our understanding from Mr. Kravitz is that Mr. Kravitz never told MIT's counsel that Dr. Gillies was unwilling to cooperate with MIT, and Dr. Gillies, of course, has a personal financial interest in doing so. Mr. Kravitz had simply asked MIT's counsel that he be kept apprised of all communications with his client.

NY01/GOLDW/1221111.4

**KELLEY DRYE & WARREN LLP**

July 10, 2007
Page Two

      Merck, to the best of our knowledge, does not have copies of the proprietary data which apparently were generated by tests conducted at EMD Lexigen Research Center Corp. on the instructions of MIT's lawyers. I did request that any such proprietary data be returned to EMD Lexigen but this request was not honored.

      In closing, Merck supports the Court and the parties in their search for the truth in this litigation, and will continue to urge Dr. Gillies, through his counsel, to cooperate in this endeavor.

Very truly yours,

William R. Golden Jr.

WRG:kg

cc:    Dr. Tilman Schmidt-Lorenz
        Jens Eckhardt, Esq.
        Jason C. Kravitz, Esq.
        Chad A. Hanson, Esq.

NY01/GOLDW/1221111.4