UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 04-10884-RGS |

**STIPULATION AND [PROPOSED] ORDER AMENDING PROTECTIVE ORDER**

By their undersigned counsel, the parties to this action agree on the following. The parties' ability to use discoverable information is unduly restricted by the current Protective Order provisions relating to disclosure "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information to persons currently designated under paragraphs 4(f) ("mock jurors"). In addition, the parties wish to provide access to all information, including "RESTRICTED CONFIDENTIAL" information, to a defined group of party representatives. There is a need to allow the parties to more readily disclose information to such individuals, while ensuring the continued protection of information designated "CONFIDENTIAL" and "RESTRICTED CONFIDENTIAL." Amending the Protective Order as follows will meet both of these objectives. Therefore, the parties respectfully request this Court order that:

1.  Paragraph 4(f) of the Protective Order be amended to read: "Any jury consultant retained by a party or its counsel to assist outside counsel of record in the conduct of the litigation, provided however, that (i) no such person may be employed in the biotechnology industry in a capacity other than as a jury consultant; (ii) no such person may be a current or

former employee, officer, attorney, agent, or director of any party to this action; and (iii) each/every such person manifests his/her assent to be bound by the provisions of this order by signing a copy of the annexed "Acknowledgement." Any mock juror, focus group member, or like person engaged by a party or a party's jury consultant in preparation for trial in this action, provided however, that: (i) no such person may be employed in the biotechnology industry; (ii) no such person may be a current or former employee, officer, attorney, agent, or director of any party to this action; (iii) each/every such person manifests his/her assent to be bound by the provisions of this order by signing a copy of the annexed "Acknowledgement;" and, (iv) no documents, physical things, or electronically stored information containing or embodying information designated "CONFIDENTIAL" shall be left in the possession of any such person."

2. Paragraph 4(g) of the Protective Order be deleted. The following provision be added to Paragraph 6 of the Protective Order as Paragraph 6(e): The following persons, after each has signed an "Acknowledgement" under the procedures of paragraph 7 of this Protective Order, in substantially the same form as Exhibit A attached hereto, agreeing to abide by the restrictions contained herein. For ImClone: Daniel O'Connor, Averie Hason, Richard Mulligan, and Alex Denner. For MIT: Lita Nelsen and Tena Herlihy. For Repligen: Walter Herlihy, Daniel Witt, and Fred Nemeth.

3. The following provision be added to Paragraph 6 of the Protective Order as Paragraph 6(d): "(d) Any jury consultant retained by a party or its counsel to assist outside counsel of record in the conduct of the litigation, provided however, that (i) no such person may be employed in the biotechnology industry in a capacity other than as a jury consultant; (ii) no such person may be a current or former employee, officer, attorney, agent, or director of any party to this action; and, (iii) each/every such person manifests his/her assent to be bound by the

provisions of this order by signing a copy of the annexed "Acknowledgement." Any mock juror, focus group member, or like person engaged by a party or a party's jury consultant in preparation for trial in this action, provided however, that: (i) no such person may be employed in the biotechnology industry; (ii) no such person may be a current or former employee, officer, attorney, agent, or director of any party to this action; (iii) each/every such person manifests his/her assent to be bound by the provisions of this order by signing a copy of the annexed "Acknowledgement;" and, (iv) no documents, physical things, or electronically stored information containing or embodying information designated "RESTRICTED CONFIDENTIAL" shall be left in the possession of any such person."

    4.    Paragraph 7 of the Protective Order be amended to read: "The persons described in paragraph 4(c) and 4(g) shall have access to the 'CONFIDENTIAL' material and the persons described in paragraph 6(b) shall have access to the 'RESTRICTED CONFIDENTIAL' material in accordance with the following procedures. The name, address, occupation and, for 4(c), 4(g), and 6(b) individuals, curriculum vitae and/or resume, of any person proposed to be designated pursuant to this paragraph shall be personally served upon or sent by certified mail, return receipt requested, to all attorneys of record for the other party(s). Unless the attorneys of record for the party supplying the 'CONFIDENTIAL' material or 'RESTRICTED CONFIDENTIAL' material notifies the proposing attorney in writing of an objection to the person designated under paragraphs 4(c), 4(g), or 6(b) within ten (10) business days after receipt of notification, such designated person shall thereafter be deemed qualified to receive 'CONFIDENTIAL' material or 'RESTRICTED CONFIDENTIAL' material, provided he/she manifests his/her assent to be bound by the provisions of this order by signing a copy of the annexed "Acknowledgement." In the event of a written objection as provided above, the parties

shall first try to dispose of the dispute in good faith, on an informal basis before seeking relief from the Court. Persons receiving 'CONFIDENTIAL' material or 'RESTRICTED CONFIDENTIAL' material are prohibited from disclosing it to any person except in conformance with this Order."

**AGREED:**

Dated: July 13, 2007

**DUANE MORRIS LLP**

/s/James H. Wallace, Jr.
By:   Michael R. Gottfried
      Anthony J. Fitzpatrick
      Christopher S. Kroon
      470 Atlantic Avenue, Suite 500
      Boston, MA 02210
      Telephone: 857-488-4200
      Facsimile: 857-488-4201

**Of Counsel:**

**WILEY REIN LLP**
James H. Wallace, Jr.
Robert J. Scheffel
Kevin P. Anderson
1776 K Street, NW
Washington, DC 20006
Telephone: 202-719-7240
Facsimile: 202-719-7049

Attorneys for Defendant
Imclone Systems, Inc.

Dated: July 13, 2007

**FISH & RICHARDSON P.C.**

/s/Michael J. Kane
By:   Gregory A. Madera (BBO #313020)
      225 Franklin Street
      Boston, MA 02110-2804
      Telephone: (617) 542-5070
      Facsimile: (617) 542-8906

**Of Counsel:**

Jonathan E. Singer
Michael J. Kane
John C. Adkisson (*pro hac vice*)
William R. Woodford (*pro hac vice*)
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Juanita Brooks
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiffs
Massachusetts Institute of Technology
and
Repligen Corporation

**SO ORDERED:**

Dated: July **17**, 2007
       Boston, Massachusetts

/s/ Richard G. Stearns
United States District Judge

4