**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>　　　　Defendant. | Civil Action No. 04-10884-RGS |

**IMCLONE'S MOTION *IN LIMINE* (NO. 9) TO EXCLUDE IRRELEVANT AND CONFUSING TESTIMONY OF MR. HOWARD BREMER, ESQ.**

# I.
# INTRODUCTION

ImClone Systems, Inc. ("ImClone") respectfully requests that the Court preclude Mr. Howard Bremer from testifying at trial. Mr. Bremer's purported "rebuttal" testimony (which is in large part legal opinion) would not assist the jury in deciding the issues in this case and would cause jury confusion and needless litigation of collateral issues.[1] Moreover, permitting attorney testimony such as this to a jury would also raise the specter of unfair prejudice. There is a significant risk that the jury would give undue weight to Mr. Bremer's testimony as a "legal expert" and would be unable to separate out the intractable conglomeration of legal analysis that makes up the bulk of his report. Indeed, in ruling on ImClone's previous objection to Mr. Bremer's legal opinion testimony, this Court recognized the potential dangers inherent in such testimony and held that it would "only consider portions of the report that it deems constitute admissible evidence." *See* April 21, 2006 Electronic Order. While the Court is clearly capable of parsing out such testimony, the jury likely is not.

# II.
# ARGUMENT

Plaintiffs have identified Mr. Howard Bremer, Esq. as a potential trial witness, claiming that he may "provide rebuttal testimony consistent with his expert report." *See* Pacella Decl. Ex. 37 (Plaintiffs' Witness List, dated August 3, 2007 at 1). Mr. Bremer's Rebuttal Expert Report, however, has no probative value to any issue remaining in this case. In it, Mr. Bremer provided his interpretation of the history of the Bayh-Dole Act and expressed his legal opinion, as a

---

[1] Plaintiffs list at least 16 exhibits (*e.g.,* PX 3, 6, 10, 524-535, 537) which can only relate to Mr. Bremer's statutory interpretation opinions. *See* Pacella Decl. Ex. 12 (Plaintiffs' Amended Exhibit List, dated August 10, 2007, at 2, 20). If plaintiffs are permitted to offer such exhibits through Mr. Bremer (or otherwise) then all of the various contracts and agreements cited in ImClone's Motion for Summary Judgment and supporting papers would come into play. Needless to say, this could easily lead to a wasteful mini-trial on the already-decided exhaustion issue.

purported "expert" on the history of that Act, that ImClone's statutory interpretation as set forth in its summary judgment motion was incorrect.[2] *See* Pacella Decl. Ex. 38 (Rebuttal Expert Report of Howard W. Bremer).

Because this Court has already adjudicated ImClone's exhaustion defense and granted summary judgment in Plaintiffs' favor, there is simply no reason for Mr. Bremer to revisit at trial anything contained in his expert report. Simply put, his purported "rebuttal" testimony is wholly irrelevant because the issue addressed in that report is now moot for the purposes of trial. Since ImClone cannot now relitigate its patent exhaustion defense at trial, there is nothing for Mr. Bremer to rebut. Accordingly, Mr. Bremer's purported "rebuttal" testimony is irrelevant and inadmissible under Fed. R. Civ. P. 402.

Moreover, even if testimony from Mr. Bremer "consistent with his expert report" were relevant (which it is not) it should be excluded under Fed. R. Evid. 403. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Indeed, all of the bases for exclusion set forth in Rule 403 apply to Mr. Bremer's testimony: it has little, if any, probative value and if presented would result in a waste of the Court's time, would confuse and mislead the jury, and would be unduly prejudicial to ImClone.

Since the Plaintiffs are obviously aware of their Summary Judgment victory, their true goal may be to use Mr. Bremer's testimony in a confusing, round-about attack on the competence of the opinions of counsel upon which ImClone relies to defend against Plaintiffs'

---

[2] ImClone, in its Motion for Summary Judgment, offered two separate and completely independent bases for concluding that the any rights Plaintiffs' may have had in the C225 cell line had been exhausted: one based upon the '281 license obtained by the U.S. Government under the Bayh-Dole Act and the other based upon the transaction between Damon Biotech (a licensee of MIT) and the National Cancer Institute.

3

charge of willful infringement. Even for that limited purpose, however, the subject matter of Mr. Bremer's report is of no probative value since the willfulness inquiry falls entirely outside of its scope.

The proper focus of a willful infringement inquiry is whether "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *See In re Seagate Tech., LLC*, -- F.3d --, 2007 U.S. App. LEXIS 19768, *22-23 (Fed. Cir. Aug. 20, 2007) (*en banc*). Thus, the "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness." *Id*. at *22. Moreover, "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*. at *23. Mr. Bremer's report sheds no light on either prong of the *Seagate* test. Instead, it begins with a recitation of the history of Federally funded research in the United States, starting in the 1920s and 1930s and culminates in a discussion of the relationship between the Institutional Patent Agreements of the late 1960's and 1970's and the Bayh-Dole Act of the early 1980's. *See* Pacella Decl. Ex. 38 at 11. The report says nothing about whether ImClone was objectively reckless in regards to the '281 patent or ImClone's knowledge, nor would Mr. Bremer be qualified to offer such opinions. Plaintiffs should not be permitted to expand the scope of Mr. Bremer's testimony beyond what is contained in his expert report by, for example, eliciting opinions relating to the competence of counsel or whether ImClone acted with the requisite knowledge of an objectively high likelihood that its actions constituted infringement of a valid patent.

Moreover, testimony from Mr. Bremer "consistent with his expert report" is an invitation to a mini-trial on a collateral, previously-decided issue. ImClone would in fairness have to be

4

permitted to rebut Mr. Bremer's purported "rebuttal" testimony. Such a scenario would result in a needless waste of time and would be of no benefit to the jury or to the Court.

## III.
## CONCLUSION

For the above reasons, ImClone requests that the Court exclude Mr. Bremer.

Respectfully Submitted,

IMCLONE SYSTEMS, INC.

By Its Attorneys,

Dated: August 23, 2007

*/s/ Michael R. Gottfried*
Michael R. Gottfried (BBO #542156)
Anthony J. Fitzpatrick (BBO #564324)
Christopher S. Kroon (BBO #660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Phone: 857.488.4200
Fax: 857.488.4201

James H. Wallace, Jr. *(pro hac vice)*
Mark A. Pacella (BBO #60255)
Robert J. Scheffel *(pro hac vice)*
Kevin P. Anderson *(pro hac vice)*
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7240
Fax: 202.719.7049

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on August 31, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried