**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 04-10884-RGS |

**IMCLONE'S MOTION *IN LIMINE* (NO. 10) TO EXCLUDE THE COURT'S
MEMORANDUM AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.**
**INTRODUCTION**

ImClone Systems, Inc. ("ImClone") respectfully requests that the Court preclude the Plaintiffs from submitting this Court's Memorandum and Order on Cross-Motions for Summary Judgment as a trial exhibit. As explained below, because of the special significance that juries attach to the Court's pronouncements, allowing the jury to hear the contents of this Court's summary judgment opinion on patent exhaustion would pose a high risk that the Court's words would be perceived as an indication of the Court's views on issues of infringement and/or willfulness – issues that were not before the Court on summary judgment – or on ImClone's defenses in general. The high risk of unfair prejudice in comparison to the low probative value of putting the opinion before the jury requires its exclusion.

For the reasons discussed below, a preliminary jury instruction advising the jury of the Court's ruling would appropriately inform the jury that the issue of patent exhaustion was decided against ImClone as a matter of law, without presenting the substantial risk of unfair prejudice that would result from presenting the opinion to the jury.

**II.**
**BACKGROUND**

Plaintiffs have identified as a trial exhibit (PX 540) this Court's Memorandum and Order on Cross-Motions for Summary Judgment (the "Memorandum") (Dkt # 143). *See* Pacella Decl. Ex. 12 (Plaintiffs' Amended Exhibit List). That opinion addressed a single legal issue – whether, as a matter of law, Plaintiffs' infringement action was barred by the doctrine of patent exhaustion. As the Court is well aware, ImClone's patent exhaustion defense was found to be legally insufficient and summary judgment on that issue was granted in Plaintiffs' favor.

The issues at trial will include whether ImClone infringed the patent in suit and, if so, whether that infringement was willful. Neither of those issues were before the Court in the context of the parties' cross-motions for summary judgment. Among the issues at trial relating to willfulness may be whether or to what extent ImClone's reliance on an opinion of counsel that the doctrine of patent exhaustion precluded a claim of infringement by Repligen insulates ImClone from having willfully infringed.

## III.
## ARGUMENT

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" *See* FED. R. EVID. 403. All of these bases for exclusion call for the exclusion of the Memorandum.

To the extent Plaintiffs seek to establish that this Court found ImClone's patent exhaustion defense to be legally in error, the Memorandum is not an appropriate vehicle for presenting that fact to the jury. Following the Court's summary judgment ruling, the question whether patent exhaustion applies as a legal defense is no longer an issue in the case for the purposes of trial. Any probative value the Memorandum may have is far outweighed by the risk of unfair prejudice and jury confusion. *See Faigan v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999) (citation omitted) ("A lay jury is quite likely to give special weight to judicial findings merely because they are judicial findings. Consequently, courts, recognizing the attendant danger of jury confusion and unfair prejudice, frequently have approved the exclusion of judicial findings, convictions, and similar evidence on Rule 403 grounds.").

The risk that the jury will attach special significance to judicial statements is especially acute where, as here, the judicial statements sought to be introduced are those of the judge

presiding over the trial.  In particular, there is a substantial risk of unfair prejudice here because the jury could easily be confused as to the scope and context of the Court's opinion and how it applies to the issues before them.  For example, the Memorandum states, with respect to certain aspects of ImClone's patent exhaustion defense that:

> There is a gaping hole in Imclone's argument.  How Imclone can argue with any conviction that MIT and Damon surrendered all rights under the '281 patent by honoring their agreements with the NCI is beyond the court's grasp.

*See* Memorandum at 4.  This statement could easily be misconstrued by the jury as an indication that the Court concluded that ImClone willfully infringed the patent.  At a very minimum, it could be viewed by the jury as an indication that the Court has formed a negative impression of ImClone's defenses in general.  Either way, the risk of unfair prejudice weighs heavily against submitting it to the jury.

Importantly, neither the issue of infringement nor the issue of willfulness was before the Court in connection with the parties' summary judgment motions.  Indeed, the Federal Circuit's recent *in re Seagate* decision -- which pronounced a new standard for determining willfulness -- had not yet issued, and could not have been considered by the Court at that time.  *See In re Seagate Tech., LLC*, -- F.3d --, 2007 U.S. App. LEXIS 19768 (Fed. Cir. Aug. 20, 2007) (*en banc*).  The jury, however, might confuse statements such as the one above as having been made in the context of those issues.

There is also a significant risk that the opinion would lead the jury to place undue emphasis on the issue of exhaustion in evaluating the question of willfulness.  The proper focus of a willful infringement inquiry is whether "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined

4

risk . . . was either known or so obvious that it should have been known to the accused infringer." *See In re Seagate,* U.S. App. LEXIS 19768 at *22-23. The jury's assessment of whether ImClone willfully infringed under this standard is not confined to whether ImClone's reliance on its opinion of counsel that patent exhaustion shielded it from Repligen's infringement claim.

The potential for unfair prejudice, misleading the jury and confusion of the issues can be ameliorated while permitting Plaintiffs to establish the fact of the Court's legal ruling by charging the jury with an appropriately fashioned instruction. ImClone submits that the following proposed preliminary instruction would serve these ends:

> Prior to trial, in addition to those defenses that will be presented during this trial, ImClone asserted a defense that a legal concept known as "patent exhaustion" barred Plaintiffs' claim of infringement. You will not hear evidence in support of that defense in this trial because I have already considered the parties' evidence on that issue and have ruled that ImClone could not establish that defense under the applicable law. You may not, however, consider my ruling against ImClone on that issue as an indication of my views with respect to the claims of infringement and willfulness asserted by Plaintiffs or any defenses asserted by ImClone in these proceedings.

## IV.
## CONCLUSION

For the above reasons, ImClone requests that the Court exclude this Court's Memorandum and Order on Cross-Motions for Summary Judgment.

Respectfully Submitted,

IMCLONE SYSTEMS, INC.

By Its Attorneys,

Dated: August 23, 2007

*/s/ Michael R. Gottfried*
Michael R. Gottfried (BBO #542156)
Anthony J. Fitzpatrick (BBO #564324)
Christopher S. Kroon (BBO #660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Phone: 857.488.4200
Fax: 857.488.4201

James H. Wallace, Jr. *(pro hac vice)*
Mark A. Pacella (BBO #60255)
Robert J. Scheffel *(pro hac vice)*
Kevin P. Anderson *(pro hac vice)*
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7240
Fax: 202.719.7049

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on August 31, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried