**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> IMCLONE SYSTEMS INC., <br><br> Defendant. | Civil Action No.: 04-10884-RGS |

**IMCLONE'S MOTION *IN LIMINE* (NO. 12) TO EXCLUDE ARGUMENTS OR TESTIMONY MISLEADINGLY SUGGESTING A NEXUS BETWEEN DR. TONEGAWA'S NOBEL PRIZE AND THE INVENTION CLAIMED IN THE '281 PATENT**

# I.
# INTRODUCTION

Defendant ImClone Systems Inc. ("ImClone") moves *in limine* to preclude Plaintiffs from referring to the Nobel Prize awarded to Dr. Susumu Tonegawa, named co-inventor of the '281 patent, in a manner that would suggest to the jury a nexus between that Nobel prize and the '281 patent. Although Dr. Tonegawa's award of a Nobel Prize is a considerable accomplishment, he admittedly did not receive that award in connection with his work related to the patent in this case. ImClone anticipates that Plaintiffs will make arguments to the jury, offer documents, and/or elicit testimony from Dr. Tonegawa or others regarding his Nobel Prize for the purposes of (1) bolstering Dr. Tonegawa's testimony as a fact witness relating to the '281 patent and (2) inflating the importance of the '281 patent.

Plaintiffs should not permitted to do so because no nexus exists between Dr. Tonegawa's Nobel Prize and the invention claimed in the '281 patent. To the extent Dr. Tonegawa's Nobel Prize forms a part of his professional background, Plaintiffs should be limited to presenting it in a way that makes clear there is no such nexus, and Plaintiffs should be precluded specifically from making any suggestion that there is such a nexus.

# II.
# BACKGROUND

Dr. Susumu Tonegawa is currently employed by Massachusetts Institute of Technology ("MIT"). Plaintiffs intend to call Dr. Tonegawa as a witness in this matter and have listed his biography from the Nobel Foundation website as a trial exhibit. *See* Exhibit 43 to the Declaration of Mark A. Pacella. The subject matter for which Dr. Tonegawa was awarded the Nobel Prize was "The Genetic Origins of Antibody Diversity." *See* Pacella Decl. Ex. 42 (August 31, 2005 Tonegawa Dep. at 15:23-16:1). In contrast, the '281 patent involves recombinant DNA technology using tissue-specific enhancers to enhance the production of proteins from a

mammalian cell.  Dr. Tonegawa further confirmed in his deposition that the work for which he received the Nobel Prize was done in the 1970's, well before the work leading to the '281 patent. *Id.* at 17:6-16.  More importantly, Dr. Tonegawa expressly admitted that the subject of his Nobel Prize "has nothing to do with" the subject matter of the '281 patent:

> Q.  Okay.  Does your Nobel Prize subject matter have anything to do with the subject matter of the 281 patent?  Let me rephrase the --
> A.  Depend -- something to do with.  That's a very, very vague statement.  Okay.  If it's both an immunology subject, they have something to do with each other, but the -- a specific discovery on which this patent is written has nothing to do with the top -- the discovery I made for which Nobel Prize was given.

*Id.* at 16:2-11.

### III.
### ARGUMENT

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  "Evidence which is not relevant is not admissible." FED. R. EVID. 402.  Even if relevant, however, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  FED. R. EVID. 403.

Because Dr. Tonegawa's Nobel Prize is entirely unrelated to his work on the '281 patent, it is not relevant to any issue in this case.  More importantly, any reference to Dr. Tonegawa's Nobel Prize in connection with the background of the '281 patent could cause the jury to give undue weight to Dr. Tonegawa's testimony as a fact witness and to the purported importance of the invention claimed in the '281 patent.  Plaintiffs should not be permitted to portray the '281 patent to the jury as the product of work that led to a Nobel Prize, because it is not.  The fact that

- 3 -

Dr. Tonegawa received the Nobel Prize for unrelated work, while impressive, would result in jury confusion and unfairly prejudice ImClone if it presented in such a way to suggest a relationship to the '281 patent.

## IV.
## CONCLUSION

For the foregoing reasons, ImClone respectfully requests that the Court grant its motion *in limine* and order that (1) any reference to Dr. Tonegawa's Nobel Prize as part of his background must make clear that the Nobel Prize was not awarded in connection with any work related to the '281 patent; and (2) Plaintiffs are precluded from suggesting any relationship between Dr. Tonegawa's Nobel Prize and the '281 patent.

Respectfully Submitted,

IMCLONE SYSTEMS, INC.

By Its Attorneys,

Dated: August 23, 2007

*/s/ Michael R. Gottfried*
Michael R. Gottfried (BBO #542156)
Anthony J. Fitzpatrick (BBO #564324)
Christopher S. Kroon (BBO #660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Phone: 857.488.4200
Fax: 857.488.4201

James H. Wallace, Jr. *(pro hac vice)*
Mark A. Pacella (BBO #60255)
Robert J. Scheffel *(pro hac vice)*
Kevin P. Anderson *(pro hac vice)*
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7240
Fax: 202.719.7049

- 5 -

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

*/s/ Michael R. Gottfried*
Michael R. Gottfried

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on August 31, 2007.

*/s/ Michael R. Gottfried*
Michael R. Gottfried