UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' MOTION IN LIMINE TO PROHIBIT ANY REFERENCE TO THEIR CONTINGENCY FEE ARRANGEMENT WITH THEIR COUNSEL AT TRIAL**

Plaintiffs Massachusetts Institute of Technology and Repligen Corporation respectfully request that the Court prohibit any reference to their contingency fee arrangement with their counsel at trial. As the Court already ruled in response to a motion to compel discovery by Defendant ImClone Systems, Inc., this arrangement is irrelevant to the claims and defenses at issue in this lawsuit. Accordingly, any mention of this arrangement at trial would only be prejudicial to MIT and Repligen and should not be permitted.

**I.     ARGUMENT**

MIT and Repligen's contingency fee arrangement with their counsel is not relevant to any claims or defenses in this lawsuit. Indeed, the Court already so ruled on July 1, 2005. On April 22, 2005, ImClone moved to compel MIT and Repligen to produce portions of the MIT-Repligen License Agreement that had been redacted because they only concerned this fee arrangement and how MIT and Repligen and their counsel would apportion any damages ultimately received from this lawsuit. (Doc. No. 36.) ImClone argued that "the motivations and

machinations of the parties in bringing this lawsuit against ImClone" were "highly relevant" (*id*. at 5), but the Court rejected this argument and denied ImClone's motion to compel the redacted portions of the agreement. Specifically, the Court ruled that the redacted information—i.e., the fee and recovery arrangements—was not "of any relevance to the case." (Text Order dated July 1, 2005.) The Court's ruling that the fee arrangement is irrelevant is consistent with precedent. *See, e.g.*, *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2122440, at *5 (D. Kan. July 20, 2007) (finding that engagement letters were not relevant to any claim or defense in the case and did not appear likely to lead to discovery of admissible evidence); *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 13 (D.D.C. 2004) (finding that a contingent fee agreement was not relevant to liability); *Williams v. KOPKO, Inc.*, 162 F.R.D. 670, 674 (D. Kan. 1995) (refusing to order the production of a contingent fee agreement and stating that the Court "can see no relevance to the disclosure to the full body of the agreement").

Because MIT and Repligen's fee arrangement with their counsel is not relevant, any evidence or argument regarding this arrangement should be excluded, and ImClone should be prohibited from making any reference to it at trial. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); *see also, e.g.*, *Falise v. Am. Tobacco Co.*, No. 99 CV 7392, 2000 WL 1804602, at *1 (E.D.N.Y. Nov. 30, 2000) ("Plaintiffs' motion in limine to exclude reference to the 25% contingency fee received by attorneys representing Trust claimants is GRANTED."); *Pucci v. Litwin*, No. 88 C 10923, 1993 WL 405448, at *1 (N.D. Ill. Oct. 4, 1993) ("Plaintiffs' first motion in limine seeks to preclude defendants from referring to the fact that Mayer, Brown & Platt will be paid on partial contingency. Such evidence would be irrelevant and prejudicial. Accordingly, plaintiffs' first motion in limine is granted.").

Moreover, any mention of MIT and Repligen's fee arrangement with their counsel would only be for prejudicial purposes. ImClone's previous briefing seeking the production of this information demonstrates ImClone's interest in making a sideshow of this issue. (*See* Doc. No. 37 at 1, 5, and 7 (repeatedly contending that the information ImClone sought was relevant to MIT and Repligen's "overall motivation for the lawsuit" and their "motivations and machinations of the parties in bringing this lawsuit"); *see also* Doc. No. 42 at 6 (explaining that ImClone's only possible motivation in seeking this information would be "an attempt to smear Plaintiffs and their attorneys in front of the jury" and that ImClone had in fact represented to Plaintiffs that it intended to use the unredacted agreement as a trial exhibit).) Accordingly, because of the risk of confusing the issues and prejudicing the jury, in addition to the absence of any relevance in the first place, any evidence or argument regarding MIT and Repligen's contingency fee arrangement should be excluded, and ImClone should be prohibited from making any reference to it for this reason as well. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

## II.     CONCLUSION

For the reasons set forth above, any reference to MIT and Repligen's contingency fee arrangement with their counsel at trial by ImClone's counsel or witnesses should be prohibited.

Dated:  August 31, 2007    /s/ John C. Adkisson
John C. Adkisson (*pro hac vice*)
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | Michael J. Kane | FISH & RICHARDSON P.C. |
| 225 Franklin Street | William R. Woodford | 12390 El Camino Real |
| Boston, MA 02110-2804 | FISH & RICHARDSON P.C. | San Diego, CA 92130 |
| Telephone:  (617) 542-5070 | 3300 Dain Rauscher Plaza | Telephone:  (858) 678-5070 |
| Facsimile:  (617) 542-8906 | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone:  (612) 335-5070 | |
| | Facsimile:  (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 31st day of August, 2007.

/s/ John C. Adkisson
John C. Adkisson

60448624.doc