UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, INCLUDING PRIOR ART REFERENCES AND EXPERT TESTIMONY, NOT PROPERLY DISCLOSED DURING DISCOVERY**

Plaintiffs Massachusetts Institute of Technology and Repligen Corporation respectfully request that the Court exclude the following: (1) any evidence (including any expert testimony) or argument regarding invalidity based on prior art references that Defendant ImClone Systems, Inc. failed to disclose during discovery as required by 35 U.S.C. § 282; (2) any evidence, including expert testimony, or argument consisting of or relating to brand new references disclosed by ImClone for the first time in its *Markman* briefs or on its exhibit list; and (3) any expert testimony on infringement or validity not disclosed in Dr. Aaronson's expert reports or at his deposition. ImClone should not be allowed to introduce new references and create new legal theories at this stage of the litigation through its new trial counsel.

**I.    BACKGROUND**

Plaintiffs' Interrogatory No. 2 asked ImClone to provide the basis of its contentions that any claims of the patent-in-suit, United States Patent No. 4,663,281 ("the '281 patent"), are

invalid. (Ex. 3 at 6-7.)[1] In its initial response, ImClone identified two allegedly invalidating prior art references: de Villiers & Schaffner, *A Small segment of Polyoma Virus DNA Enhances the Expression of a Cloned Beta-Globin Gene over a Distance of 1400 Base Pairs*, NUCLEIC ACIDS RES., 11;9(23):6251-64 (1981) ("de Villieres"), and Alt et al., *Immunoglobulin Heavy-Chain Expression and Class Switching in a Murine Leukaemia Cell Line*, NATURE, 25;296(5855):325-31 (1982) ("Alt"). (*Id*. at 7-8.) ImClone later supplemented its response to Interrogatory No. 2, but did not identify any additional prior art references. Then, in a second supplemental response, ImClone identified one additional allegedly invalidating prior art reference: Oi et al., *Immunoglobulin Gene Expression in Transformed Lymphoid Cells*, PROC. NAT'L ACAD. SCI. USA, 80:825-829 (1983) ("Oi"). (*Id*. at 9-27.)

ImClone's expert, Dr. Aaronson, discussed those three prior art references and two additional prior art references in his expert report on validity dated October 14, 2005: Conrad & Botchan, *Isolation and Characterization of Human DNA Fragments with Nucleotide Sequence Homologies with the Simian Virus 40 Regulatory Region*, MOL. CELL BIOL., 2(8):949-65 (1982) ("Conrad"), and Picard & Schaffner, *Correct Transcription of a Cloned Mouse Immunoglobulin Gene in vivo*, PROC. NAT'L ACAD. SCI. USA, 80(2):417-21 (1983) ("Picard"). (Ex. 13 ¶¶ 26-90.) In the report, Dr. Aaronson offered his opinions (1) that Oi anticipated the '281 patent, and (2) that Oi, either by itself or in conjunction with one or more of the other four references, rendered the '281 patent obvious.

In addition to the five references discussed in his opening expert report, Dr. Aaronson discussed or cited to the following eleven references in his rebuttal report dated December 12, 2005, which responded to MIT and Repligen's expert report on infringement:

---

[1]   The Exhibits cited in this Motion are attached to the Declaration of William R. Woodford dated August 23, 2007.

- Eckhardt, *Immunoglobulin Gene Expression Only in the Right Cells at the Right Time*, FASEB J., 6(8):2553-60 (1992) ("Eckhardt");

- Perez-Mutul et al., *Mutational Analysis of the Contribution of Sequence Motifs Within the IgH Enhancer to Tissue Specific Transcriptional Activation*, NUCLEIC ACIDS RES., 16(13):6085-96 (1988) ("Perez-Mutul");

- Imler et al., *Negative Regulation Contributes to Tissue Specificity of the Immunoglobulin Heavy-Chain Enhancer*, MOL CELL BIOL., 7(7):2558-67 (1987) ("Imler");

