UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>IMCLONE SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 04-10884-RGS |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE (NO. 9) TO EXCLUDE TESTIMONY OF MR. HOWARD BREMER, ESQ.**

Throughout this litigation, ImClone's strategy has been to constantly shift its arguments and defenses—creating new theories, resurrecting abandoned theories, and generally tossing out as many different arguments as it can think of in the hopes that one of them will stick. Plaintiffs have no reason to think that ImClone's strategy at trial will be any different. Therefore, out of caution, Plaintiffs listed their expert witness on the issue of exhaustion, Mr. Howard Bremer, as a potential trial witness, noting on their witness list that he would only be used to "provide rebuttal testimony."

It is far too early at this point to know what arguments ImClone will raise at trial, and Plaintiffs have included Mr. Bremer on their witness list to preserve their right to call him in the event ImClone raises any argument for which his rebuttal testimony would be needed. ImClone's motion improperly seeks to take that option away, potentially leaving Plaintiffs with no witness to rebut certain of ImClone's arguments. As such, Plaintiffs respectfully request that that Court deny ImClone's motion to exclude Mr. Bremer's testimony.

**BACKGROUND**

After ImClone raised its defense of patent exhaustion, Plaintiffs submitted a rebuttal expert report from Mr. Bremer discussing the history of the Bayh-Dole Act and the "distribution of rights between universities and governments under Institutional Patent Agreements ("IPAs") with the Department of Health, Education, and Welfare ("DHEW") and the Bayh-Dole Act." (August 23, 2007 Declaration of Mark A. Pacella, Ex. 38 at 1). Plaintiffs also filed a declaration from Mr. Bremer along with their opposition to ImClone's motion for summary judgment on the exhaustion issue. Like the expert report, this declaration addressed the distribution of rights under IPAs and the Bayh-Dole Act, stating that "[t]he government did not have the right to commercialize or control the commercialization of the inventions where the research institution acquired the principal rights," as MIT did here. (August 30, 2007 Declaration of John C. Adkisson, Ex. 20 at ¶ 6).

The Court denied ImClone's motion for summary judgment on the exhaustion issue and granted Plaintiffs' motion. Nonetheless, it is still possible that ImClone's now-rejected exhaustion defense will resurface at trial because ImClone has affirmatively told Plaintiffs that it will rely on its exhaustion argument, and the opinion of counsel that it received on that defense, to defend against the charge of willful infringement.

**ARGUMENT**

Because it is not even clear at this point whether Plaintiffs will need to offer Mr. Bremer as a witness, ImClone's motion is not truly a motion to exclude his testimony at trial. If ImClone raises no argument necessitating Mr. Bremer's rebuttal testimony, there will be no need for the Court to decide this issue because Plaintiffs would have no need to call him as a witness. Instead, this is essentially a motion to remove Mr. Bremer's name from the list of potential

witnesses, eliminating a possible source of rebuttal testimony that could be important to Plaintiffs depending on the arguments that ImClone raises at trial. Because it is unknown at this point exactly what ImClone's arguments will be, and therefore exactly what rebuttal evidence will be relevant and necessary, it is certainly premature to exclude Mr. Bremer's testimony.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "The standard for admissibility under Federal Rule of Evidence 401 is a liberal one." *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 (1st Cir. 2001); *see also* Fed. R. Evid. 402 ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.").

Under this broad standard, ImClone's assertion that Mr. Bremer's testimony could not possibly be relevant to the issue of willfulness is simply wrong. Under the Federal Circuit's new test for willfulness, announced in *In re Seagate*, __ F.3d __ (Fed. Cir. Aug. 20, 2007) (*en banc*), a patentee can show willfulness by proving that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." This standard is completely objective, so the infringer's state of mind is not relevant. *Id.* Furthermore, "the patentee must also demonstrate that this objectively-defined risk … was either known or so obvious that it should have been known to the accused infringer. *Id.*

Mr. Bremer's testimony consistent with his expert report could certainly be relevant to this objective standard if ImClone raises the exhaustion issue in its willfulness defense. Mr. Bremer's expert report explains the relative rights of the government and research institutions

3

like MIT under patent agreements and the Bayh-Dole Act.  Consistent with his report, Mr. Bremer's testimony would address ImClone's objectively-defined risk of infringement, as well as whether that risk was so obvious that it should have been known.

Like the standard for relevance, the prejudice standard of Rule 403 also favors admissibility, *see Jacques v. Clean-Up Group, Inc.*, 96 F.3d 506, 516 (1st Cir. 1996) (quoting *United States v. McMahon*, 938 F.2d 1501, 1508 (1st Cir. 1991)), and ImClone's assertions that any testimony by Mr. Bremer would have to be excluded under this rule also fail.  First, the probative value of the testimony cannot be measured until after ImClone presents its case, when it is clear exactly what arguments and defenses Plaintiffs must rebut.  Second, ImClone cannot show that Mr. Bremer's testimony would be unfairly prejudicial.  *See Iacobucci v. Boulter*, 193 F.3d 14, 21 (1st Cir. 1999) (explaining that Rule 403 "does not aspire to eliminate prejudice—after all, most evidence is offered precisely because the proponent believes it will prejudice the factfinder in his favor—but only to eliminate *unfair* prejudice").  Indeed, if ImClone raises arguments in its case in chief for which Mr. Bremer's rebuttal testimony would be relevant, it is Plaintiffs who would be unfairly prejudiced if he is not permitted to present that testimony.

Plaintiffs obviously have no desire to have a "mini-trial" on the exhaustion issue, on which this Court has already found in their favor.  That would clearly be a waste of the Court's and the jury's time.  But because ImClone may still point to its reliance on the exhaustion defense to defend against Plaintiffs' charge of willful infringement, it is premature to make a blanket statement that any testimony related to exhaustion is irrelevant and unnecessary.

## CONCLUSION

Because ImClone's arguments under Rules 401-403 are both incorrect and premature, Plaintiffs respectfully request that the Court deny ImClone's motion to exclude Mr. Bremer.

4

| | |
|---|---|
| Dated: August 31, 2007 | /s/ John C. Adkisson<br>John C. Adkisson (*pro hac vice*)<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 335-5070<br>Facsimile: (612) 288-9696 |

*Of Counsel*:

| | | |
|---|---|---|
| Gregory A. Madera<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Telephone: (617) 542-5070<br>Facsimile: (617) 542-8906 | Jonathan E. Singer<br>Michael J. Kane<br>William R. Woodford<br>FISH & RICHARDSON P.C.<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 335-5070<br>Facsimile: (612) 288-9696 | Juanita Brooks<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070 |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 31st day of August, 2007.

/s/ John C. Adkisson
John C. Adkisson

60449826.doc