UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY and REPLIGEN
CORPORATION,

          Plaintiffs,

    v.

IMCLONE SYSTEMS, INC.,

          Defendant.

Civil Action No. 04-10884-RGS

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE (NO. 10) TO EXCLUDE THE COURT'S MEMORANDUM AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**INTRODUCTION**

ImClone asks this Court to exclude the Court's opinion dismissing ImClone's exhaustion defense on summary judgment—an opinion that is directly relevant to Plaintiffs' claim that ImClone willfully infringed the '281 patent. The Court's opinion provides an objective evaluation of ImClone's patent exhaustion defense, the defense that ImClone has relied on for the past decade with regards to the '281 patent, and thus an objective evaluation of at least one factor in determining the objective risk of ImClone's actions with regards to the '281 patent. Excluding this Court's opinion would deprive the jury of the exact type of evidence it should consider in making its willfulness determination.

ImClone argues that the Court's opinion poses a high risk of prejudice or would mislead the jury, but ImClone fails to identify any language in the opinion itself that could possibly do either. ImClone repeatedly emphasizes that those other issues—infringement, willfulness, and ImClone's remaining defenses—were not before the Court on summary judgment. Plaintiffs

agree.  Indeed, not only were those issues not before the Court, but the opinion makes no

mention of any of those issues and certainly provides no hint as to the Court's views on those

issues.  In fact, ImClone only specifically identifies one passage as potentially prejudicial:

> There is a gaping hole in ImClone's argument.  How ImClone can argue with any
> conviction that MIT and Damon surrendered all rights under the '281 patent by
> honoring their agreements with the NCI is beyond the Court's grasp.

(Order at 4).

At its heart, ImClone's motion seems not to object to any specific language in the Court's

order, but instead *the manner* in which this Court rejected its exhaustion defense.  But if ImClone

believes that the manner in which the Court dismissed its exhaustion defense is so devastating to

its claim that it did not willfully infringe the '281 patent, then ImClone's proper recourse is to

not raise exhaustion as a defense to willfulness.  On the other hand, if ImClone wants the jury to

consider its exhaustion defense when deciding the issue of willfulness, Plaintiffs should be

allowed to offer the Court's opinion as evidence of that defense's merit.

At the same time that ImClone opposes the admission of this Court's Order—which

directly relates to Plaintiffs' willfulness claim—ImClone seeks to admit into evidence a claim

construction order from Judge Pfaelzer in the Central District of California considering a

different patent on an issue already decided by this Court.  (August 23, 2007 Declaration of Mark

A. Pacella, Ex. 34).  ImClone neither acknowledges this contradiction nor offers any explanation

for why this Court's order is so prejudicial, but the California court's opinion is not.

### BACKGROUND

ImClone objects to Plaintiffs' inclusion of the Court's Memorandum and Order on Cross-

Motions for Summary Judgment as a trial exhibit.  On their respective motions for summary

judgment, ImClone argued that Plaintiffs' infringement action was barred as a matter of law by

the doctrine of patent exhaustion, while Plaintiffs argued that ImClone's exhaustion defense was insufficient as a matter of law.  The Court found ImClone's exhaustion defense insufficient as a matter of law, granted summary judgment for Plaintiffs, and memorialized the decision in the Court's opinion.  Notably, the Court's opinion addresses only the discrete issue of patent exhaustion; the opinion does not mention, no less render the Court's view on the issues of infringement, willfulness, or any of ImClone's remaining defenses.

At trial, Plaintiffs will pursue their claim that ImClone infringed the '281 patent, and that the infringement was willful.  The Court's opinion constitutes objective evidence of the merit (or lack thereof) of ImClone's long-standing assertion that Plaintiffs' rights in the '281 patent were exhausted.  Plaintiffs thus seek to use the Court's order as objective evidence for the jury to consider in determining whether ImClone acted objectively recklessly with respect to Plaintiffs' patent rights.

## I.      ARGUMENT

### A.      THE COURT'S MEMORANDUM IS HIGHLY PROBATIVE TO THE ISSUE OF WILLFULNESS UNDER THE NEW STANDARD SET OUT BY THE FEDERAL CIRCUIT IN *IN RE SEAGATE.*

Rule 403 allows exclusion of evidence when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  *See* Fed. R. Evid. 403.  Here, exclusion is improper because the probative value of the Court's opinion outweighs any danger of unfair prejudice or jury confusion.

The Federal Circuit's recent decision, *In re Seagate*, pronounced a new standard for determining willfulness.   ___ F.3d ___, (Fed. Cir., Aug. 20, 2007).  Under the standard set forth in *Seagate*, Plaintiffs must establish two elements to succeed on its willfulness claim: (1) that there was an objectively high likelihood that ImClone's actions constituted infringement of the

'281 patent, and (2) that ImClone knew, or should have known, of this objectively-defined risk. *Id.* at *5.

The Court's opinion is highly probative of the first prong of the willfulness inquiry: the opinion speaks directly to the objectively-defined risk that ImClone's actions created with regard to the '281 patent. In assessing the parties' cross-motions for summary judgment on patent exhaustion, the Court provided an objective evaluation of the merits of the exhaustion defense in its opinion.

