UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>    Plaintiffs,<br><br> v.<br><br>IMCLONE SYSTEMS INC.,<br><br>    Defendant. | Civil Action No. 04-10884-RGS |

## JOINT SUCCINCT AND NEUTRAL STATEMENT

Pursuant to the Court's Order Setting Civil Case for Jury Trial (Doc. 174), the parties respectfully submit the following succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment. The parties have been able to agree on all but the final two sentences of this statement, and for that sentence, the parties lay out their respective proposals below.

This is a patent case. It involves United States Patent No. 4,663,281. Patents are often referred to by their last three digits. The patent in this case will be referred to as the '281 patent. A patent is issued by the United States Patent and Trademark Office (referred to as the PTO) after a patent examiner conducts an examination. The examination considers the patent application, scientific articles, prior patents and the like (called prior art) that were either found by an examiner's search or provided to the examiner by the Applicants or their attorneys. The examination further considers arguments made to the examiner by the Applicants. In order to receive patent protection, an invention must be new, useful, and not obvious.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

Anyone making, using, offering to sell, or selling the patented invention within the United States during the term of a valid patent without the permission of the patent holder is said to be infringing the patent. A patent gives the holder of the patent a right to seek damages for others' unauthorized use of the patented technology.

A patent is in many ways like a deed to a piece of property. The numbered paragraphs at the end of a patent are called "claims." The claims are what give the public notice of the boundaries of the invention. They are similar to the description of property you may have seen in a deed, referring to precise measurements taken on the ground.

ImClone developed, manufactures and sells an antibody, referred to as the C225 antibody, under the trademark Erbitux® for the treatment of colorectal cancer and cancers of the head and neck. ImClone manufactures this antibody from a cell line, referred to as the C225 cell line.

Massachusetts Institute of Technology ("MIT") and Repligen Corporation ("Repligen"), the plaintiffs, filed this case against ImClone Systems Inc. ("ImClone"), the defendant. MIT is the owner, and Repligen is the exclusive licensee, of the '281 patent. The term of the '281 patent expired on May 5, 2004. MIT and Repligen contend that the C225 cell line used by ImClone to make Erbitux® infringes the patented technology described in claims 10-13, 15, and 17-22 of the '281 patent. MIT and Repligen also contend that they are entitled to damages caused by

ImClone's infringement.  MIT and Repligen further contend that any damages should be enhanced because they contend that ImClone's infringement was willful.

ImClone contends that the C225 cell line it uses to make Erbitux® does not infringe the '281 patent.  ImClone also contends that if it does infringe, that infringement was not, and cannot be, willful.  ImClone further contends that all of the asserted claims of the '281 patent are invalid:

**PLAINTIFFS' PROPOSED LANGUAGE**:

because they are neither novel nor non-obvious, and because they do not meet the definiteness, written description and enablement requirements of the patent statute.  In addition, ImClone contends that Plaintiffs' claims should be barred by the doctrines of laches and estoppel.

**IMCLONE'S PROPOSED LANGUAGE:**

because they do not meet one or more of the requirements established by Congress under the patent statute.  In addition, ImClone contends that Plaintiffs' claims should be barred because Plaintiffs unreasonably delayed bringing this lawsuit.

          Respectfully submitted,

Dated:  August 31, 2007                             Dated:  August 31, 2007

      **DUANE MORRIS LLP**                              **FISH & RICHARDSON P.C.**

/s/ Michael R. Gottfried                              /s/ Gregory A. Madera
By:   Michael R. Gottfried (BBO # 542156)   By:   Gregory A. Madera (BBO #313020)
      Anthony J. Fitzpatrick (BBO # 564324)          225 Franklin Street
      Christopher S. Kroon (BBO # 660286)           Boston, MA 02110-2804
      470 Atlantic Avenue, Suite 500                       Telephone:  (617) 542-5070
      Boston, MA  02210                                          Facsimile:  (617) 542-8906
      Telephone:  857-488-4200
      Facsimile:  857-488-4201

| | |
|---|---|
| **WILEY REIN LLP**<br>James H. Wallace, Jr.<br>Mark A. Pacella<br>Robert J. Scheffel<br>Kevin P. Anderson<br>1776 K Street, NW<br>Washington, DC 20006<br>Telephone: 202-719-7240<br>Facsimile: 202-719-7049<br><br>Attorneys for Defendant<br>IMCLONE SYSTEMS INC. | Jonathan E. Singer<br>Michael J. Kane<br>John C. Adkisson<br>William R. Woodford<br>3300 Dain Rauscher Plaza<br>Minneapolis, MN 55402<br>Telephone: (612) 335-5070<br>Facsimile: (612) 288-9696<br><br>Juanita Brooks<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Attorneys for Plaintiffs<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY and REPLIGEN<br>CORPORATION |

60449942.DOC