UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY and REPLIGEN CORPORATION,<br><br>                Plaintiffs,<br><br>    v.<br><br>IMCLONE SYSTEMS INC.,<br><br>                Defendant. | Civil Action No. 04-10884-RGS |

## IMCLONE'S PROPOSED SPECIAL VERDICT FORM

Defendant ImClone Systems Inc. ("ImClone") respectfully requests that the Court give the attached Special Verdict Form to the jury. ImClone reserves the right to resubmit an updated Special Verdict Form in light of the Court's pre-trial rulings, the positions taken by Plaintiffs at trial, and the evidence presented.

Dated: September 3, 2007

/s/ Michael R. Gottfried
Michael R. Gottfried (BBO # 542156)
Anthony J. Fitzpatrick (BBO # 564324)
Christopher S. Kroon (BBO # 660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Phone: 857.488.4200
Fax: 857.488.4201

James H. Wallace, Jr.
Mark A. Pacella
Robert J. Scheffel
Kevin P. Anderson
WILEY REIN LLP
1776 K Street, NW
Washington DC  20006
Phone: 202.719.7240
Fax: 202.719.7049

*Attorneys for Defendant*
 *ImClone Systems Inc.*

## SPECIAL VERDICT FORM

## **INFRINGEMENT**

Q.1. Considering each claim separately, did Plaintiffs establish by a preponderance of the evidence that the C225 cell line contains each and every element of the following claims of U.S. Patent No. 4,663,281?

["Yes" is a finding for Plaintiffs, "No" is a finding for Defendant.]

A.1.  Claim 10:   Yes _____    No _____

      Claim 11:   Yes _____    No _____

      Claim 12:   Yes _____    No _____

      Claim 13:   Yes _____    No _____

      Claim 15:   Yes _____    No _____

      Claim 17:   Yes _____    No _____

      Claim 18:   Yes _____    No _____

      Claim 19:   Yes _____    No _____

      Claim 20:   Yes _____    No _____

2

Claim 21: Yes _____ No _____

Claim 22: Yes _____ No _____

**DEFENSES**

Q.2. Did ImClone establish by a preponderance of the evidence that any of its actions with respect to the making of the C225 cell (i.e., creating or growing or culturing the C225 cells) fell within the safe harbor provisions of 35 U.S.C. § 271(e)(1)?

["Yes" is a finding for Defendant, "No" is a finding for Plaintiffs.]

A.2.   Yes _____   No _____

Q.3. Did ImClone establish by a preponderance of the evidence that any of its actions with respect to using the C225 cells (i.e., thawing and using the C225 cells to produce Erbitux®) fell within the safe harbor provisions of 35 U.S.C. § 271(e)(1)?

["Yes" is a finding for Defendant, "No" is a finding for Plaintiffs.]

A.3.   Yes _____   No _____

Q.4. Did ImClone establish by clear and convincing evidence that any of the following claims of U.S. Patent No. 4,663,281 is invalid?

["Yes" is a finding for Defendant, "No" is a finding for Plaintiffs.]

A.4.   Claim 10:   Yes _____   No _____

       Claim 11:   Yes _____   No _____

       Claim 12:   Yes _____   No _____

Claim 13:       Yes _____        No _____

Claim 15:       Yes _____        No _____

Claim 17:       Yes _____        No _____

Claim 18:       Yes _____        No _____

Claim 19:       Yes _____        No _____

Claim 20:       Yes _____        No _____

Claim 21:       Yes _____        No _____

Claim 22:       Yes _____        No _____

Q.5.  Did ImClone prove by a preponderance of the evidence that laches should apply for the delay of the Plaintiffs in bringing this lawsuit?

["Yes" is a finding for Defendant, "No" is a finding for Plaintiffs.]

A.5.   Yes _____        No _____

4

Q.6.    Did ImClone prove by a preponderance of the evidence that equitable estoppel should apply to the actions of the Plaintiffs for the delay in bringing this lawsuit?    ["Yes" is a finding for Defendant, "No" is a finding for Plaintiffs.]

A.6.    Yes _____    No _____

## DAMAGES

The Damages portion of this form should only be completed if you find that Plaintiffs have proven infringement of one or more claims and that none of the defenses apply to that act of infringement. Thus, the remainder of this form should only be completed if you answered "Yes" to one or more claims in Q1 and "No" to the corresponding claim(s) in Q4.

Q.7.   What is the total amount, if any, to which you believe a reasonable royalty should apply for any acts of ImClone making the C225 cells (i.e., creating or growing or culturing the C225 cells) that occurred before the expiration of the patent and which did not fall within the safe harbor provisions of 35 U.S.C. § 271(e)(1) (i.e., the damages "base")?

A.7.   $ _____

Q.8.   What is the reasonable royalty, if any, that the parties would have hypothetically negotiated for the "making" actions specified Q.7?

A.8.   _____ percent

Q.9. What is the total amount to which you believe a reasonable royalty should apply for any acts of ImClone using the C225 cells (i.e., thawing and using the C225 cells to produce Erbitux®) that occurred before the expiration of the patent and which did not fall within the safe harbor provisions of 35 U.S.C. § 271(e)(1) (i.e., the damages "base")? This amount should not include any amounts listed in Q.7.

A.9.  $ _____

Q.10. What is the reasonable royalty, if any, that the parties would have hypothetically negotiated for the "using" actions specified Q.9?

A.10.  _____ percent

Q.11. Did Plaintiffs establish by clear and convincing evidence that ImClone's infringement was willful?

["Yes" is a finding for Plaintiffs, "No" is a finding for Defendant.]

A.11.  Yes _____     No _____

If the answer to Q.11 is "Yes," please answer Q.12. If the answer to Q.11 is "No," you are finished.

Q.12. What was the factual basis for your conclusion that ImClone's infringement was willful?

A.12. _____

_____

_____

I certify that the above answers are the unanimous verdict of the jury.

_____
Foreperson

Dated: September ___, 2007

8

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 3, 2007 .

/s/ Michael R. Gottfried
Michael R. Gottfried