# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

September 7, 2007

**VIA ECF AND HAND DELIVERY**

Chambers of the Honorable Richard G. Stearns
United States District Court
 For the District of Massachusetts
One Courthouse Way
Boston, MA 02210



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   Repligen and MIT v. ImClone Systems, Inc.
      Civil Action No. 04-10884-RGS

Dear Judge Stearns:

Further to the Court's September 5 Order, Plaintiffs submit herewith the portions of the deposition of Samuel Waksal that they intend to play in their case in chief.[1] In submitting these designations, Plaintiffs have substantially narrowed the designations that Plaintiffs filed with the Court on August 31. The portions of Mr. Waksal's testimony designated by Plaintiffs are highlighted in yellow.

As to the question of whether the testimony outlining Mr. Waksal's criminal conviction should be played for the jury (Page 149, line 25 through Page 150, line 10), Plaintiffs offered to drop that designation if ImClone would agree not to present any affirmative testimony from Mr. Waksal. In response, ImClone told Plaintiffs that while it would not call Mr. Waksal as a witness in its case, it would "counterdesignate" large portions of Mr. Waksal's testimony to be played as part of Plaintiffs' presentation. The portions of Mr. Waksal's testimony requested by ImClone are highlighted in blue.

Plaintiffs submit that the portions of Mr. Waksal's testimony designated by ImClone are not confined to counterdesignations. In fact, ImClone's counterdesignations are far broader than the counterdesignations that ImClone filed as part of their pretrial submissions on August 31. Instead, ImClone's present designations go to areas that are wholly unrelated to the testimony designated by Plaintiffs, and go well beyond designations which "ought in fairness to be considered with the part" of the deposition that Plaintiffs have introduced. Fed. R. Civ. P. 32(a)(4); *see also In re Pagnotti*, 269 B.R. 326, 330 (Bankr. M.D. Pa. 2001) ("[T]he counter-reading of a deposition into the record should relate to the testimony it is countering.")

---

[1]   Because ImClone designated Mr. Waksal's testimony as "Confidential," Plaintiffs have not appended the deposition transcript to the publicly-filed version of this letter.

FISH & RICHARDSON P.C.

United States District Court
September 7, 2007
Page 2

Plaintiffs' position is that ImClone should not be allowed to shield evidence of Mr. Waksal's conviction from the jury while at the same time affirmatively presenting large portions of his deposition unrelated to Plaintiffs' designations to the jury.

We thank the Court for its attention to this matter.

Sincerely,

John C. Adkisson

cc: Anthony Fitzpatrick (via hand delivery)

Enclosure

21729561.doc