- Scheuermann & Chen, *A Developmental-Specific Factor Binds to Suppressor Sites Flanking the Immunoglobulin Heavy-Chain Enhancer*, GENES DEV., 3(8):1255-66 (1989) ("Scheuermann");

- Wasylyk & Wasylyk, *The Immunoglobulin Heavy-Chain B-Lymphocyte Enhancer Efficiently Stimulates Transcription in Non-Lymphoid Cells*, EMBO J., 5(3):553-60 (1986) ("Wasylyk");

- Pavlakis & Hamer, *Regulation of a Metallothionein-Growth Hormone Hybrid Gene in Bovine Papilloma Virus*, PROC. NAT'L ACAD. SCI. USA, 80(2):397-401 (1983) ("Pavlakis");

- Gorman et al., *The Rous Sarcoma Virus Long Terminal Repeat Is a Strong Promoter When Introduced into a Variety of Eukaryotic Cells by DNA-Mediated Transfection*, PROC. NAT'L ACAD. SCI. USA, 79(22):6777-81 (1982) ("Gorman");

- Boshart et al., *A Very Strong Enhancer Is Located Upstream of an Immediate Early Gene of Human Cytomegalovirus*, CELL, 41(2):521-30 (1985) ("Boshart");

- Gentry et al., *Type 1 Transforming Growth Factor beta: Amplified Expression and Secretion of Mature and Precursor Polypeptides in Chinese Hamster Ovary Cells*, MOL CELL BIOL., 7(10):3418-27 (1987) ("Gentry");

- Buschle et al., *Transfection and Gene Expression in Normal and Malignant Primary B Lymphocytes*, J IMMUNOL METHODS,133(1):77 (1990) (Abstract only) ("Buschle (Abstract)"); and

- Dijkema et al., *Cloning and Expression of the Chromosomal Immune Interferon Gene of the Rat*, EMBO J., 4(3):761-7 (1985) ("Dijkema").

(Ex. 14 ¶¶ 33-45, 48, 50.)

Dr. Aaronson was subsequently deposed on April 11, 2006. Other than Dr. Gillies' 1983 *Cell* paper, which described Dr. Gillies and Dr. Tonegawa's discovery of a tissue specific

mammalian cellular enhancer, Dr. Aaronson did not raise any additional references during his deposition.

Thus, throughout discovery, ImClone disclosed only five prior art references in support of its invalidity contentions: Oi, Conrad, Picard, de Villiers, and Alt. In addition, ImClone's technical expert, Dr. Aaronson, discussed or cited to 11 references in his non-infringement rebuttal report: Eckhardt, Perez-Mutul, Imler, Scheuermann, Wasylyk, Pavlakis, Gorman, Boshart, Gentry, Buschle (Abstract), and Dijkema.[2] He further discussed one more reference, Dr. Gillies' 1983 *Cell* paper, at his deposition, and he referred to the prosecution history (that includes the articles of record) in his expert reports and testimony.

ImClone is now attempting to add additional references into this case. ImClone's third supplemental response to Interrogatory No. 2, received by Plaintiffs just two weeks ago, incorporated by reference Dr. Aaronson's October 14, 2005, report and his December 12, 2005, rebuttal expert report. (Ex. 12 at second-to-last page.) But this response also incorporated by reference ImClone's July 16, 2007, and July 26, 2007 *Markman* briefs (*id.*), which, as Plaintiffs have previously pointed out, contain a host of brand new theories and contentions, as well as additional references (Doc. No. 207 at 1-2). While some of these references are part of the file history, several are not. And ***none of them*** were ever before asserted as supporting ImClone's invalidity contentions. In addition, defendants' proposed exhibit list contains multiple references that are brand new to this case, not part of the file history, and not relied upon by any expert as support for expert opinion.