The jury here must objectively evaluate ImClone's patent exhaustion defense to make an ultimate willfulness determination. The objective likelihood of success of ImClone's patent exhaustion defense is perhaps the most relevant consideration to the willfulness inquiry in this case. ImClone relied on the patent exhaustion defense in making its decisions with regard to the '281 patent, from refusing to take a license for the patent to its tactics in the current litigation. In short, if ImClone's likelihood of succeeding on its patent exhaustion defense was low, then the objectively-defined risk that ImClone's actions constituted infringement of the '281 patent was high. The Court's opinion provides precisely the type of objective evidence the jury should consider in making this determination.

Further, the probative value of the Court's opinion lies in the manner in which the Court rejected ImClone's exhaustion defense. A stipulation or other evidence of the Court's decision simply does not have the same probative value. The opinion speaks directly to the objective merits of the defense, whereas a stipulation or other evidence does not reveal the strength of the exhaustion defense or whether it presented a close question of law. If ImClone believes that the manner in which the Court dismissed its exhaustion defense is so devastating to its willfulness case, then ImClone's should not raise exhaustion as a defense to willfulness. On the other hand,

if ImClone wants the jury to consider its exhaustion defense when deciding the issue of

willfulness, Plaintiffs should be allowed to offer the Court's objective opinion as evidence of that

defense's merit.

### B. THE HIGH PROBATIVE VALUE OF THE MEMORANDUM IS NOT SUBSTANTIALLY OUTWEIGHED BY ANY RISK OF PREJUDICE.

The high probative value of the Court's opinion is not outweighed by any danger of

unfair prejudice, no less substantially outweighed.  ImClone argues that judicial findings in

general pose a risk of unfair prejudice and jury confusion.  However, the case cited by ImClone

to support this proposition, and all the cases cited therein, concern the admissibility of judicial

findings from other courts in separate litigations.  *See Faigan v. Kelly*, 184 F.3d 67, 79-80 (1st

Cir. 1999).  ImClone provides no support whatsoever for its assertion that the risk of prejudice is

especially high where the judicial statements are those of the judge presiding over trial.

ImClone further argues that the jury may give undue weight to the issue of exhaustion

when evaluating willfulness.  But, as far at Plaintiffs can tell, attorney opinions on exhaustion

form the *sole basis* for ImClone's willfulness defense.  There is nothing in the opinions that hint

at the Court's opinion on willfulness or even indicate that the defense of patent exhaustion has

anything to do with willfulness.  As such, despite ImClone's continued reliance on the patent

exhaustion defense from the beginning of this dispute, ImClone is free to argue the weight that

its patent exhaustion defense should carry in the ultimate determination of willfulness.  Nothing

in this Court's order prevents or undermines ImClone's ability to do so.

### C. AT A MINIMUM, PLAINTIFFS ARE ENTITLED TO PRESENT EVIDENCE RELATING TO THE COURT'S ORDER HOWEVER THEY SEE FIT.

Should the Court find it necessary to exclude the Court's opinion itself, Plaintiffs are

entitled to present evidence as to the underlying facts, arguments, and ultimate decision of the

Court in regards to ImClone's defense of patent exhaustion in the manner they see fit. *See*

*Faigan*, 184 F.3d at 80-81 (affirming district court's exclusion of a sanctions order because the

court permitted the admission of the underlying facts and argument to the jury on the issue).

Plaintiffs neither agree to the content of ImClone's proposed preliminary instruction, nor do

Plaintiffs agree that a preliminary instruction is the proper vehicle to inform the jury of this

Court's rejection of ImClone's exhaustion defense. Thus, Plaintiffs respectfully request that,

should this Court find it necessary to exclude the Court's opinion as a trial exhibit, the Court

reject ImClone's proposed preliminary instruction and order that Plaintiffs may present evidence

as to the underlying facts, arguments, and ultimate decision of the Court in regards to ImClone's

defense of patent exhaustion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny ImClone's

motion in limine.

Dated:  August 31, 2007                                    /s/ John C. Adkisson
                                                           John C. Adkisson (*pro hac vice*)
                                                           3300 Dain Rauscher Plaza
                                                           60 South Sixth Street
                                                           Minneapolis, MN 55402
                                                           Telephone:  (612) 335-5070
                                                           Facsimile:  (612) 288-9696

*Of Counsel***:**

| | | |
|---|---|---|
| Gregory A. Madera | Jonathan E. Singer | Juanita Brooks |
| FISH & RICHARDSON P.C. | Michael J. Kane | FISH & RICHARDSON P.C. |
| 225 Franklin Street | William R. Woodford | 12390 El Camino Real |
| Boston, MA 02110-2804 | FISH & RICHARDSON P.C. | San Diego, CA 92130 |
| Telephone:  (617) 542-5070 | 3300 Dain Rauscher Plaza | Telephone:  (858) 678-5070 |
| Facsimile:  (617) 542-8906 | 60 South Sixth Street | |
| | Minneapolis, Minnesota 55402 | |
| | Telephone:  (612) 335-5070 | |
| | Facsimile:  (612) 288-9696 | |

*Attorneys for Plaintiffs Massachusetts Institute of Technology & Repligen Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 31st day of August, 2007.

                                                           /s/ John C. Adkisson
                                                           John C. Adkisson


60449888.doc