Accordingly, MIT and Repligen bring this motion to exclude ImClone (1) from offering any evidence (including expert testimony) or making any argument to prove

---

[2] In his rebuttal report, Dr. Aaronson also cited to de Villiers, which was discussed in his opening report.

invalidity based on any reference other than the five prior art references that were disclosed as a basis for invalidity (i.e., Oi, Conrad, Picard, DeVilliers, and Alt); (2) from offering any brand new references or theories not timely disclosed to Plaintiffs in discovery responses, expert reports or depositions before the close of discovery in early 2006; and (3) from offering any expert testimony to prove invalidity or non-infringement other than that disclosed in Dr. Aaronson's expert reports and deposition, including any expert testimony based on any reference other than the 17 references disclosed by Dr. Aaronson in his expert reports or at his deposition and the references that are part of the file history of the patents-in-suit.

## II.   ARGUMENT

### A.   ImClone Should Be Precluded from Offering Any Evidence or Argument Based on Any Allegedly Invalidating Prior Art References Not Disclosed as Required by 35 U.S.C. § 282.

The patent law requires that an accused infringer provide detailed and specific notice of its validity defenses and any allegedly invalidating prior art at least thirty days before trial:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or . . . as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit.

35 U.S.C. § 282.

Failure to comply with these notice requirements is sufficient ground for prohibiting the introduction of evidence of prior art at trial. *Id*. ("In the absence of such notice, proof of the said matters may not be made at the trial except on such terms as the court requires."); *see also*

5

*Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003) (affirming the district court's exclusion of evidence because of the defendant's failure to provide sufficient notice of prior art as required by 35 U.S.C. § 282). Thus, courts routinely exclude evidence and argument at trial about prior art references that were not sufficiently disclosed under 35 U.S.C. § 282. *See, e.g.*, *Applera Corp. v. MJ Research Inc.*, 389 F. Supp. 2d 344, 351-52 (D. Conn. 2005) (referencing the court's exclusion of allegedly invalidating prior art based on the defendants' failure to give sufficient notice under 35 U.S.C. § 282).

Therefore, ImClone was required under Section 282 to provide detailed and specific notice of its validity defenses and any allegedly invalidating prior art at least thirty days before trial. As of August 13, 2007, ImClone only disclosed five prior art references as invalidating prior art: Oi, Conrad, Picard, DeVilliers, and Alt. Accordingly, ImClone should be precluded from offering any evidence (including expert testimony) or making any argument about any other prior art references to support its invalidity claim.

**B.    ImClone Should Be Precluded from Offering as Evidence of Non-Infringement or Invalidity Any References Not Disclosed During Discovery, Including New References from ImClone's Markman Brief and Exhibit List.**

Under Fed. R. Civ. P. 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.". "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998), *quoted in Norris v. Murphy*, No. Civ.A. 00-12599-RBC, 2003 WL 21488640, at *2 (D. Mass. Jun. 26, 2003) (granting motion to exclude expert

testimony because of a failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) that was "without substantial justification" and was not "harmless"); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) ("Rule 37(c)(1) . . . requires the near automatic exclusion of Rule 26 information that is not timely disclosed . . . . [I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction. . . . [T]he district court did not abuse its discretion in imposing Rule 37(c)(1)'s 'self-executing' sanction.").

At the *Markman* hearing, ImClone disclosed one brand-new reference, Weinberger et al., Localization of a Repressive Sequence Contributing to B-Cell Specificity in the Immunoglobulin Heavy-Chain Enhancer, Molecular & Cellular Bio., 8(2):988-992 (1988) ("Weinberger"). Weinberger is now on ImClone's proposed exhibit list. (Ex. 15 (Ex. 0720).) In addition, ImClone's exhibit list includes multiple other brand-new references that ImClone apparently intends to rely on to support its non-infringement theory. (*See, e.g.*, ImClone Exs. 0455-458 (I53728-53777).) ImClone should not be allowed at this stage of litigation to add new references and assert new legal theories not previously disclosed during the normal course of discovery.

    **C.**    **ImClone Should Be Precluded from Offering Any Expert Testimony Concerning the Validity or Infringement of the '281 Patent Not Disclosed in Dr. Aaronson's Expert Reports or at his Deposition.**

The Federal Rules of Civil Procedure require comprehensive written reports for expert witnesses: "The report shall contain *a complete* statement of *all* opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions . . . ." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Expert reports must be sufficiently complete and detailed so as to "minimize the expense of deposing experts, and to shorten direct examination

7

and prevent an ambush at trial." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico.,* 248 F.3d 29, 35 (1st Cir. 2001) (precluding a party from offering expert testimony at trial as a sanction for an incomplete expert report); *see also Salgado v. General Motors Corp.,* 150 F.3d 735, 741 n.6 (7th Cir. 1998) (stating that Rule 26(a) is designed "so as to shorten or decrease the need for expert depositions and thus to conserve resources"). Expert reports must also include a description of "'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinion." *Salgado,* 150 F. 3d at 741 n.6; *see also Campbell v. McMillin,* 83 F. Supp. 2d 761, 765 (S.D. Miss. 2000) (excluding expert witness because his report failed to provide any basis or reasoning for his opinions and lacked any data or information relied upon to form such opinions). Additionally, Rule 26(e)(1) provides that a party has a duty to supplement its expert report if it learns that the information disclosed is in some material respect incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

The Federal Rules also provide that the failure to comply with Rule 26(a)(2)(B) precludes a party from offering expert opinions at trial that were not fully disclosed during discovery. *See* Fed. R. Civ. P. 37(c)(1); *Gagnon v. Teledyne Princeton, Inc.,* 437 F.3d 188, 191 (1st Cir. 2005). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998), *quoted in Norris v. Murphy*, No. Civ.A. 00-12599-RBC, 2003 WL 21488640, at *2 (D. Mass. Jun. 26, 2003) (granting motion to exclude expert testimony because of a failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) that was "without substantial justification" and was not "harmless"); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) ("Rule 37(c)(1) . . . requires the near automatic exclusion of Rule 26 information that is not timely disclosed . . . . [I]t is the obligation

of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction. . . . [T]he district court did not abuse its discretion in imposing Rule 37(c)(1)'s 'self-executing' sanction."). Accordingly, courts routinely exclude expert testimony at trial on subjects that were not addressed in the expert's report during discovery. *See, e.g.*, *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 2005 WL 3525681, *1 (D. Del. 2005) (excluding expert testimony regarding issues not addressed in the expert's report).

ImClone cannot show that the addition of any new opinion by Dr. Aaronson that was not included in his expert reports would be justified or harmless. Thus, ImClone should be precluded from offering any expert testimony regarding the validity or infringement of the '281 patent not expressly set forth in Dr. Aaronson's expert reports in this case, including any opinion on any references that were not explicitly discussed in his expert reports or any new opinions about the references he did discuss in his report. In particular, Dr. Aaronson should not be allowed to offer testimony that any prior art references other than Oi anticipate the '281 patent nor offer testimony that any prior art references other than Oi in combination with the four identified references render the '281 patent obvious. In addition, Dr. Aaronson should not be allowed to offer testimony that any references other than the twelve references disclosed in his rebuttal report and/or the references raised at his deposition support a conclusion of non-infringement.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request an order precluding ImClone from offering evidence, including expert opinions, not properly disclosed during discovery.

| | | |
|---|---|---|
| Dated: August 31, 2007 | /s/ John C. Adkisson | |
| | John C. Adkisson (*pro hac vice*) | |
| | 3300 Dain Rauscher Plaza | |
| | 60 South Sixth Street | |
| | Minneapolis, MN 55402 | |
| | Telephone: (612) 335-5070 | |
| | Facsimile: (612) 288-9696 | |

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | Michael J. Kane | FISH & RICHARDSON P.C. |
| 225 Franklin Street | William R. Woodford | 12390 El Camino Real |
| Boston, MA 02110-2804 | FISH & RICHARDSON P.C. | San Diego, CA 92130 |
| Telephone: (617) 542-5070 | 3300 Dain Rauscher Plaza | Telephone: (858) 678-5070 |
| Facsimile: (617) 542-8906 | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone: (612) 335-5070 | |
| | Facsimile: (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 31st day of August, 2007.

/s/ John C. Adkisson
John C. Adkisson

60448686.doc